

*CITY OF NEW ORLEANS*

# DEPARTMENT OF POLICE

**P.O. Box 51480**
**New Orleans, Louisiana 70151**

C. RAY NAGIN
MAYOR

*"to protect and to serve"*

WARREN J. RILEY
SUPERINTENDENT

Thursday, February 25, 2010

OUR REF: 27051 AA

Police Officer Rodney Vicknair
SS# ██████
First Division
New Orleans Police Department

RE: P.I.B. Case # 2009-0405C

Officer Vicknair,

      An administrative investigative report alleging a violations of a Departmental Rule and/or Procedure, regarding Rule 4: Performance of Duty, paragraph 2; Instructions from an Authoritative Source, to wit; Chapter 41.1.5 – Duties and Responsibilities of District Commanders, Supervisory Personnel, and Patrol District, paragraph (35)a, has been submitted to my office for the determination of disciplinary action. This investigation was conducted by Police Sergeant Christian Hart, assigned to the First Division, who concluded in his investigation a disposition of Not Sustained of the charge of Professionalism. Deputy Chief Bruce E. Adams of the Public Integrity Bureau examined the investigation and did not concur with Sergeant Hart's recommended disposition and submitted an Interoffice Correspondence (Coversheet) dated Thursday, July 16, 2009. Deputy Chief Adams recommended a sustained violation of Rule 3: Professional Conduct, paragraph 1 – Professionalism. Additionally, he determined that you also violated Rule 4: Performance of Duty, paragraph 2; Instructions from an Authoritative Source, to wit; Chapter 41.1.5 – Duties and Responsibilities of District Commanders, Supervisory Personnel, and Patrol District, paragraph (35)a, and rendered a disposition of Sustained. I concur with the recommended charges and dispositions of Deputy Chief Adams and not of Sergeant Hart.

      This investigation determined that on Tuesday, May 19, 2009, at approximately 8:15p.m., while taking a lunch break in the parking lot of the Ideal Food Market, located at Orleans and Moss Streets, you and several officers encountered a citizen. The citizen's license plate number was checked through NOPD MOTION computer system, which determined she was not wanted.

Vicknair
P.I.B. #09-0405C
Page 2

You acted inappropriately when you retrieved the citizen's personal information and use it to summon her by name to your police vehicle, which startled her. You should have not used the citizen's personal information in a way to suggest you knew her. The citizen felt the stop was unnecessary and file a complaint with the Public Integrity Bureau. An examination of your Daily Activity Sheet proved that you signed the Daily Activity Sheet indicating your acknowledgment of the documented information on the sheet. You did not continually update the Daily Activity Sheet during your tour of duty with the accurate information. Your Daily Activity Sheet indicated that you were at the First Division Police Station during the incident. It should have reflected you being on a lunch break at the location of Moss and Orleans Streets, nor did it reflect the vehicle or pedestrian check. The investigation determined that you inaccurately recorded information on your Daily Activity Sheet which is a violation of Rule 3: Professional Conduct, paragraph 1 – Professionalism and Rule 4: Performance of Duty, paragraph 2: Instructions from an Authoritative Source, to wit; Chapter 41.1.5 Duties and Responsibilities of District Commanders, Supervisory Personnel, and Patrol District, paragraph (35)a.

To afford you an opportunity to present facts in mitigation or to explain your conduct, a hearing was held before Major Robert E. Norton, Commander of the First Division, on Wednesday, October 7, 2009. At that hearing you offered nothing which would tend to mitigate, justify or explain your behavior as heretofore outline.

Major Norton has recommended the following dispositions and penalties for the sustained violations.

Rule 3: Professional Conduct, paragraph 1 – Professionalism;   Not Sustained

Rule 4: Performance of Duty; paragraph 2: Instructions from an Authoritative Source, to wit; Chapter 41.1.5 Duties and Responsibilities of District Commanders, Supervisory Personnel, and Patrol District, paragraph (35)a:   Sustained, Letter of Reprimand.

After a thorough and complete review of the entire investigative report, I find that your conduct, as outlined above, constitutes a violation of Rule 4: Performance of Duty; paragraph 2: Instructions from an Authoritative Source, to wit; Chapter 41.1.5 Duties and Responsibilities of District Commanders, Supervisory Personnel, and Patrol District, paragraph (35)a.

Vicknair
P.I.B. #09-0405C
Page 3

These Rules reads as follows:

## RULE 3  PROFESSIONAL CONDUCT

### 1. Professionalism

Employees shall conduct themselves in a professional manner with the utmost concern for the dignity of the individual with whom they are interacting. Employees shall not unnecessarily inconvenience or demean any individual.

## RULE 4  PERFORMANCE OF DUTY

### 2. Instructions from an Authoritative Source

A member shall professionally, promptly and fully abide by or execute instructions issued from any authoritative source. If the instructions are reasonably believed to be in conflict with the Rules and Procedures of the Department or other issued instructions, this fact shall respectfully be made known to the issuing authority. If the issuing authority elects to insist upon execution of the instructions which are reasonably believed to be in conflict with Department Rules and Procedures, then the member receiving the instructions shall have the right to request and is entitled to receive, IMMEDIATELY, said instructions in writing, except in cases of emergency as determined by the supervisor. The issuing authority shall be held responsible should any conflict materialize; however, no instructions shall be issued or executed which are in violation of law.

**Applicable Chapter:** **Chapter 41.1.5 Duties and Responsibilities of District Commanders, Supervisory Personnel, and Patrol District, paragraph (35)a.**

35. District Patrol Officers assigned to handle calls for service shall complete a Daily Activity Sheet for each tour of duty. The Daily Activity Sheet shall be continually updated during their entire tour of duty. Under no circumstances shall Daily Activity Sheets be kept on scratch paper or in any other fashion for completion at a later time.

a. The Daily Activity Sheet shall include all calls for service, business checks, pedestrian checks, vehicle checks, lunch breaks, coffee breaks, use of restroom facilities, and all other activity the officer performs during his tour of duty.

Moreover, your conduct is contrary to the standards as prescribed by Rule IX, Section 1., paragraph 1.1, of the Rules of the Civil Service Commission for the City of New Orleans. This Rule prescribes

**Vicknair**
**P.I.B. #09-0405C**
**Page 4**

## RULE IX

## DISCIPLINARY ACTIONS

### Section 1. MAINTAINING STANDARDS OF SERVICE

1.1 When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may include one or more of the following:

(1) removal from the service.

(2) involuntary retirement.

(3) reduction in pay within the salary range for the employee's classification, subject to the provisions of Rule IV, Section 8.

(4) demotion to any position of a lower classification that the employee is deemed by the appointing authority and the Director to be competent to fill, accompanied by a reduction in pay, which is within the salary range for the lower classification, subject to the provisions of Rule IV, Section 8.

(5) suspension without pay not exceeding one hundred twenty (120) calendar days.

(6) fine.

(as amended June 10, 1982, effective June 10, 1982)

Vicknair
P.I.B. #09-0405C
Page 5

Additionally, I approve the penalty recommended by Major Norton. Therefore, in light of the above investigation, a review of any disciplinary record and due to the nature of your violations, you are hereby notified that for the **sustained** violation of Rule 4: Performance of Duty; paragraph 2: Instructions from an Authoritative Source, to wit; Chapter 41.1.5 Duties and Responsibilities of District Commanders, Supervisory Personnel, and Patrol District, paragraph (35)a, this letter shall serve as your official **Letter of Reprimand**. For the **sustained** violation of Rule 3: Professional Conduct, paragraph 1 – Professionalism, you are **suspended** from the New Orleans Police Department for **five (5) working days**, effective **Sunday, March 7, 2010.** The actual starting day of your suspension during that week is at the discretion of your Commander. This suspension is to run without interruption and your two (2) AWP days are not counted as suspension days.

You are advised that you may have a right to appeal this decision to the Civil Service Commission for the City of New Orleans within thirty (30) days from the date of this letter. Refer to New Orleans Police Department Operations Manual Chapter 26.2, Appendix D for information on Civil Services Rules governing appeals.

Further you are advised that due to your suspension, you should contact the CAO Hospitalization Office at 658-8615, to make arrangements to maintain Hospitalization Insurance payments. These payments are not paid for by the City of New Orleans while you are on suspension. You will lose those benefits if you do not arrange to pay for them yourself.

You are also advised that any future violations of a similar nature will result in far more severe disciplinary action taken by this office. A copy of this disciplinary letter will be retained in your personnel file.

Sincerely,

WARREN J. RILEY
Superintendent of Police

WJR:bag

cc:  Department of City Civil Service
     NOPD Personnel Office
     NOPD Pension Board
     Operations Bureau
     Commander, First Division
     Public Integrity Bureau