UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **NO. 21-407** |
| **versus** | * | |
| | * | **SECTION "J"** |
| **RODNEY VICKNAIR, *ET AL.*** | * | **JUDGE BARBIER** |
| | * | |
| | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY

**MAY IT PLEASE THE COURT:**

Defendant, Rodney Vicknair, has moved (Record Document 23) this Honorable Court to stay this Civil Action due to the pending investigation by the Federal Bureau of Investigation of criminal charges against him, as well as the pending criminal investigation by the New Orleans Police Department Public Integrity Bureau ('PIB") and the Orleans District Attorney. Plaintiff has filed an Opposition to Defendant Rodney Vicknair's Motion to Stay (Record Document 23). Defendant now wishes to briefly address the allegations contained therein.

### LAW & ARGUMENT

**1.    Vicknair is currently under criminal investigation.**

Plaintiffs contend that there are no parallel criminal prosecutions and claims that the Orleans Parish District Attorney has declined to accept the charges. In support of this contention, Plaintiffs point to a Docket Master entry that states that Defendant Vicknair was released from his bond obligations on February 25 of this year. (Exhibit "A" to Opposition Memorandum, Record Document 24.) However that is not what the entry indicates. The entry reads as follows:

RULE TO SHOW CAUSE IN MAGISTRATE COURT SECTION M5
RESULT - RELEASED/ART 701/BOND OBLIG

This entry refers to Louisiana Code of Criminal Procedure Article 701 entitled "Right to a speedy trial" which requires that a defendant not in custody be charged within 150 days or his bail obligation is released. La. Code Crim. Pro. Art. 701(B)(2)(b). It does not mean that the DA has declined to prosecute.

It is correct that Defendant Vicknair has not been indicted. However, he is currently under criminal investigation, a fact which should be known by Plaintiffs.

There is a Federal investigation into Vicknair. Yesterday, May 24, 2021, an article was published online by The Lens regarding NOPD officers on the DA's Brady list. The article is attached as Exhibit "A" to this Motion. The article references Vicknair's case as one of the officers not on the Brady list and states that Vicknair is under Federal investigation:

> The DA's office has not filed formal charges, according to online court records. But the *Washington Post* reported in March that the police department had also referred the allegations to federal authorities...[1]

The Washington Post article referred to by The Lens (Exhibit "B") was published on March 4, 2021. According to the article:

> He was fired in January and the the (sic) agency has contacted the FBI to investigate potential civil rights violations, a spokesperson with the police department told The Post.[2]

Vicknair is also currently under investigation by PIB. On November 20, 2020 counsel for Plaintiffs filed a public records request for "[t]he Public Integrity Bureau records regarding their

---

[1] Exhibit "A", p. 7. Interestingly, counsel for Plaintiffs was interviewed in the article that appeared in The Lens.

[2] Exhibit "B", page 2.

investigations into Officer Rodney Vicknair." City of New Orleans Record Requests, Exhibit "C".

On November 25, 2020 the City responded, in pertinent part, by stating:

> I have attached all of the files I have in IAPro, with the exception of the 2020 investigation as this is currently being investigated.

Then, on December 1, 2020 the City further responded:

> Good Afternoon,
> You made a public record request. 2020 (sic) investigation as this is currently being investigated and can not be release (sic).

The contention could be made that Vicknair was still a NOPD officer at that time and that the investigation was administrative and not criminal. However, Vicknair separated from the NOPD in January of this year which would have ended any administrative investigation. Yet PIB still refuses to release the file, even to the attorney for the City of New Orleans. On April 6, 2021 undersigned counsel requested the PIB file from counsel for the City. The response received was: "PIB will not even release their file to me while the matter is still under investigation."[3] Counsel for the City verbally confirmed today that he still has not received the file.

To say that Vicknair is not currently under criminal investigation and does not face criminal charges is disingenuous, to say the least.

**2.    This Court should exercise its discretion and stay this case.**

While there is no specific constitutional mandate for a stay, federal courts have found that competing civil and criminal proceedings force the defendant into an untenable position and unfairly tilt the balance in the criminal proceeding against the defendant. Federal courts have found that criminal defendants' Fifth Amendment rights against self-incrimination were violated when their

---

[3]E-mail exchange between undersigned counsel and counsel for the City, Exhibit "D".

constitutionally-protected silence in civil administrative proceedings would have cost them their livelihoods, a prospect Vicknair faces in this case with the plaintiffs seeking substantial damages from him. *Garrity v. New Jersey*, 385 U.S. 493 (1967); *Spevack v. Klein*, 385 U.S. 511 (1967). Just as the defendants in *Garrity* and *Spevack* were offered relief when they were forced to defend their livelihood in civil cases at the cost of their Fifth Amendment Case protection in the criminal proceedings, Vicknair should not be compelled to choose which of his guaranteed rights he would like to preserve.

Federal courts, as well, have frequently acted in the civil context to protect defendants from this impossible situation, noting the substantial constitutional concerns posed by the dual proceedings. The noncriminal proceeding, if not deferred, might [1] undermine the party's Fifth Amendment privilege against self-incrimination, [2] expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), [3] expose the basis of the defense to the prosecution in advance of criminal trial, or [4] otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it. *Securities and Exchange Commission v. Dresser Industries, Inc.* 628 F.2d 1368, 1375-76, (D.C. Cir. 1980). See also, *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981). *U.S. v. Little Al*, 712 F. 2d 133, 136 (Tex. Ct. App. 1983) ("Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding."). In *U.S. v. Spanish Foods, Inc.*, the court noted that this dilemma is typically cause for a stay. 30 F. Supp. 2d 571, 572 (CIT 1998).[4] "Normally, when a civil and criminal case is running parallel, there are

---

[4]The defendant in *Spanish Foods* was not entitled to a stay because he had already agreed to plead guilty and testify against others, removing any danger of further self-incrimination in the matter.

two general circumstances that may justify a stay of the civil action." One of those justifications, the court continued, is when "the danger that discovery in the civil action poses to the self-incrimination protection of the accused in the criminal case may sometimes justify a stay of a civil action against the accused." *Id*. Vicknair is in precisely such danger, which justifies a stay of this proceeding.

A stay with respect to Vicknair is warranted in this case. In fact, under this federal law, the U.S. Fifth Circuit has found a stay entirely appropriate. "When the criminal investigation or prosecution parallels the ongoing civil action, the Fifth Circuit, using a balancing approach, has determined the appropriate remedy is a stay of discovery that might expose the party to a risk of self-incrimination." *Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La. 1989) (citing *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979), *reh'g denied*, 611 F.2d 1026, 1027 (5th Cir. 1980)). Moreover, applying the balancing test to the instant case only makes the necessity of a narrowly-tailored stay more apparent. When the rights and interests of the parties can be reconciled so readily, to require Vicknair effectively to surrender his rights to defend his interests in the civil arena as the price for preserving his Fifth Amendment rights is not only patently unreasonable, but also unconstitutional.[5]

## CONCLUSION

Based on the above and foregoing, Defendant Vicknair respectfully requests that this Court stay the captioned civil action until the termination of any criminal investigation(s) and proceedings arising out of the facts at issue herein. To protect Vicknair's rights against self-incrimination, and

---

[5] Vicknair had to file an Answer yesterday (Record Document 27) which was limited by the need to assert his Fifth Amendment rights.

further to insure that he is not required to make an unconstitutional choice between his rights against self-incrimination and his right to defend himself in this civil litigation requires the entry of a stay in the litigation as to Vicknair until such time as the criminal matter has concluded.

Respectfully submitted:

/s/ C. Theodore Alpaugh, III
**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone:   (504) 529-4141
Facsimile:    (504) 561-0326
Email:          cta@gustebarnett.com

**Attorneys for Defendant,**
**RODNEY VICKNAIR**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 25th day of May, 2021 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ C. Theodore Alpaugh, III
**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone:   (504) 529-4141
Facsimile:    (504) 561-0326
Email:          cta@gustebarnett.com

**Attorneys for Defendant,**
**RODNEY VICKNAIR**