UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYNE UPTON** | CIVIL ACTION |
| **VERSUS** | NO:   21-407 |
| **RODNEY VICKNAIR, ET AL.** | SECTION: "J" (4) |

## ORDER

Before the Court is Plaintiff's **Motion to Compel Participation in Fed. R. Civ. Proc. 26(f) Conference (R. Doc. 34)** seeking an order compelling Defendants City of New Orleans and Shaun Ferguson ("City Defendants") to participate in a Rule 26(f) conference. The City Defendants oppose this motion. R. Doc. 35. This motion was set for submission on June 23, 2021 and was heard on the briefs.

### I.    Background

Plaintiff, Rayne Upton, filed this civil rights complaint on February 21, 2021, on behalf of her minor daughter G.H. R. Doc. 1. Upton alleges that in May 2020, G.H., who was then fourteen (14) years old, was sexually assaulted. *Id.* NOPD officer Vicknair was called to transport G.H. to the hospital for a rape kit. *Id.* Upton alleges Vicknair was not fit for this responsibility as he was not a child victims advocate or trained to deal with child sexual abuse, and had numerous policy complaints and violations related to professionalism, intimidation, neglect of duty, unauthorized force, as well as being suspended for inappropriate on-the-job interactions with women. *Id.*

Upton alleges at that time Vicknair began "grooming" her daughter.[1] *Id.* After transporting her to the hospital, Vicknair returned multiple times to the victim's house, calling himself her

---

[1] "Grooming is a method used by offenders that involves building trust with a child and the adults around a child in an effort to gain access to and time alone with her/him." *See* https://www.americanbar.org/groups/public_interest/child_law/resources/child_law_practiceonline/child_law_practice/vol-34/november-2015/understanding-sexual-grooming-in-child-abuse-cases/.

mentor, and had daily interactions with G.H. Vicknair allegedly raped G.H. at least two times by inserting his fingers into her vaginal cavity.[2] *Id.* Upton alleges that NOPD was warned about Vicknair's behavior but did nothing to stop his predatory actions. *Id.* Officer Vicknair was arrested while in possession of G.H.'s underwear and was fired from the NOPD. *Id.*

Upton seeks damages from Vicknair, NOPD Chief Shaun Ferguson, and City of New Orleans for civil rights violations pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 2255,[3] assault and battery, negligent and intentional infliction of emotional distress, false imprisonment, negligent hiring and failure to train, vicarious liability, and punitive damages. *Id.*

On April 26, 2021, the City Defendants filed a motion to dismiss claiming Plaintiff failed to state a claim against them under 42 U.S.C. § 1983 and 18 U.S.C. § 2255. R. Doc. 15. Specifically, the City Defendants allege that there is no respondeat superior liability under § 1983; Plaintiff fails to identify any specific policy, custom, or practice that was a driving force behind Vicknair's alleged sexual assault of a minor; Plaintiff has failed to allege any facts showing that the need to adopt policies or train Vicknair not to pursue and sexually assault and rape minors which is obvious or that the lack of such policies or training was likely to result in sexual assault and rape of minors by police officers; Plaintiff failed to allege a federal crime to support her 18 U.S.C. § 2255 claim; and, because dismissal of the 42 U.S.C. § 1983 and 18 U.S.C. § 2255 claims against the City Defendants would divest the Court of its federal question jurisdiction, the remaining state claw claims should likewise be dismissed. R. Doc. 15-1. That motion remains pending.

---

[2] Plaintiff concedes that digital penetration does not meet the definition of "rape" in the state of Louisiana.

[3] 18 U.S.C. § 2255 provides that any person who, while a minor, was a victim of a violation of certain enumerated federal crimes may seek damages for personal injuries.

As to this motion, Plaintiff seeks an order compelling the City Defendants to participate in a Rule 26(f) conference. R. Doc. 34. Plaintiff contends that Rule 26(f) requires that the conference be held as soon as practicable. *Id.* Notwithstanding, according to Plaintiff, the City Defendants have refused to participate in a conference until their pending motion to dismiss is resolved. *Id.* As such, the Plaintiff seeks the Court command the City Defendants participate in a Rule 26 conference within two weeks from the issuance of this order. *Id.*

The City Defendants contend the Rule 26(f) conference is premature where no decision has been on their pending motion to dismiss and the parties have not yet been noticed with a Rule 16 scheduling conference date. R. Doc. 25. The City Defendant further contends that Local Rule 26.2(A) only requires that the Rule 26 conference be held no later than seven (7) working days before the scheduled preliminary conference. *Id.* As such, the City Defendants seek an order denying the motion and ordering the parties to have their Rule 26(f) conference at a mutually agreeable time no later than seven (7) business days prior to the Scheduling Conference in this case. *Id.*

**II.**   **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(f) sets forth the conference guidelines for planning for discovery. Fed. R. Civ. P. 26(f). Rule 26)f) provides ". . . the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1).

In addition, Local Civil Rule 26.2(A) provides "[e]xcept as otherwise ordered in a particular case, the conference between the parties required by FRCP 26(f) must be held no later than seven working days before the scheduled preliminary conference." LR 26.2 (A).

Finally, Rule 37 provides that the Court may impose sanctions "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f)." Fed. R. Civ. P. 37(f).

### III. Analysis

In this situation, the Plaintiff seeks to compel the City Defendants' attendance at the Rule 26(f) conference. The City Defendants contend that holding a Rule 26(f) conference is premature. The Court has yet to notice a Rule 16 scheduling conference and a motion to dismiss by the City Defendants remains pending.

Here, the Court can find no authority, and the Plaintiff cites none, for the proposition that it can compel Defendants to participate in a Rule 26 conference before the time contemplated in the Federal Rules of Civil Procedure. While Rule 26 states the formulation of a discovery plan should occur "as soon as practicable," which could be left to interpretation, the Court is of the opinion that the phrase that follows—"and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)"—defines that phrase with sufficient particularity. *See* Fed. R. Civ. P. 26(f).

The Court will, however, note that "[a]lthough Rule 26(f) requires the parties to meet at least fourteen days prior to the scheduling conference to formulate a discovery plan, nothing in Rule 26(f) requires the parties to wait until the court has set a date for the scheduling conference before arranging such a meeting." *Solorzano v. Shell Chem Co.*, 254 F.3d 1082 (5th Cir. 2001) (the rule has since been amended to twenty-one days prior to the scheduling conference). As such, if and only if the City Defendants are amenable, the parties can hold the Rule 26 conference at any time.

4

Still, jurisprudence does not support the Plaintiff's position. The Court will not compel the City Defendants to participate in a Rule 26(f) conference more than twenty-one (21) days from the date of the Rule 16 scheduling conference. Because the date of the Rule 16 scheduling conference is not yet determined, there is nothing for the Court to compel in this situation. As such, the Court denies the Plaintiff's motion.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Participation in Fed. R. Civ. Proc. 26(f) Conference (R. Doc. 34)** is **DENIED.**

New Orleans, Louisiana, this 25th day of June 2021.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**