DocuSign Envelope ID: 6566D97A-6989-415F-9DDA-313B8C9B8C8F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>    Plaintiff,<br>v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>    Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

## DECLARATION OF RAYNE UPTON

I, Rayne Upton, of New Orleans, Louisiana, declare the following:

1. I have personal knowledge of the matters stated in this declaration and could competently testify to the same if called upon to do so.

2. My name is Rayne Upton.

3. I am a Plaintiff in this action.

4. In late May 2020, my daughter, ▬▬▬▬▬, who was 14 years-old at the time, was sexually assaulted in our home.

5. An NOPD officer, Rodney Vicknair, came to our home and transported ▬▬▬ and me to Children's Hospital for a rape kit.

6. While at our home and in the hospital waiting room, Rodney Vicknair presented himself as a paternal figure who could mentor and protect my daughter due to his status as an NOPD officer.

DocuSign Envelope ID: 6566D97A-6989-415F-9DDA-313B8C9B8C8F

7. Rodney Vicknair pointed to what appeared to be NOPD issued pins on his NOPD uniform and suggested these were special and signified some qualification for helping survivors of trauma like my daughter.

8. At first, Rodney Vicknair asked my permission to interact with my daughter – for example, he offered to pick her up and treat her to ice cream.

9. After these initial interactions, Rodney Vicknair stopped asking for my permission to interact with my daughter and began initiating contact with her without my knowledge.

10. I learned that Rodney Vicknair was regularly calling my daughter at night while I was asleep, and that he would speak to her on the phone for hours.

11. I allowed my daughter to continue talking to Rodney Vicknair because I believed he was uniquely qualified due to his position with NOPD to serve as a mentor and confidant, whom my daughter trusted and felt she could open up to about past traumatic events.

12. From June through September 2020, Rodney Vicknair came to my home unannounced and uninvited to see my daughter.

13. When Rodney Vicknair came to my home, he was in NOPD uniform, in an NOPD-issued vehicle, in possession of an NOPD-issued deadly weapon, on NOPD duty, and on some occasions with an NOPD trainee in his vehicle.

14. Because of Rodney Vicknair's position as an NOPD officer, I did not feel I could deny him entry to my home or ask him to leave.

15. While in my home, Rodney Vicknair would devise ways to get me to turn my back or leave him alone with my daughter.

16. On one occasion, I witnessed physical contact between Rodney Vicknair and my daughter that was groping and sexually inappropriate.

17. After I witnessed Rodney Vicknair touch my daughter in a sexual manner, I alerted the family counselor at the Children's Bureau of New Orleans that I felt Rodney Vicknair's conduct towards my daughter and frequent visits to my home were inappropriate.

18. Rodney Vicknair continued to visit my home after I made this report.

19. On or around September 28, 2020, my daughter was interviewed by a social worker with the New Orleans Children's Advocacy Center.

20. After this interview, I was informed that Rodney Vicknair had been arrested for raping my daughter.

21. I received a letter dated March 2, 2021 from the office of New Orleans' Superintendent of Police Shaun D. Ferguson and the Public Integrity Bureau in connection with a PIB Complaint No. 2020-0484-P filed September 21, 2020. ***Attached as Exhibit 1***.

22. According to the March 2, 2021 letter, Rodney Vicknair was found to have violated departmental policies relative to: "sexual battery", "indecent behavior with juveniles", and "malfeasance in office" when he sexually assaulted my daughter, the investigation was closed, and I was notified that "[t]here will be disciplinary action taken against the Officer." I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/16/2021

*signature: Rayne Upton-Haind*
B28BF403CC3D4FB...

RAYNE UPTON

 

**EXHIBIT 1**

*CITY OF NEW ORLEANS*

**DEPARTMENT OF POLICE**
*P.O. Box 51480*
*New Orleans, Louisiana 70151*

*"to protect and to serve"*

**LaToya Cantrell**
*MAYOR*

**Shaun D. Ferguson**
*SUPERINTENDENT*

Complaint Tracking No: 2020-0484-P

March 2, 2021

Ms. Reign Haney
860 Olga Avenue
New Orleans, La. 70119

Dear Ms. Haney,

The investigation of the complaint you filed under PIB Tracking# 2020-0484-P against a member of New Orleans Police Department on Monday, September 21, 2020, regarding an incident wherein you alleged the member may have violated departmental rules and regulation. You alleged Officer Rodney Vicknair Sexually assaulted your 15 year old daughter.

Based on your referred complaint and a preliminary investigation, the member may have violated the following departmental policy:

**Police Rodney Vicknair:**
**V-1: Rule 2: Moral Conduct: Paragraph 1: Adherence to Law to wit R.S. 14:43.1- Relative to Sexual Battery**

**V-2: Rule 2: Moral Conduct: Paragraph 1: Adherence to Law to wit R.S. 14:81 Relative to Indecent Behavior with Juveniles**

**V-3: Rule 2: Moral Conduct: Paragraph 1: Adherence to Law to wit R.S. 14:134 Relative to Malfeasance in Office.**

Your referred complaint is important to us and we appreciate you taking the time to convey your concern. This investigation was evaluated using the legal standard of proof of preponderance of the evidence. This means, to establish the allegation, the evidence must show more likely than not the conduct of the named employees constitutes the misconduct alleged. Basically, there are four (4) possible findings. They are as follows:

- *Unfounded* – where the investigation determines, by a preponderance of the evidence, that the alleged misconduct did not occur or did not involve the subject officer;
- *Sustained* – where the investigation determines by a preponderance of the evidence that the alleged misconduct did occur;
- *Not Sustained* – where the investigation is unable to determine, by a preponderance of the evidence, whether the alleged misconduct occurred;
- *Exonerated* – where the investigation determines, by a preponderance of the evidence that the alleged conduct did occur but did not violate NOPD policies, procedures or training;

An investigation was conducted into the actions of the member. The investigator took statements from the accused employee and pertinent witnesses, the investigator was able to determine, by a preponderance of the evidence, whether the alleged misconduct occurred;

Based on a preponderance of the evidence, the final outcome of the investigation is:
**Police Rodney Vicknair:**

Rule 2: Moral Conduct: Paragraph 1: Adherence to Law to wit R.S. 14:43.1- Relative to Sexual Battery...............................................................................................**R.U.I. SUSTAINED.**

Rule 2: Moral Conduct: Paragraph 1: Adherence to Law to wit R.S. 14:81 Relative to Indecent Behavior with Juveniles.............................................................................**R.U.I. SUSTAINED.**

Rule 2: Moral Conduct: Paragraph 1: Adherence to Law to wit R.S. 14:134 Relative to Malfeasance in Office.......................,,,,,,.............................................**R.U.I. SUSTAINED.**

This investigation is now closed. There will be disciplinary action taken against the Officer. Thank you for conveying your concern to us. If you have a question or wish to discuss this matter further, please feel welcome to contact us here at the Public Integrity Bureau at (504) 658-6800.

Very truly yours,

SHAUN D. FERGUSON
Superintendent of Police

3-11-21

By: DEPUTY CHIEF ARLINDA WESTBROOK
Public Integrity Bureau

SDF/APW/lj
CC:   PIB Case File