UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>     Plaintiff,<br>v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>     Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**Memorandum in Support of Plaintiff's Motion for Reconsideration**

**INTRODUCTION**

Plaintiff Rayne Upton filed this lawsuit because Defendant Rodney Vicknair used his authority as a New Orleans Police Department officer to sexually assault Plaintiff's minor daughter. R. Doc. 1. Defendants Shaun Ferguson and the City of New Orleans (collectively, the "City Defendants") filed a *Motion to Dismiss for Failure to State a Claim*. R. Doc. 15. This Court granted the motion in part and denied it in part. R. Doc. 36.

Relevant here, the Court ordered that Plaintiff's municipal liability claims under § 1983 were "dismissed with prejudice." However, in footnote 10 of the order, the Court seemed to suggest that it might consider a separately filed motion for leave to amend the complaint.

Plaintiff respectfully requests this Court reconsider and revise the "with prejudice" aspect of the order to dismiss Plaintiff's municipal liability claims under § 1983 against the City Defendants, so that Plaintiff may file a motion for leave to amend her complaint in light of new evidence that supports a § 1983 claim against the City Defendants.[1]

For these reasons and those detailed herein, Plaintiff respectfully requests that this Court reconsider its Order dismissing Plaintiff's municipal liability claims under § 1983 against the City Defendants with prejudice, and revise the Order to dismiss those claims without prejudice.

---

[1] Proposed First Amended Complaint, attached as Exhibit A.

1

**LEGAL STANDARD**

A motion seeking reconsideration or revision of a district court ruling is analyzed under Rule 59(e), if it seeks to alter or amend a final judgment, or Rule 54(b), if it seeks to revise an interlocutory order. *See Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017).

Rule 54(b) authorizes the district court to "revise[] at any time . . . any order or other decision . . . that does not end the action." Fed. R. Civ. P. 54(b); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). The Court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (*citing Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*)). Compared to Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves [is] more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (*quoting Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015) (internal citations omitted) (*quoting Greene v. Union Mutual Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985) (Breyer, J.)).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts liberally construe Rule 15(a) in favor of amendment. S*ee Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend"). Although leave to amend should not be automatically granted, a "district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). Indeed, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 452 (5th Cir. 2001) (stating that, although a district court's

denial of motion for leave to amend is reviewed for abuse of discretion, such discretion is limited in that leave to amend must be freely granted when justice so requires).

## ARGUMENT

In R. Doc. 36, this Court granted Defendants' motion to dismiss with regard to Plaintiff's § 1983 claims against the City Defendants. The Court's analysis stated that Plaintiff's allegations regarding the City Defendants failure to train or supervise, " fail[ed] to allege a pattern of similar constitutional violations or any other facts that would place the City Defendants on notice that their training and supervision practices are deficient[;]" "fail[ed] to plausibly allege deliberate indifference[;]" and that "Plaintiff has not alleged a pattern of such sexual abuse by NOPD officers." The Court concluded, "[i]n light of the foregoing, Plaintiff has failed to state a claim for municipal liability against the City Defendants, and this claim will be dismissed."

The Court further explained in Footnote 10:

> Because Plaintiff seeks leave to amend her complaint only in the alternative, the Court is not considering that request here. (See Rec. Doc. 19, at 10).

Respectfully, the Court's analysis does not explain why the municipal liability claim was dismissed with prejudice. And Footnote 10 implies that a request for leave to amend the complaint might be considered on a motion for leave to amend the complaint, rather than as a request in the alternative in an opposition to a motion to dismiss. However, in the Conclusion section of the Order, the Court dismissed Plaintiff's claims under § 1983 against the City Defendants with prejudice.

Because the Order granting the dismissal of Plaintiff's § 1983 claims against the City Defendants was interlocutory, the Court has authority under Rule 54(b) to revise the order at any time for any reason it deems sufficient. *See Cabral v. Brennan*, 853 F.3d 763 (5th Cir. 2017); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). If the Order were revised to dismiss the municipal liability claims without prejudice, Plaintiff would seek leave of Court to amend her complaint to add new pattern and practice evidence.

According to the report recently released by several of New Orleans' most active social justice organizations, "sexual violence by New Orleans Police Department (NOPD) officers has become an

everyday practice of policing."[2] The report suggests that NOPD "is not properly investigating [claims of police sexual violence], and may be allowing officers to resign without an investigation taking place."[3] The news article describing the report explicitly references Defendant Vicknair's guilty plea.[4]

In the interest of justice, Plaintiff respectfully requests that this Court reconsider and revise the Order. If the Court does so, Plaintiff will seek leave to amend her complaint in the form attached as Exhibit A. The City Defendants will not be prejudiced by this change, as they remain in the case either way given that the Court denied their motion as to state law torts.[5]

## CONCLUSION

For that reason, Plaintiff asks the Court to reconsider and revise the Order to dismiss Plaintiff's municipal liability claims under § 1983 against the City Defendants without prejudice.

Respectfully submitted:

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
**DAVID LANSER (La. Bar No. 37764)**
**CAROLINE GABRIEL (La. Bar. No. 38224)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.256.4615
Email: hopeaphelps@outlook.com

*Counsel for Plaintiff, Rayne Upton,*
*individually and on behalf of*
*her minor daughter, G.H.*

**THE HITE LAW GROUP**

**NICHOLAS HITE (La. Bar No. 34305)**
701 Loyola Ave., #403
New Orleans, LA 70113
Tel: 504.252.0678
Email: nicholas@hitelawgroup.com

---

[2] *See* "Nearly 1 in 5 NOPD Officers Reported for Sexual and/or Intimate Partner Violence," Big Easy Magazine (December 19, 2022), https://www.bigeasymagazine.com/2022/12/19/report-nearly-1-in-5-nopd-officers-reported-for-sexual-and-or-intimate-partner-violence/, attached as Exhibit B; and Report on Police Sexual Violence in New Orleans (November 2022), https://copwatchnola.wordpress.com/data/, attached as Exhibit C.
[3] *Id.*
[4] *Id.*
[5] R. Doc. 36 at 13.

4