UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>Plaintiff,<br><br>v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**Reply in Support of Plaintiff's Motion for Reconsideration**

Plaintiff Rayne Upton moved for reconsideration of this Court's Order dismissing Plaintiff's municipal liability claims under § 1983 against the City Defendants with prejudice.

In their Opposition, City Defendants mischaracterize the Report on Police Sexual Violence in New Orleans as information available to Plaintiff prior to the filing of the complaint and deadline to amend pleadings. Specifically, they reduce all evidence presented in the Report on Police Sexual Violence in New Orleans to a singular component – NOPD PIB annual reports. Plaintiff submits this reply to clarify that the Report on Police Sexual Violence in New Orleans should be properly characterized as new evidence that was not previously available to Plaintiff.

As discussed below, the opposition oversimplifies the Report findings and understates the time and labor to research, compile, cross-reference, and refine a dataset that initially included every complaint filed against an NOPD officer during a seven-year time span from 2014 to 2020.

First, the dataset relied on in the Report on Police Sexual Violence in New Orleans is more complex than simply "NOPD PIB annual reports." The data is a compilation of information from multiple sources, including OIPM complaint data cross-referenced with Giglio lists to match complaint tracking numbers and identify individual officers. To reach the findings identified in the Report, the

authors performed a thematic word search to refine and limit the dataset specifically to complaints of police sexual violence, vetted those individual complaints for accuracy, and received the approval of thirteen organizations. To reduce this process to simply "NOPD PIB annual reports" is inaccurate.

Second, City Defendants attempt to discredit the Report on Police Sexual Violence in New Orleans as "anonymous" and "hav[ing] an obvious pro-plaintiff / anti-police agenda." However, there are *thirteen* local, statewide, and national organizations listed as having collaborated on the Report on Police Sexual Violence in New Orleans. The first-listed partner is The Advancement Project, a national civil-rights organization. The Report on Police Sexual Violence in New Orleans is the work of many well-resourced organizations collaborating on a months-long research-intensive project.

Lastly, the list of complaints identified in the appendix to the Report on Police Sexual Violence in New Orleans and confirmed as complaints of police sexual violence by thirteen organizations did not exist at the time Plaintiff filed or was able to amend her complaint.

Accordingly Plaintiff respectfully requests this Honorable Court reconsider and revise the Order to dismiss Plaintiff's municipal liability claims under § 1983 against the City Defendants without prejudice.

Respectfully submitted:

| | |
|---|---|
| **MOST & ASSOCIATES** | **THE HITE LAW GROUP** |
| */s/ Hope A. Phelps*<br>**HOPE PHELPS (La. Bar No. 37259)**<br>**WILLIAM MOST (La. Bar No. 36914)**<br>**DAVID LANSER (La. Bar No. 37764)**<br>**CAROLINE GABRIEL (La. Bar. No. 38224)**<br>201 St. Charles Ave., Ste. 114, # 101<br>New Orleans, LA 70170<br>Tel: 504.256.4615<br>Email: hopeaphelps@outlook.com | **NICHOLAS HITE (La. Bar No. 34305)**<br>701 Loyola Ave., #403<br>New Orleans, LA 70113<br>Tel: 504.252.0678<br>Email: nicholas@hitelawgroup.com |

*Counsel for Plaintiff, Rayne Upton,*
*individually and on behalf of*
*her minor daughter, G.H.*