UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON | CIVIL ACTION |
| VERSUS | No. 21-407 |
| RODNEY VICKNAIR, ET AL. | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion for Reconsideration* **(Rec. Doc. 66)** filed by Plaintiff Rayne Upton. Defendants Shaun Ferguson and the City of New Orleans (the "City Defendants") oppose the motion; (Rec. Doc. 72); and Plaintiff replied; (Rec. Doc. 77). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**, as explained herein.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from the alleged sexual assault and rape of Plaintiff's minor child, G.H., by Defendant Rodney Vicknair, who was then an officer with the New Orleans Police Department ("NOPD").[1] Plaintiff filed this action on February 24, 2021, bringing claims under 42 U.S.C. § 1983 and 18 U.S.C. § 2255 as well as state law tort claims against Ferguson, in his individual and official capacities, and the City of New Orleans. City Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) and 12(b)(1), and on June 25, 2021, this Court granted the motion in part and denied the motion in part. The Court dismissed with prejudice Plaintiff's § 1983 claims but retained supplemental jurisdiction over Plaintiff's state law claims. (Rec. Doc. 36).

In November 2022, a group of New Orleans organizations known as the Umbrella Coalition released a Report on Police Sexual Violence in New Orleans analyzing annual reports on officer complaints from the NOPD's Public Integrity Bureau as well as misconduct data from the Louisiana Law Enforcement

---

[1] The factual background of this case is provided in greater detail in the Court's previous Order on the City Defendants' motion to dismiss. (Rec. Doc. 36).

1

Accountability Database. (Rec. Doc. 66-6). The report states that the NOPD employs 944 officers, and of those officers, at least 189 have at least one complaint of sexual and/or intimate violence, and 26 officers have two or more complaints of sexual or intimate violence. *Id.*

On January 5, 2023, Plaintiff filed the instant motion requesting that the Court reconsider its order dismissing Plaintiff's municipal liability claims with prejudice and instead revise the order to dismiss those claims without prejudice. (Rec. Doc. 66). Plaintiff contends that a dismissal without prejudice would allow her to amend her complaint to add pattern and practice evidence based on the data analysis from the Umbrella Coalition report. (Rec. Doc 66-1, at 3-4).

The City Defendants respond that the report contains no newly discovered evidence but is instead a "rehashed editorialization of old evidence that Plaintiff ignored or failed to present" in her original Complaint or prior to the deadline to file amended pleadings (Rec. Doc. 72, at 5). Defendants also point to the Court's April 14, 2022 Scheduling Order, which provides that "amendments to pleadings. . . shall NOT be filed." (Rec. Doc. 63). Defendants argue that Plaintiff cannot show good cause to permit this Court to amend the scheduling order so that Plaintiff may amend her complaint. (Rec. Doc. 72, at 8-13).

In reply, Plaintiff clarifies that the Report on Police Sexual Violence in New Orleans was not previously available to Plaintiff. (Rec. Doc. 77). Instead, Plaintiff argues that the report should be characterized as new evidence because of the methodologies that the authors used to analyze the data in NOPD's annual reports and then produce the summary report. (Rec. Doc. 77).

## LEGAL STANDARD

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action.' *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Reconsideration of interlocutory orders under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e). *Id.* (finding that district court abused its discretion in denying plaintiff's motion for

reconsideration under Rule 59(e) rather than under Rule 54(b)). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." *Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 Fed. Appx. 180, 182 (5th Cir. 2009). There must be a substantial reason to deny leave to amend. *Stripling v. Jordan Production Co.*, 234 F.3d 863, 872 (5th Cir. 2000). However, if amendment would be futile, it is within the Court's discretion to deny leave. *Id.* To determine futility, the Court applies the same standard as that applicable to a 12(b)(6) motion to dismiss. *Id.* at 873

## **DISCUSSION**

In this case, Plaintiff argues that reconsideration is warranted because of previously unavailable evidence: the Umbrella Coalition's November 2022 Report on Police Sexual Violence in New Orleans (the "Report"). (Rec. Doc. 66-1, at 3). Defendants argue that the Report is in fact not newly discovered evidence, but rather an editorialization of old data that Plaintiff ignored in her original Complaint. (Rec. Doc. 72, at 5).

Under the flexible Rule 54(b) standard, this Court has discretion to reconsider an interlocutory order for any reason, even in the absence of new evidence or an intervening change in law. *Austin*, 864 F.3d at 336. Considering that discretion, the Court first notes that its prior order did not provide Plaintiff a chance to amend her Complaint, because the Court dismissed her municipal liability claims with prejudice. Because a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving a plaintiff at least one chance to amend, the Court finds that reconsideration of the Order is necessary so that Plaintiff may cure her pleading deficiencies, unless amendment is futile.

Amendment would be futile if the proposed amendment could not survive a motion to dismiss. *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court previously dismissed Plaintiff's municipal liability claims against City Defendants in part for failure to allege a pattern of similar constitutional violations—in this case a pattern of sexual abuse by NOPD officers. (Rec. Doc. 36, at 7-8). Plaintiff's Amended Complaint alleges that NOPD routinely fails to impose consequences on officers who commit sexual violence, because of the 189 officers with formal complaints of sexual violence, only 38 have resigned and 6 were terminated or resigned under investigation. (Rec. Doc. 66-4, at 27). Plaintiff's Amended Complaint also alleges that, from 2019 to 2021, of the 254 officers with complaint records who left the department, 97% had a misconduct complaint within the previous two calendar years. *Id.* at 27-28. Additionally, the complaint alleges that 84% of reported victims of sexual violence by NOPD officers are female, and one-fourth of reported victims are children and young people under the age of 26. *Id.* at 28. Taking the above pleaded facts as true and viewed in the light most favorable to the plaintiff, it is not clear to the Court that the proposed amendment fails to state a claim for a pattern or practice of similar violations to those at issue in this case. Thus, the Court finds that the amended complaint may not be futile at this stage.

Alternatively, under the elevated threshold for reconsideration under Rule 59(e), the Court must find that the motion corrects a manifest error of law, the movant presents newly discovered or previously unavailable evidence, granting the motion would prevent manifest injustice, or the motion is justified by an intervening change in law. Thus, on a motion to reconsider, the "movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639–640

(5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003) (citation omitted)). The movant has the burden of proving that the facts are the type of new evidence that a "truly diligent litigant would be powerless to unearth" prior to the original motion and that consideration of any new facts would probably change the outcome of the suit. *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 535 (5th Cir. 2015) (internal citations omitted).

In light of the Rule 59(e) standard, Plaintiff alleges that the amended complaint presents new evidence. The "new" evidence is a report that analyzes data contained in NOPD's Public Integrity Bureau's annual reports from 2014-2020. The Report was published in November 2022, over a year after the Court's June 2021 order dismissing Plaintiff's § 1983 claims. Thus, it was not available before the entry of the decision challenged on reconsideration. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003) (finding that amended complaint may not be based on evidence available prior to the judgment being reconsidered). In the Report, the authors calculated the number of NOPD officers who have at least one, two, and three or more sexual or intimate violence complaints against them during those years, as well as the average number of complaints each officer has against them. (Rec. Doc. 66-6, at 2). The Report also provides demographic statistics for the complainants as well as the percentage of sexual or intimate violence complaints that the NOPD sustains and dismisses. *Id.* at 3. Finally, the Report calculates the percentage of NOPD officers with misconduct records who resigned or were terminated. *Id.*

Defendants contend that this information was actually available to Plaintiff before the filing of her original complaint because the NOPD Public Integrity Bureau's annual reports from 2014-2019 were available to the public online. However, the annual reports available to the public simply contain a single year of data on *all* misconduct complaints against NOPD, rather than a longitudinal data analysis of sexual misconduct complaints. The annual reports also do not address the individual officers, unlike the November 2022 Report, which cross-references officer misconduct data from the Louisiana Law Enforcement Accountability Database. A

5

truly diligent litigant is not reasonably tasked with analyzing thousands of datapoints before crafting their complaint. Thus, the Court finds that the Plaintiff has met her first burden for reconsideration under Rule 59(e), by proving that the 2022 Report is the type of evidence that a truly diligent litigant would not have been able to unearth before she filed her original complaint in February 2021.

The second factor to determine whether the evidence warrants reconsideration—whether the Report would probably change the outcome if present before the motion to dismiss—is a closer question. The Court's previous Order dismissed Plaintiff's municipal liability claims in part because Plaintiff failed to allege a pattern of similar constitutional violations or other facts that would place the City Defendants on notice that their training and supervision practices are deficient. (Rec. Doc. 36, at 7-8).

However, as the Court outlined above, the new evidence in the Report may allow Plaintiff to allege a pattern of sexual abuse that put decisionmakers on notice of violations of constitutional rights. First, the Report states that there have been at least 236 complaints of sexual and/or intimate violence by 189 NOPD officers between 2014 and 2020. (Rec. Doc. 66-6, at 1). According to the Report, these types of complaints, which are filed against an NOPD officer almost every ten days, include sexual comments on the street, asking for sexual favors, touching, pressuring or forcing someone into unwanted physical contact, etc. *Id.* The Report argues that, in the NOPD, there is a pattern of officers retiring or leaving after complaints of misconduct because only six of the 189 officers with sexual violence complaints were terminated or resigned under investigation. *Id.* at 3. In her Amended Complaint, Plaintiff claims that, because of these misconduct complaints, the City Defendants were aware of poor supervision and retention policies allowing NOPD officers to commit acts of police sexual violence and failed to take action to stop the misconduct, and that failure was linked to the violation of G.H.'s constitutional rights. (Rec. Doc. 66-4, at 29). Thus, the Court finds that the new evidence allows Plaintiff to allege, at this stage of the case, a pattern evidencing deliberate indifference on the part of the City Defendants. Therefore, the new evidence Plaintiff presents would probably

change the outcome if present before the Defendants' original motion to dismiss. Of course, Defendants may file a renewed motion to dismiss in response to Plaintiff's amended complaint.

Finally, Defendants argue that Plaintiff should not be permitted to amend her complaint because of the existing Scheduling Order. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). To determine good cause requires consideration of four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (internal citations omitted).

The Scheduling Order in this case provides that "amendments to pleadings. . . shall NOT be filed." (Rec. Doc. 63). However, Plaintiff has demonstrated that the scheduling order in this case should be modified for good cause based on consideration of the following factors. First, she explained that the evidence needed to amend her complaint was unavailable at an earlier time. Second, the amended would, importantly, reinstate a previously dismissed claim. Third, prejudice to Defendants is minimal because they may file a renewed motion to dismiss Plaintiff's amended complaint. And fourth, a continuance is available to minimize prejudice to Defendants, and the Court will continue the trial and pretrial deadlines as part of this Order.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Reconsideration* **(Rec. Doc. 66)** is **GRANTED**. The Court's previous Order (Rec. Doc. 36) is revised to

7

dismiss Plaintiff's municipal liability claims **without** prejudice so that Plaintiff may file an amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint shall be filed into the record.

**IT IS FURTHER ORDERED** that the Scheduling Order (Rec. Doc. 73) is **VACATED,** and the Trial and Pre-Trial deadlines therein are **CONTINUED.** The Court's Case Manager will schedule a conference to set new dates.

New Orleans, Louisiana, this 16th day of February, 2023

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE