## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW INTO COURT, through their undersigned counsel, come Defendants, the City of New Orleans and Shaun Ferguson, Superintendent of the New Orleans Police Department, who, for answer to the First Amended Complaint of Plaintiff, Rayne Upton, individually and on behalf of her minor daughter, G.H., aver with respect as follows:

### FIRST DEFENSE

This Honorable Court lacks subject matter jurisdiction.

### SECOND DEFENSE

The Complaint fails to state a claim as against these Defendants upon which relief can be granted.

### THIRD DEFENSE

The allegations made by Plaintiff, even if proven, do not show the deprivation of a federally protected constitutional right.

### FOURTH DEFENSE

Defendants specifically plead that they cannot be held liable for any discretionary acts and are otherwise immune from suit pursuant to La. R.S. 9:2798.1, La. R.S. 9:2800.10, and any and all other statutory or jurisprudential immunities afforded under law.

### FIFTH DEFENSE

Defendants specifically plead that they are entitled to the immunity afforded public officials for discretionary acts under applicable state law pursuant to any and all other statutes and jurisprudence entitling Defendants to immunity under state law. *See, e.g., Kyle v. City of New Orleans*, 353 So.2d 969 (La. 1977).

### SIXTH DEFENSE

Defendants aver that at all times pertinent hereto they acting in good faith and all actions taken by Defendants were taken in good faith, under the law, and without malice.

### SEVENTH DEFENSE

Defendants aver that at all times pertinent hereto their actions were reasonable, justified, and legally permissible under the circumstances, including manpower issues.

### EIGHTH DEFENSE

Defendants specifically plead the "public duty" doctrine, which relieves Defendants from liability to a specific individual for a breach of duty owed to the general public.

### NINTH DEFENSE

Defendants aver that Paintiff's injuries, loss, or damages, as alleged, were caused soley  or contributed to by the fault, negligence, and intentional acts of Plaintiff, Rayne Upton, Defendant Vicknair, and parties other than these Defendants, and Defendants specifically plead the doctrines of comparative fault, negligence or fault of these parties to be considered in the assessment of damages, if any, which may be awarded.

**TENTH DEFENSE**

Defendants affirmatively assert the statutory cap on general damages provided by La. R.S. § 13:5106 and the limitation on liability afforded by La. R.S. § 9:2800, *et seq*.

**ELEVNTH DEFENSE**

Defendants affirmatively assert La. R.S 13:5105 and other applicable law, which precludes trial by jury as to these Defendants, as a defense and as an objection to any request by Plaintiff for trial by jury.

**AND NOW, answering the specific allegations contained in the, Defendants aver as follows**:

1.   The allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.   The allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.   The allegations contained in Paragraph 3 are argument and do not require an answer by Defendants, but in an abundance of caution are denied.

4.   The allegations contained in Paragraph 4 are denied, except to admit that the Public Integrity Bureau records pertaining to Vicknair are the sole and best evidence of their contents.

5.   The allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.   The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.   The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.   The allegations contained in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.   The allegations contained in Paragraph 9 are argument or a prayer for relief and do not require an answer by Defendants, but in an abundance of caution are denied.

10. The allegations contained in Paragraph 10 do not require an answer because Plaintiff's Complain in this regard as against these Defendants has been dismissed, but in an abundance of caution are denied.

11. The allegations contained in Paragraph 11 as against these Defendants are denied.

12. The allegations contained in Paragraph 12 do not require an answer because Plaintiff's Complain in this regard as against these Defendants has been dismissed, but in an abundance of caution are denied.

13. The allegations contained in Paragraph 13 are denied.

14. The allegations contained in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15. The allegations contained in Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16. The allegations contained in Paragraph 16 are denied, except to admit that Defendant, Shaun Ferguson, is the Superintendent of the New Orleans Police Department.

17. The allegations contained in Paragraph 17 do not require an answer by these Defendants, but in an abundance of caution are denied with respect to the allegation that Vickair was acting in an official capacity and the remaining allegations are denied for lack of sufficient information to justify a belief therein.

18. The allegations contained in Paragraph 18 are denied, except to admit that the City of New Orleans is a boy politic and corporate under its Home Rule Charter.

19. The allegations contained in Paragraph 19 are denied for lack of sufficient information upon which to respond.

20. The allegations contained in Paragraph 20 are denied for lack of sufficient information upon which to respond.

21. The allegations contained in Paragraph 21 are denied.

22. The allegations contained in Paragraph 22 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

23. The allegations contained in Paragraph 23 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

24. The allegations contained in Paragraph 24 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

25. The allegations contained in Paragraph 25 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

26. The allegations contained in Paragraph 26 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

27. The allegations contained in Paragraph 27 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

28. The allegations contained in Paragraph 28 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

29. The allegations contained in Paragraph 29 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

30. The allegations contained in Paragraph 30 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

31. The allegations contained in Paragraph 31 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

32. The allegations contained in Paragraph 32 are denied, except to admit that the applicable version of Chapter 42.19 of the NOPD Operations Manual is the best and sole admissible evidence of its terms.

33. The allegations contained in Paragraph 33 are denied, except to admit that the applicable version of Chapter 42.19 of the NOPD Operations Manual is the best and sole admissible evidence of its terms.

34. The allegations contained in Paragraph 34 are denied, except to admit that the applicable version of Chapter 42.19 of the NOPD Operations Manual is the best and sole admissible evidence of its terms.

35. The allegations contained in Paragraph 35 are denied, except to admit that the applicable version of Chapter 42.19 of the NOPD Operations Manual is the best and sole admissible evidence of its terms.

36. The allegations contained in Paragraph 36 are denied, except to admit that the applicable version of Chapter 42.19 of the NOPD Operations Manual is the best and sole admissible evidence of its terms.

37. The allegations contained in Paragraph 37 are denied, except to admit that the applicable version of Chapter 42.19 of the NOPD Operations Manual is the best and sole admissible evidence of its terms.

38. The allegations contained in Paragraph 38 are argument are legal conclusions and do not require an answer by Defendants, but in an abundance of caution are denied, except to admit that the applicable version of Chapter 42.19 and other applicable Chapters of the NOPD Operations Manual are the best and sole admissible evidence of their terms.

39. The allegations contained in Paragraph 39 are denied for lack of sufficient information upon which to justify a belief therein.

40. The allegations contained in Paragraph 40 are denied as written.

41. The allegations contained in Paragraph 41 are denied for lack of sufficient information upon which to justify a belief therein.

42. The allegations contained in Paragraph 42 are denied.

43. The allegations contained in Paragraph 43 are denied.

44. The allegations contained in Paragraph 44 are denied, except the allegations as to Vicknair's actions are denied for lack of sufficient information to justify a belief therein.

45. The allegations contained in Paragraph 45 are denied as written, except to admit that Vicknair's dates as a training academy recruit and employment are as set forth in his personnel records on file with the  Civil Service Department.

46. The allegations contained in Paragraph 46 are denied as written, except to admit that the Public Integrity Bureau records with respect to any such complaints against Vicknair are the best evidence of any such complaints.

47. The allegations contained in Paragraph 47 are denied as written, except to admit that the Public Integrity Bureau records with respect to any such complaints against Vicknair are the best evidence of any such complaints.

48. The allegations contained in Paragraph 48 are denied as written, except to admit that the Public Integrity Bureau records with respect to any such complaints against Vicknair are the best evidence of any such complaints.

49. The allegations contained in Paragraph 49 are denied as written, except to admit that the Public Integrity Bureau records with respect to any such complaints against Vicknair are the best evidence of any such complaints and that any disciplinary action issued for a sustained charge was required to be and was within the Disciplinary Matrix under Chapter 26.2 of the NOPD Operations Manual.

50. The allegations contained in Paragraph 50 are denied as written, except to admit that the Public Integrity Bureau records with respect to any such complaints against Vicknair are the best evidence of any such complaints and that any disciplinary action issued for a sustained charge was required to be and was within the Disciplinary Matrix under Chapter 26.2 of the NOPD Operations Manual.

51. The allegations contained in Paragraph 51 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard.

52. The allegations contained in Paragraph 52 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard.

53. The allegations contained in Paragraph 53 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any

such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard.

54. The allegations contained in Paragraph 54 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard.

55. The allegations contained in Paragraph 55 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard and that any disciplinary action issued for a sustained charge was required to be and was within the Disciplinary Matrix under Chapter 26.2 of the NOPD Operations Manual.

56. The allegations contained in Paragraph 56 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard and that any disciplinary action issued for a sustained charge was required to be and was within the Disciplinary Matrix under Chapter 26.2 of the NOPD Operations Manual.

57. The allegations contained in Paragraph 57 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard.

58. The allegations contained in Paragraph 58 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard.

59. The allegations contained in Paragraph 59 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard.

60. The allegations contained in Paragraph 60 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard.

61. The allegations contained in Paragraph 61 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard.

62. The allegations contained in Paragraph 62 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard and that any disciplinary action issued for a sustained charge was required to be and was within the Disciplinary Matrix under Chapter 26.2 of the NOPD Operations Manual.

63. The allegations contained in Paragraph 63 are denied for lack of sufficient information to justify a belief therein, except to admit that the Public Integrity Bureau records with respect to any such complaint against Vicknair are the best evidence of any findings by NOPD and/or the Civil Service Commission in this regard and that any disciplinary action issued for a sustained charge was required to be and was within the Disciplinary Matrix under Chapter 26.2 of the NOPD Operations Manual.

64. The allegations contained in Paragraph 64 are denied as written, except to admit that Vicknair's personnel file is the best evidence of his assignments and the basis for his assignments.

65. The allegations contained in Paragraph 65 are denied as written, except to admit that the Annual Performance Evaluation is the best evidence of its contents.

66. The allegations contained in Paragraph 66 are denied as written, except to admit that the Annual Performance Evaluation is the best evidence of its contents.

67. The allegations contained in Paragraph 67 are denied for lack of sufficient information to justify a belief therein.

68. The allegations contained in Paragraph 68 are argument or commentary and do not require an answer by Defendants, but in an abundance of caution are denied.

69. The allegations contained in Paragraph 69 are denied as written, except to admit that the Annual Performance Evaluation is the best evidence of its contents.

70. The allegations contained in Paragraph 70 are denied for lack of sufficient information upon which to respond.

71. The allegations contained in Paragraph 71 are denied for lack of sufficient information upon which to respond.

72. The allegations contained in Paragraph 72 are denied for lack of sufficient information upon which to respond.

73. The allegations contained in Paragraph 73 are denied for lack of sufficient information upon which to respond.

74. The allegations contained in Paragraph 74 are denied as written.

75. The allegations contained in Paragrpah 75 are denied as written.

76. The allegations contained in Paragraph 76 are denied for lack of sufficient information upon which to justify a belief therein.

77. The allegations contained in Paragraph 77 are denied for lack of sufficient information upon which to justify a belief therein.

78. The allegations contained in Paragraph 78 are denied for lack of sufficient information upon which to justify a belief therein.

79. The allegations contained in Paragraph 79 are denied for lack of sufficient information upon which to justify a belief therein.

80. The allegations contained in Paragraph 80 are denied for lack of sufficient information upon which to justify a belief therein.

81. The allegations contained in Paragraph 81 are denied for lack of sufficient information upon which to justify a belief therein.

82. The allegations contained in Paragraph 82 are denied for lack of sufficient information upon which to justify a belief therein.

83. The allegations contained in Paragraph 83 are denied for lack of sufficient information upon which to justify a belief therein.

84. The allegations contained in Paragraph 84 are denied for lack of sufficient information upon which to justify a belief therein.

85. The allegations contained in Paragraph 85 are denied for lack of sufficient information upon which to justify a belief therein.

86. The allegations contained in Paragraph 86 are denied for lack of sufficient information upon which to justify a belief therein.

87. The allegations contained in Paragraph 87 are denied for lack of sufficient information upon which to justify a belief therein.

88. The allegations contained in Paragraph 88 are denied for lack of sufficient information upon which to justify a belief therein.

89. The allegations contained in Paragraph 89 are denied for lack of sufficient information upon which to justify a belief therein.

90. The allegations contained in Paragraph 90 are denied for lack of sufficient information upon which to justify a belief therein.

91. The allegations contained in Paragraph 91 are denied for lack of sufficient information upon which to justify a belief therein.

92. The allegations contained in Paragraph 92 are denied for lack of sufficient information upon which to justify a belief therein.

93. The allegations contained in Paragraph 93 are denied for lack of sufficient information upon which to justify a belief therein.

94. The allegations contained in Paragraph 94 are denied for lack of sufficient information upon which to justify a belief therein.

95. The allegations contained in Paragraph 95 are denied for lack of sufficient information upon which to justify a belief therein.

96. The allegations contained in Paragraph 96 are denied for lack of sufficient information upon which to justify a belief therein.

97. The allegations contained in Paragraph 97 are denied as written.

98. The allegations contained in Paragraph 98 are denied for lack of sufficient information upon which to justify a belief therein.

99. The allegations contained in Paragraph 99 are denied for lack of sufficient information upon which to respond because the Public Integrity Bureau records are protected and not released during the pendency of criminal charges against Vicknair.

100. The allegations contained in Paragraph 100 are denied for lack of sufficient information upon which to respond because the Public Integrity Bureau records are protected and not released during the pendency of criminal charges against Vicknair.

101. The allegations contained in Paragraph 101 are denied for lack of sufficient information upon which to respond.

102. The allegations contained in Paragraph 102 are denied, except to admit that, in accordance with Civil Service Rules and the Police Officers Bill of Rights, La. R.S. 40;2531, Vicknair was issued an emergency suspension pending investigation and Vickair resigned under investigation.

103. The allegations contained in Paragraph 103 are argument or commentary on the law and do not require an answer by Defendants; rather, they are conclusions of law to be made by the Court.

104.     The allegations contained in Paragraph 104 are argument or commentary on the law and do not require an answer by Defendants; rather, they are conclusions of law to be made by the Court.

105.     The allegations contained in Paragraph 105 are argument or commentary on the law and do not require an answer by Defendants; rather, they are conclusions of applicable law to be made by the Court in Plaintiff's state law claims.

106.     The allegations contained in Paragraph 106 are denied as written.

107.     The allegations contained in Paragraph 107 are denied as written.

108.     The allegations contained in Paragraph 108 are denied as written.

109.     The allegations contained in Paragraph 109 are denied for lack of sufficient information upon which to respond.

110.     The allegations contained in Paragraph 110 are denied for lack of sufficient information upon which to respond.

111.     The allegations contained in Paragraph 111 are denied for lack of sufficient information upon which to respond.

112.     The allegations contained in Paragraph 112 are denied for lack of sufficient information upon which to respond.

113.     The allegations contained in Paragraph 113 are denied for lack of sufficient information upon which to respond.

114.     The allegations contained in Paragraph 114 are denied for lack of sufficient information upon which to respond.

115.     The allegations contained in Paragraph 115 are denied for lack of sufficient information upon which to respond.

116.     The allegations contained in Paragraph 116 are denied for lack of sufficient information upon which to respond.

117.     The allegations contained in Paragraph 117 are denied for lack of sufficient information upon which to respond.

118.     The allegations contained in Paragraph 118 are denied as written.

119.     The allegations contained in Paragraph 119 are denied.

120.     The allegations contained in Paragraph 120 are denied.

121.     The allegations contained in Paragraph 121 are denied for lack of sufficient information upon which to respond.

122.     The allegations contained in Paragraph 122 are denied.

123.     The allegations contained in Paragraph 123 are denied for lack of sufficient information upon which to respond.

124.     The allegations contained in Paragraph 124 are denied for lack of sufficient information upon which to respond.

125.     Defendants reiterate their answers to Paragraphs 1 – 124 and plead same at this point as if copied in their entirety

126.     The allegations contained in Paragraph 126 are denied.

127.     The allegations contained in Paragraph 127 are denied.

128.     The allegations contained in Paragraph 128 are denied.

129.     The allegations contained in Paragraph 129 are denied.

130.     Defendants reiterate their answers to Paragraphs 1 – 129 and plead same at this point as if copied in their entirety.

131.     The allegations contained in Paragraph 132 are legal conclusions and do not require an answer by Defendants, but in an abundance of caution are denied to the extent that they misstate the law.

132.     The allegations contained in Paragraph 132 are denied.

133.     The allegations contained in Paragraph 133 are denied.

134.     The allegations contained in Paragraph 134 are denied.

135.      The allegations contained in Paragraph 135 are denied.

136.     The allegations contained in Paragraph 136 are denied.

137.     The allegations contained in Paragraph 137 are denied.

138.     The allegations contained in Paragraph 138 are denied.

139.     The allegations contained in Paragraph 139 are denied.

140.     The allegations contained in Paragraph 140 are denied for lack of sufficient information upon which to respond.

141.     The allegations contained in Paragraph 141 are denied for lack of sufficient information upon which to respond.

142.     The allegations contained in Paragraph 142 are denied.

143.     The allegations contained in Paragraph 143 are denied.

144.     The allegations contained in Paragraph 144 are denied.

145.     Defendants reiterate their answers to Paragraphs 1 – 144 and plead same at this point as if copied in their entirety.

146.     The allegations contained in Paragraph 146 are denied for lack of sufficient information upon which to respond.

147.     The allegations contained in Paragraph 147 are denied for lack of sufficient information upon which to respond, except to admit that if G.H. was a minor she did not have capacity to consent to sexual conduct with Vicknair.

148.     The allegations contained in Paragraph 148 are denied for lack of sufficient information upon which to respond.

149.     The allegations contained in Paragraph 149 are denied for lack of sufficient information upon which to respond.

150.     The allegations contained in Paragraph 150 are denied for lack of sufficient information upon which to respond.

151.     The allegations contained in Paragraph 151 are denied for lack of sufficient information upon which to respond.

152.     The allegations contained in Paragraph 152 are denied for lack of sufficient information upon which to respond.

153.     The allegations contained in Paragraph 153 are denied for lack of sufficient information upon which to respond.

154.     The allegations contained in Paragraph 154 are denied for lack of sufficient information upon which to respond.

155.     Defendants reiterate their answers to Paragraphs 1 – 155 and plead same at this point as if copied in their entirety.

156.     The allegations contained in Paragraph 156 are argument or commentary on the law and do not require an answer by Defendants; rather, they are conclusions of law to be made by the Court.

157.     The allegations contained in Paragraph 157 are denied for lack of sufficient information upon which to respond.

158.     The allegations contained in Paragraph 158 are argument or commentary on the law and do not require an answer by Defendants; rather, they are conclusions of law to be made by the Court. Further answering, the duties described by Plaintiff in Paragraph are duties covered by the public duty doctrine and are owed to the public and not a specific individual, and for breach of which no private action lies.

159.     The allegations contained in Paragraph 159 are denied.

160.     The allegations contained in Paragraph 160 do not require an answer by these Defendants, but in an abundance of caution are denied, except to admit that Chapter 42.19 of the NOPD Operations Manual is the best evidence of its terms and to invoke the public duty doctrine.

161.     The allegations contained in Paragraph 161 are denied.

162.     The allegations contained in Paragraph 162 are denied for lack of sufficient information upon which to respond.

163.     The allegations contained in Paragraph 163 are denied.

164.     The allegations contained in Paragarph 164 are denied.

165.     The allegations contained in Paragraph 165 are denied.

166.     The allegations contained in Paragraph 166 are denied.

167.     The allegations contained in Paragraph 167 are denied. Further answering, Defendants aver that Plaintiff has no cause of action for negligent infliction of emotional distress under Louisaina law.

168.     Defendants reiterate their answers to Paragraphs 1 – 167 and plead same at this point as if copied in their entirety.

169.     The allegations contained in Paragraph 169 do not require an answer by these Defendants, but in an abundance of caution are denied for lack of sufficient information upon which to respond.

170.     The allegations contained in Paragraph 170 do not require an answer by these Defendants, but in an abundance of caution are denied for lack of sufficient information upon which to respond.

171.     The allegations contained in Paragraph 171 do not require an answer by these Defendants, but in an abundance of caution are denied for lack of sufficient information upon which to respond.

172.     The allegations contained in Paragraph 172 do not require an answer by these Defendants, but in an abundance of caution are denied for lack of sufficient information upon which to respond.

173.     Defendants reiterate their answers to Paragraphs 1 – 172 and plead same at this point as if copied in their entirety.

174.     The allegations contained in Paragraph 174 do not require an answer by these Defendants, but in an abundance of caution are denied for lack of sufficient information upon which to respond.

175.     The allegations contained in Paragraph 175 do not require an answer by these Defendants, but in an abundance of caution are denied for lack of sufficient information upon which to respond.

176.     The allegations contained in Paragraph 176 do not require an answer by these Defendants, but in an abundance of caution are denied for lack of sufficient information upon which to respond.

177.      The allegations contained in Paragraph 177 do not require an answer by these Defendants, but in an abundance of caution are denied for lack of sufficient information upon which to respond.

178.      Defendants reiterate their answers to Paragraphs 1 – 177 and plead same at this point as if copied in their entirety.

179.      The allegations contained in Paragraph 179 are argument or commentary on law and do not require an answer by Defendants; rather, they are conclusions of law to be made by the Court.

180.      The allegations contained in Paragraph 180 are denied.

181.      The allegations contained in Paragraph 181 are denied.

182.      The allegations contained in Paragraph 182 are denied.

183.      The allegations contained in Paragraph 183 are argument or commentary on law and do not require an answer by Defendants, but in an abundance of caution are denied, except to admit that Chapter 42.19 of the NOPD Operations Manual is the best evidence of its terms.

184.      The allegations contained in Paragraph 184 are denied.

185.      The allegations contained in Paragraph 185 are denied.

186.      The allegations contained in Paragraph 186 are denied. Further answering, Defendants aver that they have reasonably relied upon the established recruitment and selection procedures for NOPD Officers, including psychological screening; Rule 2 of the NOPD Operations Manual relative to adherence to law and Chapter 26.2 of the NOPD Operations Manual relative to automatic dismissal for first felony offense; and the shared common and moral sense of adults not to sexually assault minors.

187.     Defendants reiterate their answers to Paragraphs 1 – 186 and plead same at this point as if copied in their entirety.

188.     The allegations contained in Paragraph 188 are argument or commentary on law and do not require an answer by Defendants; rather, they are conclusions of law to be made by the Court.

189.     The allegations contained in Paragraph 189 are argument or commentary on law and do not require an answer by Defendants; rather, they are conclusions of law to be made by the Court.

190.     The allegations contained in Paragraph 190 are denied for lack of sufficient information as to the "Officer-Defendants" and their actions so as to allow Defendants to respond.

191.     The allegations contained in Paragraph 191 are denied for lack of sufficient information upon which to respond.

192.     The allegations contained in Paragraph 192 are denied for lack of sufficient information upon which to respond.

193.     The allegations contained in Paragraph 193 are denied as written.

194.     The allegations contained in Paragraph 194 are denied. Further answering, Defendants aver that they are not vicariously liable or liable as employer for the criminal acts or Constitutional violations of Vicknair.

195.     Defendants reiterate their answers to Paragraphs 1 – 194 and plead same at this point as if copied in their entirety.

196.     The allegations contained in Paragraph 196 are argument or commentary on law and do not require an answer by Defendants; rather, they are conclusions of law to be made by the Court.

197.     The allegations contained in Paragraph 197 are denied as written.

198.     The allegations contained in Paragraph 198 are denied for lack of sufficient information as to "some Defendants" and their "misconduct" so as to allow Defendants to respond.

199.     The allegations contained in Paragraph 199 are denied.

200.     Defendants reiterate their answers to Paragraphs 1 – 199 and plead same at this point as if copied in their entirety.

201.     The allegations contained in Paragraph 201 do not require an answer by these Defendants, but in an abundance of caution are denied for lack of sufficient information upon which to respond.

202.     The allegations contained in Paragraph 202 do not require an answer by these Defendants, but in an abundance of caution are denied for lack of sufficient information upon which to respond.

203.     Defendants reiterate their answers to Paragraphs 1 – 202 and plead same at this point as if copied in their entirety.

204.     The allegations contained in Paragraph 204 are denied for lack of sufficient information upon which to respond.

205.     The allegations contained in Paragraph 205 are denied for lack of sufficient information upon which to respond.

206.     The allegations contained in Paragraph 206 are denied for lack of sufficient information upon which to respond.

207.     The allegations contained in Paragraph 207 are denied.

208.     The allegations contained in Paragraph 208 are denied.

209.     The allegations contained in Paragraph 209 are denied.

210.     The allegations contained in Paragraph 210 are denied.

211.     Defendants object to Plaintiff's jury demand as against them for Plaintiff's State law claims and affirmatively assert La. R.S 13:5105 and other applicable law, which precludes trial by jury as to these Defendants, as a defense and as an objection to any request by Plaintiff for trial by jury.

Respectfully submitted,

/s/ *James M. Roquemore*_____
JAMES M. ROQUEMORE (LSB #40035)
Deputy City Attorney
RENEE E. GOUDEAU (LSB #33157)
Deputy City Attorney
CORWIN ST. RAYMOND (LSB #31330)
Chief Deputy City Attorney
DONESIA D. TURNER (LSB #23338)
City Attorney
1300 Perdido Street
City Hall – Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Fax: (504) 658-9868
james.roquemore@nola.gov
regoudeau@nola.gov
cmstraymond@nola.gov
donesia.turner@nola.gov

*Attorneys for Defendants, City of New Orleans and Shaun Ferguson, Superintendent of the New Orleans Police Department*