UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.  )<br><br>   Plaintiff,  )<br>v.   )<br>   )<br>RODNEY VICKNAIR, SHAUN FERGUSON, )<br>THE CITY OF NEW ORLEANS; DOE   )<br>DISTRICT COMMANDER; DOES 1 to 10; )<br>and XYZ INSURANCE COMPANIES 1 to 10, )<br>   )<br>   Defendants.  ) | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br><br>MAGISTRATE: KAREN WELLS ROBY |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT RODNEY VICKNAIR**

Plaintiff Rayne Upton moves for partial summary judgment against defendant Rodney Vicknair. Because Defendant Vicknair pled guilty to 18 U.S.C. § 242 (Deprivation of rights under color of law) for his sexual abuse of G.H., his civil liability is established by action of the doctrine of collateral estoppel. *See United States v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1983) (affirming summary judgment in civil case based on collateral estoppel effect of prior criminal conviction).

There is no genuine dispute as to any material fact related to this motion.

## I.   INTRODUCTION

Plaintiff Rayne Upton sued Rodney Vicknair for his use of his authority as a New Orleans Police Department officer to repeatedly sexually assault and rape Plaintiff's minor daughter. R. Doc. 1.

On March 14, 2023, Vicknair pled guilty and was sentenced for the criminal act of depriving G.H. of her constitutional rights under color of law. Specifically, Defendant Rodney Vicknair "willfully deprived G.H. of her bodily integrity when he touched her genitalia without

1

her consent and without legitimate law enforcement purpose" "while acting under color of law as an officer with the New Orleans Police Department," and "defendant's conduct included kidnapping."[1]

There is no genuine issue as to any material fact regarding Vicknair's civil liability. For that reason, this Court should grant summary judgment in favor of Plaintiff on the issue of Defendant Vicknair's civil liability.

## II. FACTUAL BACKGROUND

### A. Facts Established Through Collateral Estoppel

On September 22, 2022, the United States filed an indictment against former New Orleans Police Officer Rodney Vicknair in the Eastern District of Louisiana.[2] On November 16, 2022, Defendant entered a plea of guilty to the crime charged in the Bill of Information, Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242 and agreed that (1) he deprived G.H. of a right secured by the Constitution or laws of the United States, namely, her fundamental right to bodily integrity; (2) he acted willfully; (3) he acted under color of law; and (4) his conduct included kidnapping.[3] On that same date Defendant appeared in court, signed a Factual Basis admitting the facts alleged by the state as true, and the Factual Basis was submitted in open court.[4] In the Factual Basis, Defendant Vicknair admitted the following facts as true:

> RODNEY VICKNAIR (VICKNAIR) was a police officer with the New Orleans Police Department (NOPD). In May 2020, VICKNAIR, while working in his capacity as an NOPD officer, escorted a l4-year-old girl (Vl), who was a victim of sexual assault, to the hospital to undergo a forensic exam, i.e. a rape kit. VICKNAIR gave Vl his cell phone number and offered to be her friend and mentor. At the time, VICKNAIR was 53-years old.

---

[1] *USA v. Rodney Vicknair*, 22-212, R. Doc. 1 (E.D. La., 9/22/22).
[2] *Id.*
[3] *USA v. Rodney Vicknair*, 22-212, R. Doc. 24 (E.D. La., 11/16/2022).
[4] *See* Factual Basis, attached as Exhibit A. The factual basis was "read and approved" and signed by Rodney Vicknair. It does not have language about being under penalty of perjury, but because it was a statement to federal agents, falsity would be criminally actionable under 18 U.S.C § 1001 whether or not it was sworn; *see also*, *USA v. Rodney Vicknair*, 22-212, R. Doc. 23 (E.D. La., 11/16/2022).

During the four months thereafter, all while acting in his capacity as a police officer to facilitate his conduct to gain Vl's trust, VICKNAIR and Vl spoke on the phone and exchanged messages on Snapchat. VICKNAIR, while in uniform, often stopped by unannounced at Vl's residence. Over time, VICKNAIR made comments to Vl that were sexual in nature. VICKNAIR requested and received sexually explicit photographs of V I and kept them on his cellphone. On one occasion he touched Vl's breast under her shirt, and on another occasion he touched Vl's buttocks over her clothes.

On the night of September 23,2020, VICKNAIR arrived at Vl's house, which was located in the Eastern District of Louisiana. By that time, Vl had turned l5-years-old. He told her to come outside and get into his vehicle. V1 got into the passenger's seat while VICKNAIR remained in the driver's seat.

Then, VICKNAIR locked the doors so that Vl could not leave. VICKNAIR leaned over toward Vl, causing her to fear for her physical safety, and confining her against her will, all of which constituted kidnapping. VICKNAIR then engaged in a sexual act with Vl without her consent, when he intentionally touched her genitals under her clothing. VICKNAIR was acting under color of law and his conduct did not have a legitimate law enforcement purpose. He knew his actions were wrong and against the law, but he engaged in such conduct anyway.[5]

During the March 8, 2023 sentencing hearing, the court noted, "that the factual basis contains all the elements necessary to prove a violation of the victim's right to bodily integrity as well as kidnapping as defined by law."[6] And Defendant Vicknair's criminal defense attorney stated to the court, "Mr. Vicknair does stand before you having accepted responsibility for this."[7]

On March 14, 2023, Defendant Vicknair was sworn and questioned regarding his guilty plea, the court accepted the proposed plea agreement, and imposed a sentence.[8]

### B. The Factual Issues Essential to the Federal Criminal Conviction of Defendant Rodney Vicknair under 18 U.S.C. § 242 are Conclusively Established.

The doctrine of collateral estoppel "precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322,

---

[5] Exhibit A.
[6] *See* March 8, 2023 Sentencing Hearing Transcript, attached as Exhibit B, p. 18:12-15; *see also*, pp. 19:3-20:10.
[7] *Id.* at p. 16:2-3.
[8] *See* March 14, 2023 Sentencing Hearing Transcript, attached as Exhibit C, pp. 4:6-18:7; Signed Plea Agreement, attached as Exhibit D. *See also*, *USA v. Rodney Vicknair*, 22-212, R. Doc. 45 (E.D. La., 3/14/23).

325 n. 5 (U.S. 1979). In a civil action that follows from a criminal conviction, collateral estoppel precludes relitigation of any issues decided in the earlier proceeding. *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569 (1951) ("In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment"); *Wolfson v. Baker*, 623 F.2d 1074, 1078 (5th Cir 1980), cert. denied, 450 U.S. 966 (1981).

Section 242 is considered the criminal counterpart to § 1983. *United States v. Stokes*, 506 F.2d 771, 776 (5th Cir. 1975) ("42 U.S.C. § 1983, the civil counterpart to § 242"); *Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 26 n. 3 (3th Cir. 1989). A criminal conviction for acts identical to those alleged in a subsequent civil action will conclusively establish the issue adjudged against the guilty defendant. *United States v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1983) (affirming summary judgment in civil case based on collateral estoppel effect of prior criminal conviction). "Because of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action." *United States v. Thomas*, *supra*; *Bickham Lincoln-Mercury, Inc. v. United States*, 168 F.3d 790, 794 (5th Cir. 1999); *Temich v. Cossette*, No. 11-cv-958, 2015 WL 3674469 (D. Conn. June 12, 2015) (applying, in plaintiff's subsequent § 1983 lawsuit alleging excessive force, collateral estoppel to defendant police officer's conviction under 18 U.S.C. § 242); *Pizzuto v. County of Nassau*, 239 F.Supp. 2d 301, 308 (E.D.N.Y. 2003) (applying, in subsequent § 1983 lawsuit alleging cruel and unusual punishment by defendant

corrections officer, collateral estoppel to defendants' convictions and pleas under 18 U.S.C. § 242).[9]

Collateral estoppel also applies to a plaintiff's supplemental state law claims where the elements necessary to prove these claims were decided in the criminal action. *Vela v. Alvarez*, 507 F.Supp. 887 (S.D. Tex. 1981) (collateral estoppel applied to plaintiff's state law claims for assault and battery by a police officer where the officer had been convicted under 18 U.S.C. § 242 for assaulting and threatening the plaintiff). Thus, in ruling on Plaintiff's request for partial summary judgment on federal and state claims, the factual issues which were essential to Vicknair's conviction under 18 U.S.C. § 242 are conclusively established for purposes of this motion.

### C. Defendant Rodney Vicknair's Plea Agreement is Admissible Evidence.

Plaintiff's Exhibits B and D include the sworn testimony of Defendant Rodney Vicknair at his criminal sentencing. This sworn testimony is not hearsay, and is admissible under Federal Rule of Evidence 801(d)(2)(A) as statements of an opposing party.

### III.   SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) authorizes a party to move for summary judgment on a claim or part of a claim. District courts have discretion to order partial summary judgment on particular issues as a means to narrow and focus the issues for trial. *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993).

---

[9] In Pizzuto's family's subsequent § 1983 suit, the district court granted partial summary judgment, holding that the three officers were collaterally estopped from disputing § 1983 liability for conspiracy to violate Pizzuto's Eighth Amendment rights; the officers who participated in or observed the beating were liable for deliberate indifference to Pizzuto's serious medical needs; the three officers were liable for battery under state law; and the county was vicariously liable for the officers' state law torts.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn [*6] in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

Here, Plaintiff moves for partial summary judgment on the issue of Defendant Rodney Vicknair's civil liability. At his sentencing hearing, Defendant Rodney Vicknair pled guilty and admitted to the specific facts described in the Factual Basis (Exhibit A).

## IV.   LEGAL ANALYSIS

**A.   Plaintiff is Entitled to Summary Judgment Against Defendant Vicknair on her constitutional claim because Section 1983 is "the civil counterpart to § 242."**

In her Complaint, Plaintiff has alleged violation of G.H.'s Fifth and Fourteenth Amendment due process rights, specifically her protected liberty interest to be free from sexual abuse and bodily intrusions by state actors, and including the right to be free from unjustified and excessive force utilized by police; and her Fourth Amendment right to be free from unlawful seizure of her person– all as provided for by the United States Constitution and 42 U.S.C. §1983.

6

Section 1983 is the civil counterpart to 18 U.S.C. § 242, the crime Vicknair pled guilty to. *United States v. Stokes*, 506 F.2d 771, 776 (5th Cir. 1975) ("42 U.S.C. § 1983, the civil counterpart to § 242"). Section 1983 and Section 242 have the same elements:

| 18 U.S.C § 242 | 42 U.S.C. § 1983 |
|---|---|
| 1. A person | 5. A person |
| 2. Who "under color of any law, statute, ordinance, regulation, or custom" | 6. Who "under color of any statute, ordinance, regulation, custom, or usage" |
| 3. Willfully causes the "deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws" | 7. Causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" |
| 4. Shall be liable. | Shall be liable. |

Thus, because Vicknair pled guilty to 18 U.S.C. § 242 for the same conduct that is the basis of Plaintiff's 42 U.S.C. § 1983 claim, collateral estoppel requires that partial summary judgment should be granted here.

**B.  Plaintiff is Entitled to Summary Judgment Against Defendant Vicknair on her State Law Claims of Assault, Battery, False Imprisonment, and Negligence.**

Louisiana Civil Code Article 2315 permits the recovery of damages sustained as a result of the "fault" of another. The article encompasses liability based on negligence or intentional misconduct. *See Hero Lands Co. v. Texaco, Inc.*, 310 So.2d 93, 97 (La. 1975). In a suit seeking damages resulting from an intentional tort, Louisiana law requires that the plaintiff prove all prima facie elements of that tort. *Landry v. Bellanger*, 851 So.2d 943, 954 (La. 2003).

> i. <u>It is undisputed that Defendant Rodney Vicknair committed assault and battery against G.H.</u>

Under Louisiana law, a battery is a "harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987). Battery does not require the intent to inflict damage: "[i]t is sufficient if the

7

actor intends to inflict either a harmful or offensive contact without the other's consent." *Id.* at 391 (citations omitted). "[A]ssault is the imminent threat of a battery." *Bulot v. Intracoastal Tubular Servs., Inc.*, 98-2105, p. 13 (La. App. 4 Cir. 2/24/99); 730 So. 2d 1012, 1018, abrogated on other grounds by *Bulot v. Intracoastal Tubular Servs., Inc.*, 2004-1376 (La App. 4 Cir. 11/3/04); 888 So. 2d 1017.

In pleading guilty in the criminal case, Defendant Rodney Vicknair admitted that he, "touched [G.H.'s] breast under her shirt, and on another occasion he touched [G.H.'s] buttocks over her clothes."[10] Defendant Rodney Vicknair further admitted that, on the night of September 23, 2020, he "engaged in a sexual act with [G.H.] without her consent, when he intentionally touched her genitals under her clothing."[11]

It is undisputed that Defendant Rodney Vicknair intended to cause G.H. to suffer a harmful or offensive contact without her consent, and imminently threatened to subject her to such contact on multiple occasions. Accordingly, Plaintiff is entitled to judgment as a matter of law on her claim of assault and battery.

ii.  <u>It is undisputed that Defendant Rodney Vicknair falsely imprisoned G.H.</u>

The Louisiana state-law tort of false imprisonment occurs when one "restrains another against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority." *Kyle v. City of New Orleans*, 353 So.2d 969, 971 (La. 1977). Because false imprisonment is not an intentional tort, "[m]alice is not a necessary element of the tort of false imprisonment and is immaterial except as it may affect the question of damages." *Fontenot v. Lavergne*, 365 So.2d 1168, 1170 (La.App. 3d Cir.1978). Thus, "[t]here is no requirement of proving that the confinement be intentional." *Prisk v. Palazzo*, 668 So.2d 415, 417 (La.App. 4th

---

[10] Exhibit C, p. 1.
[11] *Id.* at p. 2.

Cir. 1/19/96).

It is undisputed that Defendant Rodney Vicknair committed the tort of false imprisonment on the night of September 23, 2020 when he "locked the doors" of his vehicle with G.H. in passenger seat "so that [G.H.] could not leave."[12] While locked inside the vehicle, Defendant Rodney Vicknair "leaned over toward [G.H.] causing her to fear for her physical safety, and confining her against her will, all of which constituted kidnapping."[13] Defendant Vicknair admitted he did not have legal authority to restrain G.H. in his police vehicle.[14] Defendant Vicknair "was acting under color of law and his conduct did not have a legitimate law enforcement purpose[,]" and "his actions were wrong and against the law, but he engaged in such conduct anyway."[15] Accordingly, Plaintiff is entitled to judgment as a matter of law on her claim of false imprisonment.

       iii. <u>It is undisputed that Defendant Rodney Vicknair's conduct towards G.H. was negligent.</u>

Under duty-risk analysis for determining liability, a plaintiff must prove (1) the conduct in question was the cause-in-fact of the resulting harm; (2) the defendant owed a duty of care to plaintiff; (3) the requisite duty was breached by the defendant; and (4) the risk of harm was within the scope of protection afforded by the duty breached. *Stroik v. Ponseti*, 699 So.2d 1072, 1078 (La. 1997). Police officers owe the public the duty of maintaining peace and order, preventing and detecting crime, and enforcing laws. *Zeagler v. Town of Jena*, 556 So.2d 978 (La.App. 3 Cir.).

It is undisputed that Defendant Vicknair's actions were the cause-in-fact of G.H.'s injury and emotional distress, and the risk of injuring G.H. was within the scope of duty that was breached by Defendant Vicknair's conduct when he repeatedly sexually assaulted and raped G.H.

---

[12] Exhibit C, p. 1-2.
[13] *Id.* at p. 2.
[14] *Id.*
[15] *Id.*

9

Defendant Vicknair also had a duty to victims of child abuse and sexual assault defined by the NOPD Manual, which he breached when he used his authority as an NOPD officer to groom and ultimately rape G.H.[16] Accordingly, Plaintiff is entitled to judgment as a matter of law on her claim of negligence.

## V.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant her motion for partial summary judgment as to liability on the claims against Defendant Rodney Vicknair for violation of 42 U.S.C. § 1983, and for the state law torts of assault and battery, false imprisonment, and negligence.

Respectfully Submitted:

| **MOST & ASSOCIATES** | **THE HITE LAW GROUP** |
|---|---|
| */s/ Hope A. Phelps* | |
| **HOPE PHELPS (La. Bar No. 37259)** | **NICHOLAS HITE (La. Bar No. 34305)** |
| **WILLIAM MOST (La. Bar No. 36914)** | 701 Loyola Ave., #403 |
| 201 St. Charles Ave., Ste. 114, # 101 | New Orleans, LA 70113 |
| New Orleans, LA 70170 | Tel: 504.252.0678 |
| Tel: 504.256.4615 | Email: nicholas@hitelawgroup.com |
| Email: hopeaphelps@outlook.com | |

*Counsel for Plaintiff, Rayne Upton,
individually and on behalf of
her minor daughter, G.H.*

---

[16] *See* R. Doc. 1-4 (NOPD Operations Manual Chapter 42.19: Child Abuse), and R. Doc. 1-5 (NOPD Operations Manual Chapter 42.2: Sexual Assault).