UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-212 |
| v. | * | SECTION: "I" (5) |
| RODNEY VICKNAIR | * | |

\*   \*   \*

**FACTUAL BASIS**

If this case were to proceed to trial, the United States would prove the following facts beyond a reasonable doubt, and the defendant admits that these facts are true:

**RODNEY VICKNAIR (VICKNAIR)** was a police officer with the New Orleans Police Department (NOPD). In May 2020, **VICKNAIR**, while working in his capacity as an NOPD officer, escorted a 14-year-old girl (V1), who was a victim of sexual assault, to the hospital to undergo a forensic exam, i.e. a rape kit. **VICKNAIR** gave V1 his cell phone number and offered to be her friend and mentor. At the time, **VICKNAIR** was 53-years old.

During the four months thereafter, all while acting in his capacity as a police officer to facilitate his conduct to gain V1's trust, **VICKNAIR** and V1 spoke on the phone and exchanged messages on Snapchat. **VICKNAIR**, while in uniform, often stopped by unannounced at V1's residence. Over time, **VICKNAIR** made comments to V1 that were sexual in nature. **VICKNAIR** requested and received sexually explicit photographs of V1 and kept them on his cellphone. On one occasion he touched V1's breast under her shirt, and on another occasion he touched V1's buttocks over her clothes.

On the night of September 23, 2020, **VICKNAIR** arrived at V1's house, which was located in the Eastern District of Louisiana. By that time, V1 had turned 15-years-old. He told her to

AUSA ___
Defendant ___
Defense Counsel ___

come outside and get into his vehicle. V1 got into the passenger's seat while **VICKNAIR** remained in the driver's seat. Then, **VICKNAIR** locked the doors so that V1 could not leave. **VICKNAIR** leaned over toward V1, causing her to fear for her physical safety, and confining her against her will, all of which constituted kidnapping. **VICKNAIR** then engaged in a sexual act with V1 without her consent, when he intentionally touched her genitals under her clothing. **VICKNAIR** was acting under color of law and his conduct did not have a legitimate law enforcement purpose. He knew his actions were wrong and against the law, but he engaged in such conduct anyway.

Detectives from the New Orleans Police Department conducted a post-*Miranda* custodial interview of **VICKNAIR** on September 26, 2020. During the interview, he was asked about the night of September 23, 2020. **VICKNAIR** admitted that V1 was in his vehicle, but denied touching V1 in any manner. Instead, he told the detectives that he visited V1 that night because she asked him to "smell her for weed." Throughout the interview, **VICKNAIR** denied ever sexually touching V1. However, he stated that at times he told V1 that she had a "nice body" and a "nice ass."

READ AND APPROVED:

_____        11-16-22
RODNEY VICKNAIR                       Date
Defendant

_____        11/16/22
TOWNSEND M. MYERS                     Date
Counsel for Rodney Vicknair

_____        11/16/22
TRACEY N. KNIGHT                      Date
Assistant United States Attorney

_____        11/16/22
FARA GOLD                             Date
Special Litigation Counsel