```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

*************************************************************
UNITED STATES OF AMERICA

                            Criminal Action No. 22-212
VS.                         Section "I"
                            New Orleans, Louisiana
                            March 14, 2023

RODNEY VICKNAIR
*************************************************************

              TRANSCRIPT OF SENTENCING HEARING
         HEARD BEFORE THE HONORABLE LANCE M. AFRICK
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:            Tracey N. Knight
                               U.S. Attorney's Office
                               650 Poydras St.
                               Suite 1600
                               New Orleans, LA 70130


FOR THE DEFENDANT:             Townsend M. Myers
                               Townsend M. Myers, APLC
                               4907 Magazine St
                               New Orleans, LA 70115




Official Court Reporter:       Nichelle N. Wheeler, RMR, CRR
                               500 Poydras Street, B-275
                               New Orleans, Louisiana 70130
                               (504) 589-7775

    Proceedings recorded by mechanical stenography,
transcript produced via computer.




                      ─OFFICIAL TRANSCRIPT─
                             Page 1
```

|   |   |   |
|---|---|---|
|  | **1** | **P R O C E E D I N G S** |
| 08:33:40AM | 2 | (Call to order of the court.) |
| 08:33:40AM | 3 | THE CASE MANAGER: Criminal Action 22-212, *United* |
| 08:33:45AM | 4 | *States v. Rodney Vicknair.* This matter is set for |
| 08:33:47AM | 5 | sentencing. |
| 08:33:47AM | 6 | Counsel, please make your appearance for the record. |
| 08:33:48AM | 7 | MS. KNIGHT: Good afternoon, Your Honor, Tracey |
| 08:33:50AM | 8 | Knight for the United States. |
| 08:33:51AM | 9 | THE COURT: Good morning. |
| 08:33:52AM | 10 | MR. MYERS: Good morning, Your Honor, Townsend Myers |
| 08:33:53AM | 11 | on behalf of Rodney Vicknair who is present in court. |
| 08:33:56AM | 12 | THE COURT: All right. Good morning. |
| 08:33:57AM | 13 | THE DEFENDANT: Good morning, Judge. |
| 08:33:58AM | 14 | THE COURT: All right. We're here because of a |
| 08:34:00AM | 15 | revised 11(c)(1)(C) plea, having rejected the last -- the |
| 08:34:08AM | 16 | first one. |
| 08:34:08AM | 17 | Is the victim's mom here? Does she wish to address |
| 08:34:12AM | 18 | the Court at all before I state anything? |
| 08:34:15AM | 19 | THE VICTIM'S MOTHER: Do I stay here? |
| 08:34:20AM | 20 | THE COURT: If you are going to say anything, if you |
| 08:34:23AM | 21 | wouldn't mind coming to the -- why don't y'all move over -- |
| 08:34:26AM | 22 | coming over to the podium, please. Again, you don't have to |
| 08:34:30AM | 23 | state your name. |
| 08:34:32AM | 24 | THE VICTIM'S MOTHER: Hi. I wasn't expected to be |
| 08:34:36AM | 25 | able to speak today. I just -- my hope, which was my hope |

```
08:34:40AM   1   the first go around, I feel very strongly about him having to
08:34:47AM   2   register as a sex offender because we know that this was not
08:34:50AM   3   the first time he's done this before.  And I just feel like
08:34:53AM   4   that's very important that he -- when he gets out he not be
08:34:57AM   5   able to have free run and free rein to do this to other young
08:35:01AM   6   girls.
08:35:02AM   7           THE COURT:  Well, that makes perfect sense to me.  I
08:35:05AM   8   do want to tell you, we've done some independent legal
08:35:08AM   9   research on that and there are conditions of supervised
08:35:11AM  10   release which can be imposed, which will, I think, address
08:35:15AM  11   that, but we have no -- the Court has no authority to force
08:35:20AM  12   him to register as a sex offender, although he will be --
08:35:23AM  13   that would be a condition of supervised release and it will
08:35:26AM  14   be looked over by probation and he'll be supervised by U.S.
08:35:31AM  15   Probation on supervised release once he's released from
08:35:35AM  16   prison.  But I understand exactly what your concern is and I
08:35:39AM  17   get it.
08:35:41AM  18           THE VICTIM'S MOTHER:  Okay.  That was it.  I just --
08:35:43AM  19           THE COURT:  How's your daughter doing?
08:35:45AM  20           THE VICTIM'S MOTHER:  Not well.  I mean, last week
08:35:47AM  21   was extremely emotional for her and to the point where she
08:35:52AM  22   couldn't find it to come back, you know.  It was tough.
08:35:58AM  23           THE COURT:  Well, we're all very impressed with what
08:36:00AM  24   she had --
08:36:00AM  25           THE VICTIM'S MOTHER:  Thank you.
```

```
08:36:01AM   1              THE COURT:  -- to say and how articulate she was.
08:36:02AM   2   You've raised a fine young lady.
08:36:05AM   3              THE VICTIM'S MOTHER:  Oh, thank you.
08:36:06AM   4              THE COURT:  You have.
08:36:07AM   5              THE VICTIM'S MOTHER:  Thank you so much.
08:36:08AM   6              THE COURT:  All right.  Y'all come back if you like.
08:36:10AM   7              Let's place the Defendant under oath, please.
08:36:24AM   8              THE CASE MANAGER:  Please raise your right hand.
08:36:27AM   9                   (Defendant administered oath.)
08:36:28AM  10              THE DEFENDANT:  Yes.  Yes, ma'am.
08:36:29AM  11              THE COURT:  Please state your name for the record.
08:36:31AM  12              THE DEFENDANT:  Rodney Vicknair.
08:36:33AM  13              THE CASE MANAGER:  Thank you.
08:36:34AM  14              THE COURT:  All right.  I've been advised that you
08:36:42AM  15   and the Government have entered into a second plea agreement
08:36:45AM  16   pursuant to 11(c)(1)(C) of the Federal Rules of Criminal
08:36:48AM  17   Procedure wherein you and the Government have agreed to an
08:36:50AM  18   appropriate disposition of this case.  Specifically, you and
08:36:53AM  19   the Government have agreed that should the Court accept your
08:36:57AM  20   guilty plea, a sentence of 168 months imprisonment is
08:37:00AM  21   appropriate, is that correct?
08:37:01AM  22              THE DEFENDANT:  Yes, sir.
08:37:02AM  23              THE COURT:  There's no specific agreement with
08:37:04AM  24   respect to the duration of any supervised release ordered by
08:37:07AM  25   the Court, any conditions of supervised release, any fine or
```

| | | |
|---|---|---|
| 08:37:09AM | 1 | restitution that the Court may impose.  Do you understand |
| 08:37:12AM | 2 | that? |
| 08:37:12AM | 3 | THE DEFENDANT:  Yes, sir. |
| 08:37:14AM | 4 | THE COURT:  Has the Government made any other plea |
| 08:37:17AM | 5 | offers to Mr. Vicknair other than what is set forth in this |
| 08:37:20AM | 6 | plea agreement and the prior plea agreement? |
| 08:37:21AM | 7 | MS. KNIGHT:  No, Your Honor. |
| 08:37:22AM | 8 | THE COURT:  Counsel, do you agree with that? |
| 08:37:24AM | 9 | MR. MYERS:  I do agree. |
| 08:37:25AM | 10 | THE COURT:  Mr. Vicknair, to the best of your |
| 08:37:27AM | 11 | knowledge, is what your attorney just stated correct? |
| 08:37:30AM | 12 | THE DEFENDANT:  Yes, sir. |
| 08:37:30AM | 13 | THE COURT:  Now, Mr. Vicknair, are there any |
| 08:37:33AM | 14 | promises, assurances, or secret agreements that you've been |
| 08:37:36AM | 15 | informed of, whether with the Government, the Court, or |
| 08:37:38AM | 16 | anyone else, that have been made in an effort to persuade you |
| 08:37:42AM | 17 | to plead guilty? |
| 08:37:43AM | 18 | THE DEFENDANT:  No, sir. |
| 08:37:44AM | 19 | THE COURT:  Have you read the proposed 11(c)(1)(C) |
| 08:37:47AM | 20 | plea agreement, the revised one, the one that's before the |
| 08:37:49AM | 21 | Court right now? |
| 08:37:50AM | 22 | THE DEFENDANT:  Oh, yes, sir.  Yes, sir. |
| 08:37:52AM | 23 | THE COURT:  Have you read it? |
| 08:37:53AM | 24 | THE DEFENDANT:  Yes, sir. |
| 08:37:54AM | 25 | THE COURT:  You understand it? |

| | | |
|---|---|---|
| 08:37:55AM | 1 | THE DEFENDANT: Pretty much, yeah. |
| 08:37:58AM | 2 | THE COURT: Well, pretty much doesn't work. Is there |
| 08:38:01AM | 3 | anything you don't understand -- that you don't understand |
| 08:38:04AM | 4 | about it, you need to ask the Court or your counsel about it |
| 08:38:07AM | 5 | now. |
| 08:38:08AM | 6 | THE DEFENDANT: Okay. |
| 08:38:09AM | 7 | THE COURT: Do you need some time? |
| 08:38:10AM | 8 | MS. TOWNSEND: Yes. |
| 08:38:10AM | 9 | THE DEFENDANT: Sentence is the same one? |
| 08:38:12AM | 10 | MR. MYERS: Other than the term, yes. |
| 08:38:15AM | 11 | THE COURT: Okay. |
| 08:38:16AM | 12 | THE DEFENDANT: Nah, I'm good. |
| 08:38:17AM | 13 | THE COURT: What does that mean when you say "you're |
| 08:38:18AM | 14 | good"? |
| 08:38:19AM | 15 | THE DEFENDANT: No -- |
| 08:38:20AM | 16 | MR. MYERS: Do you understand the document that we -- |
| 08:38:23AM | 17 | THE DEFENDANT: Yes. Yes. I got it. |
| 08:38:25AM | 18 | THE COURT: All right. Counsel, you want to |
| 08:38:26AM | 19 | authenticate the revised plea agreement? |
| 08:38:28AM | 20 | MS. KNIGHT: Sure. |
| 08:38:31AM | 21 | Mr. Vicknair, this is the plea agreement that is |
| 08:38:34AM | 22 | addressed to the judge dated March 13th. Are these your |
| 08:38:38AM | 23 | initials -- |
| 08:38:38AM | 24 | THE DEFENDANT: Yes, ma'am. |
| 08:38:39AM | 25 | MS. KNIGHT: -- on each page? |

| | | |
|---|---|---|
| 08:38:43AM | 1 | And is that your signature on the last page? |
| 08:38:45AM | 2 | THE DEFENDANT: It is. |
| 08:38:46AM | 3 | MS. KNIGHT: Okay. And the attachment as well? |
| 08:38:51AM | 4 | THE DEFENDANT: I thought that and that was the same |
| 08:38:56AM | 5 | thing. |
| 08:38:59AM | 6 | MS. KNIGHT: Is that your signature on the last page |
| 08:39:00AM | 7 | of the attachment? |
| 08:39:02AM | 8 | THE DEFENDANT: Oh, yes, ma'am. |
| 08:39:04AM | 9 | THE COURT: Counsel, is that your -- you were |
| 08:39:06AM | 10 | asked -- is that your signature on that as well? |
| 08:39:08AM | 11 | MR. MYERS: Those are my initials and signature on |
| 08:39:12AM | 12 | both documents, Your Honor, yes. |
| 08:39:13AM | 13 | THE COURT: All right. Moving it into evidence, into |
| 08:39:16AM | 14 | the record, it will be entered into the record. |
| 08:39:18AM | 15 | Now, sir, has anyone threatened you or intimidated |
| 08:39:22AM | 16 | you into entering into this 11(c)(1)(C) plea agreement? |
| 08:39:26AM | 17 | THE DEFENDANT: No, sir. |
| 08:39:27AM | 18 | THE COURT: Do you enter into it of your own freewill |
| 08:39:30AM | 19 | and voluntarily? |
| 08:39:31AM | 20 | THE DEFENDANT: Yes, sir. |
| 08:39:32AM | 21 | THE COURT: And am I correct, once again for the |
| 08:39:33AM | 22 | record, the second plea agreement is the exact same as the |
| 08:39:36AM | 23 | first, the rejected plea agreement, except for the agreed |
| 08:39:39AM | 24 | upon number of years? Is that correct? |
| 08:39:41AM | 25 | MS. KNIGHT: That's correct, Judge. |

```
08:39:42AM   1              MR. MYERS:  Yes, Your Honor.
08:39:42AM   2              THE COURT:  You understand that?
08:39:42AM   3              THE DEFENDANT:  That's what I understood, yes.
08:39:44AM   4              THE COURT:  Now, would you like me to go over any of
08:39:46AM   5    the questions I asked you during the re-arraignment when I
08:39:50AM   6    heard -- when I accepted the initial guilty plea?  Do you
08:39:53AM   7    want me to go over any of that?
08:39:54AM   8              MR. MYERS:  No, Your Honor.  We can stand by the
08:39:57AM   9    colloquy with the Court in the original plea.
08:40:01AM  10              THE COURT:  Is that correct?  Do you agree with that?
08:40:03AM  11              THE DEFENDANT:  Oh, yes, sir.
08:40:04AM  12              THE COURT:  All right.  Anything by the government?
08:40:06AM  13              MS. KNIGHT:  No, sir.
08:40:06AM  14              THE COURT:  You still understand the waiver of
08:40:11AM  15    appellate and collateral challenge rights set forth in your
08:40:12AM  16    plea agreement and previously explained to you by the Court?
08:40:14AM  17              THE DEFENDANT:  I do, sir.
08:40:15AM  18              THE COURT:  Do you have any question regarding any of
08:40:17AM  19    those waivers?
08:40:18AM  20              THE DEFENDANT:  No, sir.
08:40:18AM  21              THE COURT:  Are you entirely satisfied with the
08:40:20AM  22    advice and services of your counsel?
08:40:22AM  23              THE DEFENDANT:  Yes, sir.
08:40:22AM  24              THE COURT:  All right.  Is there anything prior to
08:40:47AM  25    sentencing that you would like to say on your behalf?
```

```
08:40:54AM   1              MR. MYERS:  You're welcome to if you would like.
08:40:58AM   2              THE DEFENDANT:  Is that when I ask him about this --
08:40:59AM   3              MR. MYERS:  No.
08:41:01AM   4              THE DEFENDANT:  Oh, no, sir.
08:41:02AM   5              THE COURT:  Anything, Counsel, that you want to say
08:41:03AM   6    on your client's behalf.
08:41:05AM   7              MR. MYERS:  Nothing further, Your Honor.
08:41:05AM   8              THE COURT:  Anything by the government?
08:41:06AM   9              MS. KNIGHT:  No, sir.
08:41:07AM  10              THE COURT:  Well, the fact that a police officer
08:41:08AM  11    would engage in this kind of brazen and outrageous conduct is
08:41:14AM  12    unimaginable.  I'm grateful that the victim and her mom
08:41:19AM  13    had the strength and fortitude to address this court the
08:41:19AM  14    other day and share the trauma they endured.  The Defendant
08:41:19AM  15    through his actions made certain the child was victimized a
08:41:23AM  16    second time following the unrelated sexual assault initially
08:41:27AM  17    suffered by the child.
08:41:28AM  18              I previously rejected an 84-month sentence of
08:41:31AM  19    imprisonment as unjustifiably lenient, although agreed upon
08:41:35AM  20    by the Government and the Defendant for the reasons stated by
08:41:36AM  21    the Court.  Now, accepting this plea, I place great weight on
08:41:40AM  22    the victim's and her mom's pleas to this Court that the Court
08:41:43AM  23    accept the plea.  And, of course, the plea agreement with
08:41:46AM  24    respect to the term of imprisonment has now doubled and I
08:41:49AM  25    will accept the plea.
```

```
08:41:50AM   1              I previously expressed the fact that in addition to
08:41:55AM   2   fashioning the sentence that takes into consideration what
08:41:57AM   3   happened to this child, the Court is also obligated to
08:42:00AM   4   protect other children from unacceptable criminal behavior
08:42:02AM   5   and the Court is of the opinion that this sentence does so.
08:42:07AM   6              I've considered the appropriate Section 3553 factors
08:42:16AM   7   and Title 18, such as the nature and circumstances of the
08:42:19AM   8   offense, and the history and characteristics of the
08:42:22AM   9   Defendant, the need for the sentence imposed to reflect the
08:42:24AM  10   seriousness of the offense, to promote respect for the law,
08:42:27AM  11   and to provide just punishment for the offense, the need to
08:42:31AM  12   afford adequate deterrence to criminal conduct, the need to
08:42:33AM  13   protect the public from further crimes of the Defendant, as
08:42:34AM  14   well as the kinds of sentences and sentencing ranges and the
08:42:37AM  15   applicable guidelines and the policy statements.
08:42:47AM  16              Excuse me.  Just one second.
08:43:01AM  17              According to Rule 11(c)(4) of the Federal Rules of
08:43:05AM  18   Criminal Procedure, I've accepted the plea agreement and I
08:43:06AM  19   inform the Defendant that since this is a Rule 11(c)(1)(C)
08:43:09AM  20   plea agreement, the agreed disposition will be included in
08:43:12AM  21   the judgment.
08:43:15AM  22              Pursuant to the Sentencing Reform Act of 1984 and
08:43:18AM  23   considering the provisions found in 18 USC Section 3553, it's
08:43:22AM  24   the judgment of this Court that the Defendant, Rodney
08:43:25AM  25   Vicknair, be committed to the custody of the Bureau of
```

```
08:43:28AM   1   Prisons to be imprisoned for a term of 168 months pursuant to
08:43:32AM   2   11(c)(1)(C) of the plea agreement.  I do strongly recommend
08:43:36AM   3   he be placed in a medical facility that can address his
08:43:39AM   4   medical needs.
08:43:40AM   5           It's the finding of this Court that he's not able to
08:43:43AM   6   pay a fine and no fine shall be imposed, but restitution is
08:43:46AM   7   mandatory.  It's further ordered that pursuant to 18 USC
08:43:49AM   8   Section 3663(d)(5), the victim's losses are not yet
08:43:53AM   9   ascertainable.  Therefore, the Court will set a date for the
08:43:56AM  10   final determination of the victim's losses, not to exceed in
08:43:57AM  11   this case 50 days after sentencing because he's going to be
08:44:01AM  12   reporting in 60 days.
08:44:02AM  13           So tell me a date, Bridget.
08:44:05AM  14           THE CASE MANAGER:  Wednesday, May 3rd at 2:00 p.m.
08:44:08AM  15           THE COURT:  And if you all come to an agreement
08:44:09AM  16   before then, please advise us.
08:44:12AM  17           Upon release from imprisonment, he shall be placed on
08:44:15AM  18   supervised release for a term of five years.  Within 72 hours
08:44:18AM  19   of release from the custody of the Bureau of Prisons, he
08:44:19AM  20   shall report in person to the probation office in the
08:44:23AM  21   district to which he is released.
08:44:24AM  22           While on supervised release, he shall not commit any
08:44:26AM  23   federal, state, or local crimes and he shall be prohibited
08:44:28AM  24   from possessing a firearm, ammunition, destructive device, or
08:44:32AM  25   any other dangerous weapon.  He shall not possess a
```

```
08:44:34AM   1   controlled substance, shall cooperate in the collection of
08:44:35AM   2   DNA, and shall comply with all of the standard conditions of
08:44:38AM   3   supervised release, including the following special
08:44:41AM   4   conditions.
08:44:42AM   5            Now, due to mandatory restitution, the financial
08:44:44AM   6   disclosure condition is imposed.  Due to mandatory
08:44:46AM   7   restitution, the financial restriction condition is imposed.
08:44:48AM   8   He shall pay any restitution that is imposed by this
08:44:51AM   9   judgment.
08:44:52AM  10            Due to the nature of this offense, he shall submit
08:44:55AM  11   his person, residence, office, or vehicle to a search
08:44:57AM  12   conducted by U.S. Probation at a reasonable time in a
08:44:59AM  13   reasonable manner based upon reasonable suspicion that
08:45:03AM  14   contraband or evidence of a violation of a condition of
08:45:06AM  15   supervision may exist.  Failure to submit to a search may be
08:45:09AM  16   grounds for revocation.  He shall warn any other residents
08:45:12AM  17   the premises may be subject to searches pursuant to this
08:45:15AM  18   condition.
08:45:15AM  19            He shall not possess or use for any purpose a
08:45:17AM  20   computer, a television, or other instruments of communication
08:45:20AM  21   equipped with online Internet or worldwide web access or
08:45:24AM  22   access computers or other forms of wireless communications by
08:45:28AM  23   way of third parties without the approval of U.S. Probation.
08:45:30AM  24   Appropriate monitoring software must be installed on any
08:45:34AM  25   device used by the Defendant.  I also impose a sex offender
```

```
08:45:37AM   1   treatment condition.  And the Defendant shall allow for a
08:45:38AM   2   search of his computer.
08:45:39AM   3          He shall have no unsupervised conduct with any minor
08:45:42AM   4   under the age of 18.  He shall not seek or maintain
08:45:46AM   5   employment, volunteer, or participate in any program and/or
08:45:49AM   6   activity allowing contact with children under the age of 18
08:45:52AM   7   and he shall not associate with others engaged in sexual
08:45:55AM   8   exploitation of children.
08:45:57AM   9          It's further ordered that he immediately pay the
08:46:00AM  10   United States a special assessment of $100.
08:46:13AM  11          Now, there is going to be -- I've spoken to U.S.
08:46:16AM  12   Probation.  There is going to be one addition to the bond
08:46:19AM  13   that's set, if there's no objection to him remaining on bond.
08:46:22AM  14   Because ordinarily, quite frankly, I would remand him.
08:46:26AM  15   However, the extent of his medical condition is such that I
08:46:31AM  16   don't believe he can be adequately cared for in one of the
08:46:35AM  17   local parish prisons.
08:46:35AM  18          THE DEFENDANT:  Thank you, Your Honor.
08:46:35AM  19          THE COURT:  So I'm going to allow him to
08:46:37AM  20   self-surrender, unless the government has an objection to
08:46:41AM  21   that which we can talk about.
08:46:42AM  22          MS. KNIGHT:  No objection, Judge.
08:46:43AM  23          THE COURT:  Initial condition of his bond is the
08:46:45AM  24   probation officer has the authority to approve leave for
08:46:46AM  25   necessities such as grocery shopping.  He must submit those
```

```
08:46:50AM   1  requests at least 72 hours in advance.
08:46:52AM   2           You have the right to appeal your conviction as well
08:46:55AM   3  as your sentence.  If you can't afford the cost of an appeal,
08:46:58AM   4  those costs will be paid by the United States, including a
08:47:01AM   5  filing fee, transcript, and an attorney to represent you on
08:47:04AM   6  appeal.
08:47:04AM   7           Do you understand your right to appeal?
08:47:06AM   8           THE DEFENDANT:  Yes, sir.
08:47:06AM   9           THE COURT:  Do you wish your counsel to file a notice
08:47:08AM  10  of appeal on your behalf?
08:47:10AM  11           THE DEFENDANT:  No, sir.
08:47:11AM  12           THE COURT:  All right.  What is the -- we have a
08:47:13AM  13  surrender date?
08:47:15AM  14           THE CASE MANAGER:  May 15th.
08:47:17AM  15           THE COURT:  All right.  So you are to report to the
08:47:19AM  16  institution that you need to report to according to U.S.
08:47:26AM  17  Probation -- they will obviously be in touch with you -- by
08:47:29AM  18  noon on that date.  If you don't report, you will have
08:47:34AM  19  committed another crime and contempt of court and a warrant
08:47:37AM  20  will be issued for your arrest.
08:47:39AM  21           Do you understand that?
08:47:40AM  22           THE DEFENDANT:  I do, sir.
08:47:41AM  23           THE COURT:  Okay.  Is there anything further that we
08:47:42AM  24  have to handle with respect to Mr. Vicknair?
08:47:44AM  25           THE DEFENDANT:  Yes.
```

```
08:47:45AM   1          THE COURT:  All right.  You're going to have to sign
08:47:47AM   2  the surrender paper.
08:48:16AM   3          Is there anything we need to talk about?
08:48:19AM   4          MR. MYERS:  He's having issues with the Middle
08:48:21AM   5  District who is supervising him and he lives in the Middle
08:48:24AM   6  District and he's asked about going to the grocery store and
08:48:27AM   7  he's concerned that somehow something is getting lost in the
08:48:30AM   8  switches.
08:48:31AM   9          THE COURT:  Nothing is getting lost.  I spoke to the
08:48:34AM  10  U.S. Probation about that.  They're in touch with the Middle
08:48:36AM  11  District.  I understand things like the grocery stores, the
08:48:38AM  12  banking, things like that, but you just need to make sure
08:48:40AM  13  your probation officer knows exactly where you are going and
08:48:43AM  14  obviously go back to your home.
08:48:45AM  15          MR. MYERS:  Your Honor, he's also specifically
08:48:46AM  16  suggested that he's got a trip that he has to make to a
08:48:49AM  17  justice of the peace to sign some paperwork to arrange for
08:48:51AM  18  some things to be taken care of while he's incarcerated.  I
08:48:55AM  19  think he's a little worried about that as well.
08:49:00AM  20          THE COURT:  Again, just speak with the U.S. Probation
08:49:01AM  21  officer and they will be reasonable about it.  And, again,
08:49:04AM  22  I've communicated with them and so they understand exactly
08:49:06AM  23  what my restrictions are.
08:49:08AM  24          MR. MYERS:  Thank you, Your Honor.
08:49:08AM  25          THE COURT:  Okay?
```

```
08:49:08AM   1              THE DEFENDANT:  Yes.  And just to clarify, if I may,
08:49:13AM   2   she allowed me to go Friday to get a little bit of food and
08:49:18AM   3   then when I called yesterday telling her because of the
08:49:22AM   4   person I live with I can't stock the refrigerator for a week
08:49:31AM   5   because there's no room -- so I called yesterday to see if I
08:49:33AM   6   could go get some food to take my medicine.  She told me no
08:49:35AM   7   because she said every day that I request something has to
08:49:37AM   8   come back through him to this court.  So it's a big
08:49:42AM   9   confusion.
08:49:44AM  10              And like I said, I just got to get a power of
08:49:47AM  11   attorney signed, a living will done at the justice of the
08:49:51AM  12   peace, and I just want to be able to go to the grocery store
08:49:54AM  13   and bank to take care of financial matters.
08:49:58AM  14              THE COURT:  Okay.  I'm not going to supervise you, so
08:49:59AM  15   I'm not going to get into the minutia of the details.
08:49:59AM  16              THE DEFENDANT:  Okay.
08:50:01AM  17              THE COURT:  What I just said though, I did say
08:50:02AM  18   probation has the authority to approve leave for necessities
08:50:05AM  19   such as grocery shopping.  Generally, you must submit those
08:50:08AM  20   requests at least 72 hours in advance if you can't speak to
08:50:09AM  21   U.S. Probation.
08:50:10AM  22              Where is the probation officer here?
08:50:12AM  23              Okay.  You understand exactly what I want in this
08:50:15AM  24   case, is that right?
08:50:17AM  25              THE PROBATION OFFICER:  Yes, sir.
```

```
08:50:17AM   1            THE COURT:  Okay.  Obviously, y'all need to be
08:50:20AM   2   reasonable.  I know you will.  But I need to make sure he is
08:50:24AM   3   checking with you when he wants to leave and when he -- and
08:50:26AM   4   obviously when he comes back.
08:50:28AM   5            THE DEFENDANT:  Does the house arrest still stand?
08:50:30AM   6            THE COURT:  Okay.  So if there's a problem, let me
08:50:33AM   7   know.  But I shouldn't need to get involved, but if there's a
08:50:33AM   8   problem, let me know.
08:50:33AM   9            THE DEFENDANT:  Okay.  And the last thing, Your
08:50:36AM  10   Honor, sorry to take up your time.
08:50:37AM  11            THE COURT:  No problem.
08:50:38AM  12            THE DEFENDANT:  My church on Sundays, would that be
08:50:41AM  13   approved?
08:50:47AM  14            THE COURT:  I don't think that -- was that on the
08:50:49AM  15   original -- was that on the original bond modification?
08:50:52AM  16            THE DEFENDANT:  The original one had me with a
08:50:55AM  17   9:00 p.m. to 7:00 a.m. curfew, so I was able to go to church.
08:51:01AM  18            THE COURT:  I understand, but things have changed.
08:51:01AM  19            THE DEFENDANT:  Yes, sir.  Yes, sir.
08:51:04AM  20            THE COURT:  I don't have the original bond language.
08:51:06AM  21   Do you have it?
08:51:30AM  22            Well, the original -- I do have the language now.  I
08:51:33AM  23   found it.  It indicates that you're on lockdown basically to
08:51:40AM  24   your residence except for other than what I just stated,
08:51:43AM  25   medical necessities, court appearances, or other activities
```

```
08:51:47AM   1   specifically approved by the Court.
08:51:47AM   2              THE DEFENDANT:  Okay.
08:51:48AM   3              THE COURT:  So I'm not -- I'll speak to U.S.
08:51:50AM   4   Probation about that and they will let you know about that.
08:51:52AM   5              THE DEFENDANT:  Thank you.
08:51:53AM   6              THE COURT:  Anything further?
08:51:54AM   7              THE DEFENDANT:  No, sir.
08:51:54AM   8              THE COURT:  All right.  Counsel, thank you.
08:51:56AM   9              MR. MYERS:  Thank you very much, Your Honor.
08:51:57AM  10              THE CASE MANAGER:  All rise.
            11                            * * * *
            12         (WHEREUPON, the proceedings were adjourned.)
            13                            * * * *
            14                      REPORTER'S CERTIFICATE
            15         I, Nichelle N. Wheeler, RMR, CRR, Official Court
                 Reporter, United States District Court, Eastern District of
            16   Louisiana, do hereby certify that the foregoing is a true and
                 correct transcript, to the best of my ability and
            17   understanding, from the record of the proceedings in the
                 above-entitled and numbered matter.
            18
            19                           /s/ Nichelle N. Wheeler
                                         Official Court Reporter
            20
            21
            22
            23
            24
            25
```