UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>　　　　　Plaintiff,<br>　v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>　　　　　Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**Plaintiff's Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment Against Defendant Rodney Vicknair**

*1.* Defendant Rodney Vicknair admitted to federal agents that he "was a police officer with the New Orleans Police Department (NOPD)." *Exhibit A to Motion for Partial Summary Judgment, p. 1*.

*2.* Defendant Vicknair admitted to federal agents that "[i]n May 2020…while working in his capacity as an NOPD officer, [he] escorted a l4-year-old girl [G.H.], who was a victim of sexual assault, to the hospital to undergo a forensic exam, *i.e.* a rape kit." *Id.*

*3.* Defendant Vicknair admitted to federal agents that "[he] gave [G.H.] his cell phone number and offered to be her friend and mentor." *Id.*

*4.* Defendant Vicknair admitted to federal agents that, "[a]t the time, [he] was 53-years old." *Id.*

*5.* Defendant Vicknair admitted to federal agents that, "[d]uring the four months thereafter, all while acting in his capacity as a police officer to facilitate his conduct to gain [G.H.'s] trust, [he] and [G.H.] spoke on the phone and exchanged messages on Snapchat." *Id.*

1

6. Defendant Vicknair admitted to federal agents that "while in uniform, [he] often stopped by unannounced at [G.H.'s] residence." *Id.*

7. Defendant Vicknair admitted to federal agents that "[o]ver time, [he] made comments to [G.H.] that were sexual in nature." *Id.*

8. Defendant Vicknair admitted to federal agents that "[he]requested and received sexually explicit photographs of [G.H.] and kept them on his cellphone." *Id.*

9. Defendant Vicknair admitted to federal agents that "[he] "touched [G.H.'s] breast under her shirt, and on another occasion he touched [G.H.'s] buttocks over her clothes." *Id.*

10. Defendant Vicknair admitted to federal agents that, "[o]n the night of September 23, 2020, [he] arrived at [G.H.'s] house, which was located in the Eastern District of Louisiana." *Id.*"

11. Defendant Vicknair admitted to federal agents that "[b]y that time, [G.H.] had turned l5-years-old." *Id.*

12. Defendant Vicknair admitted to federal agents that, "[o]n the night of September 23, 2020, [he] told [G.H.] to come outside and get into his vehicle." *Id.* at pp. 1-2.

13. Defendant Vicknair admitted to federal agents that "[G.H.] got into the passenger's seat [of his vehicle] while [he] remained in the driver's seat." *Id.* at p. 2

14. Defendant Vicknair admitted to federal agents that he "locked the doors [of his vehicle while G.H. was in the passenger seat] so that [G.H.] could not leave." *Id.*

15. Defendant Vicknair admitted to federal agents that, while inside the locked vehicle, "[he] leaned over toward [G.H.] causing her to fear for her physical safety, and confining her against her will, all of which constituted kidnapping." *Id.*

16. Defendant Vicknair admitted to federal agents that "[he] then engaged in a sexual act with [G.H.] without her consent, when he intentionally touched her genitals under her clothing." *Id.*

17. Defendant Vicknair admitted to federal agents that "[he] was acting under color of law and his conduct did not have a legitimate law enforcement purpose." *Id.*

18. Defendant Vicknair admitted to federal agents that "[he] knew his actions were wrong and against the law, but he engaged in such conduct anyway." *Id.*

19. Defendant Vicknair read and signed the Factual Basis, admitting the above paragraphs 1-18, and approved of the submission of those facts to the court. *Id.*; USA v. Rodney Vicknair, 22-212, R. Doc. 23 (E.D. La., 11/16/2022) (Minute Entry).

20. Defendant Vicknair admitted it is true that he "deprived [G.H.] of a right secured by the Constitution or laws of the United States, namely, her fundamental right to bodily integrity; … that [he] acted willfully; … [he] acted under color of law; and… [his] conduct included kidnapping." *Exhibit D to Motion for Partial Summary Judgment, p. 1.*

*21.* Defendant testified under oath that he signed, initialed, and approved the revised plea agreement dated March 14, 2023. *Exhibit C to Motion for Partial Summary Judgment, p. 6:18-7:14.*

Respectfully Submitted:

| MOST & ASSOCIATES | THE HITE LAW GROUP |
|---|---|
| */s/ Hope A. Phelps*<br>**HOPE PHELPS (La. Bar No. 37259)**<br>**WILLIAM MOST (La. Bar No. 36914)**<br>201 St. Charles Ave., Ste. 114, # 101<br>New Orleans, LA 70170<br>Tel: 504.256.4615<br>Email: hopeaphelps@outlook.com<br>***Counsel for Plaintiff, Rayne Upton,***<br>***individually and on behalf of***<br>***her minor daughter, G.H.*** | **NICHOLAS HITE (La. Bar No. 34305)**<br>701 Loyola Ave., #403<br>New Orleans, LA 70113<br>Tel: 504.252.0678<br>Email: nicholas@hitelawgroup.com |