UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H. | ) ) ) ) |
| Plaintiff, | ) ) Docket No. 2:21-cv-407 |
| v. | ) ) JUDGE: CARL BARBIER |
| RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10, | ) ) ) MAGISTRATE: KAREN ) WELLS ROBY ) |
| Defendants. | ) ) ) |

**CONSENT MOTION FOR ENTRY OF STIPULATED**
**PRIVACY ACT PROTECTIVE ORDER**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Rayne Upton, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of the attached Stipulated Privacy Act Protective Order ("Protective Order"), and in support thereof, represents and states as follows:

1. On February 24, 2021, Plaintiff Rayne Upton sued former NOPD Officer Rodney Vicknair, the City of New Orleans, and Superintendent of NOPD Shaun Ferguson for Officer Vicknair's use of his authority as a New Orleans Police Department officer to repeatedly sexually assault and rape Plaintiff's minor daughter. R. Doc. 1.

2. On September 25, 2020, the Public Integrity Bureau received a public complaint regarding Officer Vicknair's sexual misconduct with G.H. The NOPD Public Integrity Bureau conducted a preliminary investigation and charged Senior Officer Rodney Vicknair with sexual battery, indecent behavior with a juvenile and malfeasance in office. Officer Vicknair was arrested while in possession of G.H.'s underwear. R. Doc. 1.

1

3. On September 22, 2022, U.S. DOJ Civil Rights Division Special Litigation Counsel, Fara Gold, and Assistant United States Attorney, Tracey Knight, filed a Bill of Information for Deprivation of Rights Under Color of Law against Vicknair in the United States District Court for the Eastern District of Louisiana, Criminal No. 22-212. The U.S. Attorney charged that Vicknair, "while acting under color of law as an officer with the New Orleans Police Department, willfully deprived V1 of her right to bodily integrity, a right secured and protected by the Constitution and laws of the United States, when he touched V1's genitalia without her consent and without legitimate law enforcement purpose. The defendant's conduct included kidnapping; all in violation of Title 18, United States Code, Section 242."

4. On November 16, 2022, federal prosecutors filed a Factual Basis, which included references to Vicknair's communications with G.H. via cell phone and Vicknair's possession of sexually explicit photographs of G.H. that he stored on his cell phone.

5. On March 14, 2023, Vicknair pled guilty to the above charge of deprivation of rights under color of law as alleged in the Bill of Information and Factual Basis, and was sentenced to serve 168 months in prison.

6. Accordingly, on March 29, 2023 Plaintiff Rayne Upton issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Act (the "Subpoena") to the FBI, New Orleans Field Office, seeking documents, communications, information, and physical evidence prepared, obtained, or maintained by the FBI in the course of its investigation of former NOPD Officer Rodney Vicknair. A copy of the Subpoena, along with a letter explaining the relevancy of the material requested therein (the "Requested FBI Records") to the claims and defenses at issue in this litigation, was simultaneously provided to Chief Division Counsel for the FBI New Orleans Field Office, and subsequently forwarded to the Office of the

United States Attorney for the Eastern District of Louisiana (the "USAO"), pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and 28 C.F.R. § 16.21, et seq. (the "Touhy Request").

7. Plaintiff Rayne Upton and G.H. have also executed Privacy Act Waivers and requested a redacted version of the Records, which are not subject to a Privacy Act Protective Order. Upon receipt and review of the redacted version, Plaintiff's counsel my designate certain information as confidential pursuant to the December 27, 2021 Consent Protective Order.

8. Upon information and belief, the unredacted version of the Requested FBI Records may contain confidential and/or privileged information that must be protected from unwarranted disclosure. The Requested FBI Records are also believed to be maintained in a system of records exempt from the mandatory disclosure provisions of the Privacy Act, 5 U.S.C. § 552a, and information contained within the Requested FBI records may likewise be exempt from the mandatory disclosure provisions of the Freedom of Information Act.

9. Therefore, in order to permit the production of the unredacted version of the Requested FBI Records for use in this action, counsel for Defendants and undersigned counsel for Plaintiff Rayne Upton consent to entry of the attached Protective Order, which has been reviewed and approved by the USAO.

10. The entry of the attached Protective Order would serve the interests of judicial efficiency and economy, allowing all parties in this action to proceed efficiently in discovery and beyond while also protecting confidentiality interests.

Wherefore, Plaintiff Rayne Upton prays that this Court enter the attached Stipulated Privacy Act Protective Order and grant such other relief as it deems just and proper under the premises.

Respectfully Submitted:

| **MOST & ASSOCIATES** | **THE HITE LAW GROUP** |
|---|---|
| */s/ Hope A. Phelps*<br>**HOPE PHELPS (La. Bar No. 37259)**<br>**WILLIAM MOST (La. Bar No. 36914)**<br>201 St. Charles Ave., Ste. 114, # 101<br>New Orleans, LA 70170<br>Tel: 504.256.4615<br>Email: hopeaphelps@outlook.com | **NICHOLAS HITE (La. Bar No. 34305)**<br>701 Loyola Ave., #403<br>New Orleans, LA 70113<br>Tel: 504.252.0678<br>Email: nicholas@hitelawgroup.com |

*Counsel for Plaintiff, Rayne Upton,*
*individually and on behalf of*
*her minor daughter, G.H.*