UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>　　　　　　Plaintiff,<br>　v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>　　　　　　Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

## **STIPULATED PRIVACY ACT PROTECTIVE ORDER**

On March 29, 2023, Plaintiff Rayne Upton issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") to the Federal Bureau of Investigation ("FBI"), New Orleans Field Office – Chief Division Counsel, Attn: Hillary Rossman, seeking documents, communications, information, and physical evidence prepared, obtained, or maintained by the FBI in the course of its investigation of former NOPD Officer Rodney Vicknair.

A copy of the Subpoena, along with a letter explaining the relevance of the materials requested therein (the "Requested FBI Records") to the claims and defenses at issue in this litigation, was simultaneously provided to the Chief Division Counsel for the FBI New Orleans Field Office, and subsequently forwarded to the Office of the United States Attorney for the Eastern District of Louisiana ("USAO"), pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and 28 C.F.R. § 16.21, *et seq.* (the "Touhy Request"). A redacted version of the Requested FBI Records will be provided to counsel.

Upon information and belief, the unredacted version of the Requested FBI Records may contain confidential and/or privileged information that must be protected from unwarranted disclosure. The Requested FBI Records are also believed to be maintained in a system of records exempt from the mandatory disclosure provisions of the Privacy Act, 5 U.S.C. § 552a, and information contained within the Requested FBI Records may likewise be exempt from the mandatory disclosure provisions of the Freedom of Information Act. Therefore, pursuant to Fed. R. Civ. P. 26(c), and in order to permit the production of the unredacted version of the Requested FBI Records for use in this action, if authorized as specified below, it is hereby ORDERED as follows:

1. "Protected Material" for purposes of this Order is defined as any record, document, communication, electronic media, material, and/or information initially prepared or obtained by the FBI and currently maintained within the official custody and control of the FBI. This does not include the redacted version of the Requested FBI Records described in the Subpoena.

2. Protected Material, and any and all information contained therein, shall be used only for purposes of litigating the instant lawsuit (including for use in depositions, trial, or other court proceedings), and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose, without modification of this Order, except as set forth in Paragraphs 5 through 8 below. Counsel for the parties shall not use or disclose, and shall take all reasonable steps to prevent the use or disclosure of, such material or information to any other person, or for any other reason.

3. Protected Material subject to this Order shall not be further reproduced except in connection with its use in this litigation. Any reproductions of Protected Material subject to this Order shall also be subject to the terms of this Order.

4. The FBI and its counsel are authorized to disclose records and other information covered by the Privacy Act, 5 U.S.C. § 552a, in response to the subpoena and follow-up request in the case without obtaining the prior written consent of the individuals about whom such records or information pertain.

5. Protected Material, and the information contained therein, will be held in strict confidence. Right of access to and use of such Protected Material (in accordance with this Order) shall be limited to:

a) The parties in the above-referenced litigation (including, as the case may be, any person(s) subsequently added as a party), the parties' attorneys, and persons regularly employed by those attorneys;

b) The Court (including, as the case may be, appellate courts) and the Court's personnel, including court reporters;

c) Witnesses and other third parties whose testimonies are taken in this action by deposition or otherwise, but only to the extent necessary to elicit testimony concerning protected material; and

d) Consultants and expert witnesses retained by any party with a need to know, only if necessary, in connection with an expert opinion or testimony.

6. Qualified Recipients shall use Protected Material only for the purposes of this litigation, and shall not disclose Protected Information except as provided in paragraph 5. Before receiving any Protective Information, Qualified Recipients, except those identified in paragraph 5(b) above, shall be informed that it is confidential and subject to a nondisclosure order by this Court, and shall execute a copy of the Agreement to Be Bound to Protective Order in the form attached here to (the "Agreement Form"), acknowledging they are bound by the restrictions in this Order. Counsel for the parties shall maintain executed Agreement Forms for themselves and each other Qualified Recipient with whom they share Protected Material. Counsel shall share such executed Agreement Forms with counsel for the FBI or any party upon request. Counsel for the

parties shall take reasonable steps to ensure that all Qualified Recipients with whom they share Protected Material Comply with this Order.

7. Should any party wish to disclose Protected Material to any person other than those indicated in Paragraph 5, or for any purpose other than in connection with the above-referenced litigation, the party shall, consistent with the FBI's Touhy Regulations, 28 C.F.R. §§ 16.21-16.29, submit a proper request in writing to the FBI.

8. In the event that any Protected Material is submitted, used, or referred to in any documents, pleadings, motions, evidence, arguments, testimony, depositions, hearings, and/or trials presented to or before the Court, the parties shall take appropriate steps to maintain the confidentiality of the Protected Material to the greatest extent possible (including, as the case may be, by marking the information or documents as "Confidential – Subject to Protective Order" and filing the Protected Material "under seal" in accordance with the requirements and procedures set forth in this Court's Local Civil Rules).

9. The designation or non-designation of any material as Protected Material shall not constitute a waiver of the FBI's or any party's assertion that the material is either covered or not covered by this Order.

10. The Government must make a request in writing to have Protected Information destroyed/returned within (30) days of the case's termination. Upon order of the court granting such request, all Qualified Recipients, except those identified in paragraph 5(b) above, to whom Protected Material is disclosed pursuant to this Order shall destroy and/or return any and all Protected Material and copies thereof to the Chief Division Counsel for the FBI New Orleans Field Office, 2901 Leon C. Simon Blvd. New Orleans, LA 70126, within 30 days after the termination of this action, including any appeals, or when they are no longer a party to or assigned or retained

to work on this action, whichever occurs first, except that litigation counsel may maintain a copy for up to two years following the termination of the action, including any appeals, or termination of litigation counsel's representation, whichever occurs first. If the Protected Material is destroyed, the party that has destroyed the Protected Material shall certify in writing to the Chief Division Counsel for the FBI New Orleans Field Office that the Protected Information in its possession has been destroyed. Likewise, any document created by the parties or any Qualified Recipient that contains or reflects Protected Material shall be destroyed within 30 days after the termination of this action, including any appeals, except that litigation counsel may maintain a copy for up to two years following the termination of the action, including any appeals, or termination of litigation counsel's representation, whichever occurs first. Each party shall certify to the destruction of all such documents within its possession within the relevant time frame (either 30 days or two years) of the termination of this action, including any appeals, and shall send such certification in writing to the Chief Division Counsel for the FBI New Orleans Field Office.

11. Nothing in this Order affects the rights of counsel to discuss relevant information contained in the Protected Material with their clients.

12. This Order is without prejudice to the right of the FBI or any party to make any objection to discovery permitted by the procedural rules governing the case, or by any statute or other authority.

13. This Order does not constitute an admission by the FBI or any party regarding, or a ruling on the question of, whether any particular material is properly discoverable or admissible, and it does not constitute any ruling on any particular objection to the production or admissibility of any material.

14. This Order does not require the production of privileged or otherwise protected information, and does not restrict the right of the FBI or any party to assert appropriate privileges or protections to withhold information.

15. Should any party wish to modify the terms of this protective order, counsel for that party should confer with counsel for the FBI and with counsel for all other parties to this action before submitting any motion to the court.

**THUS DONE AND SIGNED** this \_\_\_\_ day of _____, 2023, in New Orleans, Louisiana.

_____
**United States District Judge, Eastern District of Louisiana**

Approved:

_____          Date: _____
By: _____
Assistant U.S. Attorney, United States Attorney's Office for the Eastern District of Louisiana

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H. ) ) ) ) Plaintiff, ) ) v. ) ) RODNEY VICKNAIR, SHAUN FERGUSON, ) THE CITY OF NEW ORLEANS; DOE ) DISTRICT COMMANDER; DOES 1 to 10; ) and XYZ INSURANCE COMPANIES 1 to 10, ) ) Defendants. ) ) | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**AGREEMENT TO BE BOUND TO PROTECTIVE ORDER**
**(FOR QUALIFIED RECIPIENTS OTHER THAN LITIGATION COUNSEL)**

I, _____, hereby acknowledge that I have read and understand the provisions of the Protective Order entered in this action on _____, 2023. Under the terms of the Order, I hereby agree to be bound by all of the terms of the Order, including the following specific provisions:

    1.    I agree that I will use documents and information subject to the Order only for the purposes of this litigation, and not for any other purpose;

    2.    I agree that I will disclose documents and information subject to the Order only as specifically provided for in the Order;

    3.    I agree that I will not disclose any information subject to this Order to any person other than: a person listed in paragraph 5 of the Order who, if required by the Order, has previously signed an Agreement to Be Bound to Protective Order.

7

4. I agree that I will maintain documents and information subject to the Order carefully so as to preclude access by persons who are not entitled to receive such documents and information;

5. I agree that any documents or information subject to this Order in my possession, custody, or control will be destroyed or returned to the FBI within 30 days of the termination of this action (including any appeals thereof) or when I am no longer a party to or assigned or retained to work on this action, whichever occurs first, as set forth in paragraph 10 of the Order; I further agree that if I destroy such documents or information, I will within 30 days of the termination of this action (including any appeals thereof), or when I am no longer a party to or assigned or retained to work on this action, certify in writing to the Chief Division Counsel for the FBI New Orleans Field Office that the Protected Information in my possession has been destroyed, consistent with paragraph 10 of the Order;

6. I hereby confirm that my duties under this Agreement shall survive the termination of this action and are binding upon me even after final resolution of this action.

Date: _____     _____

(Signature)

_____

(Print Name)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>　　　　　Plaintiff,<br>　v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>　　　　　Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

## AGREEMENT TO BE BOUND TO PROTECTIVE ORDER
## (FOR LITIGATION COUNSEL)

I, _____, hereby acknowledge that I have read and understand the provisions of the Protective Order entered in this action on _____, 2023. Under the terms of the Order, I hereby agree to be bound by all of the terms of the Order, including the following specific provisions:

　　　　1.　　I agree that I will use documents and information subject to the Order only for the purposes of this litigation, and not for any other purpose;

　　　　2.　　I agree that I will disclose documents and information subject to the Order only as specifically provided for in the Order;

　　　　3.　　I agree that I will not disclose any information subject to this Order to any person other than: a person listed in paragraph 5 of the Order who, if required by the Order, has previously signed an Agreement to Be Bound to Protective Order.

4. I agree that I will maintain documents and information subject to the Order carefully so as to preclude access by persons who are not entitled to receive such documents and information;

5. I agree that any documents or information subject to this Order in my possession, custody, or control will be destroyed or returned to the FBI within 2 years of the termination of this action (including any appeals thereof) or termination of my representation, whichever occurs first, as set forth in paragraph 10 of the Order; I further agree that if I destroy such documents or information, I will within 2 years of the termination of this action (including any appeals thereof), or termination of my representation, whichever occurs first, certify in writing to the Chief Division Counsel for the FBI New Orleans Field Office that the Protected Information in my possession has been destroyed, consistent with paragraph 10 of the Order;

6. I hereby confirm that my duties under this Agreement shall survive the termination of this action and are binding upon me even after final resolution of this action.

Date: _____          _____

                                                            (Signature)

                                           _____

                                                            (Print Name)