UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYNE UPTON, individually and** * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** * | |
| * | **SECTION: "J"** |
| **VERSUS** * | **JUDGE BARBIER** |
| * | |
| **RODNEY VICKNAIR, et al** * | **MAG. DIV. (4)** |
| * | **MAGISTRATE JUDGE ROBY** |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAUN FERGUSON'S AND THE CITY OF NEW ORLEANS' STATEMENT OF MATERIAL FACTS THAT PRESENT A GENUINE ISSUE

Shaun Ferguson and the City of New Orleans (the "City Defendants"), pursuant to Local Rule 56.2, submit the following Statement of Material Facts that Present a Genuine Issue. This statement is submitted solely for the purposes of Plaintiff's Motion for Partial Summary Judgment Against Rodney Vicknair [Doc. 87]. Any statement herein is not to be considered an admission as to any fact or admissibility at trial.

| # | Plaintiffs' Material Facts [Doc. 87-7 | City Defendants' Response |
|---|---|---|
| 1. | Defendant Rodney Vicknair admitted to federal agents that he "was a police officer with the New Orleans Police Department (NOPD)." Exhibit A to Motion for Partial Summary Judgment, p. 1 ("the Factual Basis"). | Undisputed. |
| 2. | Defendant Vicknair admitted to federal agents that "[i]n May 2020…while working in his capacity as an NOPD officer, [he] escorted a 14-year-old girl [G.H.], who was a victim of sexual assault, to the hospital to undergo a forensic exam, i.e. a rape kit." *Id* | Undisputed. |
| 3. | Defendant Vicknair admitted to federal agents that "[he] gave [G.H.] his cell phone number and offered to be her friend and mentor." *Id*. | Disputed. Mr. Vicknair gave his cell phone number to G.H.'s mother. See Exhibit 1 (video recording of Forensic Interview of G.H. on September 25, 2020, at Children's Hospital Child Advocacy Center ("G.H. Forensic Interview"), time stamp 27:35 – 27:55, (G.H. |

1

| | | |
|---|---|---|
| | | stated that Vicknair gave his contact information to G.H.'s mother, who gave Vicknair's telephone number to G.H.). |
| 4. | Defendant Vicknair admitted to federal agents that, "[a]t the time, [he] was 53- years old." *Id*. | Undisputed. |
| 5. | Defendant Vicknair admitted to federal agents that, "[d]uring the four months thereafter, all while acting in his capacity as a police officer to facilitate his conduct to gain [G.H.'s] trust, [he] and [G.H.] spoke on the phone and exchanged messages on Snapchat." *Id*. | Disputed. The City disputes that Vicknair was always acting in his capacity as a police officer. Vicknair was not acting in furtherance of the NOPD's goals when he communicated with G.H. |
| 6. | Defendant Vicknair admitted to federal agents that "while in uniform, [he] often stopped by unannounced at [G.H.'s] residence." *Id*. | Disputed. The discovery in this case indicates that Mr. Vicknair was summoned by G.H. and/or G.H.'s mother to their residence on multiple occasions. |
| 7. | Defendant Vicknair admitted to federal agents that "[o]ver time, [he] made comments to [G.H.] that were sexual in nature." *Id*. | Undisputed. |
| 8. | Defendant Vicknair admitted to federal agents that "[he]requested and received sexually explicit photographs of [G.H.] and kept them on his cellphone." *Id*. | Disputed. Disputed. At his deposition, Mr. Vicknair agreed with this statement. But indicated that he did not know whether he requested or received the photographs from G.H. Ex. 2, p. 109:7-22. |
| 9. | Defendant Vicknair admitted to federal agents that "[he] "touched [G.H.'s] breast under her shirt, and on another occasion he touched [G.H.'s] buttocks over her clothes." *Id*. | Disputed. The Factual Basis states that "On one occasion he touched V1's breast under her shirt, and on another occasion he touched V1's buttocks over her clothes." However, the Factual Basis also states that in an interview to NOPD on September 26, 2020, "VICKNAIR admitted that V1 was in his vehicle, but denied touching V1 in any manner. . . . Throughout the interview, VICKNAIR denied ever sexually touching V1." See City Defendant's Exhibit 1 (G.H. Forensic Interview), time |

2

| | | |
|---|---|---|
| | | stamp 10:00 – 12:40 (in which G.H. describes Vicknair's sexual assault). At his deposition, Mr. Vicknair disagreed with this statement. Ex 2, p. 110:7-20. |
| 10. | Defendant Vicknair admitted to federal agents that, "[o]n the night of September 23, 2020, [he] arrived at [G.H.'s] house, which was located in the Eastern District of Louisiana." *Id*. | Undisputed. |
| 11. | Defendant Vicknair admitted to federal agents that "[b]y that time, [G.H.] had turned l5-years-old." *Id*. | Undisputed. |
| 12 | Defendant Vicknair admitted to federal agents that, "[o]n the night of September 23, 2020, [he] told [G.H.] to come outside and get into his vehicle." *Id*. at pp. 1-2. | Disputed. At his deposition, Mr. Vicknair denied that G.H. got into his vehicle. Ex 2, p. 58:7-12. |
| 13. | Defendant Vicknair admitted to federal agents that "[G.H.] got into the passenger's seat [of his vehicle] while [he] remained in the driver's seat." *Id*. at p. 2 | Disputed. At his deposition, Mr. Vicknair denied that G.H. got into his vehicle. Ex 2, p. 58:7-12. |
| 14. | Defendant Vicknair admitted to federal agents that he "locked the doors [of his vehicle while G.H. was in the passenger seat] so that [G.H.] could not leave." *Id*. | Disputed. At his deposition, Mr. Vicknair denied that G.H. got into his vehicle. Ex 2, p. 58:7-12. |
| 15. | Defendant Vicknair admitted to federal agents that, while inside the locked vehicle, "[he] leaned over toward [G.H.] causing her to fear for her physical safety, and confining her against her will, all of which constituted kidnapping." *Id*. | Disputed. The Factual Basis states that "VICKNAIR leaned over toward V1, causing her to fear for her physical safety, and confining her against her will, all of which constituted kidnapping." However, in G.H.'s interview with the Forensic Interviewer at the Children's Hospital Child Advocacy Center, G.H. did not state that the truck was locked or that she feared for her physical safety. Exhibit 1 (G.H. Forensic Interview), time stamp 10:00 – 12:40. Further, his deposition, Mr. Vicknair denied that G.H. got into his vehicle. Ex 2, p. 58:7-12. |
| 16. | Defendant Vicknair admitted to federal agents that "[he] then engaged in a sexual act with [G.H.] without | Disputed. The Factual Basis notes that throughout the Vicknair's interview with |

3

| | | |
|---|---|---|
| | her consent, when he intentionally touched her genitals under her clothing." *Id*. | detectives from the NOPD on September 26, 2020, "VICKNAIR denied ever sexually touching V1." But see Exhibit 1 (G.H. Forensic Interview), time stamp 11:05 – 12:40. In addition, at his deposition, Mr. Vicknair denied committing any sexual act with G.H. |
| 17. | Defendant Vicknair admitted to federal agents that "[he] was acting under color of law and his conduct did not have a legitimate law enforcement purpose." *Id*. | Disputed. The Factual Basis contains the statement, "VICKNAIR was acting under color of law and his conduct did not have a legitimate law enforcement purpose." However, the Factual Basis also reports Vicknair's denial of "touching [G.H.] in any manner." As such, the Factual Basis, by itself does not establish that Vicknair engaged in sexual acts with G.H. while acting under color of law. In addition, the facts alleged by Plaintiff in her First Amended Complaint are far different from those alleged in the Factual Basis. For this reason, this statement of fact, at least as far as it applies to Plaintiff's civil lawsuit, is disputed. |
| 18. | Defendant Vicknair admitted to federal agents that "[he] knew his actions were wrong and against the law, but he engaged in such conduct anyway." *Id*. | Disputed. Further, it is not clear which acts Vicknair was referring to. |
| 19. | Defendant Vicknair read and signed the Factual Basis, admitting the above paragraphs 1-18, and approved of the submission of those facts to the court. *Id*.; *USA v. Rodney Vicknair*, 22-212, R. Doc. 23 (E.D. La., 11/16/2022) (Minute Entry). | Disputed for the reasons provided above. |
| 20 | Defendant Vicknair admitted it is true that he "deprived [G.H.] of a right secured by the Constitution or laws of the United States, namely, her fundamental right to bodily integrity; … that [he] acted willfully; … [he] acted under color of law; and… [his] conduct | Disputed. Plaintiff relies for this fact upon the Plea Agreement entered into between Vicknair and the United States government. In the Plea Agreement, Vicknair's |

| | | |
|---|---|---|
| | included kidnapping." Exhibit D to Motion for Partial Summary Judgment, p. 1. | attorney acknowledged that Vicknair "fully understands the terms of this agreement." However, the Government's agreement was premised on Vicknair's promise that he "has truthfully informed law enforcement officials of the full and complete details of these crimes prior to his guilty plea in this case." As noted in the Factual Basis, the Government understood that "VICKNAIR admitted that V1 was in his vehicle, but denied touching V1 in any manner" and that "VICKNAIR denied ever sexually touching V1." |
| 21. | Defendant testified under oath that he signed, initialed, and approved the revised plea agreement dated March 14, 2023. Exhibit C to Motion for Partial Summary Judgment, p. 6:18-7:14. | Undisputed. |

Respectfully submitted,

/s/ *James M. Roquemore*
JAMES M. ROQUEMORE (LSB #40035)
Deputy City Attorney
RENEE E. GOUDEAU (LSB #33157)
Deputy City Attorney
DONESIA D. TURNER (LSB #23338)
City Attorney
1300 Perdido Street
City Hall – Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Fax: (504) 658-9868
james.roquemore@nola.gov
regoudeau@nola.gov
donesia.turner@nola.gov

*Attorneys for Defendants, City of New Orleans and*

*Shaun Ferguson, Superintendent of the New Orleans Police Department*