UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **NO. 21-407** |
| **versus** | * | |
| | * | **SECTION "J"** |
| **RODNEY VICKNAIR, *ET AL.*** | * | **JUDGE BARBIER** |
| | * | |
| | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN RESPONSE TO MOTION FOR
PARTIAL SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT**:

     This case involves, in a nutshell, a claim against former NOPD Officer Rodney Vicknair that he molested an underage girl. He was arrested and charged in this Court in Criminal Action Case No. 22-21, Section "I" and eventually pled guilty to certain specific offenses. However, the only offenses which Vicknair pled guilty to were those established in the Factual Basis (Record Document 87-3). He did not admit to rape or any of the other offenses or events alleged by Plaintiff and, in fact, in the Factual Basis he denied sexually touching her in any manner. (Record Document 87-3, p. 2). At the sentencing hearing on March 8, 2023 Judge Africk stated: "that the factual basis contains all the elements necessary to prove a violation of the victim's right to bodily integrity as well as kidnaping as defined by law."[1] No other offenses were mentioned nor were any other offenses included in the Factual Basis (Record Document 87-3) or the Plea Agreement (Record Document 87-6).

---

[1] See March 8, 2023 Sentencing Hearing Transcript, Record Document 87-4, p. 18, ll. 12-15.

Further, as stated in the June 6, 2020 letter from Koga Neurosurgery: "This patient has a malignant brain tumor in the right hemisphere causing altered mental status, cognitive impairment and hemiplegia. . . . He has had worsening symptoms since January 2023 and has not received adjuvant treatments at this time." (Record Document 97-5). Certainly this tumor, as well as his other extensive health problems noted by Judge Africk existed at the time of his plea and impaired his judgment. (Record Doc. 87-4, p. 18, 11. 18-24).

Plaintiff attempts to stretch Rodney Vicknair's Plea Agreement and Factual Basis far beyond the four corners of these documents. They do not support the breadth of the relief sought by Plaintiffs. Accordingly, Rodney Vicknair opposes Plaintiff's Motion for Partial Summary Judgment Against Defendant Rodney Vicknair. Further, Rodney Vicknair adopts and incorporates in full, to the extent it applies to him, the Response and Opposition of Defendants Shaun Ferguson and the City of New Orleans to Plaintiff's Motion for Partial Summary Judgment Against Defendant Rodney Vicknair (Record Document 97) and all exhibits thereto (Record Documents 97-1– 97-11) and incorporates same as if set forth herein, *in extenso*.

## CONCLUSION

For the foregoing reasons this Court should deny Plaintiff's Motion for Partial Summary Judgment against Defendant, Rodney Vicknair.

Respectfully submitted:

*/s/ C. Theodore Alpaugh, III*
**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone:	(504) 529-4141
Facsimile:	(504) 561-0326
Email:		cta@gustebarnett.com

**Attorneys for Defendant,**
**RODNEY VICKNAIR**