UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


RAYNE UPTON, individually and          DOCKET NO.
On behalf of her minor
Daughter, G.H.                         2:21-cv-407

        Plaintiff,                     JUDGE BARBIER

                                    MAG. ROBY

VERSUS

RODNEY VICKNAIR, SHAUN FERGUSON,
THE CITY OF NEW ORLEANS; DOE
DISTRICT COMMANDER; DOES 1 TO 10;
and XYZ INSURANCE COMPANIES 1 TO 10,

        Defendants.


        DEPOSITION OF RODNEY PAUL VICKNAIR,
given in the above-entitled cause, pursuant to the
following stipulation, before Sandra P. DiFebbo,
Certified Shorthand Reporter, in and for the State
of Louisiana, at Guste, Barnett, Schlesinger &
Alpaugh, LLP, 639 Loyola Avenue, Suite 2130, New
Orleans, Louisiana, on the 9th day of June, 2023,
commencing at 12:10 PM.

**SOUTHERN COURT REPORTERS, INC.**
**(504)488-1112**

```
1    APPEARANCES:

2

3              MOST & ASSOCIATES
               BY: WILLIAM MOST,
4              ATTORNEY AT LAW -and-
               HOPE PHELPS, ATTORNEY AT LAW
5              201 St. Charles Avenue
               Suite 114, #101
6              New Orleans,Louisiana  70170
               Representing the Plaintiff

7

8              CITY OF NEW ORLEANS
               LAW DEPARTMENT
9              BY:  JAMES ROQUEMORE,
               ASSISTANT CITY ATTORNEY -and-
10             RENE GOUDEAU, ASSISTANT CITY ATTORNEY
               1300 Perdido Street
11             Suite 5E03
               New Orleans, Louisiana  70112
12             Representing the City of New Orleans AND
               NOPD

13

14             GUSTE, BARNETT, SCHLESINGER & ALPAUGH
               BY:  C. THEODORE ALPAUGH, III,
15             ATTORNEY AT LAW
               639 Loyola Avenue
16             Suite 2130
               New Orleans, Louisiana  70113
17             Representing Rodney Vicknair

18

19

20   Reported By:

21

22             Sandra P. DiFebbo
               Certified Shorthand Reporter
23             State of Louisiana

24

25
```

```
 1        E X A M I N A T I O N              I N D E X
 2
 3                                       Page
 4   BY MR. MOST:                        6, 139
 5   BY MR. ROQUEMORE:                   63
 6   BY MR. ALPAUGH:                     144
 7
 8
 9      E X H I B I T                    I N D E X
10                        Page
11
12   Exhibit A                          5
13   Exhibit B                          5
14   Exhibit C                          14
15   Exhibit D                          21
16   Exhibit E                          49
17   Exhibit F                          66
18   Exhibit G                          67
19   Exhibit H                          73
20   Exhibit I                          89
21   Exhibit J                          124
22   Exhibit K                          129
23   Exhibit L                          129
24   Exhibit M                          130
25
```

1               S T I P U L A T I O N

2

3               It is stipulated and agreed by and

4      among counsel for the parties hereto that the

5      deposition of RODNEY PAUL VICKNAIR, is hereby being

6      taken pursuant to the Federal Rules of Civil

7      Procedure for all purposes and to preserve

8      testimony in accordance with law;

9               That the formalities of reading and

10     signing are specifically waived;

11              That the formalities of sealing,

12     certification, and filing are hereby specifically

13     waived.

14              That all objections, save those as to

15     the form of the question and responsiveness of the

16     answer are hereby reserved until such time as this

17     deposition or any part thereof is used or sought to

18     be used in evidence.

19                     *  *  *  *  *

20              Sandra P. DiFebbo, Certified Shorthand

21     Reporter, in and for the State of Louisiana,

22     officiated in administering the oath to the

23     witness.

24

25

1

2      MR. MOST:

3              So before we swear in the witness

4          and get started, Mr. Alpaugh has asked

5          to admit two exhibits to this

6          deposition.  Exhibit A is dated June

7          6th, 2023.  It says, "▨▨

8          Neurosurgery" at the top, and then

9          Exhibit B is a medication list.  Is

10         that right, Ted?

11     MR. ALPAUGH:

12             Yeah.  The report is from -- ▨▨ is

13         the neurosurgeon we just saw a couple

14         of days ago, and so I wanted to get

15         that on the record so it gives you an

16         idea, on the record, what his mental

17         capabilities are, his current physical

18         status, and his medication list he is

19         currently taking, although I understand

20         he is not taking anything that is

21         narcotic or would affect his ability to

22         answer, but I wanted to get those on

23         the record just so I don't hold up the

24         deposition.

25     MR. MOST:

1          Thank you.  Mr. Vicknair, are you

2          ready to get started?

3       THE WITNESS:

4          Yes, sir.

5       RODNEY PAUL VICKNAIR, ▨▨▨▨▨▨▨▨

6       ▨▨▨▨▨▨▨▨▨▨▨ having been

7       first duly sworn, was examined and

8       testified on his oath as follows:

9   EXAMINATION BY MR. MOST:

10      Q.   Mr. Vicknair, my name is William Most.

11  I'm an attorney, and I represent Rayne Upton, the

12  plaintiff in this case.

13      A.   Correct.

14      Q.   How are you doing today?

15      A.   Day by day, you know.  That's all you can

16  do with these tumors in your head.

17      Q.   Yeah.  Well, I understand that you have

18  these tumors in your head, so I'm going to ask you

19  some questions that are sort of nonstandard for

20  depositions, but they sort of are to figure out how

21  good your memory is, how good your thinking is

22  today, so that if anyone ever wonders, you know,

23  how reliable is his testimony today, they have a

24  sense of it.  All right?

25      A.   Yes, sir.

1    Q.   So could you give us your full name for
2    the record?
3        A.   Rodney Paul Vicknair.
4        Q.   And, Mr. Vicknair, we'll be going through
5    this today.  I'll ask questions.  The lawyer for
6    the city may ask questions, but we can take breaks
7    at any time.  That is true of any deposition, but
8    particularly since you have health issues, if you
9    need to take a break, just let me or your lawyer
10   know, and we'll do that.  As many breaks as we need
11   to, although I'll tell you now that I may ask you
12   about if you talked to anyone during that break and
13   if you looked at any documents.  Okay?
14       A.   Right.
15       Q.   So these are some questions to see if you
16   have a sense of where things are.  Where are you
17   today?
18       A.   I'm not under -- I'm not quite sure what
19   you mean, where am I.
20       Q.   How would you describe your location
21   today?
22       A.   I'm at 639, I believe it is, Loyola, in a
23   conference room.
24       Q.   Do you know the date and time,
25   approximately?

```
 1        A.   If I had to guess the date, it would be
 2   around the 10th or 11th, maybe, 12:00, 12:30.
 3             MR. MOST:
 4                  Let the record reflect that it is
 5             12:13, so that's about right.
 6   BY MR. MOST:
 7        Q.   Do you know what case you are here for
 8   today?
 9        A.   Yes.
10        Q.   And just generally what is your
11   understanding of what that case is generally about?
12        A.   The criminal case about the civil rights
13   violation.
14        Q.   That's right.  So this case we're here
15   for today is the civil rights case.  Nobody here is
16   a prosecutor.  We're civil lawyers doing a civil
17   case.  Mr. Vicknair, have you ever given a
18   deposition before?
19        A.   Yes.
20        Q.   Roughly, how many have you done?
21        A.   Maybe six or seven.
22        Q.   Were those in civil cases?
23        A.   I guess that could be considered civil
24   cases, from automobile accidents.
25        Q.   Did you ever give a deposition in a case
```

1    that you are a party to?

2         A.    No.

3         Q.    You understand that you're under oath

4    here today?

5         A.    Yes.

6         Q.    You understand that your answers here

7    today have the same force as if we were in a

8    courtroom with a judge or a jury?

9         A.    Yes, sir.

10        Q.    And you realize that being under oath

11   means you are sworn to tell the truth?

12        A.    Yes, sir.

13        Q.    And you will tell the truth today?

14        A.    Yes, sir.

15        Q.    Does any of your medical conditions

16   affect your ability to understand the difference

17   between a truth and a lie?

18        A.    Not that I'm aware of.

19        Q.    I see that we've got a medication list on

20   the table in front of us.  These are medications

21   your doctor recommended?

22        A.    Yes.

23        Q.    Have you taken any medications today?

24        A.    No, not today.

25        Q.    Are any of the medications necessary for

1    you to think clearly?

2         A.   Do I use any of them to think clearly?

3         Q.   Yes.

4         A.   Not that I'm aware of.

5         Q.   I'm asking because I want to see if not

6    taking one of these medications might make it hard

7    to think clearly, but it doesn't sound like that's

8    the case.

9         A.   No.

10        Q.   Does your medical condition impair your

11   memory?

12        A.   Yes.

13        Q.   Will you be able to tell me when you are

14   unable to remember something?

15        A.   Yeah.  If I can't remember, I'll tell

16   you.

17        Q.   And does your medical condition cause you

18   to remember things that aren't true?

19        A.   Not that I'm aware of.

20        Q.   Is there anything today that we can do to

21   help you through the process of this deposition,

22   whether it's breaks or water or anything else that

23   we can do for you that will help you?

24        A.   No.  I'm fine.

25        Q.   If I ask you a question that you don't