UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>　　　　Plaintiff,<br>　　v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>　　　　Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT RODNEY VICKNAIR (R. Doc. 87)

Plaintiff moved for partial summary judgment on her state law claims of assault, battery, false imprisonment, and negligence and her constitutional claim under Section 1983. Defendants are estopped by Defendant Vicknair's guilty plea from re-litigating issues in this civil case based on the same facts. *See Brazzell v. Adams*, 493 F.2d 489 (5th Cir. 1974), *Conners v. Pohlmann*, 2021 U.S. Dist. LEXIS 200900, *16 (E.D. La., Oct. 19, 2021) (Barbier, J.).

The core of Plaintiff's motion is the following syllogism:

1. A criminal conviction for acts alleged in a subsequent civil action will conclusively establish the issue adjudged against the guilty defendant.

2. Defendant Rodney Vicknair pled guilty to 18 U.S.C. § 242 (Deprivation of rights under color of law) for violation of G.H.'s bodily integrity and kidnapping.

3. Therefore, Defendant Rodney Vicknair is liable in this civil action for deprivation of rights under color of law, and related state-law claims.

1

Both City Defendants and Defendant Vicknair filed opposition memorandums.[1] But their oppositions do not provide any authority or evidence to undercut application of the doctrine of offensive collateral estoppel. As such, the majority of Defendants' opposition is non-responsive to the motion at issue here.

Plaintiff's motion should be granted.

**1.   It is Undisputed that Defendant Vicknair Admitted Certain Facts when Submitting his Plea Agreement.**

Defendants purport to dispute 13 of the 21 material facts submitted by Plaintiff. Each of these facts begin with, "Defendant Vicknair admitted to federal agents…." City. In four of these responses, Defendants cite answers given by G.H. to questions asked in only one of multiple forensic interviews, which do not exclude or contradict the facts admitted by Defendant Vicknair in connection with his plea agreement. In their opposition, Defendants have not provided any evidence to dispute that Defendant Vicknair admitted these facts to federal agents. Instead, Defendants ask this court to weigh changed testimony that conflicts with Defendant Vicknair's prior sworn testimony. Defendants also ask this court to weigh prior inconsistent statements made by Defendant Vicknair to NOPD, which City Defendants themselves did not accept in the NOPD investigation.

But pleading guilty to certain acts and then later changing the story is exactly what offensive collateral estoppel prevents. The purpose of offensive collateral estoppel is to "estop a defendant from relitigating issues which a defendant previously litigated and lost against another plaintiff." *Rufenacht v. Iowa Beef Processors, Inc.*, 656 F.2d 198, 202 (5th Cir. 1981).  For example, "an affidavit that conflicts with the affiant's prior sworn testimony, including a prior

---

[1] The City filed an opposition even though the motion seeks no relief regarding the City.

guilty plea, is insufficient to avoid the application of collateral estoppel." *Kariuki v. Tarango*, 709 F.3d 495, 507 (5th Cir. 2013).

In the parallel federal criminal action, Defendant Vicknair admitted certain facts to U.S. Department of Justice investigators and prosecutors, filed those facts into the record of this U.S. District Court for the Eastern District of Louisiana, pled guilty to the allegations based on those facts, and was convicted and sentenced. Defendant Vicknair and his counsel twice negotiated a plea agreement and chose not to proceed with trial, even after being given an additional opportunity to do so by the sentencing judge.

Now, in this civil action, Defendant Vicknair has attempted to change his testimony. The premise of the City's opposition, which was also adopted by Defendant Vicknair, is that Defendants should be allowed to re-litigate issues previously litigated in the federal criminal action. Defendants rely entirely on the presumption that this court will allow Defendant Vicknair to change his testimony to directly contradict the admissions he made to the U.S. Dept. of Justice, and presented to Hon. Lance M. Africk for determining the sentence.

Defendants also rely on statements Defendant Vicknair made in a September 26, 2020 NOPD interview, which he participated in prior to U.S. Dept. of Justice investigation and involvement. City Defendants neglect to mention that, following this interview, they <u>themselves</u> concluded "beyond a preponderance of evidence" that Defendant Vicknair "placed his fingers into the vagina of a 15-year-old girl[,]" among other findings.[2]

---

[2] Disciplinary Recommendations (p. 17) and Signed Concurrences (p. 18) of NOPD / PIB Investigation, PIB Complaint Tracking Number 2020-0484-P, attached as Exhibit A.

Thus, it is undisputed that Defendant Vicknair admitted the facts described in Plaintiff's Statement of Undisputed Material Facts, and, therefore, should be estopped from changing his testimony and submitting contradictory statements in an attempt to create a factual dispute where none exists. Like the Fifth Circuit in *Kariuki*, this Court should find that statements and testimony that conflict with Vicknair's guilty plea are not sufficient to avoid the application of collateral estoppel.

2.  **Issue Preclusion is Appropriate Because Defendant Rodney Vicknair had Ample Opportunity to Fully and Vigorously Litigate the Same Issues in the Federal Criminal Action.**

In their Opposition, Defendants argue "Vicknair's criminal case was not fully and vigorously litigated[,] and that Vicknair did not have the "ability to meaningfully participate in the defense of his criminal case." This is simply untrue.

The U.S. Department of Justice investigated the criminal allegations for two years, during which time Defendant Vicknair, with the aid of his criminal defense attorney, engaged in negotiations for a shorter recommended sentence. Finally, on September 22, 2022, the DOJ filed the bill of information. Ultimately, Defendant Vicknair admitted to certain facts, which are described in the Factual Basis.

During the March 8, 2023 sentencing hearing, Defendant Vicknair was given an opportunity to withdraw his guilty plea and proceed to trial. On March 14, 2023, Defendant Vicknair returned to court and chose to maintain his guilty plea and accept the sentence from Hon. Lance M. Africk. Thus, Defendant Vicknair was convicted of violating 18 U.S.C. § 242 (Deprivation of rights under color of law), and was sentenced by to be imprisoned for a total term of 168 months.

The Supreme Court has set out three special circumstances that would make issue preclusion unfair, none of which are applicable here: (1) when the plaintiff easily could have joined the previous action but chose not to; (2) if the defendant had little incentive to defend vigorously; and (3) if the judgment upon which the plaintiff seeks to rely is itself inconsistent with a previous judgment in favor of the defendant. *Brooks v. Starks*, 2016 U.S. Dist. LEXIS 10088, *8 (N.D. Miss. Jan. 28, 2016) (citing *Parklane Hosiery, Inc. v. Shore*, 439 U.S. 322, 330-31, (1979)).

Plaintiff of course could not have joined the prior criminal action. And Defendants cannot seriously contend that an individual facing criminal penalties, including significant jailtime, had little incentive to vigorously defend his case; or that a defendant with a criminal defense attorney and two-years to negotiate a plea agreement did not "meaningfully participate in the defense of his criminal case." In fact, Defendant Vicknair had greater incentive to defend in the criminal case. Aside from the much greater penalty in the criminal case, Defendant Vicknair would have also had the benefit of a higher standard of proof and greater procedural protection in a criminal prosecution. *See Brooks*, 2016 U.S. Dist. LEXIS at *5 (citing *United States v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1974)). A guilty plea is sufficient to satisfy the "fully and vigorously litigated" requisite." *See id.* at *7; *see also*, *Conners v. Pohlmann*, 2021 U.S. Dist. LEXIS 200900, *16 (E.D. La., Oct. 19, 2021) (Barbier, J.).

Defendants also argue, with no legal authority whatsoever, that Defendant Vicknair's health condition is some special circumstance that should bar the application of collateral estoppel. Defendants seem to suggest that Defendant Vicknair is not competent, yet they rely extensively on his post-conviction deposition testimony. And in any case, Defendant Vicknair's mental capacity was extensively investigated during the deposition.[3]

---

[3] Excerpts from transcript of deposition of Defendant Rodney Vicknair, pp. 1-10 (with Defendant Vicknair's address and medical provider redacted), attached as Exhibit B.

3.  **Defendants are Estopped by Defendant Vicknair's Guilty Plea from Re-Litigating the Issues of Defendant Vicknair's Liability Based on Negligence and Intentional Misconduct.**

The City argues that because Vicknair did not admit in his criminal case every single fact alleged by Plaintiff, that summary judgment should fail. But Plaintiff is not moving for summary judgment on *facts*. She is moving for summary judgment on *claims.* R. Doc. 87 at 10 ("Plaintiff respectfully requests that this Court grant her motion for partial summary judgment as to liability on the claims"). So the question is whether what Vicknair admitted in pleading guilty is sufficient to establish the claims that Plaintiff seeks summary judgment on. Defendants do not deny that they are.

Furthermore, the City argues at length that Defendant Vicknair did not "rape" G.H., even though their own NOPD investigation concluded, "beyond a preponderance of evidence" that Defendant Vicknair "placed his fingers into the vagina of a 15-year-old girl." This is irrelevant to the subject motion because, under Louisiana law, a battery is a "harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987). Plaintiff is not required to meet some special definition of "rape" as defined by the City of New Orleans to win summary judgment on the claim of *battery*.

Likewise, Defendants suggest that Plaintiff is required to show that Defendant Vicknair performed more than one such "sexual act" on a child to prove battery. Defendants do not cite any authority to support this proposition. As discussed above, for offensive collateral estoppel to apply, Plaintiff need only show that Defendant Vicknair pled guilty to criminal conduct that included the requisite elements of assault, battery, false imprisonment, negligence, and violation of Section 1983.

In connection with his guilty plea, Defendant Vicknair admitted the following "harmful or offensive contacts":

(1) "[he] "touched [G.H.'s] breast under her shirt…" R. Doc. 87-7, No. 9.

(2) "and on another occasion he touched [G.H.'s] buttocks over her clothes." *Id.*

(3) "engaged in a sexual act with G.H. without her consent, when he intentionally touched her genitals under her clothing." *Id.* at No. 16.

This is sufficient to estop Defendants from re-litigating the issue of battery. And Defendant Vicknair's other admissions in the Factual Basis submitted in connection with his guilty plea are sufficient to estop Defendants from re-litigating the issues of assault, false imprisonment, negligence, and violation of Section 1983.

**F.    Conclusion**

For the reasons stated above, partial summary judgment should issue on Plaintiff's claims of assault, battery, false imprisonment, and negligence and her constitutional claim under Section 1983.

Respectfully Submitted:

| MOST & ASSOCIATES | THE HITE LAW GROUP |
|---|---|
| */s/ Hope A. Phelps*<br>**HOPE PHELPS (La. Bar No. 37259)**<br>**WILLIAM MOST (La. Bar No. 36914)**<br>201 St. Charles Ave., Ste. 114, # 101<br>New Orleans, LA 70170<br>Tel: 504.256.4615<br>Email: hopeaphelps@outlook.com | **NICHOLAS HITE (La. Bar No. 34305)**<br>701 Loyola Ave., #403<br>New Orleans, LA 70113<br>Tel: 504.252.0678<br>Email: nicholas@hitelawgroup.com |

*Counsel for Plaintiff*