UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and On behalf of her minor Daughter, G.H. | DOCKET NO. 2:21-cv-407 |
| Plaintiff, | JUDGE BARBIER |
| | MAG. ROBY |
| VERSUS | |
| RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 TO 10; and XYZ INSURANCE COMPANIES 1 TO 10, | |
| Defendants. | |

DEPOSITION OF RODNEY PAUL VICKNAIR, given in the above-entitled cause, pursuant to the following stipulation, before Sandra P. DiFebbo, Certified Shorthand Reporter, in and for the State of Louisiana, at Guste, Barnett, Schlesinger & Alpaugh, LLP, 639 Loyola Avenue, Suite 2130, New Orleans, Louisiana, on the 9th day of June, 2023, commencing at 12:10 PM.

```
 1   APPEARANCES:
 2
 3              MOST & ASSOCIATES
                BY: WILLIAM MOST,
 4              ATTORNEY AT LAW -and-
                HOPE PHELPS, ATTORNEY AT LAW
 5              201 St. Charles Avenue
                Suite 114, #101
 6              New Orleans,Louisiana  70170
                Representing the Plaintiff
 7
 8              CITY OF NEW ORLEANS
                LAW DEPARTMENT
 9              BY:  JAMES ROQUEMORE,
                ASSISTANT CITY ATTORNEY -and-
10              RENE GOUDEAU, ASSISTANT CITY ATTORNEY
                1300 Perdido Street
11              Suite 5E03
                New Orleans, Louisiana  70112
12              Representing the City of New Orleans AND
                NOPD
13
14              GUSTE, BARNETT, SCHLESINGER & ALPAUGH
                BY:  C. THEODORE ALPAUGH, III,
15              ATTORNEY AT LAW
                639 Loyola Avenue
16              Suite 2130
                New Orleans, Louisiana  70113
17              Representing Rodney Vicknair
18
19
20   Reported By:
21
22              Sandra P. DiFebbo
                Certified Shorthand Reporter
23              State of Louisiana
24
25
```

```
 1        E X A M I N A T I O N              I N D E X
 2
 3                                             Page
 4   BY MR. MOST:                              6, 139
 5   BY MR. ROQUEMORE:                         63
 6   BY MR. ALPAUGH:                           144
 7
 8
 9        E X H I B I T                       I N D E X
10                          Page
11
12   Exhibit A                                 5
13   Exhibit B                                 5
14   Exhibit C                                 14
15   Exhibit D                                 21
16   Exhibit E                                 49
17   Exhibit F                                 66
18   Exhibit G                                 67
19   Exhibit H                                 73
20   Exhibit I                                 89
21   Exhibit J                                 124
22   Exhibit K                                 129
23   Exhibit L                                 129
24   Exhibit M                                 130
25
```

1            S T I P U L A T I O N
2
3              It is stipulated and agreed by and
4    among counsel for the parties hereto that the
5    deposition of RODNEY PAUL VICKNAIR, is hereby being
6    taken pursuant to the Federal Rules of Civil
7    Procedure for all purposes and to preserve
8    testimony in accordance with law;
9              That the formalities of reading and
10   signing are specifically waived;
11             That the formalities of sealing,
12   certification, and filing are hereby specifically
13   waived.
14             That all objections, save those as to
15   the form of the question and responsiveness of the
16   answer are hereby reserved until such time as this
17   deposition or any part thereof is used or sought to
18   be used in evidence.
19                       * * * * *
20             Sandra P. DiFebbo, Certified Shorthand
21   Reporter, in and for the State of Louisiana,
22   officiated in administering the oath to the
23   witness.
24
25

1
2        MR. MOST:
3              So before we swear in the witness
4        and get started, Mr. Alpaugh has asked
5        to admit two exhibits to this
6        deposition. Exhibit A is dated June
7        6th, 2023. It says, "▨▨
8        Neurosurgery" at the top, and then
9        Exhibit B is a medication list. Is
10       that right, Ted?
11       MR. ALPAUGH:
12             Yeah. The report is from -- ▨▨ is
13       the neurosurgeon we just saw a couple
14       of days ago, and so I wanted to get
15       that on the record so it gives you an
16       idea, on the record, what his mental
17       capabilities are, his current physical
18       status, and his medication list he is
19       currently taking, although I understand
20       he is not taking anything that is
21       narcotic or would affect his ability to
22       answer, but I wanted to get those on
23       the record just so I don't hold up the
24       deposition.
25       MR. MOST:

```
 1                    Thank you.  Mr. Vicknair, are you
 2            ready to get started?
 3            THE WITNESS:
 4               Yes, sir.
 5            RODNEY PAUL VICKNAIR, XXXXXXXXXXX
 6         XXXXXXXXXXXXXXXXXXX  having been
 7       first duly sworn, was examined and
 8       testified on his oath as follows:
 9  EXAMINATION BY MR. MOST:
10       Q.   Mr. Vicknair, my name is William Most.
11  I'm an attorney, and I represent Rayne Upton, the
12  plaintiff in this case.
13       A.   Correct.
14       Q.   How are you doing today?
15       A.   Day by day, you know.  That's all you can
16  do with these tumors in your head.
17       Q.   Yeah.  Well, I understand that you have
18  these tumors in your head, so I'm going to ask you
19  some questions that are sort of nonstandard for
20  depositions, but they sort of are to figure out how
21  good your memory is, how good your thinking is
22  today, so that if anyone ever wonders, you know,
23  how reliable is his testimony today, they have a
24  sense of it.  All right?
25       A.   Yes, sir.
```

1  Q. So could you give us your full name for
2  the record?
3  A. Rodney Paul Vicknair.
4  Q. And, Mr. Vicknair, we'll be going through
5  this today. I'll ask questions. The lawyer for
6  the city may ask questions, but we can take breaks
7  at any time. That is true of any deposition, but
8  particularly since you have health issues, if you
9  need to take a break, just let me or your lawyer
10  know, and we'll do that. As many breaks as we need
11  to, although I'll tell you now that I may ask you
12  about if you talked to anyone during that break and
13  if you looked at any documents. Okay?
14  A. Right.
15  Q. So these are some questions to see if you
16  have a sense of where things are. Where are you
17  today?
18  A. I'm not under -- I'm not quite sure what
19  you mean, where am I.
20  Q. How would you describe your location
21  today?
22  A. I'm at 639, I believe it is, Loyola, in a
23  conference room.
24  Q. Do you know the date and time,
25  approximately?

1    A.    If I had to guess the date, it would be
2    around the 10th or 11th, maybe, 12:00, 12:30.
3              MR. MOST:
4                   Let the record reflect that it is
5              12:13, so that's about right.
6    BY MR. MOST:
7         Q.   Do you know what case you are here for
8    today?
9         A.   Yes.
10        Q.   And just generally what is your
11   understanding of what that case is generally about?
12        A.   The criminal case about the civil rights
13   violation.
14        Q.   That's right.  So this case we're here
15   for today is the civil rights case.  Nobody here is
16   a prosecutor.  We're civil lawyers doing a civil
17   case.  Mr. Vicknair, have you ever given a
18   deposition before?
19        A.   Yes.
20        Q.   Roughly, how many have you done?
21        A.   Maybe six or seven.
22        Q.   Were those in civil cases?
23        A.   I guess that could be considered civil
24   cases, from automobile accidents.
25        Q.   Did you ever give a deposition in a case

```
 1    that you are a party to?
 2         A.   No.
 3         Q.   You understand that you're under oath
 4    here today?
 5         A.   Yes.
 6         Q.   You understand that your answers here
 7    today have the same force as if we were in a
 8    courtroom with a judge or a jury?
 9         A.   Yes, sir.
10         Q.   And you realize that being under oath
11    means you are sworn to tell the truth?
12         A.   Yes, sir.
13         Q.   And you will tell the truth today?
14         A.   Yes, sir.
15         Q.   Does any of your medical conditions
16    affect your ability to understand the difference
17    between a truth and a lie?
18         A.   Not that I'm aware of.
19         Q.   I see that we've got a medication list on
20    the table in front of us.  These are medications
21    your doctor recommended?
22         A.   Yes.
23         Q.   Have you taken any medications today?
24         A.   No, not today.
25         Q.   Are any of the medications necessary for
```

```
 1   you to think clearly?
 2         A.   Do I use any of them to think clearly?
 3         Q.   Yes.
 4         A.   Not that I'm aware of.
 5         Q.   I'm asking because I want to see if not
 6   taking one of these medications might make it hard
 7   to think clearly, but it doesn't sound like that's
 8   the case.
 9         A.   No.
10         Q.   Does your medical condition impair your
11   memory?
12         A.   Yes.
13         Q.   Will you be able to tell me when you are
14   unable to remember something?
15         A.   Yeah.  If I can't remember, I'll tell
16   you.
17         Q.   And does your medical condition cause you
18   to remember things that aren't true?
19         A.   Not that I'm aware of.
20         Q.   Is there anything today that we can do to
21   help you through the process of this deposition,
22   whether it's breaks or water or anything else that
23   we can do for you that will help you?
24         A.   No.  I'm fine.
25         Q.   If I ask you a question that you don't
```