UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER, G.H. | CIVIL ACTION<br><br>No. 21-407 |
| VERSUS | |
| RODNEY VICKNAIR, ET AL. | SECTION: "J"(4) |

## ORDER

Before the Court is a *Motion to File Exhibits Under Seal by Defendants Shaun Ferguson and the City of New Orleans* **(Rec Doc. 98)** filed by Defendants, the City of New Orleans and Shaun Ferguson (the "City Defendants"). No party filed an opposition to the motion to seal.

The City Defendants move to file under seal exhibits to opposition to Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 97). Each of the exhibits includes identifying information of G.H., the plaintiff in this case and minor child victim of sexual crimes. The City Defendants publicly filed redacted G.H.'s information from versions of three of the exhibits: Excerpts of Defendant Rodney Vicknair's deposition, Selected NOPD records of activity of officers recorded on "Trip Sheets," and Sgt. Kimera Dufeal's affidavit regarding those records. (Rec. Docs. 97-3, 97-7, 97-9). The exhibits filed under seal with the court include a video of the forensic interview with G.H., an NOPD incident report for an aggravated rape on May 26, 2020, and call records to the Orleans Parish Communication District relating to G.H's address. (Rec. Docs. 97-2, 97-5 97-8).

"Judicial records belong to the American people; they are public, not private, documents. Certainly, some cases involve sensitive information that, if disclosed, could endanger lives or threaten national security." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). In the case of child sexual abuse, like this case, interest in protecting a minor child's information outweighs the public interest in access to judicial records. *Hudak v. Hartford Accident & Indem. Co.*, No. CV 20-551, 2021 WL 3666160 at *2 (E.D. La. Aug. 18, 2021) (citing *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002)). The City Defendants argue that sealing the six listed exhibits is necessary to protect the privacy and confidentiality of G.H. with respect to the alleged sexual crimes against her. (Rec. Doc. 98-1, at 2).

In this case, the Court agrees that the appropriate solution is the redaction of all information that could identify the minor child or infringe on her privacy and confidentiality. When such redaction is not possible, the records should be filed under seal. After reviewing the exhibits, the Court finds that the City Defendants sufficiently protected the minor child's personal information by redacting her information from three exhibits filed in the public record and filing under seal three other exhibits that would be impossible to adequately redact while protecting G.H.'s privacy.

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to File Exhibits Under Seal by Defendants Shaun Ferguson and the City of New Orleans* **(Rec Doc. 98)** is hereby

**GRANTED**. Record Documents 97-1, 97-2, 97-6, 97-8, and 97-9 shall remain filed under seal.

New Orleans, Louisiana, this 31st day of July, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE