MINUTE ENTRY
ROBY, M.J.
November 14, 2023

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYNE UPTON, individually and on behalf of her minor daughter, G.H.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   21-407** |
| **RODNEY VICKNAIR, et al.** | **SECTION: "J" (4)** |

### JUDGE KAREN WELLS ROBY, PRESIDING

LAW CLERK:                              Erin Wright
COURT REPORTER/RECORDER:   Tape Recorder

Appearances:      **Hope A. Phelps**, for Plaintiff.
**C. Theodore Alpaugh, III** for Defendant Vicknair.
**James M. Roquemore**, for Defendant City of New Orleans.

### MINUTE ENTRY & ORDER

On November 13, 2023, Plaintiff requested by email a discovery conference in advance of her deposition scheduled for November 15, 2023, at 10 a.m. Plaintiff, an 18-year-old girl, filed[1] a civil rights action against Officer Vicknair and his employer, the City of New Orleans, for the injuries she suffered as a result of being sexually assaulted by Vicknair.[2]

Plaintiff seeks an Order limiting the scope of the deposition to minimize further harm to her. Plaintiff also requests that Defendants use their discretion to limit the questioning of topics previously covered in Plaintiff's videotaped forensic interviews.

During the Conference, counsel for Plaintiff informed the Court that on Friday, November 10, 2023, she was made aware that Defendants possessed text messages exchanged between G.H.

---

[1] The Court notes that G.H. was substituted as the party Plaintiff in these proceedings. *See* R. Doc. 105.
[2] *See* United States v. Rodney Vicknair, No. 22-212 (E.D. La. Sept. 22, 2022).

1

and Vicknair. Counsel for Plaintiff also stated that Defendants had not produced the text messages and intended to present them to G.H. at the Deposition on Wednesday, November 15.

Defendants acknowledged their possession of the text messages. The Court ordered Defendants to immediately produce the text messages to Plaintiff's counsel, who confirmed that she received the text messages.

Defendants oppose any limitation to the deposition because the circumstances in Federal Rule of Civil Procedure 30(d)(3)(A), which contemplate limiting a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party," do not exist here.

The Court found that Plaintiff's request was premature. Plaintiff's counsel acknowledged there was no case supporting her position but requested that Defense counsel use their discretion and consider the emotional impact of their questioning on Plaintiff.

Accordingly,

**IT IS ORDERED** that Plaintiff's request to limit the scope of the deposition is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request to produce text messages is **GRANTED**.

New Orleans, Louisiana, this 14th day of November 2023.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

MJ STAR: 00:10