UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>　　　　　　Plaintiff,<br>v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>　　　　　　Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

### Memorandum in Support of Motion to Designate NOPD Captain Precious Banks as Plaintiff's Non-Retained Expert

In this motion, Plaintiff asks this Court for leave to designate Captain Precious Banks, one of the City's designated 30(b)(6) witnesses, as Plaintiff's non-retained expert.

On January 10, 2024, Plaintiff heard Captain Banks' testimony for the first time at her deposition. Captain Banks provided important testimony, including that:

(1) NOPD possessed probable cause to arrest Rodney Vicknair on September 21, 2020, two days *before* Vicknair's final sexual assault of Plaintiff G.H.; and

(2) That NOPD should not have allowed Vicknair to remain on the street after September 21, 2020, but did.

That same day, Plaintiff designated Captain Banks as a non-retained expert.

The City objects, however, to the timing of this designation. It objects even though the timing is due to the City's own choices: the City failed to list Captain Banks in its initial disclosures and identified her as a witness for the first time on December 26, 2023 in a pre-trial witness list.

Because the timing of this designation is the result of the City's choices, and because the City cannot claim prejudice regarding the testimony of its own 30(b)(6) witness, this motion should be granted.

1

A. **Factual and Procedural Background**

Plaintiff filed this case on February 24, 2021. R. Doc. 1.

In August 2021, the parties exchanged initial disclosures. The City's initial disclosures did not include Captain Precious Banks as a potential witness. Ex. A. Several times during litigation, Plaintiff updated her initial disclosures. The City never did.

On December 26, 2023, the City filed its pre-trial witness and exhibit list. R. Doc. 112. The City's witness list included a range of witnesses who had not been identified in initial disclosures, including Superintendent Kirkpatrick, Capt. Precious Banks, Capt. Bruce Haney, Capt. Lejon Roberts, Lt. Nicole Powell, and Sgt. David Barnes.

Captain Precious Banks was subsequently identified by the City as one of its 30(b)(6) witnesses. Plaintiff took her deposition on January 10, 2024. At that deposition, Captain Banks provided key testimony regarding the timing of when NOPD had probable cause to arrest Rodney Vicknair for malfeasance in office, and what NOPD should have done in response. Critically, she testified that NOPD should not have allowed Vicknair to remain on the street after September 21, 2020. If NOPD had removed Vicknair from the street on that date, he would not have been able to sexually assault G.H. a final time on September 23, 2020.

Within hours, Plaintiff designated Captain Banks as a non-retained expert. Ex. B. In correspondence, Plaintiff pointed out that the City did not identify Captain Banks as a witness at all until a week *after* the deadline for non-retained expert designation. *Id.* Nonetheless, counsel for the City wrote that they objected to the "late designation of Capt. Banks a non-retained expert for Plaintiff." *Id.*

B. **This Court should grant Plaintiff leave to designate Captain Banks because the timing is due to the City's choices and because there is no prejudice to the City from the testimony of its own 30(b)(6) witness.**

Federal Rule of Civil Procedure 26(a)(2)(D) provides that in the absence of a court order or stipulation of the parties, expert disclosures are to be provided "at least 90 days before the date

2

set for trial." In its scheduling order, this Court set a deadline for the disclosure of the written reports of retained experts. R. Doc. 84. It did not set a deadline for the disclosure of non-retained experts. Accordingly, the deadline is set by the Rule 26(a)(2)(D) default, which fell on December 19, 2023.

Here, the fact that Plaintiff did not designate Captain Banks as a non-retained expert is entirely the fault of the City. The City did not identify Captain Banks in initial disclosures, and waited until filing its pre-trial witness list – a week <u>after</u> the non-retained expert deadline – to identify Captain Banks as a potential witness.

Plaintiff moved with diligence once Captain Banks was identified, taking her deposition on January 10, 2024. And then Plaintiff designated her as an expert within hours of the end of the deposition. See Ex. B.

Furthermore, there is no prejudice to the City from Captain Banks being identified as Plaintiff's expert: Captain Banks works for the City and was chosen *by* the City to speak on behalf of the City as a 30(b)(6) witness.

**C.     Conclusion**

This Court should grant Plaintiff's motion for leave to identify Captain Banks as Plaintiff's non-retained expert witness.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

***Counsel for Plaintiff, G.H.***