## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYNE UPTON, individually and on behalf of** her minor daughter, G.H. | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-407** |
| **RODNEY VICKNAIR,** *et al.* | **SECTION: "J" (4)** |

### Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment Against Defendant City of New Orleans

This case is about how NOPD officer Rodney Vicknair sexually assaulted Plaintiff G.H. when she was a minor. NOPD investigated and arrested Vicknair for "malfeasance in office." Vicknair plead guilty to the deprivation of G.H.'s rights "under color of law." Based on that plea and conviction, this Court granted Plaintiff summary judgment against Vicknair on the Section 1983 claim and state law torts of battery, assault, and false imprisonment. R. Doc. 107. This Court specifically determined that Vicknair was "acting under color of state law" when he committed acts against. G.H. *Id.* at 15.

Plaintiff now moves for partial summary judgment against the City for *respondeat superior* for Vicknair's state-law torts. Under Louisiana law, an employer is vicariously liable if the "opportunity arose" for an employee to commit torts in the course and scope of their employment, or when the employee abused their "apparent authority" to commit the torts. A section of this Court explained the law in *Doe v. Morris*, 2013 U.S. Dist. LEXIS 106545 (E.D. La. July 30, 2013):

> The courts in *Applewhite*, *Lattulas*, and *Turner* found that when an officer's position of authority creates a relationship between the officer and a member of the public within the context of the officer's official duties, and that relationship gives rise to the opportunity and commission of a rape or sexual assault, that harm is attributable to the employer.

Here, it is undisputed that the opportunity for Vicknair's torts against G.H. arose because of his role as an officer. Defendants' own investigation concluded that it was "proved beyond a

preponderance of evidence" that Vicknair "used his position as a public employee to befriend a 15-year-old victim after transporting her to Children's Hospital to have a sexual assault kit completed" and that Vicknair used that friendship to "sexually assault[] the victim." Similarly, the City arrested and disciplined Vicknair for "malfeasance in office," which specifically "requires the offender to be acting in his official capacity and engaged in the performance of a duty, which is required by law, in order to support conviction." *State v. Hendry*, 996 So. 2d 352, 362 (La. App. 2nd 2008).

Thus, there is no reasonable dispute between the parties that Vicknair used his position as a public employee for the opportunity to commit the torts, or that he abused his apparent authority in doing so. Partial summary judgment should therefore issue to Plaintiff, just as it did in *Doe v. Morris*.

## I.      FACTUAL BACKGROUND

On May 26, 2020, Officer Rodney Vicknair met 14-year-old G.H. through his role as an NOPD officer.[1] When Officer Vicknair met G.H., he was responding to a report of First-Degree Rape wherein G.H. was identified as the victim.[2]

Officer Vicknair and Officer Curtis Carkum transported G.H. and her mother to Children's Hospital.[3] Body-worn camera footage shows Officer Vicknair, "telling the teen that she could tell him things she would not tell her mother."[4] Officers Vicknair and Carkum remained with G.H. and her mother in the emergency room while they waited for the sexual assault examination.[5]

---

[1] Exhibit A, NOPD Investigation,  pp. 1-5; Exhibit B, Transcript of Deposition of Rodney Vicknair, pp. 25:17-22; 57:3-11.
[2] Ex. A, p. 4.
[3] Ex. A, p. 5.
[4] *Id.*
[5] *Id*.

While waiting in the emergency room, Officer Vicknair showed G.H. scantily clad photos of his daughter.[6] During this time, Office Vicknair also gave G.H. his cell phone number and offered to G.H. and her mother that he could be a mentor to G.H.[7]

Over the next four months, according to the City, Officer Vicknair "act[ed] in his capacity as a police officer to facilitate his conduct to gain [G.H.]'s trust."[8] Officer Vicknair, in his capacity as an NOPD officer, purported to perform welfare checks on G.H. at her residence.[9] Officer Vicknair went over to G.H.'s home at least ten times.[10]

On at least one occasion, subsequent to meeting G.H., Officer Vicknair sexually assaulted her.[11] On February 19, 2021, NOPD Sgt. Lawrence Jones issued written investigation findings, concluding, beyond a preponderance of evidence, that Defendant Vicknair sexually assaulted G.H. after he "used his position as a public employee to befriend [G.H.] after transporting her to Children's Hospital to have a sexual assault kit completed."[12] Based on these findings, Sgt. Jones recommended that Officer Vicknair be disciplined for "Malfeasance in Office," and arrested him for that crime.[13] The entire NOPD chain of command, including then NOPD Superintendent Shaun Ferguson concurred with Sgt. Jones' findings and recommendations.[14]

## II.   SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) authorizes a party to move for summary judgment on a claim or part of a claim. District courts have discretion to order partial summary judgment on particular issues as a means to narrow and focus the issues for trial. *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993).

---

[6] *Id.*
[7] R. Doc. 87-3 (Factual Basis for Conviction), p. 1; Ex. B, p. 97:15-23; pp. 144:7-145:21.
[8] R. Doc. 87-3 (Factual Basis for Conviction), p. 1; Ex. B, p. 59:5-15.
[9] Ex. B (Vicknair Dep.), pp. 25:23-27:7; pp. 43:14-44:3.
[10] Ex. B, p. 28:9-16.
[11] Ex. A (NOPD Investigation), p. 17; R. Doc. 87-3, p. 2. The City disputes the *number* of times that Vicknair sexually assaulted G.H., but not the fact that he assaulted her.
[12] Ex. A, p. 17.
[13] *Id.*
[14] *Id.* at p. 18.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

### III.   LEGAL ANALYSIS

**A.   Under Louisiana law, an employer is liable for an employees' torts when the opportunity for the torts arose from the course of employment, or when the employee abused their "apparent authority."**

Under Louisiana law, an employer is liable for the intentional torts of its employees if the employee acted within the course and scope of his employment. La. Civ. Code art. 2320; *Orgeron v. McDonald*, 639 So.2d 224, 226 (La. 1994); *LeBrane v. Lewis*, 292 So.2d 216, 217 (La. 1974). The course of employment test refers to time and place, and the scope of employment test examines the employment-related risk of injury. *Benoit v. Capitol Mfg. Co.*, 617 So.2d 477, 479 (La. 1993). In order to hold an employer vicariously liable, the employee must act within the ambit of his assigned duties and in furtherance of his employer's objective. *Baumeister v. Plunkett*, 673 So.2d 994, 996 (La. 1996).

Louisiana courts have repeatedly interpreted those principles to mean that an employer is liable for an employees' torts when the <u>opportunity</u> for the torts arose from the course of

employment or the apparent authority of the employee. For example, in *Latullas v. State*, 658 So. 2d 800 (La. App.1st Cir. 1995), the Louisiana First Circuit Court of Appeal held the State of Louisiana liable for a prison guard's rape of a prisoner while the guard was in charge of a prisoner work crew. Although the rape happened outside the prison grounds, the court reasoned that the guard was able to separate the plaintiff from others and commit the rape because of the authority bestowed upon him by his employer. *Latullas*, 658 So. 2d at 804. The court acknowledged that the rape was "totally unauthorized . . . and motivated by . . . personal desires." *Id*. The court nevertheless found vicarious liability because the rape occurred while the guard was "acting for his employer in the control and supervision of inmates, and it was through these duties that this opportunity arose." *Id*. at 804-05.

Similarly, in *Applewhite v. City of Baton Rouge*, 380 So. 2d 119 (La. App. 1st Cir. 1979), the court held the City of Baton Rouge vicariously liable for a police officer's rape of a woman while he was performing duties for the city. The plaintiff in that case was walking along the highway with companions when a uniformed on-duty officer ordered her into his police car to be taken to jail for vagrancy. Id. at 120. The officer then parked his car and forced the plaintiff to engage in sex. *Id*. The officer was later convicted of malfeasance in office. *Id*. In a civil suit brought by the victim, the City of Baton Rouge maintained that the officer's actions were far removed from the course and scope of his employment.

The court found significant that the officer "was able to separate the plaintiff from her companions because of the force and authority of the position which he held." *Id*. The court reviewed Louisiana case law in the police context and concluded that it consistently held employers responsible for transgressive police behavior even if the conduct was not squarely within the officer's usual duties. *Id*. (*citing Cheatham v. Lee*, 277 So. 2d 513 (La. App. 1st Cir. 1973) (holding City of Baton Rouge vicariously liable for battery committed by police officer

who was off duty chaperoning private party outside of city limits); *Bourque v. Lohr*, 248 So. 2d 901 (La. App. 1st Cir. 1971) (insurer of City of New Iberia cast in judgment for certain torts committed by an off-duty, uniformed police officer while using his private vehicle)). The Applewhite court summarized the position of the Louisiana courts as follows:

> In short, ... where it is found that a law enforcement officer has abused the "apparent authority" given such persons to act in the public interest, their employers have been required to respond in damages.

*Applewhite*, 380 So. 2d at 122.

And in *Turner v. State*, 494 So. 2d 1292 (La. App. 2nd Cir. 1986), a recruiting officer for the Louisiana National Guard induced four women to believe that he had the authority to conduct physical exams, during which he touched them inappropriately, while interviewing them for induction into the National Guard. *Id.* at 1296. The court found the State vicariously liable for the recruiting officer's acts because the incident was made possible by the apparent authority of the position the officer held with his employer. *Id.*

In sum: Louisiana courts hold law enforcement employees liable for officer torts when the opportunity for the torts arose from the course of employment, or when the officer abused their "apparent authority." It is for that reason that this Court has granted summary judgment to plaintiffs when these criteria are met. *See Doe v. Morris*, 2013 U.S. Dist. LEXIS 106545 (E.D. La. July 30, 2013).

**B.    Summary judgment should issue because there is no dispute that Vicknair's opportunity to commit torts flowed from his employment, and no dispute that he abused his apparent authority.**

There is no dispute here that Vicknair's opportunity to commit torts arose from the course of his employment. It is undisputed that Vicknair met G.H. when he was assigned to transport her to the hospital for a sexual assault kit. It is undisputed that he used his position as an officer

to establish a relationship with G.H. As Defendants' witness Sgt. Jones wrote in his arrest affidavit:

> due to Officer Vicknair's <u>position as a New Orleans Police officer which he used this position to befriend the 15 year old victim</u> after transporting the victim to Children's Hospital to have a sexual assault kit completed for an unrelated sexual assault and then befriended he[r] and later sexually assaulting the victim himself therefore, Sergeant Lawrence Jones request the additional charge of Malfeasance in Office as defined in Louisiana statute 14:134.[15]

Louisiana Revised Statute 14:134 sets out the crime of malfeasance in office, which includes intentionally performing any "duty in an unlawful manner." The "malfeasance statute requires the offender to be acting in his official capacity and engaged in the performance of a duty . . . ." *State v. Hendry*, 996 So. 2d 352, 362 (La. App. 2nd 2008).

Here, the City's report concluded the following regarding the rule of "Adherence to Law" specific to malfeasance in office:

> Sergeant Lawrence Jones investigation <u>proved that beyond a preponderance of evidence</u> Officer Rodney Vicknair violated this rule when Officer Rodney Vicknair used his position as a public employee to befriend a 15-year-old victim after transporting her to Children's Hospital to have a sexual assault kit completed.[16]

The entire NOPD chain of command concurred with this finding: Lieutenant Darryl Watson, Captain Sabrina Richardson, Deputy Chief Arlinda Westbrook, and Superintendent Ferguson all signed "concur."[17]

And finally, this Court already determined that "there is no genuine issue of material fact as to whether Vicknair" committed acts against G.H. "while acting under color of state law." R. Doc. 107 at 15.

---

[15] Ex. A (NOPD Investigation), p. 14 (emphasis added).
[16] Ex. A, p. 17.
[17] Ex. A, p. 20.

Considering that the City's internal command structure unanimously agreed that it was "proved" beyond a "preponderance of evidence" that Vicknair used his law enforcement role for the opportunity to assault G.H., the City cannot reasonably dispute it now.

**C.    Summary judgment should issue because the four *LeBrane* factors weigh in favor of vicarious liability.**

The Louisiana Supreme Court in *LeBrane v. Lewis*, 292 So. 2d 216 (La. 1974) identified four factors for a court to consider in determining whether an employee's tort was committed in the course and scope of his employment: (1) whether the tortious act was primarily employment rooted; (2) whether the tort was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether it occurred during the hours of employment. 292 So.2d at 218. Later, in *Miller v. Keating*, 349 So. 2d 265 (La. 1977), the court clarified that vicarious liability does not require that all four of the factors be met; instead, each case "must be looked at on its own merits." And relevant here, the "scope of risks attributable to an employer increases with the amount of authority and freedom of action granted to the servant in performing his assigned tasks." *Richard v. Hall*, 874 So.2d 131, 139 (La. 2004).

Here, the four *LeBrane* factors weigh in favor of the City's liability. The first *LeBrane* factor - whether the tortious act was primarily employment rooted - is determined by "whether the employee's actions were so closely connected to his employment duties that the risk of harm faced by the victim was fairly attributable to his employer." *Mitchell v. CCA of Tenn., Inc.*, 2007 WL 837293, at *9 (W.D. La. March 15, 2007) (*citing Turner v. State*, 494 So.2d 1292, 1296 (La. App. 2d Cir. 1986)). In this case, there can be no question that Vicknair's misconduct was employment rooted, as the City itself arrested Officer Vicknair for "malfeasance in office" and concluded it was proven beyond a preponderance of evidence that he used his position to befriend the victim.

The second factor – whether the tort was reasonably incidental to the performance of the employee's duties – is also met here. For example, in *LeBrane*, the Louisiana Supreme Court found the owner of a hotel vicariously liable when a supervisor stabbed an employee whom he had terminated after their argument turned into a fight. The Court found the fight was "employment rooted," because it was reasonably incidental to the performance of the supervisor's duties in connection with firing the employee and getting him to leave the employer's premises.

Likewise, in *Doe v. Morris*, this District Court held the City of Thibodaux vicariously liable for a police officer's rape of an intoxicated woman he had escorted to her apartment. The court explained that merely because the employee's misconduct "is proscribed or performed in a forbidden manner does not remove the act from the scope of employment." *Doe*, 2013 U.S. Dist. LEXIS 106545, at *12 (quotation marks and citations omitted).  In finding a greater scope of risk in the employment of police officers, the court noted, "[t]he scope of risks attributable to an employer increases with the amount of authority and freedom of action granted to the servant in performing his assigned tasks." *Id*. (*quoting Richard v. Hall*, 874 So.2d at 139).

The fact that an employee's actions are criminal does not relieve an employer of liability. Courts have routinely considered criminal convictions as a basis for vicarious liability. *See, e.g., Barrios-Barrios v. Clipps*, 825 F. Supp. 2d 730, 743 (E.D. La. 2011) (holding that malfeasance conviction supported vicarious liability claim); *Applewhite v. City of Baton Rouge, supra,* (holding employer vicariously liable for on duty police officer who sexually assaulted victim and was subsequently convicted of malfeasance); *see also Bean v. Hunt*, No. 11-3157, 2013 WL 5890573, at *8 (E.D. La. Nov. 1, 2013) (rejecting municipality's argument that officers' malfeasance convictions relieved municipality of vicarious liability).

The third *LeBrane* factor considers whether the act occurred on the employer's premises. Per NOPD policy, the "authority of a New Orleans police officer extends to the geographic limits of the City of New Orleans."[18] Here, Officer Vicknair's sexual assault of G.H. occurred within the geographic limits of the City of New Orleans, and in the specific part of the City where Vicknair was assigned to patrol: NOPD's First District.

The fourth *LeBrane* factor considers whether the act occurred during the hours of employment. It is undisputed that Vicknair was on duty when he met G.H., and most of the times he went to her home. Officer Vicknair gave G.H. his cell phone number so she could reach him directly for service at any time, regardless of whether he was on or off duty. But Vicknair had just gone off-duty when he went directly from the police station to G.H.'s house to assault her.[19] This is certainly not dispositive, however. Just as it was not dispositive that the sexual assault in *Latullas* occurred just outside the outer perimeter of the prison, it is not dispositive that Vicknair's sexual assault occurred just outside his workshift. This factor provides some minor weight against vicarious liability, although it is worth noting that Vicknair was in a vehicle that still had his "NOPD placard in the front window"[20] and a bulletproof vest on the back seat.[21]

And finally, the *Richard v. Hall* consideration regarding "the amount of authority and freedom of action granted to the servant in performing his assigned tasks" weighs heavily in favor of the City's liability. As noted in *Doe v. Morris, supra,* there is a "unique position of trust and authority enjoyed by police officers." Police officers are given unusual authority and freedom of action in our society, and that therefore increases the "scope of risks attributable to an employer." *Richard, supra*, 874 So.2d at 139.

Summary judgment should issue.

---

[18] NOPD Operations Manual Ch. 1.1, ¶ 2. Available online at
https://nola.gov/getattachment/NOPD/Policies/Chapter-1-1-Law-Enforcement-Authority-EFFECTIVE-7-30-17.pdf/
[19] Ex. B (Vicknair Dep.), pp. 30-31.
[20] *Id*. at 29:8-10.
[21] *Id*. at 30:20-21.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests that this Court grant her motion for partial summary judgment as to vicarious liability on her state-law claims.

Respectfully Submitted:

**MOST & ASSOCIATES**

<u>*/s/ Hope A. Phelps*</u>
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 500-7974
Fax: (504) 414-6400
Email: hopeaphelps@outlook.com

***Counsel for Plaintiff, G.H.***