UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H. | * * * | CIVIL ACTION NO. 21-407 |
| | * | SECTION: "J" |
| VERSUS | * | JUDGE BARBIER |
| | * | |
| RODNEY VICKNAIR, et al | * | MAG. DIV. (4) |
| | * | MAGISTRATE JUDGE ROBY |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AFFIDAVIT OF LIEUTENANT LAWRENCE JONES

Lawrence Jones declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. The following statements are based on my personal knowledge and a review of New Orleans Police Department ("NOPD") records which were made and kept in the ordinary course of NOPD business.

2. I am a Lieutenant employed by the NOPD.

3. In 2020, I was assigned to the Public Integrity Bureau ("PIB") of the NOPD as investigator. In this role, I investigated complaints of misconduct against NOPD officers.

4. On Monday, September 21, 2020, I began an investigation against NOPD officer Rodney Vicknair in connection to a 15 year-old girl ("G.H.").

5. On September 21, 2020, I spoke with G.H.'s counselor. The counselor provided services to G.H. and her mother, identified as Rayne Hainey. The counselor reported that Ms. Hainey expressed concerns to the counselor about an NOPD officer who made inappropriate comments to G.H. and took a very inappropriate picture with G.H.

6. On September 21, 2020, I spoke with G.H.'s mother, Ms. Hainey, who reported that she was concerned about a relationship that NOPD officer Rodney Vicknair had with her 15



year-old daughter, G.H. Ms. Hainey described three incidents that particularly concerned her. These were (1) an incident when Mr. Vicknair shouted "nice ass" at G.H. while she was jogging; (2) an incident when Mr. Vicknair showed up at her residence unannounced at night, entered G.H.'s bedroom with the mother, and stared at G.H.'s breast when G.H. was awakened; and (3) Mr. Vicknair took an inappropriate picture with G.H. in which he was hugging G.H. from behind.

7. On Tuesday, September 22, 2020, I researched a sexual assault call that occurred on May 26, 2020, in which G.H. was the victim and Mr. Vicknair was dispatched to G.H.'s residence. A true and accurate copy of Supplemental Incident Report for that call (Item Number #-32154-20), a document that is made and kept in the ordinary course of NOPD business, is attached as **Exhibit 5** to the Response and Opposition of Defendants Shaun Ferguson and The City of New Orleans to Plaintiff's Motion for Partial Summary Judgment Against Defendant Rodney Vicknair ("City Defendants' Response and Opposition").

8. On Friday September 25, 2020, G.H. was interviewed at Children's Hospital Child Advocacy Center by a trained forensic interviewer (the "Forensic Interview"). I observed the entirety of the Forensic Interview remotely. A true and accurate copy of the recording of the Forensic Interview is attached as **Exhibit 1** to the City Defendants' Response and Opposition. During the Forensic Interview, among other things, G.H. described a sexual assault against her by Mr. Vicknair that occurred on the night of Wednesday, September 23, 2020, in which Mr. Vicknair touched G.H.'s breast under her shirt, and digitally penetrated G.H.'s vagina twice while being located inside of Mr. Vicknair's personal vehicle.

9. On Friday, September 25, 2020, I interviewed Rodney Vicknair. Following the interview, I informed Mr. Vicknair that his employment as an NOPD officer was immediately suspended. Mr. Vicknair was arrested on September 25, 2020, after the interview.

10.  Mr. Vicknair resigned from NOPD effective January 13, 2021.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed at New Orleans, Louisiana, this ____ day of June, 2023.

_____
Lieutenant Lawrence Jones
New Orleans Police Department