

# NEW ORLEANS POLICE DEPARTMENT OPERATIONS MANUAL

# CHAPTER: 44.1

## TITLE: CHILD AND DEPENDENT ADULT SAFETY

**EFFECTIVE: 04/02/2017**
**REVISED: Replaces policy/Procedure 380**

### PURPOSE

This Chapter provides guidelines to ensure that children (ages 17 and under) and dependent adults are not left without appropriate care in the event their parent, caregiver or guardian is arrested or otherwise prevented from providing care due to actions taken by members of this department. Traumatic childhood experiences such as observing a parent's arrest can have both physical and psychological impacts and produce long-term behavioral issues. This Chapter provides guidelines to help minimize trauma and support a child's or dependent adult's physical safety and well-being following an arrest.

This Chapter does not address the actions to be taken during the course of a child abuse or dependent adult investigation. These are covered in **Chapter 42.19 - Child Abuse** and **Chapter 42.18 - Adult Abuse.**

### POLICY STATEMENT

1.     It is the policy of this department to mitigate, to the extent reasonably possible, the stressful experience individuals may have when a parent or caregiver is arrested.

2.     The New Orleans Police Department will endeavor to create strong cooperative relationships with local community-based social services to ensure an effective, collaborative response that addresses the needs of those affected.

### DEFINITIONS:

Definitions relevant to this Chapter include:

**Adult with disability**—An individual who is twenty-one to sixty-four years of age and disabled according to Medicaid standards or the Social Security Administration's disability criteria.

**Child / Minor Child**—A person under the age of eighteen years who has not been judicially emancipated or emancipated by marriage as provided by law (CHC Art. 502).

**Dependent Adult**—Any individual eighteen years of age or older, or an emancipated minor who, due to a physical, mental, or developmental disability or the infirmities of aging is unable to manage his/her own resources, carry out the activities of daily living, or protect him/herself from abuse, neglect, or exploitation.

CNO-0058

EXHIBIT
8D

**Caregiver**—Any person or persons, either temporarily or permanently, responsible for the care of a child or a person who is aged or an adult with a physical or mental disability. "Caregiver" includes but is not limited to adult children, parents, relatives, neighbors, daycare personnel, adult foster home sponsors, personnel of public and private institutions and facilities, adult congregate living facilities, and nursing homes which have voluntarily assumed the care of a person who is aged or an adult with a disability, have assumed voluntary residence with a person who is aged or an adult with a disability, or have assumed voluntary use or tutelage of the assets, funds, or property of a person who is aged or a person with a disability, and specifically shall include city, parish, or state law enforcement agencies.

**Elderly or elder**—An individual who is sixty-five years of age or older.

**Guardian**—A person appointed by a court to make decisions regarding the support, care, education, health, or welfare of a person.

## PRE-ARREST PLANNING

3.   Call takers at the OPCD - PSAP (Communication Services) should ask callers if a child or dependent adult is present at the scene.

4.   If Communication Services determines that a child or dependent adult is present at the scene of a reported incident, responding officers shall be notified.

5.   When service of an arrest or search warrant is planned:
     (a) When possible, officers shall determine whether any child is likely to be present at the location.
     (b) When reasonably possible, officers may delay an arrest until the child is not likely to be present (e.g., at school or daycare), or consider another time and place for making the arrest. If delay is not possible, arrangements should be made in advance to have representatives from an appropriate partner organization at the scene or on call.
     (c) When reasonably possible, officers shall determine if the arrestee and other family members are English-language proficient. If not, arrangements should be made to provide a translator. Absent exigent circumstances, a parent should not be allowed to interpret for a child and a child should not be allowed to interpret for a parent.

## PROCEDURES DURING AN ARREST

6.   When encountering an arrest situation, officers should make reasonable attempts to determine if the arrestee is responsible for minor dependent children or dependent adults. In some cases this is obvious, such as when children or dependent adults are present. However, officers should inquire if the person has any other dependent minor children or adults who are without appropriate supervision. The following steps should be taken:
     (a) Inquire about and confirm the location of any children or dependent adults.
     (b) Look for evidence of children and dependent adults. Officers should be mindful that some arrestees may conceal the fact that they have dependents for fear the individual may be taken from them.
     (c) Inquire of witnesses, neighbors, friends and relatives of the arrestee as to whether the person is responsible for a dependent child or adult.

7.   Whenever reasonably possible, officers should take reasonable steps to accomplish the arrest of a parent, guardian or caregiver out of the presence of his/her child or dependent adult. Removing children or dependent adults from the scene in advance of

the arrest will generally ensure the best outcome for the individual. In order to separate a child or dependent adult from a caregiver, the officer may say one of the following:

    (a) "I need to talk to your mom/dad/caregiver alone."
    (b) "Ma'am/Sir, I need to talk with you alone. Is there some place your child/children can safely wait or someone that you trust who can watch your child/children while we talk?"
    (c) "I'm sorry I need to ask you not to discuss this matter in front of your child/children because we do not want to upset them."

8.    Whenever it is safe to do so, officers should allow the parent or caregiver to assure children or dependent adults that they will be provided care. If this is not safe or if the demeanor of the parent or caregiver suggests this conversation would be nonproductive, the officer at the scene should explain the reason for the arrest in age-appropriate language and offer reassurance to the dependent child or adult that he/she will receive appropriate care.

9.    Make the arrest, whenever reasonable and prudent, including handcuffing and questioning, in a location away from the child's sight and hearing.

**AFTER AN ARREST**

10.    Whenever an arrest is made, the officer should take all reasonable steps to ensure the safety of the arrestee's disclosed or discovered minor children or dependent adults. Some examples of language that can convey what is happening is:

    (a) "Your parent broke the law. It's like a grown-up rule for keeping us safe like following the speed limit or wearing your seatbelt. We need to take your mom/dad to the police station to learn more about what happened; he/she will be okay. Is there someone you would feel safe/comfortable staying with for a little while? Let me check with your parent to see if that would be okay.
    (b) "I have to take your parent to the police station to talk about some things. We'll let you know when you can see your parent. In the meantime, who do you want me to call to be with you?"

11.    Officers should allow the arrestee reasonable time to arrange for care of minor children and dependent adults. Temporary placement with family or friends may be appropriate. However, any decision should give priority to a care solution that is in the best interest of the child or dependent adult. The following guidelines should be followed:

    (a) Allow the person reasonable time to arrange for the care of minor children and dependent adults with a responsible party, as appropriate.
        1. Unless there is evidence to the contrary (e.g., signs of abuse, drug use, unsafe environment), officers should respect the parent or caregiver's judgment regarding arrangements for care. It is generally best if the child or dependent adult remains with relatives or family friends that he/she knows and trusts. Consideration regarding familiarity with the surroundings, comfort, emotional state and safety should be paramount.
        2. Except when a court order exists limiting contact, the officer should attempt to locate and place dependent children or adults with a non-arrested parent or guardian.
    (b) Provide for the immediate supervision of minor children or a dependent adult until an appropriate caregiver arrives.
    (c) Notify the Louisiana Department of Children and Family Services as appropriate.
    (d) Notify his/her immediate supervisor or Platoon Commander of the disposition of minor children or dependent adults and include the disposition in the incident report.

12.    If children or dependent adults are at school or a known location outside the household at the time of arrest, the arresting officer should attempt to contact the school or other known location and inform the principal or appropriate responsible adult of the caregiver's arrest and of the arrangements being made for the care of the arrestee's dependents. The result of such actions should be included in the associated report.

13.    Officer(s) shall remain at the scene of the arrest until the child or dependent adult is in the care of a caregiver.

14.    A preliminary NCIC check shall be conducted on the caregiver chosen by the parent as soon as reasonably possible. Any arrest for child abuse, sexual crimes, domestic violence, elder abuse, recent arrests for drug offenses, or other violent felonies shall disqualify the individual from taking custody of the child or dependent adult.

15.    If the parent is unable to provide reassurance to the child or dependent adult, the officer shall provide an explanation, in an age- and developmentally-appropriate manner. It should be emphasized that the child or dependent adult has done nothing wrong and will be safe.

16.    When reasonably possible, the officer shall ask the parent or guardian about items or objects that provide particular comfort to the child, such as toys, clothing, blankets, photographs or food that can be taken with the child.

17.    The officer shall ask the parent or guardian about any medical, behavioral, or psychological conditions and/or required treatments of the child or dependent adult that would become the responsibility of a caregiver.

## REPORTING

18.    Reporting should meet these minimum requirements:

(a) For all arrests where children are present or living in the household, the reporting member will document the following information about the children:
1. Names;
2. Sex;
3. Age;
4. How, where and with whom or which agency the child was placed;
5. Which school the child attends;
6. Any of the child's special needs such as medical or mental health conditions, physical impairments or limitations, allergies, or developmental disorders
7. The identities, addresses, and contact information for any actual or potential caregivers;
8. Names and contact information of any representatives from partner organizations involved;
9. Names and contact information of any adult contacted for notification purposes, such as school officials; and
10. Any information or observations that suggest the need for further investigation into the child's living conditions and general well-being, such as any indications of a household in crisis.

(b) For all arrests where dependent adults are present or living in the household, the reporting member should document the following information about the dependent adult:
1. Identity;
2. Whether he/she reasonably appears able to care for him/herself;

3.  Disposition or placement information if he/she is unable to care for him/herself;
4.  Any of the dependent adult's special needs such as medical or mental health conditions, physical impairments or limitations, allergies, or developmental disorders;
5.  The identities, addresses, and contact information for any actual or potential caregivers;
6.  Names and contact information of any representatives from partner organizations involved;
7.  Names and contact information of any persons contacted for notification purposes; and
8.  Any information or observations that suggest the need for further investigation into the dependent adult's living conditions and general well-being, such as any indications of a household in crisis.

## DEPENDENT WELFARE SERVICES

19.  Whenever an arrestee is unwilling or incapable of arranging for the appropriate care of any dependent minor children or adults, the handling officer should consider taking the children or dependent adults into protective custody and placing them with the appropriate welfare service or other department-approved social service.

20.  Under no circumstances should a child or dependent adult be left unattended or without appropriate adult supervision or care.

## SAFE HAVEN RELINQUISHMENT

21.  The Safe Haven Law, enacted April 2000, is intended to encourage a parent who is otherwise tempted to abandon or discard a child, to instead, ensure that the infant will be provided medical care and shelter and ultimately be adopted by others. The law gives parents a mechanism to safely and anonymously relinquish the care of their newborn to the state without fear of prosecution. The law provides the relinquishing parent an affirmative defense against criminal abandonment if the circumstances meet the criteria for "safe haven" relinquishments.

22.  An officer may take physical custody of an infant who is not more than 60 days old under the following circumstances (**Louisiana Children's Code Chapter 13 Article 1149 - 1160**):
     (a)  The parent voluntarily relinquishes custody and says he/she will not return for the child and intends to forgo all parental responsibilities or states they wish to utilize the **Safe Haven Law**;
     (b)  The parent voluntarily delivers the child safely to the officer; and
     (c)  The child has not been abused or neglected by the parent prior to the voluntary delivery.

23.  The parent may do this anonymously (they do not have to provide their name or any other information); however, the child must be handed to the officer (or employee at an emergency care facility, police station or fire department).

24.  The Child Abuse Unit shall be contacted **<u>immediately</u>** and arrange for the immediate transportation of the child to the nearest hospital.

## ELDER ASSISTANCE

25.  If it is determined that an arrested person is a caregiver who provides assistance to a

dependent elder, the dependent elder may require placement with protective services.

26.    An officer who learns of the need for the placement of a dependent elder into protective custody should notify the Child Abuse Unit. The Child Abuse Unit shall contact the Louisiana Office of Aging and Adult Services 800-898-4910 to obtain assistance. In an emergency situation with an elderly person who does not have capacity, an Order for Protective Custody (OPC) can be obtained.

## TYPES OF ELDER ASSISTANCE

27.    Various types and levels of assistance may be available for elders in need of assistance. These include:

    (a) <u>Mental health assistance</u> - When a caregiver is unable to provide care due to arrest, persons who suffer from a mental disorder will have to be taken into protective custody. After notification by the Communication Services, a representative from Adult / Elderly Protective Services will respond to the scene. If there is a mental or developmental disability requiring placement, the Metropolitan Human Services District (MHSD) will need to be contacted at (504) 568-3130 or http://www.mhsdla.org/home.

    (b) <u>Additional services for assistance</u> - Additional services may be available by contacting the Office of Aging and Adult Services at 1-800-898-4910 for ages 18-59 and 1-800-259-4990 for age 60+. The website is www.doa.la.gov.

# PAGE
# INTENTIONALLY
# OMITTED

# ARCHIVED DO NOT USE

| Policy **380** | New Orleans Police Department |
|---|---|
| | Policy Manual |

# CHILD AND DEPENDENT ADULT SAFETY

## 380.1   PURPOSE AND SCOPE

This policy provides guidelines to ensure that children (ages 17 and under) and dependent adults are not left without appropriate care in the event their caregiver or guardian is arrested or otherwise prevented from providing care due to actions taken by members of this department.

This policy does not address the actions to be taken during the course of a child abuse or dependent adult investigation. These are covered in the Child Abuse and Adult Abuse policies.

## 380.2   POLICY

It is the policy of this department to mitigate, to the extent reasonably possible, the stressful experience individuals may have when a parent or caregiver is arrested. The New Orleans Police Department will endeavor to create a strong cooperative relationship with local community-based social services to ensure an effective, collaborative response that addresses the needs of those affected.

## 380.3   PROCEDURES DURING AN ARREST

When encountering an arrest situation, officers should make reasonable attempts to determine if the arrestee is responsible for minor dependent children or dependent adults. In some cases this is obvious, such as when children or dependent adults are present. However, officers should inquire if the person has any other dependent minor children or adults who are without appropriate supervision. The following steps should be taken:

(a)   Inquire about and confirm the location of any children or dependent adults.

(b)   Look for evidence of children and dependent adults. Officers should be mindful that some arrestees may conceal the fact that they have dependents for fear the individual may be taken from them.

(c)   Inquire of witnesses, neighbors, friends and relatives of the arrestee as to whether the person is responsible for a dependent child or adult.

Whenever reasonably possible, officers should take reasonable steps to accomplish the arrest of a parent, guardian or caregiver out of the presence of his/her child or dependent adult. Removing children or dependent adults from the scene in advance of the arrest will generally ensure the best outcome for the individual.

Whenever it is safe to do so, officers should allow the parent or caregiver to assure children or dependent adults that they will be provided care. If this is not safe or if the demeanor of the parent or caregiver suggests this conversation would be nonproductive, the officer at the scene should explain the reason for the arrest in age-appropriate language and offer reassurance to the dependent child or adult that he/she will receive appropriate care.

## 380.3.1   AFTER AN ARREST

Whenever an arrest is made, the officer should take all reasonable steps to ensure the safety of the arrestee's disclosed or discovered minor children or dependent adults.

CHILD AND DEPENDENT ADULT SAFETY - 70

Adopted: 2012/11/18 © 1995-2012 Lexipol, LLC

ARCHIVED DO NOT USE
New Orleans Police Department
Policy Manual

*CHILD AND DEPENDENT ADULT SAFETY*

Officers should allow the arrestee reasonable time to arrange for care of minor children and dependent adults. Temporary placement with family or friends may be appropriate. However, any decision should give priority to a care solution that is in the best interest of the child or dependent adult. The following guidelines should be followed:

(a)   Allow the person reasonable time to arrange for the care of minor children and dependent adults with a responsible party, as appropriate.

   1.   Unless there is evidence to the contrary (e.g., signs of abuse, drug use, unsafe environment), officers should respect the parent or caregiver's judgment regarding arrangements for care. It is generally best if the child or dependent adult remains with relatives or family friends that he/she knows and trusts. Consideration regarding familiarity with the surroundings, comfort, emotional state and safety should be paramount.

   2.   Except when a court order exists limiting contact, the officer should attempt to locate and place dependent children or adults with a non-arrested parent or guardian.

(b)   Provide for the immediate supervision of minor children or a dependent adult until an appropriate caregiver arrives.

(c)   Notify the Louisiana Department of Children and Family Services as appropriate.

(d)   Notify the Field Supervisor or Platoon Commander of the disposition of minor children or dependent adults.

If children or dependent adults are at school or a known location outside the household at the time of arrest, the arresting officer should attempt to contact the school or other known location and inform the principal or appropriate responsible adult of the caregiver's arrest and of the arrangements being made for the care of the arrestee's dependents. The result of such actions should be included in the associated report.

**380.3.2   REPORTING**
Reporting should meet these minimum requirements:

(a)   For all arrests where children are present or living in the household, the reporting employee will document the following information:

   1.   Names

   2.   Sex

   3.   Age

   4.   How, where and with whom or which agency the child was placed

   5.   Which school the child attends

(b)   For all arrests where dependent adults are present or living in the household, the reporting employee should document the following information about the dependent adult:

   1.   Identity

   2.   Whether he/she reasonably appears able to care for him/herself

   3.   Disposition or placement information if he/she is unable to care for him/herself

Adopted: 2012/11/18 © 1995-2012 Lexipol, LLC
**CNO-0066**

# ARCHIVED DO NOT USE
## New Orleans Police Department
Policy Manual

*CHILD AND DEPENDENT ADULT SAFETY*

## 380.4    DEPENDENT WELFARE SERVICES

Whenever an arrestee is unwilling or incapable of arranging for the appropriate care of any dependent minor children or adults, the handling officer should consider taking the children or dependent adults into protective custody and placing them with the appropriate welfare service or other department-approved social service.

Under no circumstances should a child or dependent adult be left unattended or without appropriate care.

The Child Abuse Unit will be contacted and be called to the scene to evaluate the situation.

## 380.5    SAFE HAVEN RELINQUISHMENT

An officer may take physical custody of an infant who is not more than 30 days old under the following circumstances (Ch. C. 1149 et seq.):

(a)    The parent voluntarily relinquishes custody and says he/she will not return for the child and intends to forgo all parental responsibilities or states they wish to utilize the Safe Haven Law.

(b)    The parent voluntarily delivers the child safely to the officer.

(c)    The child has not been abused or neglected by the parent prior to the voluntary delivery.

The parent may do this anonymously (they do not have to provide their name or any other information) however, the child must be handed to the officer (or employee at an emergency care facility, police station or fire department).

The child abuse detective shall arrange for the immediate transportation of the child to the nearest hospital.

## 380.6    ELDER ASSISTANCE

If it is determined that an arrested person is a caregiver who provides assistance to a dependent elder the dependent elder may require placement with protective services.

An officer who learns of the need for the placement of a dependent elder into protective service should notify the Command Desk.  The Command Desk shall contact Elderly Protective Services (504) 835-3005 or 800-673-4673 to obtain assistance.   In an emergency situation with an elderly person who does not have  capacity  an Order for Protective Custody (OPC) can be obtained.

## 380.6.1    TYPES OF ELDERLY ASSISTANCE

Various types and levels of assistance may be available for elders in need of assistance. These include:

•     PR380.2 Mental disorders
      When a caregiver is unable to provide care due to arrest, persons who suffer from a mental disorder will have to be put in protective service.
      After notification by the Command Desk a representative from Adult Protective Services will respond to the scene. If there is mental retardation requiring placement, the Metropolitan Human Services District (MHSD) will need to be contacted at (504) 599-0245 or http://www.mhsdla.org/home

•     PR380.3 Additional services for assistance
      Additional services may be available by contacting the following:

Adopted: 2012/11/18 © 1995-2012 Lexipol, LLC

**CNO-0067**

# ARCHIVED DO NOT USE
## New Orleans Police Department
Policy Manual

---

*CHILD AND DEPENDENT ADULT SAFETY*

---

Elderly Protective Services (State of Louisiana). Will merge to Office of Aging and Adult Services (800) 673-4673 http://goea.louisiana.gov/

Elderly Protective Services (local) 320 Hammond Highway Suite 300 Metairie, Louisiana 504-835-3005

Adult Protective Services (APS) (800) 898-4910 (24 hours) www.prd.doa.louisiana

---

Adopted: 2012/11/18 © 1995-2012 Lexipol, LLC

**CNO-0068**

## ARCHIVED DO NOT USE

**PR380**

**New Orleans Police Department**
Procedure Manual

# Child and Dependent Adult Safety

### PR380.1   ELDERLY

For elderly persons who are in need of assistance if the caregiver is unable due to arrest will have to be put in protective service.

The Elderly Protective Services (504) 835-3005 or 800-673-4673 are to be contacted by the Command Desk in an emergency situation with an elderly person who does not have "Capacity" an OPC can be obtained.

### PR380.2   MENTAL DISORDERS

For persons who suffer from a mental disorder where the caregiver is unable due to arrest will have to be put in protective service.

A representative from Adult Protective Services will come out to scene, once contacted by the Command Desk. If there is mental retardation for placement

**Metropolitan Human Services District (MHSD)**

will need to be contacted at (504) 599-0245. ( http://www.mhsdla.org/home/)

### PR380.3   ADDITIONAL SERVICES FOR ASSISTANCE

Below are contact numbers for reference.

Info on Elderly Protective Services (State of LA):

Will be merging to Office of Aging & Adult Services

(800) 673-4673

http://goea.louisiana.gov/

Elderly Protective Services (Local)

320 Hammond Highway Suite 300

Metairie, Louisiana

504-835-3005

Adult Protective Services (APS)

(800) 898-4910 (24hrs)

www.prd.doa.louisiana

Child and Dependent Adult Safety - 45