UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SHAUN FERGUSON'S AND CITY OF NEW ORLEANS' *DAUBERT* MOTION TO LIMIT TESTIMONY OF SHANNON E. SMITH, LPC-S, NCC

Defendants, Shaun Ferguson and the City of New Orleans (the "City Defendants") respectfully request the Court to exclude all or parts of the opinion testimony of Plaintiff's designated expert, Shannon E. Smith, LPC-S, NCC, from the trial of this matter. Plaintiff retained Ms. Smith, a licensed professional counselor-supervisor, to assess Plaintiff's current mental health and possible effects of her "victimization" by Rodney Vicknair. As is more fully explained in the accompanying memorandum, the City Defendants seek limitation as to four aspects of Ms. Smith's potential opinion testimony in this case.

*First*, Ms. Smith, at her deposition, conceded that she could not offer an opinion as to whether any of Plaintiff's numerous mental health issues that Plaintiff currently suffers from are connected to any conduct of Mr. Vicknair. Ms. Smith acknowledged that Plaintiff suffered from many events over the course of many years which reasonably could have had adverse effects upon Plaintiff's current mental health. If Ms. Smith provided any testimony regarding Plaintiff's current mental health or any effects of Mr. Vicknair's misconduct upon Plaintiff, such testimony would be based on speculation, and would be unreliable and unduly prejudicial, and should therefore be excluded.

*Second*, Ms. Smith testified as to statements made by Plaintiff concerning how she was affected by Mr. Vicknair's actions. Given the absence of any objective findings concerning any effect upon Plaintiff's mental health by Mr. Vicknair's actions, these self-serving statements by Plaintiff are not properly the basis of any opinion and should be excluded.

*Third*, Ms. Smith opined on "best practices" regarding law enforcement for which she has no expertise.

*Fourth*, Ms. Smith opined as Mr. Vicknair's motivations in connection to Plaintiff, although Ms. Smith never evaluated Mr. Vicknair.

These opinions should be excluded pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), *Kumho Tire Company v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), and Federal Rule of Civil Procedure Rules 702 and 403.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for Shaun Ferguson and the City of New Orleans*