UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>        Plaintiff,<br>    v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>        Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

### Opposition to Motion for Leave to Take Deposition of Andrea Wright After Discovery Cutoff

In R. Doc. 128, Defendants seek leave to take the deposition of a third-party witness, Andrea Wright, after the discovery cutoff. That motion should be denied for two reasons.

First, the motion should be denied because Defendants did not show diligence in seeking to take Ms. Wright's deposition during the two and a half years of the discovery period. Defendants waited until January 12, 2024 – eleven days before the discovery cut-off – to begin trying to serve Ms. Wright with a deposition subpoena.[1] Then, they sought to serve her with a subpoena for a deposition that had not been noticed or scheduled among the parties.[2]

But even if Defendants *had* served Ms. Wright with a subpoena on January 12 for a January 22 deposition, they would likely not have been able to actually depose her. That is because ten days is a "clearly unreasonable" timeframe for a third-party deposition notice, and should be

---

[1] R. Doc. 128-4 (Declaration of Process Server).
[2] R. Doc. 128-2 (Corr. of Counsel) (noting that Ms. Wright's deposition was "not noticed, scheduled, or subpoenaed. . . . We had a tentative date for Wright's depo, but no time locked down, and we haven't seen any subpoena.")

1

quashed.[3] Finally, Defendants waited until four minutes before the close of discovery to seek leave for more time to depose her.[4] All this does not show diligence.

Second, the motion should be denied because the relief Defendants seek is unreasonable. Defendants ask that the "deadline to take Ms. Wright's deposition be extended to March 15, 2024."[5] But March 15 is the last business day before trial. That would be a serious imposition on Plaintiff, whose team will be fully preparing for trial.

By contrast, Plaintiff's two motions to depose witnesses after the discovery cut-off were very different. Those motions involved depositions of Defendants' employees whose depositions had been scheduled, noticed, and subpoenaed to occur before the discovery cut-off, but who had to be rescheduled due to reasons like severe weather and the convenience of the witness.

Defendants' motion to take the deposition of the third-party witness Andrea Wright after the discovery cutoff should be denied.

Respectfully submitted,

*/s/ William Most*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

***Counsel for Plaintiff, G.H.***

---

[3] *See Hall v. Louisiana,* 2014 U.S. Dist. LEXIS 56165, 2014 WL 1652791, at *13 (M.D. La. April 23, 2014) (quashing subpoenas that gave non-parties between 12 and 9 days to comply because the "timeframes are clearly unreasonable, particularly when the 14 day period for serving objections under [Rule 45(d)(2)(B)] is generally considered a reasonable time"); *see also Dixon v. Greyhound Lines, Inc.*, 2014 U.S. Dist. LEXIS 162234, *11 (M.D. La. Nov. 19, 2014) (nine day timeline "unreasonable" for third-party deposition), *citing Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resource, Inc.*, 2004 U.S. Dist. LEXIS 4833, 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004) (on its face, 14 days to respond to subpoena to produce documents is generally considered reasonable, but reasonableness may vary depending on the circumstances of each case); *Hernandez v. City of Corpus Christi*, 2011 U.S. Dist. LEXIS 60452, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (quashing subpoena duces tecum that gave 10 days for compliance).
[4] R. Doc. 128 (filed at 11:56 p.m. on Jan. 23, 2024).
[5] R. Doc. 128-1 at 2.