UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>Plaintiff,<br>v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**Memorandum in Support of Motion to Designate NOPD Superintendent Anne Kirkpatrick as Plaintiff's Non-Retained Expert**

In this motion, Plaintiff asks this Court for leave to designate Superintendent Kirkpatrick, the Chief of NOPD, as Plaintiff's non-retained expert.

On December 26, 2023, Defendants identified Superintendent Kirkpatrick for the first time as a potential witness. R. Doc. 112. They indicated that her testimony "may cover NOPD's policies, practices and procedures." *Id.*

At 1:30 p.m. on January 30, 2024, Plaintiff heard Superintendent Kirkpatrick's testimony for the first time at her deposition. Superintendent Kirkpatrick provided important opinion testimony, including that:

(1) A person with Vicknair's criminal history should not be hired as a police officer;

(2) That NOPD should immediately take an officer off the street once they have warning signs like NOPD had with Vicknair;

(3) That NOPD should have a system to identify suspicious patterns of officer behavior in GPS data or trip sheets.

Minutes after the deposition, Plaintiff designated Superintendent Kirkpatrick as a non-retained expert.

The City objects, however, to the timing of this designation. It objects even though the timing is due to the City's own choices: the City failed to update its initial disclosures to list Superintendent Kirkpatrick and identified her as a witness for the first time on December 26, 2023 in a pre-trial witness list.

Because the timing of this designation is the result of the City's choices, and because the City cannot claim prejudice regarding the opinion testimony of its own Chief of Police, this motion should be granted.

### A. Factual and Procedural Background

Plaintiff filed this case on February 24, 2021. R. Doc. 1.

In August 2021, the parties exchanged initial disclosures. The City's initial disclosures did not include Superintendent Kirkpatrick as a potential witness, because she was not Superintendent at the time. Several times during litigation, Plaintiff updated her initial disclosures. The City never did, even after the appointment of Superintendent Kirkpatrick.

On December 26, 2023, the City filed its pre-trial witness and exhibit list. R. Doc. 112. The City's witness list included a range of witnesses who had not been identified in initial disclosures, including Superintendent Kirkpatrick, Capt. Precious Banks, Capt. Bruce Haney, Capt. Lejon Roberts, Lt. Nicole Powell, and Sgt. David Barnes.

On January 17, 2024, this Court granted Plaintiff leave to take Superintendent Kirkpatrick's deposition after the January 23 discovery cutoff. R. Doc. 123. Plaintiff took the deposition of Superintendent Kirkpatrick on January 30, 2024. At that deposition, Superintendent Kirkpatrick provided key opinion testimony regarding how NOPD should have handled the hiring and supervision of Rodney Vicknair, and what training is necessary for officers. Critically, she testified that NOPD should not allow an officer to remain on the street once it knows of the warning signs that NOPD knew about Vicknair on September 21, 2020. If NOPD had removed

Vicknair from the street on that date, he would not have been able to sexually assault G.H. a final time on September 23, 2020.

During the deposition, Plaintiff's counsel announced the intent to designate Superintendent Kirkpatrick as an expert. As a result, Defendants' counsel was able to question her with that capacity in mind, and asked her questions about her opinions.

In a post-deposition meet-and-confer, Defendants' counsel indicated their opposition to Superintendent Kirkpatrick's designation as an expert.

**B.     This Court should grant Plaintiff leave to designate Superintendent Kirkpatrick because the timing is due to the City's choices and because there is no prejudice to the City from the testimony of its own witness.**

Federal Rule of Civil Procedure 26(a)(2)(D) provides that in the absence of a court order or stipulation of the parties, expert disclosures are to be provided "at least 90 days before the date set for trial." In its scheduling order, this Court set a deadline for the disclosure of the written reports of retained experts. R. Doc. 84. It did not set a deadline for the disclosure of non-retained experts. Accordingly, the deadline is set by the Rule 26(a)(2)(D) default, which fell on December 19, 2023.

Here, the fact that Plaintiff did not designate Superintendent Kirkpatrick as a non-retained expert by December 19 is entirely the fault of the City. The City did not identify Superintendent Kirkpatrick in updated initial disclosures, and waited until filing its pre-trial witness list – a week after the non-retained expert deadline – to identify Superintendent Kirkpatrick as a potential witness.

Plaintiff moved with diligence once Superintendent Kirkpatrick was identified, taking her deposition on January 30, 2024. And then Plaintiff designated her as an expert within minutes of the end of the deposition.

Furthermore, there is no prejudice to the City from Superintendent Kirkpatrick being identified as Plaintiff's expert: Superintendent Kirkpatrick works for the City and was chosen *by*

the City to be a witness. The City can hardly claim prejudice from the opinions of its own Chief of Police.

Finally, Superintendent Kirkpatrick is extremely well qualified to be an expert in police practices and training. She has twenty-one years of command-level experience in law enforcement, and has served as the chief of Chief of Police in four cities. Ex A at 2, 5. She has been a National Instructor for the FBI's Law Enforcement Executive Association's Leadership Training Program. *Id*. at 5. She has training from the FBI National Academy at Quantico, and the FBI National Executive Institute (NEI). *Id*. at 10. She was Commissioner for the Washington State Criminal Justice Training Commission, and a member of the International Association of Chiefs of Police and Police Executive Research Forum. *Id*. She is more than qualified to be an expert witness.

**C.     Conclusion**

This Court should grant Plaintiff's motion for leave to identify Superintendent Kirkpatrick as Plaintiff's non-retained expert witness.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

***Counsel for Plaintiff, G.H.***