UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO PLAINTIFF'S MOTION TO DESIGNATE NOPD CAPTAIN PRECOUS BANKS AS PLAINTIFF'S NON-RETAINED EXPERT**

Defendants, Shaun Ferguson and the City of New Orleans (collectively, "Defendants") oppose Plaintiff's Motion to Designate NOPD Captain Percious Banks as Plaintiff's Non-Retained Expert (Doc. 119) (the "Motion"), and respectfully show the following.

**INTRODUCTION**

Plaintiff's Motion should be denied because: (1) "opinions" concerning the existence of probable cause and the reasonableness of police officers' actions are legal conclusions that are not proper subjects of expert testimony; (2) Defendant's witness did not express the "opinions" that Plaintiff attributes to her; and (3) Plaintiff's designation is untimely.[1]

**BACKGROUND**

In late 2023, Plaintiff's counsel circulated a draft list of potential topics for a deposition of a representative of the City of New Orleans pursuant to Federal Rule of Civil Procedure 30(B)(6). Based on the listed topics, Defendants determined that New Orleans Police Department ("NOPD") Captain Precious Banks should serve as a witness for the 30(B)(6) deposition and trial. Captain Precious Banks is the NOPD officer in charge of Public Integrity Bureau ("PIB"), the department

---

[1] Federal Rule of Civil Procedure 26(a)(2)(D)(i).

1

that investigates complaints of NOPD police misconduct and makes recommendations regarding discipline to decisionmakers within the chain of command.[2] On December 26, 2023, Defendants identified Captain Banks as a trial witness and described the subject matter of her testimony:

> Testimony will relate to NOPD Public Integrity Bureau ("PIB") investigation of Defendant Rodney Vicknair ("Vicknair"), Vicknair's work history and NOPD discipline history, discipline history of other NOPD officers relevant to sexual assault and child abuse, and NOPD policy, procedures, and practices related to PIB and discipline of officers.[3]

On January 3, 2024, Plaintiff served Defendants with a Second Amended Notice of 30(B)(6) Deposition & Request to Bring Documents, Information, or Objects.[4] Topic 6 requested that Defendants make a witness available for deposition to testify as to:

> The NOPD / Public Integrity Bureau's investigation into and conclusions regarding the ***sexual assault*** of G.H. by Rodney Vicknair and any other policy violation ***related to that incident***."[5]

## DEPOSITION TESTIMONY OF CAPTAIN BANKS

Captain Banks was deposed on January 10, 2024.[6] In preparation for the deposition, Captain Banks reviewed a PIB Investigation Report, dated February 19, 2021.[7] The report described a meeting on Monday, September 21, 2020, between Plaintiff's mother and an NOPD officer, in which Plaintiff's mother stated that she had three concerns about Mr. Vicknair: (1) Mr. Vicknair shouted "nice ass" at Plaintiff while she was running; (2) Mr. Vicknair took a photograph with Plaintiff in which he hugged her from behind; (3) Mr. Vicknair stared at Plaintiff's partially

---

[2] Exhibit A, Excerpts of Transcript of Deposition of Captain Precious Banks ("Banks Depo."), pp. 27:10 – 354:10.
[3] Doc. 112, p. 6, ¶ 1b.
[4] Exhibit B.
[5] *Id*., at ¶ 6 (emphasis added).
[6] Exhibit A.
[7] Exhibit C, Excerpts of PIB Investigation Report, by Sergeant Larence Jones, dated February 19, 2021 (the "PIB Investigation Report").

exposed breast when the mother had brought Mr. Vicknair into Plaintiff's bedroom; and (4) Mr. Vicknair was generally visiting and communicating with Plaintiff too often.[8]

According to the PIB Investigation Report, four days after the meeting between Plaintiff's mother and an NOPD PIB investigator, on Friday, September 25, 2020, Plaintiff reported to NOPD that she had been sexually assaulted by Mr. Vicknair two days previously. On that day, Plaintiff provided new and shocking details as to Mr. Vicknair's lewd conduct and communications with Plaintiff during the summer of 2020, including the sexual assault on September 23, 2020. Therefore, on September 25, 2020, based on the information provided by Plaintiff on September 25, 2020, an arrest warrant was obtained against Mr. Vicknair.[9] The arrest warrant reflected that the charge of Malfeasance in Office was based on an allegation that Mr. Vicknair "befriended [] *and later sexually assault[ed]* the victim[.]"[10]

At Captain Banks' deposition, she was asked, "[a]fter taking the statement from the child's mother and seeing the photograph, did NOPD have probable cause to arrest Vicknair?"[11] Captain Banks answered, subject to an objection, "Yes."[12] Later in her deposition, Captain Banks made it clear that: (1) prior to September 25, 2020, the date Mr. Vicknair was arrested, there was no indication to NOPD that Plaintiff had ever been sexually assaulted by Mr. Vicknair;[13] (2) there were "no previous red flags" concerning Mr. Vicknair:[14] and (3) there was nothing the NOPD could have done to prevent the sexual assault, which occurred on September 23, 2020.[15]

---

[8] *Id*, p. 3.
[9] *Id*, pp. 5-6.
[10] Exhibit D, Affidavit for Arrest Warrant, p. 2.
[11] Exhibit A, p. 17:7-9.
[12] *Id*, p. 17:13.
[13] *Id*., pp. 40:24 – 41:16.
[14] *Id*., pp. 41:20 – 42:20.
[15] *Id*.

3

## LAW AND ARGUMENT

Federal Rules of Evidence Rule 702 provides that a person may testify as an expert if:

1. The testimony is based upon sufficient facts or data;

2. The testimony is the product of reliable principles and methods; and

3. The witness has applied the principles and methods reliably to the facts of the case.[16]

Expert testimony may be excluded pursuant to Federal Rule of Evidence 403, which allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The party offering the expert's testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence.[17]

A party intending to present a non-retained expert must disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify" "at least 90 days before the date set for trial or for the case to be ready for trial."[18]

1. **Legal conclusions such as the existence of probable cause and the reasonableness of police conduct are not proper subjects of expert opinion testimony.**

It is well-settled that an expert witnesses may not testify as to legal conclusions.[19] The existence of probable cause and the reasonableness of law enforcement action are legal conclusions

---

[16] See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Company v. Carmichael*, 526 U.S. 137 (1999); *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004).
[17] *Moore v. Ashland Chem. Co.*, 151 F.3d 269, 276 (5th Cir. 1998).
[18] Fed. R. Civ. P. 26(a)(2)(C).
[19] *Sowell v. United States*, 198 F.3d 169, 171-172 (5th Cir. 1999) (excluding testimony of law professor that estate had acted reasonably).

that are not proper subjects of expert testimony.[20] Therefore, the opinion testimony proposed by Plaintiff – regarding the existence of probable cause and the reasonableness of NOPD's actions – is not proper and should be excluded.

### 2. Plaintiff's proffered "opinions" regarding probable cause and reasonableness of NOPD's actions are not supported by facts and are excludable under Rules 702 and 403.

Captain Bank's comments regarding probable cause were made in response to an ambiguous question by Plaintiff's counsel.[21] Plaintiff's counsel's question failed to specify what was meant by "after" the meeting with Plaintiff's mother. Given the actual PIB investigation into Mr. Vicknair's misconduct and the ultimate conclusions reached, it is evident that NOPD did not make any determination as to the existence of probable cause until September 25, 2020. In fact, the PIB Investigation Report details the additional information provided by Plaintiff to NOPD on September 25, 2020, and the warrant affidavit shows that probable cause was based on information provided by Plaintiff on September 25, 2020.[22]

Given that Plaintiff seeks to designate Captain Banks with respect to a misleading interpretation of her testimony, it cannot be said that her "opinion" meets the standards of reliability required by Rule 702(1), *Daubert* and *Kumho*. In addition, Plaintiff's attempt to misuse the Court's gatekeeping function demonstrates the exact type of danger Rule 702 and *Daubert*

---

[20] See *Day v. Baton Rouge City Police*, No. 17-328-EWD, 2020 WL 7024478, *5 (M.D. La. Nov. 30, 2020) (excluding expert testimony regarding probable cause and reasonableness of the police officers); *Joseph v. Doe*, No. 17-5051, 2021 WL 2313475, at *3 (E.D. La. June 7, 2021) (opinion on reasonableness of officer's conduct not admissible). See *Cameron v. City of New York*, 598 F.3d 50, 62 (2d Cir. 2010) ("whether or not probable cause to arrest exist[ed] is a legal determination that is not properly the subject of expert opinion testimony.") (punctuation omitted).
[21] Exhibit C, p.17:7-13.
[22] See Exhibit C, pp. 5-6; Exhibit D p. 2 (". . . and due to Officer Vicknair's position as a New Orleans Police officer which he used this position to befriend the 15 year old victim after transporting the 15 year old victim to . . . and then befriended [] and later sexually assaulting the victim himself therefore, Sergeant Lawrence Jones request[s] the additional charge of malfeasance in Office as defined in Louisiana statute 14:134.").

sought to alleviate. Plaintiff seeks to improperly bolster an isolated portion of Captain Banks' testimony by obtaining the Court's imprimatur, and thereby giving such testimony unwarranted weight.[23] Plaintiff's requested designation of an expert witness should be denied because it violates Rule 403.

### 3. Plaintiff's attempt to designate an expert witness is late.

Plaintiff's designation of non-retained experts was due on December 19, 2023, pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(i). However, Plaintiff's attempt to designate this witness did not occur until January 10, 2024. Contrary to Plaintiff's contentions, Defendants are not at fault for Plaintiff's tardiness. Defendants properly and timely identified Captain Banks as a witness in their witness list, filed on December 26, 2023.[24] In addition, Defendants made Captain Banks available for a deposition without delay after receiving Plaintiff's notice of deposition. It was the Plaintiff's decision to wait until the last month of discovery to take the depositions of Defendants' representatives. Because Plaintiff's attempted designation of non-retained expert witness is late, and there exists no good cause for granting Plaintiff's request, the Motion should be denied.

---

[23] See *Day v. Baton Rouge Police*, at *5.
[24] Doc. 112.

Respectfully submitted,


/s/ *James M. Roquemore*_____
JAMES M. ROQUEMORE (LSB #40035)
Deputy City Attorney
CORWIN ST. RAYMOND (LSB #31330)
Deputy City Attorney
DONESIA D. TURNER (LSB #23338)
City Attorney
1300 Perdido Street
City Hall – Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Fax: (504) 658-9868
james.roquemore@nola.gov
cmstraymond@nola.gov
donesia.turner@nola.gov

*Attorneys for Defendants, City of New Orleans and Shaun Ferguson, Superintendent of the New Orleans Police Department*