UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter. G.H.<br><br>Plaintiff,<br><br>v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION & REQUEST TO BRING DOCUMENTS, INFORMATION, OR OBJECTS**

**TO: City of New Orleans**
**Via Counsel Jim Roquemore**

Pursuant to Fed. R. Civ. P. 30(b)(6), the City of New Orleans shall designate one or more officers, officials, directors, managing agents, employees, or other persons who consent to testify on its behalf, setting forth in its designation, for each person designated, the matters on which the person will testify on the topics identified below.

The depositions of identified 30(b)(6) designees Capt. Precious Banks, Capt. Bruce Haney, Lt. Nicole Powell, and Sgt. David Barnes will take place **on January 10, 2024, beginning at 10:00 a.m. at The Office of the City Attorney, 1300 Perdido Street, City Hall – Room 5E03, New Orleans, Louisiana 70112.**



The deposition of identified 30(b)(6) designee Capt. Lejon Roberts, who will testify to topics 1(4), 9, 11, 12 and 13 will take place **on January 19, 2024, beginning at 1:00 p.m. at The Office of the City Attorney, 1300 Perdido Street, City Hall – Room 5E03, New Orleans, Louisiana 70112.**

**Deposition Topics:**

1. The employee record of Rodney Vicknair for the period of employment with Defendant as it relates to the following,: (1) application of employment and background check; (2) disciplinary record, including sustained and not sustained complaints; (3) training history on sexual assault, child abuse, crisis intervention, and community-policing tactics; (4) work history.

2. NOPD's hiring process for Rodney Vicknair, including investigation of his criminal history.

3. Policies and procedures regarding any of the following topics:
   a. Child Abuse training and investigation
   b. Sexual Assault training and investigation
   c. Community Policing
   d. Crisis Intervention
   e. Field Training
   f. Professional Conduct
   g. Supervision of Patrol Officers
   h. Hiring Selection and Applicant Background Checks
   i. Trip Sheets and 21 Miscellaneous Reports

4. The following specific City of New Orleans policies and orders:

a. NOPD Operations Manual Chapter 1.1, "Law Enforcement Authority;"

b. NOPD Operations Manual Chapter 10.0 Community Policing and Engagement. Specifically, the extend to which NOPD encourages officers to befriend underaged children without their parents present.

c. NOPD Operations Manual Chapter 11.1, "Organizational Structure;"

d. NOPD Operations Manual Chapter 32.1, "Hiring Selection;"

e. NOPD Operations Manual Chapter 33.4.3, "Field Training Officer Program;"

f. NOPD Operations Manual Chapter 35.1.9, "INSIGHT: Early Intervention System;"

g. NOPD Operations Manual Chapter 35.1.10, "Early Intervention Unit;"

h. NOPD Operations Manual Chapter 35.1.9, "INSIGHT: Early Intervention System;"

i. NOPD Operations Manual Chapter 41.1, "District Patrol Function;"

j. NOPD Operations Manual Chapter 41.3.2, "Body-Worn Camera (BWC) Inadvertent Misuse and Non-use;"

k. NOPD Operations Manual Chapter 41.3.10, "Body-Worn Camera (BWC);"

l. NOPD Operations Manual Chapter 41.25, "Crisis Intervention;"

m. NOPD Operations Manual Chapter 42.19, "Child Abuse;"

n. NOPD Operations Manual Chapter 41.25, "Crisis Intervention;"

o. NOPD Operations Manual Chapter 52.1.1, "Misconduct Complaint Intake and Investigation;"

p. NOPD Operations Manual Chapter 52.1.2, "Misconduct Complaint Investigator Responsibilities;"

q. NOPD Operations Manual: Child Abuse Unit Standard Operating Guidelines

r. NOPD Operations Manual: Sex Crimes Unit Standard Operating Guidelines

5. City Defendants' responses and supplemental responses to Plaintiff's discovery requests, including:

a. The factual basis for each response and supplemental response;

b. Identification of documents produced by Defendants;

c. Identification of individuals in videos, photographs, or documents produced by Defendants;

d. Description of efforts made to locate responsive documents;

e. Description of all efforts responsive to document preservation letters from Plaintiffs' counsel, including communication to City/Parish employees, follow-up efforts, and IT Department search for relevant emails, texts, or other communications.

6. The NOPD / Public Integrity Bureau's investigation into and conclusions regarding the sexual assault of G.H. by Rodney Vicknair and any other policy violations related to that incident.

7. The NOPD / Public Integrity Bureau's conclusions regarding Rodney Vicknair's credibility.

8. The NOPD / Public Integrity Bureau's conclusions regarding the credibility of Chris Carkum, Casey Riley, and Michelangelo Carroll.

9. The New Orleans Police Department's position on the directives given and actions taken by NOPD Sex Crime Detective Kimberly Wilson, specifically, with regard to G.H., the supervision of Rodney Vicknair, Chris Carkum, and Michelangelo Carroll, and transfer of the case, including transitioning G.H. from interacting with patrol officers to different members of the sexual assault response team.

10. The New Orleans Police Department's policies regarding the hiring of officers with a criminal history from 2002 through the present.

11. The New Orleans Police Department's response to the May 26, 2020 call for service at 860 Olga Street, New Orleans, LA. 70119: including:

a. Identification of individuals who responded;

b. Designation and identification of chain of command; and

c. Identification of individuals who gave orders to Rodney Vicknair.

12. The New Orleans Police Department's record of visits to 860 Olga Street, New Orleans, LA. 70119 from May 2020 through October 2020, including:

a. Entries in "Trip Sheets" and "21 Miscellaneous Reports"

b. Identification of individuals who reviewed and signed the Trip Sheets and 21 Miscellaneous Reports.

13. The actions NOPD took with regard to Rodney Vicknair from September 21, 2020 until his arrest.

14. The contents of Rodney Vicknair's digital devices, including his phone and laptop, specifically regarding the existence of any Child Sexual Abuse Material (CSAM), and any requests from Defendant Vicknair soliciting CSAM.

**Documents to Bring:**

1. A copy of CSAM stored on Defendant Vicknair's digital devices, including but not limited to CSAM stored in Photos, text messages, and Snapchat messages, to be orally described at deposition.

2. All documents necessary to fully respond to any listed topic.

3. All documents responsive to Plaintiff's discovery requests not yet produced.

As you know, designated corporate deponents must be prepared to give complete, knowledgeable, and binding answers. *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406 (D. Nev. 1995); see also, *U.S. v. Massachusetts Indus. Finance Agency*, 162 F.R.D. 410 (D. Mass. 1995).

The fact that a corporation no longer employs any individual who has a memory of the distant event at issue, or if that particular individual is deceased, does not relieve the corporation from preparing a designee to the extent matters are reasonably available, whether from documents, from past employees, or other sources. *U.S. v. Taylor*, 166 F.R.D. 356, aff'd, 166 F.R.D. 367. An entity's designation of a witness who lacks knowledge of the matters specified in the notice amounts to a failure to appear to testify. See e.g. *Black Horse Lane Assn. v. Dow Chem. Corp.*, 228 F.3d275, 304 (3d Cir. 2000).

Thus, if the designee answers as to a lack of knowledge, this is notice that Plaintiff will seek to prohibit defendants from introducing documentary or testimonial evidence as to that area of inquiry, regardless of the source of the evidence. See, e.g., *Taylor*, 166 F.R.D. at 362-63 (citing Fed. R. Civ. P. 37(b)(2)(B)).

The deposition is taken by a stenographic means, upon oral examination before an officer authorized by law to take depositions in the State of Louisiana. This deposition may be videorecorded. This deposition will be taken for all purposes authorized by the Federal Rules of Civil Procedure. The oral examination will continue until completed. You are invited to attend and exercise such rights to which you are entitled under the law.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: 504.500.7974
Email: hopeaphelps@outlook.com

***Counsel for Plaintiff, G.H.***

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2023, a copy of the *Notice of Deposition* was transmitted to counsel for City Defendants and counsel for Defendant Rodney Vicknair by electronic mail.

*/s/ Hope Phelps*
Hope Phelps