**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, City of New Orleans responds to and opposes Plaintiff's Motion for Partial Summary Judgment Against Defendant City of New Orleans (Doc. 125) (the "Motion"). As shown below, Plaintiff is not entitled to summary judgment on the issue of vicarious liability because the undisputed facts show that Mr. Vicknair's sexual assault of Plaintiff occurred far outside of the scope and course of Mr. Vicknair's employment with the New Orleans Police Department ("NOPD").

## FACTS

The undisputed facts in this case are as follows. On May 26, 2020, Rodney Vicknair, then a NOPD officer, met Plaintiff, then a 14 year old girl, while responding to a report of an attempted rape against Plaintiff.[1] Plaintiff obtained Mr. Vicknair's telephone number.[2] Plaintiff began texting Mr. Vicknair on May 26, 2020, while temporarily committed to Children's Hospital, and continued texting and calling Mr. Vicknair until September 25, 2020, the date that Plaintiff reported to NOPD that Mr. Vicknair had sexually assaulted her two days earlier.[3]

---

[1] Exhibit A, Excerpts of Deposition Transcript of Plaintiff, p. 14:14-19
[2] Exhibit B, log of texts between Plaintiff and Mr. Vicknair, from May 26, 2020, to September 25, 2020, CNO3568.
[3] Exhibit A, pp. 51:22 - 54:4 (Deposition of Plaintiff); Exhibit B, CNO 3626-27.

The text messages show that Plaintiff initiated the overwhelming majority of exchanges with Mr. Vicknair; the subject matter was personal and almost entirely unrelated to NOPD business; and Plaintiff repeatedly requested that Mr. Vicknair come to her house.[4] For example, On May 26, 2020, Plaintiff texted to Mr. Vicknair "Dude get me out of here."[5] Mr. Vicknair replied, "It may be for best. Do me [a] favor and just stay respectful and talk to counselor. Let me know when back home and I'll come check on you."[6] The next text exchange was initiated by Plaintiff on June 24, 2020, and Plaintiff stated to Mr. Vicknair, "Broooooo you should come over."[7] On that date, Plaintiff also texted, "You know what would make me feel better, ice cream with my favorite cop."[8]

On and around June 24, 2020, Plaintiff texted and discussed with Mr. Vicknair the 50 year-old man named "Jim" with whom Plaintiff was having sexual relations.[9] Later, when Plaintiff's counselor learned that Plaintiff had had sex with Jim, Plaintiff spoke to Mr. Vicknair who advised her to "keep your story straight" and deny that it happened.[10] On June 29, 2020, Plaintiff texted to Mr. Vicknair, "Jim is about to be in Louisiana" and "I wanna see you."[11] On June 30, 2020, Plaintiff texted to Mr. Vicknair, "We got a hotel room for my birthday!"[12] On July 1, 2020, Plaintiff texted to Mr. Vicknair, "I can't even explain to you how upset I am, that Jim left this morning. We stayed up all night together until his 7:00am flight."[13]

---

[4] See generally, Exhibit B, CNO 3568 - 3627.
[5] Exhibit B, CNO 3568.
[6] *Id*.
[7] *Id*., at CNO 3569.
[8] Exhibit B, CNO 3571.
[9] *Id*., at CNO 3571. Exhibit A Plaintiff Deposition, pp. 96:16 – 109:18; 150:21 – 153:24; 166:8 – 168:16, 171:2 – 173:2, 195:5 – 199:18.
[10] Exhibit A, pp. 166:8 – 167:23.
[11] Exhibit B, CNO 3575.
[12] *Id*., CNO 3576.
[13] *Id*., CNO3578.

On various occasions during the Summer of 2020, Plaintiff and Mr. Vicknair communicated with each other by telephone, Snapchat, and Facetime.[14] From July to September of 2020, Plaintiff requested by text that Mr. Vicknair visit her in person on ten occasions.[15] None of interactions between Plaintiff and Mr. Vicknair that were inappropriate were conducted by Mr. Vicknair while on NOPD business or with NOPD's knowledge.[16]

Four months after Mr. Vicknair first met Plaintiff, on September 23, 2020, Plaintiff met with Mr. Vicknair. Mr. Vicknair had informed Plaintiff that he had "to go to Mississippi to visit a family member[.]"[17] At about 11:00 p.m. on that date, Mr. Vicknair visited Plaintiff and sexually assaulted her.[18] At the time Mr. Vicknair encountered G.H. on the night of September 23, 2020, Vicknair was off-duty, out of uniform, and had driven his personal vehicle to G.H's residence.[19]

## LAW AND ARGUMENT

Louisiana Civil Code Article 2320 provides:

> Masters and employers are answerable for the damage occasioned by their servants and employees, in the exercise of the functions in which they are employed.
>
> * * *
> Responsibility only attaches, when the masters or employers ... might have prevented the act which caused the damage, and have not done it.

---

[14] *Id.*, CNO 3619, Exhibit A, pp. 50:1 – 14; 204:19 – 205:20.

[15] *Id.*, CNO 3580, 3587, 3589, 3596, 3600-02, 3606, 3609, 3615, 3622.

[16] Exhibit A, 21:1 – 25; 29:9-11; 55:1 – 58:13; 205:3 – 20;

[17] Exhibit A, p. 229:1-12.

[18] Exhibit A, pp. 226:5 – 231:12. See also, Doc. 97, Exhibit 1, manually attached to the Response and Opposition of Defendants Shaun Ferguson and the City of New Orleans to Plaintiff's Motion for Partial Summary Judgment Against Defendant Rodney Vicknair (Doc. 97-1), time stamp 9:45 – 12:40 (G.H. describes the sexual assault), 29:30 – 30:10 and 39:15-39:40 (stating that Vicknair never touched her while inside of a NOPD police vehicle); and Exhibit C, Affidavit of Kimera Dufeal and CNO 3305 (Mr. Vicknair's NOPD trip sheet dated September 23, 2020, reporting his shift completion as 11:00 a.m.).

[19] Doc. 97-1 (manually attached) (Forensic Interview of G.H.), time stamp 9:45 - 10:15; Exhibit 2 (Vicknair Deposition), 28:23-29:2.

An employer cannot be held liable for the intentional tortious conduct of an employee unless the employee commits the intentional act within the ambit of his assigned duties and in furtherance of his employer's objective.[20] The intentional tortious conduct of the employee must be so closely connected in time, pace, and causation to this employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest.[21] The following factors are recognized as being relevant as to whether an employer may be held liable for the intentional acts of its employee:

(1)     whether the tortious act was primarily employment rooted;
(2)      whether the violence was reasonably incidental to the performance of the employee's duties;
(3)     whether the act occurred on the employer's premises; and
(4)     whether it occurred during the hours of employment.[22]

Sexual assault by a police office is commonly held to not trigger vicarious liability because (1) sexual assault is not the kind of conduct that an officer is employed to perform, and (2) an officer committing sexual assault, like Mr. Vicknair, is not activated at least in part by a purpose to serve the employer.[23] For example, in *Doe v. Louisiana Mun. Ass'n*., a plaintiff alleged that police officer used his apparent authority as an office to molest him. Among other things, the

---

[20] *Doe v. Louisiana Mun. Ass'n*, 746 So.2d 179 (5th Cir. 1999) (citing *Orgeron v. McDonald*, 639 So.2d 224, 226 (La. 1994)); *Carr v. Sanderson Farm, Inc*. 15-0953 (La.App. 1 Cir. 2/17/16), 189 So. 3d 450, 454.

[21] *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96), 673 So.2d 994, 996.

[22] *Id*. at 996-97 (citing *LeBrane v. Lewis*, 292 So.2d 216, 218 (La. 1974).

[23] See *Baumeister v. Plunkett*, 95–2270, 673 So.2d 994 (holding that no vicarious existed for sexual assault during working hours because the assault was not within the scope of employment and was neither primarily employment rooted nor reasonably incidental to the performance of the employee's duties.); *Patterson v. Al Copeland Enterprises, Inc*., 95–2288 (La. App. 4 Cir. 1/19/96) 667 So.2d 1188, *writ denied*, 96–0723 (La.11/22/96) 683 So.2d 1196 (no vicarious liability for supervisor's rape of an employee because rape was not related to employment duties, did not further employer's objectives, was not a risk of harm fairly attributable to his employer's business, and was done for purely personal considerations entirely extraneous to his employer's interest.).

plaintiff alleged that the officer visited him while he was on patrol, in his squad car, in his uniform and carrying a side arm, and used threats to keep him quiet. However, the court ruled that these factors were "not material" to the issue of vicarious liability. Instead, the employer was not vicariously liable for the officer's conduct because the molestation was not employment rooted or reasonably incidental to the performance of the employee's duties.[24]

*Baumeister v. Plunkett*, involved a sexual assault committed by a hospital supervisor on hospital premises. In *Baumeister*, the Louisiana Supreme Court held that the hospital was not vicariously liable because the assault was not primarily employment rooted and was not reasonably incidental to the performance of the supervisor's duties. The Court reasoned that the risk that the supervisor might sexually assault the employee was "not a risk fairly attributable to the performance of [the supervisor's] duties."[25] Here, as in *Baumeister*, Mr. Vicknair's grooming and sexual assault were entirely extraneous and contrary to NOPD's interests.[26] Mr. Vicknair's conduct, far from furthering NOPD's interests, frustrated one of its fundamental tenet – to prevent violence against women, including but not limited to sexual assault, child abuse, and domestic violence.[27]

There is no evidence to suggest that Mr. Vicknair's sexual assault upon Plaintiff on September 23, 2020, or any of the other three alleged and uncorroborated assaults that Plaintiff vaguely says happened during the summer, were employment rooted or reasonably incidental to performance of NOPD's duties. Plaintiff has access to all of Mr. Vicknair's Trip Sheets for the summer of 2020, but has failed to locate any document that suggests he was on NOPD business when any sexual assault occurred. Further, the sexual assault of Plaintiff occurred four months

---

[24] *Id*. at 183.
[25] *Id*. at 999.
[26] *Id*. at 1000.
[27] Exhibit 2, (Haney Deposition), pp. 30:18 – 31:8.

after their first encounter when Mr. Vicknair was responding to Plaintiff's report of attempted rape. That significant length of time makes any connection between the initial encounter and the later sexual assault causally unconnected.

Further, Plaintiff's actions over the summer to maintain the social connection with Mr. Vicknair, and Mr. Vicknair's actions to foster the relationship with Plaintiff outside of scope of any imaginable police duty, further severed any connection between the initial encounter and Mr. Vicknair's much later sexual assault. As only one example among many, Plaintiff described a FaceTime chat in which Plaintiff showed herself naked to Mr. Vicknair and Mr. Vicknair responded by showing himself masturbating.[28] Under these circumstances, it cannot be said that Mr. Vicknair was acting in his capacity as a police officer by continuing an inappropriate relationship with Plaintiff. Therefore, no genuine issue of material fact exists as whether Defendant's are vicariously liable for Mr. Vicknair's sexual assault(s).

Further, on the night of Mr. Vicknair's sexual assault of Plaintiff on September 23, 2020, Mr. Vicknair was off work, out of uniform, in his private vehicle, without a gun, and was on wholly private business.[29] According to Plaintiff, Mr. Vicknair was on his way to see his mother.[30] Under these circumstances, Louisiana courts generally hold that police officers are not acting in the course or scope of their employment. For example, in *Brasseaux v. Town of Mamou,*[31] an off-duty police officer assaulted a bystander and shot into a crowd of people. The Louisiana Supreme Court held that the office's actions were outside of the course and scope of his employment, reasoning that "the mere display of the badge and the representation as a police officer, without more, are

---

[28] Exhibit A, pp. 204:19 – 205:7.

[29] See documents reference at footnote 18, *supra*.

[30] Exhibit ___,

[31] 99-C-1584, 752 So. 2d 815 (La. 2000).

insufficient to establish employment-rooted conduct."[32] The court explained, the risk that off-duty office would represent himself as an officer in connection to his committing a crime "is not a risk fairly attributable to [the officer's] employment with the Town."[33]

In addition, although Plaintiff made vague, dubious, and uncorroborated assertions about three other sexual assaults that she says occurred sometime in the Summer of 2020, there is no evidence to suggest that Mr. Vicknair acted within the course and scope of employment when he allegedly performed those sexual assaults. Here, as in *Doe v. Louisiana Mun. Ass'n.*, Mr. Vicknair's alleged sexual assaults of Plaintiff were in no way rooted in employment or reasonably incidental to the performance of NOPD's duties.[34]

Plaintiff's argument is that vicarious liability should attach because "an opportunity" for sexual assault arose from Mr. Vicknair's employment and Mr. Vicknair abused his "apparent authority."[35] However this argument misstates the law.[36] The cases cited by Plaintiff are inapt. In *Latullas v. State*,[37] a prison guard raped an inmate. The court held that vicarious liability applied because, "[a]t the time the rape occurred, Lt. Brown was on duty and charged with the direction and supervision of the female prisoners assigned to the line crew." Here, unlike in *Latullas*, at the time Mr. Vicknair sexually assaulted Plaintiff, he had no responsibility for her custody or care, and was demonstrably not acting in the course or scope of his employment. In *Applewhite v. City*

---

[32] 752 So.2d at 823.

[33] *Id.* See also *Russell v. Noullet,* 98-0816, 721 So.2d 868, 870-71 (La. 1998) (no vicarious liability for off duty, out of uniform, officer).

[34] Even if Mr. Vicknair was in uniform during any such visit, that does not cause his visit to be employment related See *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96), 673 So.2d 994, 996 (discussing test for respondeat superior).

[35] Doc. 125-1, p.6.

[36] See *Orgeron v. McDonald*, 639 So.2d 224, 226 (La. 1994).

[37] 94-2049, 658 So.2d 800 (La.App. 1 Cir. 6/23/95).

*of Baton Rouge*,[38] the officer was on duty and operating a police unit, and used his law enforcement authority to arrest the victim for a charge of vagrancy. The court reasoned that the officer was exercising the functions in which he was employed and held that vicarious liability should apply. In the instant case, Mr. Vicknair was not on duty or performing any NOPD duties when he sexually assaulted the Plaintiff on September 23, 2020; as to the other vague and dubious assaults, there is no evidence to suggest that any of those assaults may have been committed while Mr. Vicknair was in performance of official duties. In *Doe v. Morris*,[39] an officer was on duty and carrying out the purpose of the employer in escorting intoxicated persons home when he raped the victim. In the present case, Vicknair was off duty and carrying out no purpose of NOPD when he sexually assaulted Plaintiff. In *Turner v. State*,[40] a state national guard was held liable for sexual batteries arising out of unauthorized physical examinations by a recruiting officer. The court held that the recruiting officer was within the course and scope of his employment because the assaults were closely connected in time, place, and causation to his employment duties. The court reasoned that "the tortious conduct committed by Sgt. Sudduth was reasonably incidental to the performance of his duties as a recruiting officer although totally unauthorized by the employer and obviously motivated by his personal interests.[41] Thus, none of Plaintiff's cases support her claim that Defendants should be vicariously liable for Mr. Vicknair's criminal conduct.

---

[38] 380 So.2d 119 (La. App. 1st Cir.1979).
[39] 2013 WL 3933928, 2013 U.S. Dist. LEXIS 106545 (E.D. La. July 30, 2013).
[40] 494 So.2d 1292 (La. App. 2 Cir. 1986).
[41] The court also noted that a "strong argument" could have been made, but was not adequately presented by the employer. The court cited *Scott v. Commercial Union Insurance Co*., 415 So.2d 327 (La.App. 2d Cir.1982) (employer not liable for battery committed by employee during working hours where battery was motivated by purely personal considerateions); and *McClain v. Holmes*, 460 So.2d 681 (La.App. 1st Cir.1984); and *Posey v. Fabre*, 369 So.2d 237 (La.App. 4th Cir.1979) (employer of tug boat captain not vicariously liable for tug boat captain's assault that occurred on shore).

Plaintiff tries to argue that a recommendation by an NOPD investigator that Mr. Vicknair committed the crime of malfeasance in office somehow supports her claim that Mr. Vicknair's sexual assault(s) occurred in the course and scope of his employment as an NOPD police officer. Even assuming that the legal conclusion contained in investigator's recommendation is admissible (which it is not), the recommendation does not have probative value.[42] The recommendation of the NOPD investigator is not a "fact" upon which a summary judgment may be found. It is merely a recommendation that is part of the NOPD officer discipline process.

Further, one of the cases cited by Plaintiff, *Barrios-Barrios v. Clipps*, plainly states that a party's "criminal conviction for malfeasance in office does not necessarily establish that [the employee] was acting within the course and scope of his employment for purposes of . . . vicarious civil liability[.]"[43] *Barrios-Barrios* involved a police officer who invaded plaintiffs' home under the pretense of a police drug investigation and then sexually molested and threatened the plaintiffs. The court determined that, even though the defendant had been convicted of malfeasance in office and had been on duty at the time of the home invasion, a jury question existed as to the existence of vicarious liability.

In the instant case, the NOPD investigator's recommendation was that Mr. Vicknair violated a rule prohibiting malfeasance in office when "Vicknair used his position as a public employee to **befriend** a 15-year-old victim[.]"[44] Plaintiff does not claim damages due to being befriended. Rather, it is the sexual assault she seeks damages for. Whether Mr. Vicknair committed

---

[42] The legal conclusion should be excluded under Federal Rule of Evidence 401, 403 and 702 in that the recommendation of a violation of a rule is merely an allegation and does not prove that he committed any particular violation; in addition the legal conclusion is not a proper opinion for a lay witness..

[43] *Barrios-Barrios v. Clipps*, 825 F.Supp.2d 730743 (E.D. La. 2011) (stating that a conviction for malfeasance in office "creates a permissible inference that he was acting in an official capacity').

[44] Doc. 125-1, p. 7 (emphasis added.)

malfeasance in office by befriending Plaintiff is beside the point as to whether Mr. Vicknair sexually assaulted Plaintiff while acting in the course and scope of his NOPD employment.

Similarly, Plaintiff's argument that Mr. Vicknair's acting "under color of law" supports a finding that he was acting in the course and scope of employment is misplaced. In determining whether a person acted "under color of law" three elements must be met: (1) the actor must have misused or abused his or her official power; (2) there must be a nexus between the victim, the improper conduct and the person's performance of official duties; and (3) whether the person performed the prohibited action.[45] It is evident that the test for color of law is different from the test for vicarious liability. In any event, there are serious questions as to whether a nexus exists between Plaintiff and Mr. Vicknair's misconduct as the assault took place while he was off duty, was not in uniform, and did not use his badge or weapon. In any event, Plaintiff's argument based on color of law is of no merit.

## **CONCLUSION**

For these reasons, the Court should deny Plaintiff's Motion for Partial Summary Judgment Against Defendant Rodney Vicknair.

---

[45] See *U.S. v. Causey*, 185 F.3d 407, 415 (5th Cir. 1999) (citations omitted).

Respectfully submitted,


/s/ *James M. Roquemore*_____
JAMES M. ROQUEMORE (LSB #40035)
Deputy City Attorney
CORWIN ST. RAYMOND (LSB #31330)
Deputy City Attorney
DONESIA D. TURNER (LSB #23338)
City Attorney
1300 Perdido Street
City Hall – Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Fax: (504) 658-9868
james.roquemore@nola.gov
cmstraymond@nola.gov
donesia.turner@nola.gov

*Attorneys for Defendants, City of New Orleans and
Shaun Ferguson, Superintendent of the New Orleans
Police Department*

11