**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S STATEMENT OF THE MATERIAL FACTS
## WHICH PRESENT A GENUINE ISSUE

Defendants, Shaun Ferguson and the City of New Orleans (collectively, "Defendants")
pursuant to Eastern District Local Rule 56.2, in support of their response and opposition to
Plaintiff's Motion for Partial Summary Judgment Against Defendant City of New Orleans (Doc.
125), respectfully show the following.[1]

| No. | Plaintiff's Statement of Undisputed Facts (Doc. 125-2) | Response |
|---|---|---|
| 1. | Officer Rodney Vicknair met G.H. through his role as an NOPD officer. | Admit. |
| 2. | When he met G.H., Vicknair was responding to a report of First-Degree Rape of the 14- year-old G.H. | Admit. |
| 3. | Officer Vicknair accompanied G.H. to the hospital. | Admit. In addition, another officer also accompanied G.H. to the hospital. |
| 4. | Officer Vicknair remained with G.H. in the emergency room while they waited for the sexual assault examination. | Admit. |
| 5. | Officer Vicknair gave G.H. his cell phone number. | Defendants object to the admissibility of the "Factual Basis for Conviction," Doc. 87-3 on the grounds that it contains |

---

[1] Any items admitted herein are only for the limited purposes of Plaintiff's Motion for Partial Judgment.
Defendants reserve the right to require strict proof at trial.

| | | |
|---|---|---|
| | | multiple levels of inadmissible hearsay and inadmissible conclusions of law. Subject to said objection, admit. |
| 6. | Officer Vicknair offered to be a mentor to G.H. | Defendants object to the admissibility of the "Factual Basis for Conviction," Doc. 87-3 on the grounds that it contains multiple levels of inadmissible hearsay and inadmissible conclusions of law. |
| 7. | According to the factual basis for his conviction, over the next four months, Officer Vicknair's "act[ed] in his capacity as a police officer to facilitate his conduct to gain [G.H.]'s trust." | Defendants object to the admissibility of the "Factual Basis for Conviction," Doc. 87-3 on the grounds that it contains multiple levels of inadmissible hearsay and inadmissible conclusions of law. Denied. See Defendant's Response and Opposition to Plaintiff's Motion for Partial Summary Judgment ("Opposition"), Ex. A, 58:1 - 59:20; 166:12 – 168:16; 169:20 – 172:3; 198:24 – 205:20; and Ex. B. See Plaintiff's MSJ, Ex. B, 6:12 – 18 (Q. All of the times you went to [Plaintiff's] house, did you go to her house as a police officer? A. I would say – I would have to say as an official capacity, no. I wasn't doing it as a police office. There was one time I did it just as a friend."). |
| 8. | Officer Vicknair, in his capacity as an NOPD officer, purported to perform welfare checks on G.H. at her residence. | Denied. See response to number 7, above. |
| 9. | On at least one occasion, subsequent to meeting G.H., Officer Vicknair sexually assaulted her. | Defendants object to the admissibility of the "Factual Basis for Conviction," Doc. 87-3 on the grounds that it contains multiple levels of inadmissible hearsay and inadmissible conclusions of law. Subject to said objection, for the purpose |

| | | |
|---|---|---|
| | | of Plaintiff's Partial MSJ, Defendants admit that Mr. Vicknair sexually assaulted Plaintiff on September 23, 2020. |
| 10. | Sgt. Lawrence Jones of the Public Integrity Bureau recommended that Officer Vicknair be disciplined for "Malfeasance in Office." | Defendant objects to the admissibility of this portion of the NOPD Investigation Report because it contains multiple levels of hearsay and unfounded legal conclusions; in addition, the "recommendation" made in the report do not prove any fact relevant to any issue in this case; in addition, the statement is excludable under F.R.E. 403. |
| 11. | NOPD's report said that the investigation by Sgt. Lawrence Jones "proved that beyond a preponderance of evidence… Officer Rodney Vicknair used his position as a public employee to befriend a 15-year-old victim after transporting her to Children's Hospital to have a sexual assault kit completed." | Defendant objects to the admissibility of this portion of the NOPD Investigation Report because it contains multiple levels of hearsay and unfounded legal conclusions; in addition, the "recommendation" made in the report do not prove any fact relevant to any issue in this case; in addition, the statement is excludable under F.R.E. 403. |
| 12. | Former NOPD Superintendent Shaun Ferguson concurred with Sgt. Jones finding of malfeasance in office. | Defendant objects to the admissibility of this portion of the NOPD Investigation Report because it contains multiple levels of hearsay and unfounded legal conclusions; in addition, the "recommendation" made in the report do not prove any fact relevant to any issue in this case; in addition, the statement is excludable under F.R.E. 403. |

Respectfully submitted,


/s/ *James M. Roquemore*_____
JAMES M. ROQUEMORE (LSB #40035)
Deputy City Attorney
CORWIN ST. RAYMOND (LSB #31330)
Deputy City Attorney
DONESIA D. TURNER (LSB #23338)
City Attorney
1300 Perdido Street
City Hall – Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Fax: (504) 658-9868
james.roquemore@nola.gov
cmstraymond@nola.gov
donesia.turner@nola.gov

*Attorneys for Defendants, City of New Orleans and Shaun Ferguson, Superintendent of the New Orleans Police Department*