UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>        Plaintiff,<br>v.<br><br>RODNEY VICKNAIR, et al.,<br><br>        Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**Reply in Support of Motion to Designate NOPD Captain Precious Banks as Plaintiff's Non-Retained Expert**

In R. Doc. 119, Plaintiff moved the Court for leave to designate NOPD Captain Banks as a non-retained expert after the expert designation date. Plaintiff was unable to designate Capt. Banks as an expert before the designation date because Defendants did not identify Capt. Banks as a witness at all until after the expert designation date.

Defendants oppose the motion, arguing that the jury should not hear opinion testimony from their own 30(b)(6) witness. Defendants are so intent on avoiding Capt. Banks' opinions that they wind up in the odd position of arguing that *their own representative's testimony* is "not supported by facts."

As described herein, however, Defendants' arguments do not provide good reasons for denying the motion. The motion should be granted.

**1. The Motion should be granted because the Fifth Circuit has held that probable cause can be an appropriate topic for expert opinion.**

Defendants argue that Captain Banks should not be designated as an expert witness because probable cause and reasonableness are "legal conclusions" that are never susceptible to expert testimony.

But Defendants are wrong that probable cause is a purely legal question. The Fifth Circuit has repeatedly held that probable cause is a "mixed question of law and fact." *E.g., Hamilton v.*

1

*Collett*, 83 Fed. Appx. 634, 636 (5th Cir. 2003) ("probable cause is a mixed question of law and fact"); *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) ("presence of probable cause is a mixed question of fact and law"); *United States v. Molinero Puente*, 778 Fed. Appx. 311, 312 (5th Cir. 2019) (unpub.) (whether "probable cause existed is a mixed question of fact and law");

The Fifth Circuit has also held that probable cause can be a topic of expert testimony. For example, *Roy v. City of Monroe*, 950 F.3d 245, 256 (5th Cir. 2020), the Fifth Circuit explained that a party might have an incentive "to retain any experts capable of showing that Booth knew he lacked probable cause when he issued the summons." In *Hayter v. City of Mount Vernon*, 154 F.3d 269, 274 (5th Cir. 1998), the Fifth Circuit found no manifest error on admission of expert opinion on probable cause. Other Fifth Circuit cases also describe experts on probable cause. *E.g., Ibarra v. Baker*, 338 Fed. Appx. 457, 464 (5th Cir. 2009) (unpub.) ("Rodriguez was the defense's expert on reasonable suspicion and probable cause"); *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 556 (5th Cir. 2016) ("Buehler also relies on an expert report opining that the arresting officers did not have probable cause").

It is true that there are some opinions do not allow expert testimony about probable cause, as Defendants point out. The mixed caselaw is likely due to the mixed-question nature of probable cause. And in false arrest cases like *Day v. Baton Rouge City Police*, probable cause is also an ultimate question. It is not an ultimate question in this case.

By contrast, when an expert ties their opinion about probable cause to "specific fact[s]", the opinion may be allowed. *Hayter, supra,* 154 F.3d at 274. So too here.

Regarding expert testimony about "reasonableness," Defendants' objection is moot. Captain Banks does not testify as to the "reasonableness" of any action. Plaintiff's motion should be granted.

**2.     The Motion should be granted because Capt. Banks' testimony has factual support.**

Defendants argue that the following exchange should be excluded because it is "misleading," "ambiguous," and "not supported by facts:"

> Q. After taking the statement from the child's mother and seeing the photograph, did NOPD have probable cause to arrest Vicknair?
>
> MR. ROQUEMORE:
>    Objection. Form.
>
> THE WITNESS:
>    Yes.

R. Doc. 135-3 at 17:7-3.

There is nothing misleading or ambiguous about this exchange; it is a basic question about when NOPD developed probable cause to arrest Vicknair. To the extent that there is anything misleading or ambiguous, Defendants are welcome to ask clarifying questions given that Captain Banks is their witness. *See* R. Doc. 112 (Defendants' Witness & Exhibit List).

And Capt. Banks' testimony was supported by facts. The child's mother's statement included that (1) Vicknair had been visiting the home of a child sex victim he met while on duty; (2) Vicknair would show up "unannounced" at the child's home; (3) Vicknair shouted "nice ass" at the child; (3) Vicknair took a "very inappropriate" photograph with Plaintiff; (4) Vicknair stared at the child's partially exposed breast in Plaintiff's bedroom; (4) Vicknair was generally visiting and communicating with the child too often; (5) Vicknair was texting with the child. R. Doc. 138 at 2-3; R. Doc. 138-3 at 2-4. And the photograph was described by NOPD as a "seductive photo." R. Doc. 138-3 at 4.

These facts could reasonably cause Captain Banks to conclude NOPD had probable cause for malfeasance in office at the time. *See Loftin v. City of Prentiss*, 33 F.4th 774, 780 (5th Cir. 2022) ("probable cause 'is not a high bar.'"), *citing Kaley v. United States*, 571 U.S. 320, 338 (2014). The motion should be granted.

3

**3.    The Motion should be granted because Plaintiff moved quickly to depose Capt. Banks once she was identified as a witness, and designated her as an expert immediately after hearing her testimony.**

Defendants concede that they did not identify Capt. Banks as a witness until December 26, 2023. R. Doc. 138 at 6. But they suggest that Plaintiff nonetheless somehow should have designated her as an expert a week *earlier,* on December 19, 2023, even though Plaintiff had not yet heard her testimony. *Id.* That is not possible, due to the linear nature of time.

Plaintiff acted with diligence: deposing Capt. Banks within two weeks of her identification as a witness, and designating her as an expert the same day as her deposition. Plaintiff's motion should be granted.

**4.    Conclusion**

Because Defendants have identified no good reason to exclude the opinion testimony of their own designated 30(b)(6) witness, Plaintiff's motion should be granted.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

*Counsel for Plaintiff, G.H.*