# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO SUPPLEMENT OPPOSITION TO SUMMARY JUDGMENT WITH TESTIMONY OF SUPERINTENDNT KIRKPATRICK

Defendants, Shaun Ferguson and the City of New Orleans ("Defendants") oppose Plaintiff's *Ex Parte* Motion for Leave to Supplement Opposition to Summary Judgment with Testimony of Superintendent Kirkpatrick (the "Motion") (Doc. 144).

Anne Kirkpatrick is the Superintendent of the New Orleans Police Department ("NOPD"). She is the successor to co-defendant Shaun Ferguson. Supt. Kirkpatrick has held her position since September of 2023. She has no personal knowledge of events in this case before 2023. On December 26, 2023, Defendants named Supt. Kirkpatrick as a "may-call" witness and disclosed that her "[t]estimony may cover NOPD's polices, practices and procedures." (Doc. 112, p. 9). Supt. Kirkpatrick was not identified by Defendants as an expert.

On January 30, 2024, Supt. Kirkpatrick was made available for deposition as a fact witness. At deposition, Plaintiff's counsel asked her numerous questions seeking her *personal* opinion on a variety of hypothetical situations. Subsequently, Plaintiff moved to designate Supt. Kirkpatrick as a non-retained expert. (Doc. 136).

Defendants oppose the Motion because Plaintiff's supplementation consists entirely of Superintendent Anne Kirkpatrick's personal opinions regarding hypothetical situations as

1

characterized by Plaintiff for which she had no personal knowlege. Supt. Kirkpatrick's did not testify as a Rule 30(b)(6) representative. Further, the testimony cited in Plaintiff's supplementation does not concern the present or past policies of NOPD.

As such, given the incomplete and argumentative nature of the hypotheticals posed to Supt. Kirkpatric in her deposition, the testimony lacks sufficient foundation to qualify for admission as opinion testimony pursuant to Fed. R. Evid. 702. In addition, any arguable probative value of such opinions is substantially outweighed by the danger of unfair prejudice and confusion of the issues because Plaintiff will likely argue that Supt. Kirkpatrick's testimony somehow shows a deficiency in NOPD's policies in 2020.

Plaintiff has not shown good cause for leave to be granted pursuant to Local Rule 7.4.

## CONCLUSION

For the foregoing reasons, Defendants pray that the Motion be denied.

Respectfully submitted:

*/s/ James M. Roquemore*  
**JAMES M. ROQUEMORE, LSB #40035**  
ASSISTANT CITY ATTORNEY  
james.roquemore@nola.gov  
**CORWIN ST. RAYMOND, LSB #31330**  
CHIEF DEPUTY CITY ATTORNEY  
**DONESIA D. TURNER, LSB #23338**  
CITY ATTORNEY  
1300 PERDIDO STREET, SUITE 5E03  
NEW ORLEANS, LOUISIANA 70112  
TEL: (504) 658-9800  
FACSIMILE: (504) 658-9868  

*Counsel for Shaun Ferguson and the City of New Orleans*