UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>     Plaintiff,<br>v.<br><br>RODNEY VICKNAIR, et al.,<br><br>     Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**Plaintiff's Supplement in Opposition to Defendants' Motion for Summary Judgment**

On January 30, 2024, Plaintiff took the deposition of Superintendent Anne Kirkpatrick, the Chief of the New Orleans Police Department. Her testimony was not included in Plaintiffs' January 30, 2024 Opposition to Defendants' Motion for Summary Judgment, because the transcript was not available that same day. Plaintiff now provides it here.

**A. Superintendent Kirkpatrick's testimony supports Plaintiffs' contention that Defendants engaged in improper hiring.**

Plaintiff contends that Defendants engaged in improper hiring when they hired Vicknair, given his criminal background.[1]

Superintendent Kirkpatrick's testimony supports Plaintiff. When shown the criminal history of an applicant with exactly Vicknair's criminal history, Superintendent Kirkpatrick said she "would not" hire such an applicant.[2] She said she would not hire such an applicant because "an applicant with this criminal history might engage in future misconduct along the lines of this criminal history."[3]

---

[1] R. Doc. 135 at 5-7.
[2] Ex. A (Kirkpatrick Dep.) at 21:1-16.
[3] *Id*. at 21:21-25.

1

B. **Superintendent Kirkpatrick's testimony supports Plaintiffs' contention that Defendants engaged in improper supervision.**

Plaintiff contends that Defendants engaged in improper supervision regarding Vicknair, leaving him on the streets even after a range of red flags about his conduct were identified.[4]

Superintendent Kirkpatrick's testimony supports Plaintiff here too. Superintendent Kirkpatrick was asked about an investigation in which "NOPD learns that the officer made inappropriate comments and took a very inappropriate picture with a 15-year-old girl. Let's say NOPD sees the photo and considers it to be a seductive photo."[5] Superintendent Kirkpatrick was then asked whether NOPD "leave the officer unmonitored on the streets after that?"[6]

She answered "I would not," and agreed that the reason was "<u>because that officer is a potential risk to that girl</u>."[7] She said that the photo alone suggested "serious misconduct," and so the officer would be "removed from patrol duties" for risk assessment and due process reasons.[8]

Superintendent Kirkpatrick also agreed that NOPD should be "looking for suspicious patterns" in its officer GPS data, and "directing its supervisors to look for patterns of suspicious officer behavior in trip sheets."[9] And that it would be a problem if NOPD had no such systems[10] (which it does not).

C. **Superintendent Kirkpatrick's testimony supports Plaintiffs' contention that Defendants engaged in insufficient training.**

Plaintiff contends that Defendants engaged in insufficient training of officers to recognize and report the red flags of Vicknair's conduct, and improper training of Vicknair in how to avoid a situation where an officer might be tempted to take sexual advantage of someone.[11]

---

[4] R. Doc. 135 at 5-7.
[5] Ex. A at 15:14-24.
[6] *Id*. at 15:24-16:1.
[7] *Id*. at 16:5-10. Emphasis added.
[8] *Id*. at 16:17-25.
[9] *Id*. at 18:24-19:7.
[10] *Id*. at 19:7-15.
[11] R. Doc. 135 at 11-13.

Superintendent Kirkpatrick's testimony supports Plaintiff. She agreed that red flags would include an officer showing modeling photos to a juvenile sex crime victim or giving her his phone number.[12] And that these red flags should be reported up the chain of command.[13] And crucially, Kirkpatrick agreed that "if multiple officers witnessed these things" – as they did with Vicknair – "and didn't know to report it, that would suggest a serious training deficiency at NOPD."[14]

And she agreed that officers "need training on how to avoid a situation in which an officer might take advantage of their role as an officer to have sex with a person they met in that role."[15] (Vicknair testified that he received no such training.)

**D.     Superintendent Kirkpatrick's testimony supports Plaintiffs' contention that Defendants engaged in improper retention.**

Plaintiff contends that Vicknair's conduct at NOPD showed "an officer who was willing to use the authority and power of his office to create the opportunity for inappropriate actions with members of the opposite sex."[16]

Superintendent Kirkpatrick agreed. After hearing the facts of Vicknair's conduct that led to his brief suspension, Kirkpatrick agreed that the facts describe "an officer willing to use the authority and power of his office to create the opportunity for inappropriate actions with a member of the opposite sex."[17] She agreed that for her, a five-day suspension would not be sufficient.[18] She agreed that such an officer should not be promoted to being a field training officer, like Vicknair was.[19]

**E.     Conclusion**

Defendants' Motion for Summary Judgment should be denied.

---

[12] Ex. A at 25:11-24.
[13] *Id.* at 26:13-19.
[14] *Id.* at 26:20-27:2.
[15] *Id.* at 24:23-25:6.
[16] R. Doc. 135 at 14.
[17] Ex. A at 27:4-22.
[18] *Id.* at 29:5-12.
[19] *Id.* at 29:16-23.

Respectfully submitted,

*/s/ William Most*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

*Counsel for Plaintiff, G.H.*