UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>        Plaintiff,<br>v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>        Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CITY OF NEW ORLEANS (R. DOC. 125)**

Plaintiff moved for partial summary judgment against the City for Vicknair's state-law torts under Louisiana's law that a law enforcement employer is vicariously liable if the "opportunity arose" for an officer to commit torts in the course and scope of their employment, or when the officer abused their "apparent authority" to commit the torts.

In response, the City does not dispute that Vicknair's opportunity to harm G.H. arose in the course and scope of his employment. Nor does the City dispute that Vicknair abused his apparent authority to commit the torts.

Nor does the City provide evidentiary support to controvert any material fact. Rather, Defendants attempt to characterize the facts in an alternate manner (*e.g.*, "befriending" rather than "grooming"), suggest that their own Public Integrity Bureau findings and recommendations are somehow prejudicial or misleading, and argue, contrary to the jurisprudence, that a law enforcement employer simply cannot be found liable for the actions of an "off-duty" officer.

1

There is no dispute that Vicknair's opportunity to rape G.H. arose in the course and scope of his employment or that he abused his *apparent* authority as an NOPD officer – which is sufficient for vicarious liability under Louisiana law.

Plaintiff's motion should be granted.

**A.     The motion should be granted because Defendants failed to offer any evidence to controvert Plaintiff's material facts.**

Local Rule 56.2 requires that any "opposition to a motion for summary judgment must include a separate and concise statement of the material facts which the opponent contends present a genuine issue. All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement."

Here, Plaintiff filed a statement listing twelve material facts.[1] Each fact was supported by citation to deposition testimony and record evidence.

In response, Defendants filed a "Statement of the Material Facts which Present a Genuine Issue."[2] That statement admits facts no. 1 through 4. As for the remaining eight material facts, Defendants purport to raise legal arguments regarding the admissibility of evidence. For example, Defendants claim the findings and recommendations contained in their own "NOPD Investigation Report," are "hearsay and unfounded legal conclusions" or somehow unfairly prejudicial to them or misleading under F.R.E. 403. Defendants' police report is not hearsay, of course, because it is both the statement of a party opponent (FRE 801(d)(2) and a public record that sets out factual findings from a legally authorized investigation (FRE 803(8)). And Defendant's own 30(b)(6) witness testified in affirmation of these findings, including that NOPD sought an arrest warrant for Officer Vicknair supported by probable cause for malfeasance in office.[3]

---

[1] R. Doc. 125-2.
[2] R. Doc. 139-1.
[3] Exhibit A (Capt. Banks Dep.) at 11:8-21; 17:19-22:17.

2

There is only one instance in Defendants' response where they provide citation to any testimony: In response to facts nos. 7 and 8 that Vicknair "acted in his capacity as a police officer to facilitate his conduct to gain G.H.'s trust" and "purported to perform welfare checks on G.H. at her residence," Defendants rely on Vicknair's testimony to instead characterize this as Vicknair "befriending" G.H. Likewise, Defendants cite G.H.'s testimony where she describes seeking advice and support from Officer Vicknair, specifically during times when G.H. was in crises or questioning the potential impact of criminal conduct. For example, Defendant's cite G.H.'s testimony where she describes reaching out to Officer Vicknair for help when she thought she saw the perpetrator of the May 2020 sexual assault near her home. This is entirely consistent with the undisputed fact that Officer Vicknair used his actual authority as an NOPD officer to position himself as a "mentor" to G.H.

As noted in Defendants' Response to Plaintiff's Statement of Undisputed Facts, another officer accompanied Vicknair and G.H. to the hospital for the sexual assault examination: NOPD Officer Curtis Carkum. Subsequent to the filing of this motion, Plaintiff deposed Officer Carkum and Officer Carkum also recalls witnessing Vicknair give G.H. his phone number and that Vicknair asked permission "to remain in contact with [G.H.] to assist and to try to lead her down the right direction."[4]

Befriending, mentoring, grooming – using different words to describe the same conduct does not create not a dispute of fact.

At no point in the City's so-called "Statement of the Material Facts Which Present a Material Issue" do they identify a material, disputed fact.. Accordingly, all twelve facts are admitted.

---

[4] R. Doc. 135-10 (Carkum Dep.) at 25:11-24.

3

**B.      Plaintiff's motion should be granted because Louisiana courts have held law enforcement employers liable for torts committed by off-duty officers.**

In its opposition, the City provides no authority contrary to a section of this Court's summary of the law:

> The courts in *Applewhite*, *Lattulas*, and *Turner* found that when an officer's position of authority creates a relationship between the officer and a member of the public within the context of the officer's official duties, and that relationship gives rise to the opportunity and commission of a rape or sexual assault, that harm is attributable to the employer.

*Doe v. Morris*, 2013 U.S. Dist. LEXIS 106545 (E.D. La. July 30, 2013).

The City tries to distinguish the facts here by pointing out that one of the times Vicknair sexually assaulted G.H., it was after work, out of uniform, in his private vehicle. But that is non-responsive to the legal standard, which attributes liability to a law enforcement employer when the officer's job "gives rise to the opportunity and commission of a rape or sexual assault." *Id.* And here, there is no real dispute that Vicknair's role as an officer gave rise to the opportunity to assault G.H., given that he met her , on-duty and in uniform, and in a police vehicle and transported G.H. to the hospital for a sexual assault examination. He then used his *actual* authority as an NOPD officer to position himself as her mentor and maintain contact with her over a four-month period, and then abused his apparent authority to lock G.H. in his personal vehicle and sexually assault her. Indeed the City itself contended that Vicknair "act[ed] in his capacity as a police officer to facilitate his conduct to gain [G.H.]'s trust."[5]

Furthermore, per *Applewhite,* Plaintiff need only prove that Officer Vicknair abused his *apparent* authority as a law enforcement officer. *Applewhite v. City of Baton Rouge*, 380 So. 2d 119, 122 (La. App. 1st Cir. 1979) ("where it is found that a law enforcement officer has abused the 'apparent authority' given such persons to act in the public interest, their employers have been

---

[5] R. Doc. 87-3 (Factual Basis for Conviction), p. 1; R. Doc. 125-5 (Vicknair Dep.) at 59:5-15.

4

required to respond in damages.") Here, Officer Vicknair, on-duty, in uniform, and tasked with transporting G.H. to the hospital, abused his *actual* authority when he gave G.H. his phone number and represented that he would "mentor" her. And yet again, Officer Vicknair abused his *actual* authority when he continually returned to G.H.'s residence in uniform, armed, and in his police vehicle. Vicknair testified that for every time he visited G.H.'s house, except this last time, he went "there as a police officer."[6]

On the night of September 23, 2020, Officer Vicknair abused his *apparent* authority as a law enforcement officer when he locked G.H. in his vehicle and sexually assaulted her. The fact that Officer Vicknair returned to G.H.'s residence after working hours and out of uniform is not substantial in this case because he had appeared to G.H. as the NOPD officer who had authority to "mentor" and "lead her in the right direction" for four months. Regardless of whether he was on duty, in uniform, armed, or not – to a vulnerable 15-year-old victim of sexual assault, Vicknair was always the NOPD officer who supported her at the scene of her sexual assault and at the hospital, and who had the authority as an NOPD officer to remain in contact with her as a mentor. Officer Vicknair had the apparent authority to mentor G.H. and lead her in the direction he wanted – and, unfortunately, that included the authority to lead G.H. away from her home and mother, and outside into his vehicle, where he sexually assaulted her.

The City does not dispute that Vicknair's opportunity to rape G.H. arose in the course and scope of his employment or that he abused his apparent authority as an NOPD officer to rape G.H. – which is sufficient for vicarious liability under Louisiana law.

Summary judgment should issue in favor of Plaintiff against the City on the issue of

---

[6] R. Doc. 135-2 (Vicknair Dep.) at 28:17-9 ("Q. So you went over to her house about 12 or 13 times approximately, right? A. Yeah. Q. So you're saying that for all of them but one you went over there as a police officer? A. Correct.")

5

vicarious liability for the state law torts committed by Officer Vicknair.

**C.     The Public Integrity Bureau finding of "malfeasance in office" and the conviction "under color of law" are not dispositive of vicarious liability, but they are undisputed facts that weigh in favor of finding that Vicknair acted in an official capacity when he raped G.H.**

Plaintiff concedes that the City's own finding that Officer Vicknair committed "malfeasance in office," as well as Vicknair's subsequent federal conviction for "deprivation of rights under color of law" alone are not dispositive of vicarious liability. Rather, "the definition of the crime at least creates a permissible inference that [the defendant] was acting in an official capacity."[7] This "permissible inference" is one accounted for when determining whether the totality of the circumstances support a finding that an off-duty officer was in the course and scope of his employment or abused the apparent authority given to him as a law enforcement officer.

The City does not dispute that their own investigation concluded that "beyond a preponderance of evidence... Officer Rodney Vicknair used his position as a public employee to befriend a 15-year-old victim after transporting her to Children's Hospital to have a sexual assault kit completed." And that they recommended Officer Vicknair be disciplined for "Malfeasance in Office." Instead of disputing these facts, they oddly object to the admissibility of their own Report as containing "multiple levels of hearsay," "unfounded legal conclusions," claim their own recommendations regarding Officer's Vicknair's criminal conduct are somehow irrelevant to this case, and that their own Report is somehow prejudicial to them or misleading to a jury.

Last week, Plaintiff took the deposition of Lt. Lawrence Jones, who prepared the Report, and who testified that this is the NOPD Investigation Report he prepared, and he testified to the various facts and exhibits contained therein. Similarly, the City's 30b6 witness affirmed the

---

[7] *Barrios-Barrios v. Clipps,* 825 F. Supp. 2d 730, 743 (E.D. La. 2011).

6

findings and recommendations in the report and that NOPD sought an arrest warrant for Officer Vickniar supported by probable cause for malfeasance in office.[8]

Ultimately, the material facts needed to evaluate the totality of the circumstances here are undisputed; this includes the fact that the City recommended Vicknair be both disciplined and arrested for "malfeasance in office." The City has presented no evidence to controvert these statements.

### D.  Conclusion

For the reasons stated above, partial summary judgment should issue on Plaintiff's claims against the City for Vicknair's state-law torts under the legal doctrine of *respondeat superior*, just as it did in *Doe v. Morris*.

    Respectfully Submitted:

    **MOST & ASSOCIATES**

    */s/ Hope A. Phelps*
    **HOPE PHELPS (La. Bar No. 37259)**
    **WILLIAM MOST (La. Bar No. 36914)**
    201 St. Charles Ave., Ste. 2500, #9685
    New Orleans, LA 70170
    Telephone: (504) 500-7974
    Fax: (504) 414-6400
    Email: hopeaphelps@outlook.com
    *Counsel for Plaintiff, G.H.*

---

[8] Ex. A (Capt. Banks Dep.) at 11:8-21; 17:19-22:17.