UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


RAYNE UPTON, individually and          DOCKET NO.
On behalf of her minor
Daughter, G.H.                         2:21-cv-407

          Plaintiff,                   JUDGE BARBIER

                                       MAG. ROBY

VERSUS

RODNEY VICKNAIR, SHAUN FERGUSON,
THE CITY OF NEW ORLEANS; DOE
DISTRICT COMMANDER; DOES 1 TO 10;
and XYZ INSURANCE COMPANIES 1 TO 10,

          Defendants.



          DEPOSITION OF THE CITY OF NEW ORLEANS,
through its designated representative, CAPTAIN
PRECIOUS BANKS, given in the above-entitled cause,
pursuant to the following stipulation, before
Sandra P. DiFebbo, Certified Shorthand Reporter, in
and for the State of Louisiana, at the Office of
the City Attorney, 1300 Perdido Street, City Hall,
Room 5E03, New Orleans, Louisiana, on the 10th day
of January, 2024, commencing at 10:45 AM.

```
 1    APPEARANCES:

 2

 3              MOST & ASSOCIATES
              BY: HOPE PHELPS,
 4            ATTORNEY AT LAW
              201 St. Charles Avenue
 5            Suite 2500, #9685
              New Orleans,Louisiana  70170
 6            Representing the Plaintiff

 7

 8              CITY OF NEW ORLEANS
              LAW DEPARTMENT
 9            BY:  JAMES ROQUEMORE,
              ASSISTANT CITY ATTORNEY -and-
10            ELIZABETH WEIGAND,
              ASSISTANT CITY ATTORNEY
11            1300 Perdido Street
              Suite 5E03
12            New Orleans, Louisiana  70112
              Representing Shaun Ferguson, the City of
13            New Orleans, DOE District Commander, DOES
              1 to 10 and XYZ Insurance Companies
14            1 to 10

15

16    Reported By:

17

18              Sandra P. DiFebbo
              Certified Shorthand Reporter
19            State of Louisiana

20

21

22

23

24

25
```

1          S T I P U L A T I O N

2

3               It is stipulated and agreed by and

4     among counsel for the parties hereto that the

5     deposition of THE CITY OF NEW ORLEANS, through its

6     designated representative, CAPTAIN PRECIOUS BANKS,

7     is hereby being taken pursuant to the Federal Rules

8     of Civil Procedure for all purposes in accordance

9     with law;

10               That the formalities of reading and

11     signing are specifically reserved;

12               That the formalities of sealing,

13     certification, and filing are hereby specifically

14     waived.

15               That all objections, save those as to

16     the form of the question and responsiveness of the

17     answer are hereby reserved until such time as this

18     deposition or any part thereof is used or sought to

19     be used in evidence.

20                    * * * * *

21               Sandra P. DiFebbo, Certified Shorthand

22     Reporter, in and for the State of Louisiana,

23     officiated in administering the oath to the

24     witness.

25

1    reprimand or a letter of reprimand, possible one-
2    day suspension.  You have a Level B that may start
3    off as a letter of reprimand, a one-day suspension
4    or a three-day suspension.  It just depends on the
5    level and how egregious the allegation is.  And if
6    it's maybe like a Level D, I believe, D or higher,
7    you can face demotion or termination.
8        Q.   I am going to show you a copy of the
9    signed NOPD investigation.  This is the NOPD signed
10   investigation and disciplinary recommendations.
11   Have you seen this before?
12       A.   Yes.
13       Q.   According to this document, NOPD's Public
14   Integrity Bureau investigated Vicknair for a
15   potential violation of Revised Statute 14:134,
16   Malfeasance in Office.  Is that correct?
17       A.   Yes.  That is one of the allegations.
18       Q.   This case was assigned to then Sergeant
19   Lawrence Jones with the Public Integrity Bureau,
20   correct?
21       A.   Correct.
22       Q.   And according to this document, the
23   investigation began on Monday, September 21st,
24   2020; is that right?
25       A.   That's what the document says.

1          Q.   Yes.

2          A.   I don't know that to my knowledge.

3          Q.   Also, on Tuesday, September 22nd,

4    Sergeant Jones drafted an introduction letter to

5    the mother who made the complaint?

6          A.   Correct.

7          Q.   After taking the statement from the

8    child's mother and seeing the photograph, did NOPD

9    have probable cause to arrest Vicknair?

10              MR. ROQUEMORE:

11                   Objection.  Form.

12              THE WITNESS:

13                   Yes.

14              MR. ROQUEMORE:

15                   Could you repeat that last question

16              and answer?

17                   {COURT REPORTER READ BACK}

18   BY MS. PHELPS:

19         Q.   I'm now showing you a copy of the

20   Affidavit for Arrest Warrant and the Arrest Warrant

21   for Rodney Vicknair.  Have you seen this document

22   before?

23         A.   Yes.

24         Q.   This was a valid warrant, correct?

25         A.   Correct.

1      Q.   It was supported by probable cause for

2  malfeasance in office, correct?

3      A.   Correct.

4      Q.   NOPD sought this warrant because it

5  concluded Vicknair had committed malfeasance in

6  office, correct?

7      A.   Wait.  Repeat.

8      Q.   NOPD sought this warrant because it

9  believed Vicknair had committed malfeasance in

10  office, correct?

11          MR. ROQUEMORE:

12             Objection.  Form.

13          THE WITNESS:

14             You said sought?  There was a word

15           that I was --

16          MR. ROQUEMORE:

17             The arrest warrant speaks for

18           itself, but you can answer.

19          THE WITNESS:

20             Yes.  They found probable cause.

21  BY MS. PHELPS:

22      Q.   That is the city's position, that

23  Vicknair committed malfeasance in office among

24  other crimes, correct?

25      A.   As of the evidence obtained at the time,

```
1    yes.
2         Q.   Let me go back to Exhibit 4.
3              MR. ROQUEMORE:
4                  This arrest warrant was -- what was
5               the exhibit number on that?
6              MS. PHELPS:
7                  Exhibit 5.
8    BY MS. PHELPS:
9         Q.   The arrest warrant includes Revised
10   Statute 14:134, Malfeasance in Office, because
11   Officer Rodney Vicknair used his position as a
12   public employee to befriend a 15-year-old victim
13   after transporting her to Children's Hospital to
14   have a sexual assault kit completed, correct?
15             MR. ROQUEMORE:
16                 Objection.  Form.
17             THE WITNESS:
18                 Correct.
19   BY MS. PHELPS:
20        Q.   The description I just read of
21   malfeasance in office, is that found on the
22   disciplinary recommendations page of the signed
23   investigation report under Rule 2, Moral Conduct?
24        A.   Yes.
25        Q.   Sergeant Jones' investigation proved this
```

1  beyond a preponderance of evidence, correct?

2      A.   Correct.

3      Q.   You couldn't obtain an arrest warrant and

4  arrest someone for malfeasance in office unless

5  they committed one of the offenses described in the

6  malfeasance in office statute?

7      A.   Correct.  They must meet one of the

8  elements.

9      Q.   I will attach the Malfeasance in Office

10  statute as Exhibit 6. Are you familiar with this

11  statute?

12      A.   Yes.

13      Q.   Vicknair was arrested for malfeasance in

14  office because he intentionally performed a duty

15  lawfully required of him in an unlawful manner; is

16  that correct?

17          MR. ROQUEMORE:

18              Objection.  Form.

19          THE WITNESS:

20              Correct.

21          MR. ROQUEMORE:

22              I'll also object to that is beyond

23            the scope. So your answer to that was

24            yes?

25          THE WITNESS:

```
 1              Yes.
 2   BY MS. PHELPS:
 3        Q.   An element of this charge, arrest, is
 4   obviously that Vicknair acted as an officer for the
 5   City of New Orleans, correct?
 6        A.   He was on duty at the time, correct.
 7        Q.   This was a valid arrest, because he
 8   committed the crimes of sexual battery and indecent
 9   behavior with a juvenile while in office, correct?
10             MR. ROQUEMORE:
11                  Objection.  Form.
12             THE WITNESS:
13                  Based upon the preponderance of the
14               evidence.
15   BY MS. PHELPS:
16        Q.   Did NOPD make any findings regarding
17   Vicknair's credibility?
18        A.   No.
19        Q.   NOPD deemed the child, XXXXXXXX, to
20   be credible, correct?
21        A.   Correct.
22        Q.   NOPD deemed the mother, Rayne XXXX, to
23   be credible, correct?
24        A.   Correct.
25        Q.   NOPD deemed the counselor, Andrea Wright,
```

1    to be credible, correct?

2         A.   Correct.

3         Q.   The Public Integrity Bureau and the

4    previous superintendent, Shaun Ferguson, all

5    concurred in the disciplinary recommendations of

6    Sergeant Jones, correct?

7         A.   Correct.

8         Q.   And this included the complaint of

9    malfeasance in office, correct?

10        A.   Correct.  Also, just to make a note, the

11   signature for Shaun Ferguson was made by his

12   designee.  If you look at the handwriting above,

13   then Deputy Chief Arlinda Westbrook.  The

14   handwriting was similar.

15        Q.   Shaun Ferguson's designee is authorized

16   to sign for him?

17        A.   Correct.

18        Q.   I'm going to show you a copy of the

19   Factual Basis from the criminal case.  We'll attach

20   this as Exhibit 7.  Have you seen this document

21   before?

22        A.   I don't remember.  I may have.

23        Q.   The Factual Basis is the basis of facts

24   that or summary of facts that provide the basis for

25   Rodney Vicknair's conviction for deprivation of