UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYNE UPTON, individually and on behalf of her minor daughter, G.H.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-407** |
| **RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDERS; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10** | **SECTION: "J" (4)** |

## ORDER

Before the Court is a **Motion for Leave to Take Deposition of Andrea Wright After Discovery Cutoff (R. Doc. 128)** filed by the Defendants, Sean Ferguson and the City of New Orleans, seeking leave from Court to take the deposition of Andrea Wright after the discovery cutoff and extend the deadline to take Ms. Wright's deposition to March 15, 2024. The Motion is opposed. R. Doc. 134. The motion was heard by oral argument on February 7, 2024.

### I. Background

This litigation arises from alleged misconduct by Officer Rodney Vicknair ("Officer Vicknair"), the City of New Orleans, and the New Orleans Police Department ("NOPD"). R. Doc. 1. In May 2020, NOPD dispatched Officer Vicknair to transport then 14-year-old Plaintiff, G.H., to the hospital for a rape kit. *Id.* Officer Vicknair allegedly began grooming G.H. the first night that he met her, and allegedly repeatedly sexually assaulted and raped G.H. over the next few months. *Id.* Plaintiff G.H. alleges that Officer Vicknair engaged in this conduct at her home, while he wore his NOPD uniform and drove his NOPD vehicle. *Id.* In addition to the alleged predatory conduct of Officer Vicknair, Plaintiff G.H. and her mother, Rayne Upton, allege that the City of New Orleans and NOPD engaged in complicit and negligent actions contributing to this misconduct. *Id.*

On February 24, 2021, Plaintiff G.H. and Rayne Upton filed a Complaint asserting claims under the Fourth, Fifth, and Fourteenth Amendments. R. Doc. 1. More specifically, Plaintiffs asserted claims under G.H.'s constitutional due process rights to bodily integrity and freedom from sexual abuse and bodily intrusions by state actors, to be free from unjustified and excessive force utilized by police, and to be free from unlawful seizure of her person. *Id.* Plaintiff G.H. and Rayne Upton also asserted state law claims of battery, false imprisonment, intentional and negligent infliction of emotional distress, and state constitutional claims. *Id.*

The Scheduling Order for this matter specified that "depositions for trial use shall be taken and all [D]iscovery shall be completed" by no later than January 23, 2024. *See* R. Doc. 84.

On January 23, 2024, Defendants Sean Ferguson and the City of New Orleans ("Defendants") filed this Motion seeking leave of Court to depose Andrea Wright, LCSW-BACS. R. Doc. 128. Defendants assert that Ms. Wright has discoverable and relevant information due to her communications with Plaintiff G.H. and Rayne Upton regarding Officer Vicknair, as well as her alleged communications with Defendants regarding Officer Vicknair. R. Doc. 128-1. Defendants further alleged that taking Ms. Wright's deposition would not delay the trial and was not occasioned by fault of the Defendants. *Id*.

Defendants further assert that Plaintiff included Ms. Wright on their Witness List but provided an incomplete office address of "Judge Perez Drive, Chalmette, LA 70043" as the service address. R. Doc. 128-1. *See* R. Doc. 111. Defendants assert that they did not obtain the full address where Ms. Wright could be served until January 10, 2024, when they promptly issued a subpoena for Ms. Wright's attendance at the deposition. R. Doc. 128-1. Defendants further assert that Ms. Wright could not be served at this address despite Defendants' diligent efforts, "which included four attempts over the course of [two] weeks during and after business hours[.]" *Id.*

Defendants allege that this exercise of due diligence in their attempt to unsuccessfully subpoena Ms. Wright establishes good cause for the Court to allow Defendants to take the deposition of Ms. Wright after the Discovery deadline. R. Doc. 128-1. Defendants further request that the deadline to take Ms. Wright's deposition be extended to March 15, 2024, to allow time for Defendants to arrange for service of a subpoena for attendance at the deposition upon Ms. Wright. *Id.*

In response, Plaintiffs' Opposition asserts that Defendants' Motion for Leave should be denied. R. Doc. 134. Plaintiff alleges that Defendants did not show diligence in seeking to take Ms. Wright's deposition during the two and a half years of the discovery period, and that the relief Defendants seek is unreasonable. *Id.*

Regarding Defendants' alleged lack of diligence, Plaintiff asserts that Defendants waited until eleven days before the discovery cut-off to begin trying to serve Ms. Wright with a deposition subpoena that was not noticed or scheduled among the parties. R. Doc. 134. Plaintiffs further allege that the ten-day timeframe provided for this third-party deposition, namely a subpoena on January 12 for a January 22 deposition, is "clearly unreasonable" and that Defendants waited until just four minutes before the close of discovery to seek leave for more time to depose Ms. Wright. *Id.*

Regarding the unreasonableness of Defendants' requested relief, Plaintiff asserts that the deadline of March 15, 2024, to take Ms. Wright's deposition is unreasonable. R. Doc. 134. In support, Plaintiff asserts that March 15, 2024 is the last business day before the jury trial on this matter, scheduled for March 18, 2024. *Id.*

## II. Standard of Review

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Federal jurisprudence provides that the party seeking

to modify the scheduling order establishes "good cause" by showing that the deadlines could not be reasonably met despite the diligence of the party requesting the extension. *See Lamar Advertising Company v. Zurich American Insurance Company,* 18-1060 (M.D. La. 12/10/19); 2019 WL 9899276 (finding that there was no "good cause" for re-opening the non-expert Discovery deadline where there was no timely motion to extend that deadline).

The Court considers four factors when evaluating such requests: (1) the mover's explanation for the requested extension, (2) the importance of the requested extension, (3) the potential prejudice in granting the extension, and (4) the availability of a continuance to cure such prejudice. *Lamar,* 18-1060 at *2.

### III. <u>Analysis</u>

In their Opposition, Plaintiff cited federal jurisprudence that Discovery conducted at the last minute due to a party's own lack of diligence does not create "good cause" sufficient to merit intervention from the Court to extend Discovery deadlines. *See Dixon v. Greyhound Lines, Inc.*, 13-179 (M.D. La. 11/19/14); 2014 WL 6474355 (finding that a subpoena served six days before expert discovery deadline was untimely where it required compliance outside of the Discovery deadline).

The Court finds that this caution against last minute Discovery applies to the dilatory procedures of both parties, since the Court approved a request for leave to conduct four depositions beyond the Discovery deadline just two weeks ago on January 24, 2024. *See* R. Doc. 129. The Court finds that both parties delayed conducting the requested depositions until the last few weeks of the multi-year Discovery period, and that Plaintiff's opposition to Defendants' request on the grounds of timeliness therefore lacks merit.

At oral argument, the parties acknowledged that Plaintiff's Initial Disclosures included Andrea Wright. The parties' Initial Disclosures were not provided for the Court's review, and neither party could recall the date of filing. Andrea Wright was also included in Plaintiffs' Witness list, which was filed on December 22, 2024. R. Doc. 111. However, this Witness list provided an incomplete address. *Id.*

Defendants assert that they made diligent efforts to serve Ms. Wright but were delayed due to this incomplete address and Ms. Wright's successful attempts to avoid service. Defendants allege that they were not given Ms. Wright's full address until January 10, 2024, and that Ms. Wright did not answer counsel for Defendants' repeated phone calls and voicemails in a timely manner.

At oral argument, counsel for Defendants also asserted that when Ms. Wright eventually responded to these calls, she informed them that she would not sit for a deposition willingly. Counsel for Defendants further asserted that Ms. Wright is a licensed social worker who made reports to law enforcement regarding the sexual abuse experienced by the Plaintiff.

In light of the Court's recent granting of Plaintiffs' Motion and the arguments of counsel on this matter, the Court finds that there is "good cause" to grant Defendants' request to conduct a deposition of Andrea Wright. However, the Court finds that granting the requested extension through March 15, 2024, would create significant prejudice. Extending the deadline to depose Ms. Wright to the last business day before the jury trial on this matter would cause significant prejudice to all undersigned counsel, who should be occupied with their trial preparations. Therefore, the Court finds that Wednesday, February 21, 2024, is the appropriate deadline for Defendants to complete the deposition of Andrea Wright.

Additionally, counsel for Defendants raised the issue of deposing Andrea Wright's supervisor during oral argument in light of the issues Defendants were having with serving Ms. Wright. The Court denies this request because it was not squarely presented to the Court in the Defendants' Motion so as to allow notice to the opposing party and an opportunity to respond.

### IV. Recommendation

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion for Leave to Take Deposition of Andrea Wright After Discovery Cutoff (R. Doc. 128) is GRANTED.**

**IT IS FURTHER ORDERED** that the deadline to complete the deposition for Andrea is **on or before Wednesday, February 21, 2024**.

New Orleans, Louisiana, this 8th day of February 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**