UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO PLAINTIFF'S MOTION TO DESIGNATE ANNE KIRKPATRICK AS PLAINTIFF'S NON-RETAINED EXPERT

Defendants, Shaun Ferguson and the City of New Orleans (collectively, "Defendants") oppose Plaintiff's Motion to Designate NOPD Superintendent Anne Kirkpatrick as Plaintiff's Non-Retained Expert (Rec. Doc. 136) and respectfully show the following.

Plaintiff's Motion should be denied because: (1) Plaintiff's designation is untimely; and (2) the "opinions" cited by Plaintiff are conclusory personal opinions provided without necessary factual basis or analysis to clarify Plaintiff's counsel's incomplete and misleading questioning.

1. **Plaintiff's designation is untimely**.

Plaintiff filed her Original Complaint on February 24, 2021, and named NOPD Superintendent Shaun Ferguson as a defendant. Plaintiff never sought to depose Superintendent Ferguson. On December 19, 2023, the deadline for Plaintiff's designation of non-retained experts passed.[1] Plaintiff never designated a police practices expert, despite that being central to her case. On December 26, 2024, Defendants timely filed their Witness and Exhibit List in which current NOPD's Superintendent, Anne Kirkpatrick, was named as a fact witness with respect to "NOPD's policies, practices and procedures."[2] On January 1, 2024, Plaintiff served a notice seeking to take

---

[1] Federal Rule of Civil Procedure 26(a)(2)(D)(i).

[2] Rec. Doc. 112, p. 9.

1

the deposition of Superintendent Kirkpatrick on January 18, 2024.[3] On January 30, 2024, Plaintiff filed the instant motion, seeking to designate a non-retained expert 42 days after the deadline expired.

Defendants are not at fault for Plaintiff's dilatory conduct in failing to timely designate an expert. Plaintiff was fully aware of the identity of NOPD's superintendents, Ferguson and Kirkpatrick, but never attempted to depose them within a time to learn if they may have opinions relevant to this case. Plaintiff never attempted to designate a retained expert on police procedure. It is the sole fault of Plaintiff for failing to secure Superintendent Kirkpatrick's testimony earlier.

Further, the timing of this late designation is prejudicial to Defendants. To be clear, Defendants dispute the content of the "opinions" sought to be elicited by Plaintiff.[4] The hypothetical questions posed to Superintendent Kirkpatrick were misleading and based on incomplete facts. Defendants are prejudiced by having to, on the eve of trial, marshal evidence to rebut and/or explain the misleading and unfounded "expert" opinions proffered by Plaintiff.

**2. Superintendent Kirkpatrick's opinion testimony should be excluded because it consists merely of her personal opinions without analysis or factual support.**

The Fifth Circuit excludes expert opinions under Fed. R. Evid. 702 that amount to no more than an expert's "personal interpretation of the evidence" and "conclusions on the ultimate issues in the case."[5] In the instant case, Superintendent Kirkpatrick's opinion testimony consists only of her personal opinions given in a conclusory fashion.[6] At the time of the deposition, she had only superficial knowledge of the facts underlying this case and was not designated to testify as a

---

[3] See Exhibit A (email).
[4] Defendants also dispute the relevancy of the opinions, but that will be a subject of another motion.
[5] *Anderson v. City of McComb*, 539 F. App'x 385, 388 (5th Cir. 2013) (the expert opinions were not considered because they "amounted to no more than the [expert's] personal interpretation of the evidence that the jury would hear and the [expert's] conclusions on the ultimate issues in the case").
[6] See Rec. Doc. 144-3, pp. 16:5, 18:2, 18:13, 21:15-16, 23:17-18, 25:6, 25:2027:227:22, 29:23.

corporate representative under Fed. R. Civ. Proc. 30(b)(6). She was not capable, and did not, provide any analysis or factual support for the statements put to her by Plaintiff's counsel. Conclusions based upon personal opinion and without analysis, as Plaintiff seeks to introduce here, are unhelpful and inadmissible.[7]

## CONCLUSION

For these reasons, Defendants respectfully pray that the Court deny Plaintiff's Motion.

Respectfully submitted,

/s/ *James M. Roquemore*_____
JAMES M. ROQUEMORE (LSB #40035)
Deputy City Attorney
CORWIN ST. RAYMOND (LSB #31330)
Deputy City Attorney
DONESIA D. TURNER (LSB #23338)
City Attorney
1300 Perdido Street
City Hall – Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Fax: (504) 658-9868
james.roquemore@nola.gov
cmstraymond@nola.gov
donesia.turner@nola.gov

*Attorneys for Defendants, City of New Orleans and Shaun Ferguson, Superintendent of the New Orleans Police Department*

---

[7] *Williams v. City of Houston, Texas*, 2019 WL 2435854, *6 (S.D. Tex., June 11, 2019) (expert report consisting of "conclusions about the City's policies, without analysis[,]" is "unhelpful and inadmissible").