UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>Plaintiff,<br><br>v.<br><br>RODNEY VICKNAIR, et al.,<br><br>Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**Reply in Support of Motion to Designate NOPD Superintendent Kirkpatrick as Plaintiff's Non-Retained Expert**

In R. Doc. 136, Plaintiff moved the Court for leave to designate Superintendent Kirkpatrick, the Chief of NOPD, as a non-retained expert after the expert designation date. Plaintiff was unable to designate Superintendent Kirkpatrick as an expert before the designation date because Defendants did not identify her as a witness at all until after the expert designation date.

Defendants oppose the motion, arguing that the jury should not hear opinion testimony from their own Chief of Police. R. Doc. 154. Defendants are so intent on avoiding Superintendent Kirkpatrick's opinions that they wind up in the odd position of arguing that their own witness has only a "superficial knowledge of the facts."

But Defendants make nearly the same arguments here that they made in opposing Plaintiff's designation of Captain Banks as a non-retained expert. This Court rejected Defendants' arguments, and allowed Plaintiff to designate Captain Banks. R. Doc. 145 ("Considering the foregoing Motion to Designate NOPD Captain Precious Banks as Plaintiff's Non-Retained Expert . . . the motion is GRANTED.")

The same result should follow here. Plaintiff's motion should be granted.

1

A. **The Motion should be granted because Plaintiff moved quickly to depose Superintendent Kirkpatrick once she was identified as a witness, and designated her as an expert during her deposition.**

Defendants concede that they did not identify Superintendent Kirkpatrick as a witness until December 26, 2023. R. Doc. 154 at 1. But they suggest that Plaintiff nonetheless somehow should have designated her as an expert a week *earlier,* on December 19, 2023, even though Plaintiff had no notice that she would be a witness and had not yet heard her testimony. *Id.*

Plaintiff acted with diligence by deposing Superintendent Kirkpatrick within weeks of her identification as a witness, and designating her as an expert during her deposition. There is no prejudice to Defendants because they have had ample opportunity during the deposition – and at any other time – to discuss with Superintendent Kirkpatrick her opinions. Plaintiff's motion should be granted.

B. **The Motion should be granted because Defendants have identified no actual defect with the substance of Superintendent Kirkpatrick's opinions.**

Defendants further seek to exclude Superintendent Kirkpatrick's opinions on the ground that she "was not capable, and did not, provide any analysis or factual support for the statements put to her by Plaintiff's counsel," and so her opinions are merely "personal interpretation of the evidence" or "conclusions on the ultimate issues in the case." R. Doc. 154 at 2-3. That is incorrect; Superintendent Kirkpatrick did provide analysis and factual support. For example, when asked whether NOPD should "leave an officer on the street unmonitored once there's probable cause to arrest them," Superintendent Kirkpatrick provided a qualified, thoughtful explanation that discussed various scenarios of police practices in which the answers might be different. Ex. A (Kirkpatrick Dep.) at 13:21-15:9.

And the fact that Superintendent Kirkpatrick was not personally involved in the investigation and lacks direct knowledge of the facts does not preclude her from being an expert. The questioning of Kirkpatrick – as is common with experts – took the form of questions regarding hypothetical sets of facts. The U.S. Supreme Court and the Fifth Circuit have firmly allowed such

questioning. *See Barefoot v. Estelle*, 463 U.S. 880, 903 (1983) ("Expert testimony, whether in the form of an opinion based on hypothetical questions or otherwise, is commonly admitted as evidence where it might help the factfinder do its assigned job."); *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998) ("Dr. Grigson's testimony regarding Little's potential for future dangerousness, based on a hypothetical set of facts, was properly admitted by the trial court.") The motion should be granted.

**C.     Conclusion**

Just as with Captain Banks, Defendants have identified no good reason to exclude the opinion testimony of their own witness. Plaintiff's motion should be granted.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

*Counsel for Plaintiff, G.H.*
