UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


RAYNE UPTON,
INDIVIDUALLY AND ON
BEHALF OF HER
DAUGHTER, G.H.

                                CIVIL ACTION

                                NO. 2:21-CV-407

VERSUS

                                JUDGE CARL BARBIERE
                                MAG. KAREN W. ROBY

RODNEY VICKNAIR, SHAUN
FERGUSON, THE CITY OF
NEW ORLEANS; DOE
DISTRICT COMMANDER;
DOES 1 TO 10; AND XYZ
INSURANCE COMPANIES 1
TO 10




          Deposition of SUPERINTENDENT
ANNE E. KIRKPATRICK , taken on January 30,
2024, in the offices of The Office of the City
Attorney, 1300 Perdido Street, New Orleans,
Louisiana 70112.

1         arrests," right.  Is that summons or

2         physical -- is that intended to be a

3         physical in-custody arrest.  Let's

4         say you're an MIP -- you're between

5         the age of 18 and 21 -- I don't know

6         if that's a term here.  And let's say

7         you had five of those from the time

8         you were 18 to 21 and college and

9         you're ten years remote from that,

10        that would be contextually for me,

11        potentially, a reason that I would go

12        ahead and potentially consider a

13        candidate.  So hard and fast, I

14        wouldn't be able to say that I would

15        be 100 percent on that.

16   BY MR. MOST:

17        Q    Okay.  So there would be certain not

18   very egregious crimes, if they were remote in

19   time, that would be an exception to this rule?

20        A    And how old you were when you did it.

21        Q    Another principle I'd like to ask you

22   if you agree with is, NOPD should not leave an

23   officer on the street unmonitored once there's

24   probable cause to arrest the officer?

25             MR. ROQUEMORE:

14

```
 1                 Objection to form.
 2           THE WITNESS:
 3               I can't also agree
 4          unconditionally to that.
 5    BY MR. MOST:
 6       Q    Would you say, generally, with some
 7    narrow exceptions, NOPD should not leave an
 8    officer on the street unmonitored once there's
 9    probable cause to arrest them?
10           MR. ROQUEMORE:
11               Same objection.
12           THE WITNESS:
13               With some narrow exceptions.
14    BY MR. MOST:
15       Q    And what would those narrow
16    exceptions be, for example?
17       A    Let's say that a probable cause did
18    exist.  Let's say that we thought that --
19    there exists a probable cause that an officer
20    was not putting drugs into the evidence room.
21    There might be a point in time where officers
22    are still trailing that person.  But they may
23    have already had probable cause, but they're
24    going to trail that officer to see, in a sting
25    operation.  That's why I don't want to just
```

1  say in a moment in time, that once that

2  probable cause is established, the arrest

3  occurs in limited situations.  And it would

4  probably be when they're doing a sting

5  operation.

6       Q    I see.  So in a context like that, at

7  the very least, you'd want to do some attempts

8  to keep track of that officer?

9       A    That would be correct.

10      Q    Another principle I'd like to ask you

11 about is, NOPD should train its officers to

12 recognize the red flags of officer misconduct?

13      A    Yes.

14      Q    So I'd like to talk about -- going

15 back to how to -- whether to leave an offer on

16 the street or not, which we just discussed.

17 Let's suppose that NOPD has been notified

18 about potential misconduct by one of its

19 officers.  On day one of NOPD's investigation

20 into that Officer, NOPD learns that the

21 officer made inappropriate comments and took a

22 very inappropriate picture with a 15-year-old

23 girl.  Let's say NOPD sees the photo and

24 considers it to be a seductive photo.  Should

25 NOPD leave the officer unmonitored on the