UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>　　　　　　　Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

**<u>Memorandum in Support of Motion to Require Stipulations of Fact</u>**

In a series of four orders, this Court ordered the parties to confer and agree to "all possible stipulations" for trial. R. Docs. 40-1, 63-1, 73-1, 84-1. Those stipulations are for "eliminating any issues that might appear in the pleadings about which there is no real controversy." *Id.*

Defendants have not complied with the Court's orders. They refuse to stipulate to matters that they <u>admitted in their answer</u> or proffered to this Court as "undisputed" facts in their summary judgment filings.

For example, Defendants refuse to stipulate that the 14-year-old plaintiff lacked capacity to consent to sexual activity – even though they admitted that in their answer. And they refuse to stipulate that "Mr. Vicknair developed an inappropriate relationship with G.H." – even though that is how <u>Defendants</u> described it to this Court in their Motion for Summary Judgment. And they refuse to stipulate that the September 23, 2020 sexual assault occurred – even though Defendants arrested Vicknair for that assault and Defendants admitted it in summary judgment filings.

Because there is no real controversy about these issues, they should be included in the stipulations read to the jury at trial.

1

### A. Discussion

Plaintiffs propose the following stipulations. Defendants refused to stipulate to each. Below is a chart showing the proposed stipulation, and the reason why there is no real controversy.

| No. | Plaintiff's Proposed Stipulation | Reason Why Item Not Actually in Controversy |
|---|---|---|
| 1 | Because she was a minor, G.H. did not have the capacity to consent to sexual conduct with Mr. Vicknair. | In their Answer, R. Doc. 82 at ¶ 147, Defendants admit that "if G.H. was a minor she did not have capacity to consent to sexual conduct with Vicknair."<br><br>There is also no dispute over G.H.'s age; Plaintiff provided her birth certificate in discovery, and Defendants described her in their uncontested material facts as "a 14 year-old girl." R. Doc. 126-3 (Def's SUF) ¶ 13. |
| 2 | Over the next four months, Mr. Vicknair developed an inappropriate relationship with G.H. | That is how Defendants characterized it to the Court in their statement of uncontested material facts.<br><br>They wrote: "Over the next four months, unbeknownst to NOPD, Mr. Vicknair developed an inappropriate relationship with G.H." R. Doc. 126-3 (Def's SUF) ¶ 15. |
| 3 | Mr. Vicknair's relationship with G.H. entailed social media and telephone communications of a sexual nature, transmittal of sexual pictures to Mr. Vicknair's telephone, and visits, both while he was on-duty and off-duty, to G.H.'s residence at various times. | That is how Defendants characterized it to the Court in their statement of uncontested material facts.<br><br>They wrote: "Mr. Vicknair's relationship with G.H. entailed social media and telephone communications of a sexual nature, G.H.'s transmittal of sexual pictures to Mr. Vicknair's telephone, and visits, both while he was on-duty and off-duty, to G.H.'s residence at various times . . . ." R. Doc. 126-3 (Def's SUF) ¶ 16. |
| 4 | On September 21, 2020, G.H.'s counselor relayed to NOPD concerns of G.H.'s mother regarding Mr. Vicknair's relationship with G.H. | That is how Defendants characterized it to the Court in their statement of uncontested material facts.<br><br>They wrote: "On September 21, 2020, G.H.'s counselor relayed to NOPD concerns of G.H.'s mother regarding Mr. Vicknair's relationship with G.H." R. Doc. 126-3 (Def's SUF) ¶ 17. |

| | | |
|---|---|---|
| 5 | The parties disagree about how many times Mr. Vicknair sexually assaulted G.H. But they agree that on September 23, 2020, Vicknair sexually assaulted G.H. in his truck. | In R. Doc. 139-1 ¶ 9, Defendants' response to Plaintiff's material facts, Defendants write that "for the Purpose of Plaintiff's Partial MSJ, Defendants admit that Mr. Vicknair sexually assaulted Plaintiff on September 23, 2020."<br><br>They have never indicated that they think this sexual assault did not occur. Nor could they reasonably, since they arrested Vicknair for that assault.<br><br>Also, this Court made a finding in its order on cross-motions for summary judgment that on "September 23, 2020, Rodney Vicknair, who was then employed as an officer with the New Orleans Police Department ("NOPD"), sexually assaulted G.H., who was then a minor child." R. Doc. 157 at 1. The Court notes that "Defendants state that Vicknair only assaulted G.H. once." *Id.* at 5. |

**B.   Conclusion**

These five items are basic issues for which there is no actual controversy between the parties. It will simplify trial, conserve the Court's and the parties' resources, and clarify the issues for trial to have these items included in the stipulations read to the jury.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

*Counsel for Plaintiff, G.H.*

3