**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

_____

| | |
|---|---|
| RAYNE UPTON, individually and | ) |
| on behalf of her minor daughter, G.H. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| RODNEY VICKNAIR, SHAUN FERGUSON, | ) |
| THE CITY OF NEW ORLEANS; DOE | ) |
| DISTRICT COMMANDER; DOES 1 to 10; | ) |
| and XYZ INSURANCE COMPANIES 1 to 10, | ) |
| | ) |
| Defendants. | ) |

Docket No. 2:21-cv-407

JUDGE: CARL BARBIER

MAGISTRATE: KAREN WELLS ROBY

_____ )

## JOINT PRETRIAL ORDER

## I.   DATE OF PRETRIAL CONFERENCE

Tuesday, February 27, 2024, at 10:00 a.m.

## II.   APPEARANCE OF COUNSEL AND PARTY REPRESENTED

Plaintiff, G.H.
Hope Phelps (#37259)
William Most (#36914)
Telephone: (504) 509-5023
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
hopeaphelps@outlook.com
williammost@gmail.com

Defendants, City of New Orleans
James Roquemore (#40035)
Corwin St. Raymond (#31330)
City Attorney
1300 Perdido St., Room 5E03
New Orleans, LA 70112
Telephone: (504) 658-9815
Facsimile: (504) 658-9868
james.roquemore@nola.gov
cmstraymond@nola.gov

## III.   DESCRIPTION OF PARTIES

Plaintiff, G.H., is an individual of the full age of majority. She formerly resided in Louisiana, and now lives in California.

Defendant, City of New Orleans (the "City"), is a political subdivision of the State of Louisiana.

IV.    **JURISDICTION**

     This court has jurisdiction over this civil matter pursuant to 28 U.S.C. § 1331 and §1343.

No party objects to this court's jurisdiction.

V.    **PENDING/CONTEMPLATED MOTIONS OR SPECIAL ISSUES FOR DETERMINATION IN ADVANCE OF TRIAL**

   a) Plaintiff filed a Motion for Leave to Designate Superintendent Anne Kirkpatrick as Non-Retained Expert Witness. (R. Doc. 136.). This motion is currently pending before the court.

   b) The City contends Plaintiff's First Amended Complaint (R. Doc. 79) does not contain a negligent hiring claim under Section 1983.

     The parties anticipate filing motions in *limine*, not concerning expert testimony, in accordance with and in advance of the deadline outlined in the Court's Scheduling Order (March 11, 2024).

VI.   **BRIEF SUMMARY OF MATERIAL FACTS CLAIMED**

   **a. BY G.H.**

     In 2007, Rodney Vicknair submitted an application to be a City of New Orleans Police Department ("NOPD") officer, and underwent a background check, which included an examination of Vicknair's criminal history.

     At the time of this background check, Vicknair's criminal history included five arrests and one conviction:

   (1) a 1985 arrest for two counts criminal damage to property and two counts illegal use of a weapon;
   (2) a 1986 arrest for attempted burglary;
   (3) a 1987 arrest and conviction for simple battery against a juvenile;
   (4) a 1990 arrest for disturbing the peace, and
   (5) a 2005 arrest for simple battery and aggravated assault.

     The 2005 assault and battery arrest was based on an incident where Vicknair entered the home of his ex-girlfriend and threatened her new partner with a knife. NOPD did not interview the

victim or Vicknair's ex-girlfriend. Ultimately, NOPD considered Vicknair's arrest history and approved his hire to be an NOPD officer.

On May 26, 2020, Officer Rodney Vicknair met 14-year-old G.H. through his role as an NOPD officer. When Officer Vicknair met G.H., he was responding to a report of First-Degree Rape wherein G.H. was identified as the victim.

Officer Vicknair and Officer Curtis Carkum transported G.H. and her mother to Children's Hospital. Body-worn camera footage shows Officer Vicknair telling the teen that she could tell him things she would not tell her mother. Officers Vicknair and Carkum remained with G.H. and her mother in the emergency room while they waited for the sexual assault examination.

While waiting in the emergency room, Officer Vicknair showed G.H. scantily clad photos of a woman. During this time, Office Vicknair also gave G.H. his cell phone number and offered to G.H. and her mother that he could be a mentor to G.H.

Over the next four months, according to the City, Officer Vicknair acted "in his capacity as a police officer to facilitate his conduct to gain [G.H.]'s trust." Officer Vicknair, in his capacity as an NOPD officer, purported to perform welfare checks on G.H. at her residence. Officer Vicknair went over to G.H.'s home at least ten times.

Over those months, Vicknair sexually assaulted G.H. four times. At least two of those times were in his NOPD uniform. The final sexual assault occurred on September 23, 2020, in Vicknair's vehicle. Vicknair also stared at G.H.'s exposed breasts on at least one occasion, hit her with a baton, and solicited child pornography from her.

By September 21, 2020, NOPD had been alerted to Vicknair's misconduct and opened an investigation. NOPD Sgt. Lawrence Jones issued written investigation findings, concluding, beyond a preponderance of evidence, that Defendant Vicknair sexually assaulted G.H. after he

"used his position as a public employee to befriend [G.H.] after transporting her to Children's Hospital to have a sexual assault kit completed." Based on these findings, Sgt. Jones recommended that Officer Vicknair be disciplined for "Malfeasance in Office," and arrested him for that crime. The entire NOPD chain of command, including then NOPD Superintendent Shaun Ferguson concurred with Sgt. Jones' findings and recommendations.

In his criminal case, Vicknair plead to a statement of facts that included obtaining sexually explicit photographs of G.H., touching her breasts and buttocks, kidnapping her, and sexually assaulting her.

G.H. has three remaining claims against the City:

- *Monell* **Claim as to Improper Hiring:** Before he was hired, Vicknair had a criminal history of five arrests and one conviction, including an arrest and conviction for battery against a juvenile. He therefore met NOPD's definition of a "habitual offender," which multiple City witnesses said should have excluded Vicknair from working as an officer. But NOPD hired him anyway.

- **Vicarious Liability for Vicknair's State Law Torts**: In accordance with the grants of summary judgment against Vicknair (R. Doc. 79) and the City (R. Doc. 157), the City is liable for the state law torts of assault, battery, and false imprisonment. If the jury finds the elements of intentional infliction of emotional distress are met at trial, the City will be liable for that claim as well.

- **Direct Negligence in Hiring**: The City was negligent in its hiring, of Vicknair and the other officers for the reasons described above.

### b.  BY DEFENDANT, THE CITY OF NEW ORLEANS

On July 18, 2006, Rodney Vicknair reported to the New Orleans Police Department ("NOPD") Recruitment and Applicant Division to be processed for the position of Police Recruit. He was 39 years old. Before applying to the NOPD, Mr. Vicknair had been an Emergency Medical Technician from 1997 to 2004 and a security guard from 2005 to 2006. As part of his NOPD application process, Mr. Vicknair was fingerprinted, submitted an employment application and

related documentation, was interviewed, and authorized NOPD to conduct a background investigation.

On July 18, 2006, the NOPD obtained a copy of Mr. Vicknair's Criminal History Record maintained by the Federal Bureau of Investigation ("FBI"). The FBI Criminal History Record noted that "[a]n individual should be presumed not guilty of any charge/arrest for which there is no final disposition stated on the record or otherwise determined."

The FBI Criminal History Record and database indicated that Mr. Vicknair had three arrests and no convictions on his record. The arrests were as follows:

- May 2, 1985 (Mr. Vicknair was 18 years old) – 2 counts of criminal damage to property, 2 counts illegal use of a weapon; arrested by Sheriff's Office of Gonzales, Louisiana (Ascension Parish).
- July 1, 1986 (Mr. Vicknair was 19 years old) – Attempted Burglary; arrested by Sheriff's Office of Gonzales, Louisiana (Ascension Parish).
- June 30, 2005 (Mr. Vicknair was 38 years old) – Simple Battery; Arrested by Sheriff's Office of Covington, Louisiana (St. Tammany Parish). This arrest and court records relating to this charge were expunged on November 16, 2006.

During an interview with the NOPD, Rodney Vicknair was asked about his criminal history. The NOPD also conducted its own investigation based on the available information. Based on information obtained from the FBI Criminal History Record, the NOPD investigator contacted the Gozales Police Department (Ascension Parish) and was informed that Mr. Vicknair was cited for disturbing the peace in June 1986; he pled guilty and paid a fine. In addition, the NOPD investigator contacted the Slidell Criminal Court (St. Tammany Parish) clerk, who confirmed that the 2005 arrest for simple battery was *nolle prosequi* (formally abandoned) by the District Attorney. Notably, the FBI database did not include any indication that Mr. Vicknair was arrested and convicted on April 16, 1987, on one count of Simple Battery (against a juvenile), or that Mr. Vicknair was arrested on December 30, 1990, on one count of disturbing the peace. Moreover, Mr. Vicknair did not disclose these arrests / conviction during his interview. Nothing in Mr. Vicknair's

background indicated to the NOPD that Mr. Vicknair had committed any act of sexual violence or might do so in the future.

On May 26, 2020, Rodney Vicknair and two other NOPD officers responded to a report of an attempted rape at G.H.'s residence. As part of that call, Mr. Vicknair and his partner, also an NOPD officer, transported G.H., a 14 year-old girl and her mother to Children's Hospital.

Over the next four months, Mr. Vicknair maintained contact with G.H. and her mother through telephone, texts, social media and in-person meetings. On September 21, 2020, in the afternoon, NOPD met with G.H.'s mother regarding concerns that she had regarding Rodney Vicknair. However, the mother did not express concern that Mr. Vicknair had sexually assaulted G.H. or any concern that he was going to do so. In addition, G.H. was not cooperative with the NOPD's interview of the mother. Following the meeting, NOPD's investigator began an investigation.

On September 25, 2020, when she was interviewed by law enforcement, G.H. reported that Rodney Vicknair sexually assaulted her two days prior, on September 23, 2020. G.H. reported that Rodney Vicknair put his finger inside her vagina twice and took a pair of her underwear on September 23, 2020. According to G.H., Mr. Vicknair did not sexual assault her prior to September 23, 2020.[1] In addition, G.H. reported that the assault occurred after Mr. Vicknair's workday ended, while Mr. Vicknair was off work, out of uniform, and in Mr. Vicknair's personal vehicle, not an NOPD vehicle. After NOPD received the report of Mr. Vicknair's alleged sexual assault, on

---

[1] Plaintiff later changed her story about how many times Rodney Vicknair sexually assaulted her. At her deposition in this lawsuit, Plaintiff claimed that Mr. Vicknair sexually assaulted her three additional times during the summer. However, at deposition, she was unable to provide any details as to when or how she was allegedly sexually assaulted. Additionally, Rodney Vicknair, in his federal criminal case, pleaded guilty to only the single incident that occurred on September 23, 2020.

Friday, September 25, 2020, Vicknair was interviewed by NOPD, arrested, and suspended from employment. Mr. Vicknair resigned while under disciplinary investigation from NOPD effective January 13, 2021.

The Defendants respond to the Plaintiff's theories of liability as follows:

- *Monell* **Claim as to Improper Hiring:**:

   (1) The NOPD's investigation of Mr. Vicknair's background was based on all information available to the NOPD. Thus, the decision to hire Mr. Vicknair, based on the information gathered in its background investigation, was reasonable. In 2006, when NOPD obtained Rodney Vicknair's Criminal History Record from the FBI, the Criminal History Report contained ___**no**___ record of Mr. Vicknair's 1987 arrest and conviction for simple battery against a juvenile, or his 1990 arrest for disturbing the peace. In the Order denying Defendants' Summary Judgment, the Court noted that the 1987 "battery of a juvenile" against the Plaintiff was a "plainly obvious consequence of the decision to hire a police officer with a criminal history including a conviction for battery of a juvenile." (R. Doc. 157, p. 22). However, NOPD was not aware of the 1987 arrest and conviction or the 1990 arrest. It therefore cannot be said that NOPD was deliberately indifferent to a risk that Mr. Vicknair might commit battery upon a juvenile in the future. In addition, none of the NOPD witnesses testified that a person with only three arrests, as Mr. Vicknair apparently had, should not have been hired, especially when one arrest had been expunged and two others were 20 years old.

   (2) Plaintiff contends that Mr. Vicknair should not have been hired because he met the NOPD's definition of "habitual offender." (R. Doc. 157, pp. 17-18). However, the NOPD policy relied upon by Plaintiff, NOPD Operations Manual Ch. 41.8 (Affidavit and Summons (Non-Traffic)), was not enacted until March 1, 2018. Mr. Vicknair was hired in 2007. Thus, the definition of "habitual offender" contained in the cited policy was not in existence in 2007 and cannot establish a standard or policy relevant to the hiring of Mr. Vicknair.

   (3) Plaintiff's *Monell* claim based on hiring should be dismissed and evidence at trial excluded because Plaintiff failed to fairly include this claim in her First Amended Complaint (R. Doc. 79).[2] As a result, contrary to the requirements of Fed. R. Civ. Proc. 8, Plaintiff did not provide City with fair notice of this claim or the grounds upon which it rests.

   At trial, the City will demonstrate the reasonableness of its background investigation of Rodney Vicknair, absence of deliberate indifference, and lack of causation.

---

[2] See R.Doc. 79, ¶ 143 ("Had there been more adequate supervision, training, and discipline of misconduct . . . the sexual assault of G.H. would have been prevented.").

- **Vicarious Liability for Vicknair's State Law Torts**: The Court has ruled that the City is vicariously liable for Vicknair's assault, battery, and false imprisonment as described in Mr. Vicknair's guilty plea in connection to his criminal case. (R. Doc. 107, pp. 16, 17). However, an issue remains as to whether Mr. Vicknair sexually assaulted Plaintiff additional times prior to the September 23, 2020, sexual assault that she reported to law enforcement. The City will show that Mr. Vicknair only assaulted Plaintiff once and that any testimony to the contrary is not true. As to Plaintiff's claim Intentional Infliction of Emotional Distress based on a theory of vicarious liability for Mr. Vicknair's actions, the Plaintiff will be required to prove that the conduct of Mr. Vicknair was extreme and outrageous; that the emotional distress suffered by the Plaintiff was severe; and that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

- **Direct Negligence in Hiring**: The City will defend against the claim of negligent hiring as described above.

    **Damages**: The City certainly sympathizes with Plaintiff; however, the evidence shows that Plaintiff has suffered a lifetime of abuse, neglect, and sexual predation by many actors other than Rodney Vicknair. The Plaintiff must prove a causal connection between the misconduct of Mr. Vicknair and her damages. At trial, the jury will consider several other sources of trauma and emotional damages to Plaintiff, including, but not limited to: prior sexual and physical abuse by her father and brother; physical abuse by her grandmother; neglect and sex trafficking by her mother; attempted rape by a 17 year old man on May 26, 2020; multiple non-consensual rapes by a 45 year old man named Jim Faile spanning a time period from Mardi Gras 2020 through the summer of 2020, the same time period in which Mr. Vicknair groomed and sexually assaulted G.H.; and other persons who took advantage of Plaintiff sexually. In addition, the jury will consider the Plaintiff's self-harm, hospital admission and multiple serious psychological diagnoses made months before she met Mr. Vicknair.

## VII.   SINGLE LISTING OF UNCONTESTED MATERIAL FACTS

1. In 2006, Rodney Vicknair applied to NOPD for the position of Police Recruit. NOPD thereafter conducted a background investigation of Mr. Vicknair.

2. In 2007, Rodney Vicknair submitted an application to be a City of New Orleans Police Department ("NOPD") officer.

3. From 2007 to September 25, 2020, Mr. Vicknair worked for the New Orleans Police Department ("NOPD") as a police officer.

4. Rodney Vicknair had been arrested before he was hired by NOPD. NOPD considered his arrest history and approved Mr. Vicknair's hire to be an officer.

5.  On May 26, 2020, Rodney Vicknair met G.H. through his role as an NOPD officer.

6.  On that day, Rodney Vicknair and two other NOPD officers responded to a call at G.H.'s residence because G.H., a 14-year-old girl, had allegedly been sexually assaulted by a 17-year-old male overnight visitor to G.H.'s residence.

7.  On May 26, 2020, as part of that call, Rodney Vicknair and his partner, also an NOPD officer, transported G.H. and her mother to Children's Hospital for an interview and evaluation.

8.  On September 21, 2020, G.H.'s mother met with Lieutenant Lawrence Jones of the NOPD's Public Integrity Bureau, and she reported that three incidents regarding Mr. Vicknair concerned her: (1) Mr. Vicknair shouted "nice ass" at G.H. while she was jogging; (2) Mr. Vicknair showed up at G.H.'s residence unannounced at night, entered G.H.'s bedroom with the mother, and stared at G.H.'s breast when G.H. was awakened; and (3) Mr. Vicknair took a picture with G.H in which he was hugging G.H. from behind.

9.  On Friday, September 25, 2020, Vicknair was interviewed by NOPD, arrested, and suspended from his employment with the NOPD.

10. Rodney Vicknair resigned from NOPD effective January 13, 2021.

11. On November 16, 2022, Rodney Vicknair plead guilty and was convicted of the federal crime of Deprivation of Rights under Color of Law, in violation of Title 18, United States Code, Section 242.

12. On January 1, 2024, Rodney Vicknair died in federal prison due to a brain tumor.

## VIII.   SINGLE LISTING OF KEY CONTESTED MATERIAL FACTS[3]

1.  Whether any event in Rodney Vicknair's background was sufficiently similar to a sexual assault upon a minor to show that it was highly predictable that Mr. Vicknair would sexually assault a minor child.

2.  Whether any event in Rodney Vicknair's background was sufficiently similar to the harm to G.H. to show that it was sufficiently predictable that Mr. Vicknair would engage in that harm again.

3.  Whether NOPD was aware of any event in Rodney Vicknair's background that put them on notice that Mr. Vicknair may sexually assault a minor child.

---

[3] Plaintiff disputes that all of these facts are truly contested or material, but has raised that issue by motion to the Court. See R. Doc. 159.

4.      Whether NOPD was aware of Rodney Vicknair's 1987 arrest and conviction for simple battery against a juvenile or a 1990 arrest for disturbing the peace.

5.      Whether NOPD's policies with respect to hiring, Rodney Vicknair were inadequate.

6.      Whether NOPD's policies with respect to hiring, Rodney Vicknair demonstrate that NOPD was deliberately indifferent to a risk that Vicknair would sexually assault a minor child.

7.      Whether policies with respect to hiring, Rodney Vicknair directly caused any sexual assault by Vicknair upon G.H.

8.      Whether G.H.'s mother was aware of G.H.'s relationship with Rodney Vicknair and actively participated in facilitating said relationship.

9.      Whether G.H.'s mother facilitated other inappropriate relationships between G.H. and other adult men during the relevant time frame.

10.     Whether Rodney Vicknair sexually assaulted G.H. before September 23, 2020.

11.     Whether, because she was a minor, G.H. did not have the capacity to consent to sexual conduct with Rodney Vicknair.

~~12.~~    The number of times Vicknair sexually assaulted G.H.

13.     The cause and extent of G.H.'s emotional distress.

## IX.   SINGLE LISTING OF CONTESTED ISSUES OF LAW

1.      Whether the Plaintiff can prove a constitutional violation in fact occurred.

2.      Whether the Plaintiff can establish that NOPD's policies and practices in 2007 concerning hiring officers were inadequate.

3.      Whether the Plaintiff can establish that NOPD was aware that a substantial risk existed that NOPD police officers would sexually assault minor victims of sexual crimes due an inadequacy in its policies and practices.

4.      Whether NOPD was deliberately indifferent to a substantial risk of serious harm to minor victims of sex crimes due to NOPD policies and practices.

5.      Whether any sexual assault by Rodney Vicknair upon the Plaintiff was the obvious or highly predictable consequence of NOPD's policies and practices.

6.      Whether NOPD's policies and practices regarding hiring were the direct cause of any sexual assault upon the Plaintiff by Rodney Vicknair.

7.  Whether the Plaintiff can establish that Rodney Vicknair's background or criminal history, that was known to NOPD, made a sexual assault upon the Plaintiff the highly predictable consequence of NOPD's hiring of Rodney Vicknair.

8.  Whether the plaintiff can demonstrate an NOPD policy, pattern, practice, or custom that was the moving force that actually caused the alleged constitutional violation.

9.  Whether the plaintiff can establish NOPD formally implemented a policy that deprived her constitutional rights.

10. Whether the plaintiff can establish an NOPD policy was promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result.

11. Whether the City is liable for Section 1983 improper hiring.

12. Whether the Plaintiff can establish that NOPD failed to exercise reasonable care in hiring Rodney Vicknair.

13. Whether the Plaintiff can establish that any inadequacy in hiring, Rodney Vicknair was the cause in fact of any sexual assault of the Plaintiff by Rodney Vicknair.

14. Whether and to what extent, if any, G.H. suffered or is entitled to any damages resulting from sexual assault and trauma.

15. Whether the City is immune from suit with respect to some or all of the Plaintiff's claims for their discretionary acts as set forth in La. R.S. 9:2798.1, or any other statutory or jurisprudential immunities affordable under the law.

16. Whether the statutory cap on general damages provided by La. R.S. 13:5106 precludes some or part of any award for damages against the City in this case.

17. Whether Plaintiff's damages were caused by intentional actions of Rodney Vicknair.

18. Whether Plaintiff's damages were caused by any negligent action by NOPD with respect to hiring Rodney Vicknair.

19. Whether the Plaintiff is entitled any damages attributable to the City.

20. Whether Plaintiff reasonably mitigated her damages.

21. Whether any of Plaintiff's damages were caused by the intentional or negligent acts of others, including, but not limited to: Rayne Upton, Rodney Vicknair, Jim Faile, and other parties other than the City.

22.     Whether the doctrines of comparative fault, negligence or fault of these other parties reduces any damages awarded to the plaintiff.

## X.     LISTS OF EXHIBITS

### a.  ON BEHALF OF G.H.

| Ex. | DESCRIPTION | Objection to Admissibility | Objection to Authenticity |
|---|---|---|---|
| P1 | Excerpts of 271-page production by the FBI subject to the Privacy Act Protective Order; Combined 282B-NO-3342550_ 5.31.2023.pdf. | Objection to portions due to hearsay and relevance. F.R.E. 401, 402, 403, 801-802 Among other things, object to inclusion of the criminal history report contained in this document since it contains information that was not available to NOPD in 2006/2007. | No Objection to authenticity. |
| P2 | NOPD Operations Manual: Chapter-41-8-Affidavits-and-Summons-Effective-1-9-2022-rev.pdf | Objection – F.R.E. 401, 402, 403 (Relevance, policy was not in effect during any relevant time). | No Objection to authenticity. |
| P3 | Parish Court for Parish of Ascension Bill of Information charging Defendant Vicknair with simple battery on a juvenile (2pgs) | Objection – F.R.E. 401, 402, 403, 404(b). | No Objection to authenticity. |
| P4 | Rodney Vicknair Sentencing Hearing transcript for March 8, 2023; R. Doc. 87-4. | Objection – F.R.E. 401, 402, 403, 801-802. | No Objection to authenticity. |
| P5 | Rodney Vicknair Sentencing Hearing transcript for March 14, 2023; R. Doc. 87-5 | Objection – F.R.E. 401, 402, 403, 801-802. | No Objection to authenticity. |
| P6 | 14 page Report of Expert Witness Shannon Smith | Objection – F.R.E. 403 (cumulative). See *Vienne v. American Honda Motor Co.*, 2001 WL 83260, *3 (E.D. La., Jan. 26, 2001) (excluding expert report as cumulative to testimony at trial); F.R.E. 801-802; *Pizza Hut, LLC v. Ronak Foods*, LLC, 2022 WL 3544403, # 3 (E.D. Tex., June 17, 2022) ("An expert's written report is hearsay to which no hearsay exception applies") (punctuation and citations omitted). | No Objection to authenticity. |

| P7 | Screenshots of post-sentencing Snapchat requests from Rodney Vicknair to G.H. | Objection – F.R.E. 401, 402, 403, 702, 801-802. | Objection - F.R.E. 901. |
|---|---|---|---|
| P8 | G.H.'s Birth Certificate | No Objection | No Objection to authenticity. |
| P9 | Excerpts from Deposition of Rodney Vicknair. | Objections reserved. | No Objection. |
| P10 | Any and all documents necessary for rebuttal or impeachment. | Objections reserved. | Objection reserved. |
| P11 | Any and all documents identified for as exhibits by the City. | Objections reserved. | Objection reserved. |
| P12 | Screenshots of threats made to G.H. on Snapchat | Objection – F.R.E. 401, 402, 403, 801-802. | Objection - F.R.E. 901. |
| P13 | USA v. Vicknair, 2:22-cr-00212, Factual Basis as to Rodney Vicknair filed by USA;  R. Doc. 25. | Objection – F.R.E. 403. | No Objection to authenticity. |
| P14 | USA v. Vicknair, 2:22-cr-00212, Guilty Plea Agreement; R. Doc. 46. | Objection – F.R.E. 403. | No Objection to authenticity. |
| P15 | Photographs (3) of Rodney Vicknair from FBI file | Objection – F.R.E. 401, 402. | No Objection to authenticity. |

## b.  ON BEHALF OF THE CITY

| Ex. | NAME / DESCRIPTION | Bates Nos. | Objection to Admissibility | Objection to Authenticity |
|---|---|---|---|---|
| C1 | NOPD BWC – 5/26/2020 (#1) " AXON BODY 2 X91350159," (13:12 min.) | | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| C2 | NOPD BWC – 5/26/2020 (#2) "860_Olga_Street - 5/26/2020, AXON BODY 2 X81315372," (8:52 min.) | | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |

| | | | |
|---|---|---|---|
| C3 | NOPD BWC – 5/26/2020 860_Olga_Street-" - 5/26/2020 (1:50 hours) | | Other sexual conduct of victim (Fed. R. Evid. 412). |
| C4 | NOPD dashcam 860_OLGA_STREET.mp4 (1:50 hours) - 5/26/2020 - GH and Rayne Upton | | Other sexual conduct of victim (Fed. R. Evid. 412). |
| C5 | NOPD Sex Crime Investigative File - Kimberly Wilson / G.H. | CNO 343-380 | Relevance (Fed. R. Evid. 402). Cumulative of stipulated facts. |
| C6 | Recording of Rayne Upton interview - Sept. 21, 2020 | | Objection as to hearsay, other sexual conduct of victim (Fed. R. Evid. 412), relevance (Fed. R. Evid. 402). Unnecessarily prejudicial and cumulative (Fed. R. Evid. 403). |
| C7 | Video of forensic interview of G.H. on Sept. 25, 2020 | | Objection as to other sexual conduct of victim (Fed. R. Evid. 412). |
| C8 | Vicknair - NOPD application and HR summary | CNO 90-95 | No objection to pages listed in Plaintiff's exhibit list; otherwise Relevance (Fed. R. Evid. 402). Misleading; confusion of issues; waste of time (Fed. R. Evid. 403). |
| C9 | Records from the Office of the Independent Police Monitor | CNO 553 - 554 | Relevance (Fed. R. Evid. 402). Misleading; confusion of issues; waste of time (Fed. R. Evid. 403). |
| C10 | Texts - GH - from May 26, 2020 to Sept. 25, 2020 | CNO 3568 - 3627 | Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). |
| C11 | Children's Bureau of New Orleans – Confidential treatment record of | CNO 3391 | Relevance (Fed. R. Evid. |

| | | | | |
|---|---|---|---|---|
| | GH from January 2020 to March 2021. | -3566 | 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| C12 | Children's Hospital Records - GH | CH 0001-2368 | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| C13 | USA v. Vicknair, 22-cr-212, R. Doc. 50 (March 14, 2023) (Notice of Restitution Hearing) | | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| C14 | USA v. Vicknair, 22-cr-212, R. Doc. 54 (May 2, 2023) (Government's Unopposed Motion and Incorporated Memorandum to Cancel Restitution Hearing) | | *Id.* | |
| C15 | USA v. Vicknair, 22-cr-212, R. Doc. 55 (May 2, 2023) (Order granting Government's Unopposed Motion and Incorporated Memorandum to Cancel Restitution Hearing) | | *Id.* | |
| C16 | [CONFIDENTIAL] Combined 282B-NO-3342550_ 5.31.2023.pdf [FBI Production] in Response to Privacy Act Protective Order. 271 pages; docs and notes pertaining to FBI investigation | | Objection as to hearsay, other sexual conduct of victim (Fed. R. Evid. 412). | |
| C17 | 1A4 CD 11-11-20_Redacted.avi [FBI Production] 49 min 21 secs; 11/11/2020 interview with GH | | Other sexual conduct of victim (Fed. R. Evid. 412). | |
| C18 | 1A51 CD 9-25-20 Short Segment Redacted.avi [FBI Production] 4 min 11 secs; 9/25/2020 interview with GH | | Other sexual conduct of victim (Fed. R. Evid. 412). | |
| C19 | 1A4 CD 9-25-20_Redacted.avi [FBI Production] | | Other sexual conduct of victim (Fed. R. Evid. 412). | |

| | | | | |
|---|---|---|---|---|
| C20 | ATT Search Warrant [FBI Production] AT&T Search Warrant Return: ATT_Records_Key.pdf ReportAU_3143057.pdf ReportCAPM_3143057.pdf ReportCT_3143057.pdf ReportLandline_3143057.pdf ReportSIMCARD_3143057.pdf | | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| C21 | Images of texts between Rodney Vicknair and Raine Upton / GH | | Texts between Vicknair and Rayne Upton objected to on grounds of relevance (Fed. R. Evid. 402), confusion of issues; waste of time (Fed. R. Evid. 403). Objection as to hearsay, other sexual conduct of victim (Fed. R. Evid. 412). | |
| C22 | Metanoia Records | CNO 3391-3514 | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403), other sexual conduct of victim (Fed. R. Evid. 412). | |
| C23 | Fee Schedule of Shannon Smith | | Cumulative of asking her to state her hourly rate. (Fed. R. Evid. 403). | |
| C24 | Any and all documents identified for as exhibits by the Plaintiff. Any and all documents necessary for rebuttal or impeachment. | | Objections reserved. | Objections reserved. |
| C25 | Any and all documents identified for as exhibits by the Plaintiff. Any and all documents necessary for rebuttal or impeachment. Any and all documents identified for as exhibits by the Plaintiff. | | Objections reserved. | Objections reserved. |

### c. JOINT

| Ex. | NAME / DESCRIPTION | Bates Nos. |
|-----|-------------------|------------|
| J1 | Officer Rodney Vicknair's Application for Employment with NOPD, Background Investigation Report, Driving Record, NCIC Criminal History Check, criminal records, and hiring determination by NOPD [CNO-0111-0280] | CNO-0111-0280 |
| J2 | 156 pages of NOPD Background Investigation of Rodney Vicknair; [CNO 3887 - CNO 4042] | CNO 3887 - CNO 4042 |
| J3 | 2-page Notice of Disposition; [CNO 671-672] | CNO 671-672 |
| J4 | 20-page Signed NOPD Investigation; CNO 0673-0692 | CNO 673-692 |
| J5 | Exhibit A to Signed NOPD Investigation: PIB Case Investigation Transmittal, Control Tracking No. 2020-0484-P; [CNO0566] | CNO 566 |
| J6 | Exhibit B to Signed NOPD Investigation: Initiation of Formal Disciplinary Investigation Form Control Tracking No. 2020-0484-P; [CNO0567-0569] | CNO0567-0569 |
| J7 | Exhibit C to Signed NOPD Investigation: PIB Initial Intake Form (230) for Commendation, Complaint, or Documentation of Minor Violation; [CNO0570-0572] | CNO0570-0572 |
| J8 | Original color copy of Exhibit E to Signed NOPD Investigation: Photograph of Rodney Vicknair with his arms around G.H.; 2020-0484-P Exhibit E.pdf | |
| J9 | Photograph of G.H. and Rodney Vicknair | CNO 573 |
| J10 | Exhibit F to Signed NOPD Investigation: 1 min 50 secs Video taken on 9/21/2020 by Sgt. Jones filming G.H.'s phone screen as she scrolls through texts from Officer Rodney Vicknair, | |
| J11 | Exhibit H to Signed NOPD Investigation: 2 hours 14 min video 5/26/2020 – NOPD Officer Rodney Vicknair's Body Worn Camera Video for Item E-32154-20 (Axon Body 2 x81231415); 860_Olga-2 Vicknair Exhibit H.mp4 | |
| J12 | Excerpts of 1 hour 50 min video of dashcam footage facing the backseat while GH and Rayne Upton are transported to Children's Hospital; 860_OLGA_STREET.mp4 | |
| J13 | 2 Hours 14 min NOPD Officer Curtis Carkum Body-Worn Camera footage (Axon Body 2 X81280826) from 5/26/20; 860_OLGA_STREET-3.mp4 | |
| J14 | 29 min 19 sec NOPD Officer Michelangelo Carroll's Body-Worn Camera footage (axon body 2 X81369353) from 5/26/2020; 860_Olga.mp4 | |

| J15 | Excerpts of Notes from LCSW Andrea Wright, Sept. 16, 2020 through Sept. 28, 2020, contained in Children's Bureau's Confidential Treatment Record; pages 51-58 | |
| J16 | Sept. 22, 2020 Email from Andrea Wright to Sgt. Lawrence Jones, contained in Children's Bureau's Confidential Treatment Record; page 159 | |
| J17 | Excerpts of Sept. 20, 2020 Submission of DCFS Reporting Concerns for Child Victims by LCSW Andrea Wright, contained in Children's Bureau's Confidential Treatment Record; pages 172-176. | |
| J18 | USA v. Vicknair, 2:22-cr-00212, Factual Basis as to Rodney Vicknair filed by USA; R. Doc. 25. | |
| J19 | USA v. Vicknair, 2:22-cr-00212, Guilty Plea Agreement; R. Doc. 46. | |
| J20 | June 3, 2020 Trip Sheet signed by Officers Curtis Carkum and Rodney Vicknair; CNO-0889-0890 | |
| J21 | July 14, 2020 Trip Sheet signed by Rodney Vicknair; CNO 1707-1708 | |
| J22 | OPCD records - 860 Olga -6/3/2020 | CNO 3392-3397 |
| J23 | OPCD records - 860 Olga - 9/23/2020 | CNO 3398 - 3407 |
| J24 | NOPD Operations Manual - Ch. 42.2, Rev. 05/27/2018 | CNO 0025 - 0088 |
| J25 | NOPD Operations Manual - Ch. 31.1 - Recruitment (Eff. 4/28/201) | CNO 381 - 385 |
| J26 | NOPD Operations Manual - Policy 1000 - Recruitment - REPLACED on 4/28/201 | CNO 386-388 |
| J27 | NOPD Operations Manual - Ch. 32.1 - Personnel Hiring Selection - Eff. 4/8/2018 | CNO 389 - 390 |
| J28 | NOPD Operations Manual - Policy 1001 - PR1001 - Personnel Hiring Selection, REPLACED 4/8/2018, | CNO 391 - 397 |
| J29 | NOPD Operations Manual - Policy 1002 - Evaluation of Employees - REPLACED 10/1/2017 | CNO 398 -401 |
| J30 | NOPD Operations Manual - Ch. 82.3.6 - Criminal History Record Information , Eff.  7/6/2021 | CNO 541-545 |
| J31 | NOPD Operations Manual - Ch. 82.3.6 - Criminal History Record Information , Eff.  12/17/2017 | CNO 546 - 550 |
| J32 | Statement to NOPD by Rodney Vicknair - Sept. 25, 2020 | CNO 585-655 |
| J33 | TikTok video of GH | |

## XI.    DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE

Defendant Rodney Vicknair died in prison and will therefore not appear at trial. The Parties propose to offer excerpts of Vicknair's deposition testimony into evidence. Otherwise, none,

except any portions used for cross examination, rebuttal, and/or impeachment.

## XII.   LIST OF CHARTS, GRAPHS, MODELS OR SCHEMATIC DIAGRAMS

The parties may project enlarged versions of exhibits and/or use other demonstrative exhibits. G.H. anticipates using a chart demonstrative and enlarged versions of exhibits for opening and/or closing. The Defendants contemplates the same.

## XIII.   LISTS OF WITNESSES

### a.   ON BEHALF OF G.H.

1.  Plaintiff, G.H.
    c/o her attorneys of record
    Hope A. Phelps
    William Most
    201 St. Charles Ave., Ste. 2500, #9685
    New Orleans, LA 70170
    hopeaphelps@outlook.com
    william.most@gmail.com

2.  Lawrence Jones
    c/o City of New Orleans attorney of record
    James Roquemore
    New Orleans City Attorney's Office
    1300 Perdido St., Room 5E03
    New Orleans, LA 70112
    james.roquemore@nola.gov

3.  Kimberly Wilson
    c/o City of New Orleans attorney of record
    James Roquemore
    New Orleans City Attorney's Office
    1300 Perdido St., Room 5E03
    New Orleans, LA 70112
    james.roquemore@nola.gov

4.  David Barnes
    c/o City of New Orleans attorney of record
    James Roquemore
    New Orleans City Attorney's Office
    1300 Perdido St., Room 5E03
    New Orleans, LA 70112
    james.roquemore@nola.gov

5. Precious Banks
   c/o City of New Orleans attorney of record
   James Roquemore
   New Orleans City Attorney's Office
   1300 Perdido St., Room 5E03
   New Orleans, LA 70112
   james.roquemore@nola.gov


6. Anne Kirkpatrick
   c/o City of New Orleans attorney of record
   James Roquemore
   New Orleans City Attorney's Office
   1300 Perdido St., Room 5E03
   New Orleans, LA 70112
   james.roquemore@nola.gov

7. Shannon Smith
   c/o Plaintiff's counsel
   Hope A. Phelps
   William Most
   201 St. Charles Ave., Ste. 2500, #9685
   New Orleans, LA 70170
   hopeaphelps@outlook.com
   william.most@gmail.com


   ***May call list:***

8. Rodney Vicknair (by deposition transcript)

9. Andrea Wright
   c/o counsel
   Avery Pardee
   504.582.8358
   apardee@joneswalker.com

10. Dr. Berre Burch
    Children's Bureau of New Orleans
     935 Calhoun Street, Ste 101
    New Orleans, LA 70118
    (504) 525-2366

11. Bruce Haney
    c/o City of New Orleans attorney of record
    James Roquemore
    New Orleans City Attorney's Office

1300 Perdido St., Room 5E03
New Orleans, LA 70112
james.roquemore@nola.gov

12. Nicole Powell
c/o City of New Orleans attorney of record
James Roquemore
New Orleans City Attorney's Office
1300 Perdido St., Room 5E03
New Orleans, LA 70112
james.roquemore@nola.gov

13. Any witness listed as a witness and/or called by the City.
14. Any witness necessary for authentication of documents.
15. Any witness necessary for impeachment purposes.

**b. ON BEHALF OF CITY OF NEW ORLEANS**

1. G.H.

2. Det. Kimberly Wilson, NOPD
   Contact through counsel for Defendants

3. Rayne Upton

4. Dr. Berre Burch
   Children's Bureau of New Orleans
   935 Calhoun Street, Ste 101
   New Orleans, LA 70118
   (504) 525-2366

5. Sgt. David Barnes, NOPD
   Contact through counsel for Defendants

6. Lt. Nicole Powell, NOPD
   Contact through counsel for Defendants

**May call:**

7. Capt. Lejon Robers, NOPD
   Contact through counsel for Defendants

8. Superintendent Anne Kirkpatrick, NOPD
   Contact through counsel for Defendants

9. Stella Cziment
   New Orleans Independent Police Monitor (OIPM):

2714 Canal St.
New Orleans, LA 70119
504-309-9799

10. Andrea Wright, contact information unknown / evaded service

11. Lt. Lawrence Jones, NOPD
    Contact through counsel for Defendants

12. Curtis Carkum, NOPD
    Contact through counsel for Defendants

13. Casey Riley, NOPD
    Contact through counsel for Defendants

14. Michelangelo Carroll, NOPD
    Contact through counsel for Defendants
15. Any witness listed as a witness and/or called by the Plaintiff.
16. Any witness necessary for authentication of documents.
17. Any witness necessary for impeachment purposes.

## XIV.  **MODE OF TRIAL**

This case has been designated as a jury trial.

## XV.  **STATEMENT OF TRIAL OF SEPARATE ISSUES**

The issue of liability will not be tried separately from that of quantum.

## XVI.  **OTHER PERTINENT MATTERS**

G.H.'s remaining claims in this lawsuit are against the City of New Orleans for improper hiring under Section 1983, state law on negligent hiring, and vicarious liability for state law torts committed by Vicknair. Plaintiff has prevailed on her claim of vicarious liability for state law torts committed by Vicknair. R. Doc. 157. The established torts are battery, assault, and false imprisonment. R. Doc. 107. The non-established torts are negligent hiring and intentional infliction of emotional distress. *Id.*

The parties have revised this Proposed Pre-Trial Order pursuant to the Court's order in R. Doc. 160 to "revise their joint proposed pre-trial order in accordance" with the Court's ruling on cross-motions for summary judgment.

## XVII.  COMMENCEMENT OF TRIAL

Trial shall commence on Monday, March 18, 2024 at 8:30 a.m. The parties estimate that the trial will require four (4) days.

## XVIII. FORMULATION OF PRETRIAL ORDER

The pre-trial order has been formulated after conference of counsel. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by the Court, or by order of the Court to prevent manifest injustice.

## XIX.  POSSIBILITY OF SETTLEMENT

The parties participated in a settlement conference with Magistrate Judge Roby on January 12, 2024, but a settlement was not reached.

/s/      Hope A. Phelps
**HOPE PHELPS (La. Bar #37259)**
**WILLIAM MOST (La. Bar #36914)**
**MOST & ASSOCIATES**
Telephone: (504) 509-5023
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Email:        hopeaphelps@outlook.com
              williammost@gmail.com
*COUNSEL FOR PLAINTIFF,*
*G.H.*

*/s/ James M. Roquemore*
JAMES M. ROQUEMORE (LSB #40035)
Assistant City Attorney
CORWIN ST. RAYMOND (LSB # 31330)
Chief Deputy City Attorney
DONESIA D. TURNER (LSB #23338)
City Attorney
1300 Perdido Street
City Hall – Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Fax: (504) 658-9868
Email:        james.roquemore@nola.gov
              cmstraymond@nola.gov
*Attorneys for Defendants, City of New Orleans and*
*Shaun Ferguson, Superintendent of the New Orleans*
*Police Department*


New Orleans, Louisiana, this ___ day of February, 2024


_____
UNITED STATES DISTRICT JUDGE