**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO PLAINTIFF'S MOTION TO REQUIRE STIPULATONS OF FACT**
**(R. DOC. 159)**

Defendant, the City of New Orleans (the "City") opposes Plaintiff's Motion to Require Stipulations of Fact (the "Motion") (Doc. 159), and respectfully shows the following.

**INTRODUCTION**

On March 23, 2023, the Court issued a revised Scheduling Order (R. Doc. 84) and Pre-Trial Notice (R. Doc. 84-1). The Pre-Trial Notice required, among other things, the parties to "confer . . . for the purpose of arriving at all possible stipulations" and submit a proposed Pre-Trial Order ("PTO") no later than February 20, 2024. (*Id*. at p. 1). One category of "possible stipulations" was "[a] joint single listing of all uncontested material facts." (*Id*. at 4).

Prior to February 20, 2024, Counsel for the City conferred by zoom and emails with Plaintiff's counsel regarding possible stipulations. As a result, the City agreed to twelve statements of uncontested material facts; these stipulations were included in the parties' proposed PTO, which was filed on February 20, 2020. (R. Doc. 158, pp. 8-9). However, the City declined to stipulate to five statements that counsel did not consider to be appropriate for stipulation.

On February 20, 2024, the Court ruled on the parties' motions for summary judgment and narrowed the issues for trial. Accordingly, on February 21, 2024, the Court issued an order requiring the parties to submit a revised proposed PTO no later than February 23, 2024. The parties

1

timely filed a revised proposed PTO on February 23, 2024. (R. Doc. 163). This proposed PTO contained twelve stipulated uncontested material facts.

On February 20, 2024, the Plaintiff filed the instant motion (the "Motion"). In the Motion, Plaintiff requested the Court to declare, over the City's objection, that five proposed statements be "stipulated to, and included in the stipulations read to the jury." (R. Doc. 159-2).

## ARGUMENT AND AUTHORITY

Plaintiff fails to cite any authority for the relief sought in the motion. It is apparent that Plaintiff relies on the catchall provision of Federal Rule of Civil Procedure 16(c), which provides the Court broad authority to "take appropriate action" in a pre-trial conference regarding "obtaining admissions and stipulations about facts and documents to avoid unnecessary proof[.]"[1] However, it is well-settled that "Rule 16 of the Federal Rules of Civil Procedure does not authorize a court to force parties to stipulate to facts to which they will not voluntarily agree."[2] The reason for this rule is to permit a party to exercise trial strategy "to present to the jury a picture of the events relied upon."[3] This rule applies even to facts that a court had determined to be "undisputed" for purposes of summary judgment.[4] Thus, even if Plaintiff's "proposed stipulations" were completely unobjectionable (which they are not) or even purportedly favorable to the City, the

---

[1] Fed. R. Civ. P 16(c)(2)(C).
[2] *Adams v. City of New Orleans*, 2017 WL 2152360, p. 6 (E.D. La., May 17, 2017) (denying motion to compel stipulation of fact). See *Parr v. U.S*., 255 F. 2d 86, 88 (5th Cir. 1958) ("It is a general rule that 'A party is not required to accept a judicial admission of his adversary, but may insist on proving the fact.'") (quoting 31 C.J.S. Evidence § 542); *Identiseal Corp. of Wisconsin v. Positive Identification Sys., Inc*., 560 F. 2d 298, 302 (7th Cir. 1977) ("The language of the rule does not, by its terms, confer upon the court the power to compel the litigants to obtain admissions of fact and of documents even if it is clear that such admissions would simplify the trial of the case. Instead, the rule requires the parties to appear and consider the possibility of admissions which would lessen their task at trial.").
[3] *Parr*, 255 F.2d at 88 (citing *Dunning v. Maine Central Railroad Co*., 91 Me. 87, 39 A. 352, 356, 64 Am. St. Rep. 208).
[4] See *Asberry v. City of Sacramento/Sanitation Dept*., 156 Fed. Appx. 889, 890 (9th Cir. 2005) (trial judge erred by instructing the jury that the parties agreed to facts, which judge had found to be "undisputed" for purposes of summary judgment, when the parties neither agreed nor stipulated to the existence of those facts; the appellate court stating that Rule 16 does not authorize a judge to compel a party to stipulate to facts).

City still would be justified in refusing to stipulate, given that it has the right to control the presentation of its case.[5]

In any event, the City was justified in refusing to agree to each of the stipulations proposed by Plaintiff. The City does not believe it is required to provide reasoning for rejecting the proposed stipulations; nevertheless, the following analysis is provided for each proposed stipulation:

- Plaintiff's proposed stipulation number one refers to "sexual conduct" between Mr. Vicknair and G.H.[6] However, Mr. Vicknair was not convicted of "sexual conduct;" rather, his crime was a sexual assault. Therefore, this stipulation is irrelevant, misleading, and non-material.

- Plaintiff's proposed stipulation number two refers to an "inappropriate relationship" between G.H. and Mr. Vicknair.[7] This phrase, for the purposes of trial, is ambiguous, and could be construed to cover numerous contested issues. Among other things, this stipulation could arguably affect the jury's consideration as to how many times Mr. Vicknair may have sexually assaulted G.H., whether Mr. Vicknair's conduct was extreme or outrageous, and whether G.H. was damaged by Mr. Vicknair's conduct.

- The proposed stipulation number three relates to "Mr. Vicknair's relationship with G.H. . . . while he was on-duty and off-duty."[8] As noted previously, the details and quality of Mr. Vicknair's relationship with G.H. are contested and are not proper subjects for a stipulation.

---

[5] See *United States v. Sewell*, 457 F.3d 841, 844 (8th Cir. 2006) ("Generally, 'the prosecution is entitled to prove its case by evidence of its own choice,' and 'a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it.' "); *J. F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp*., 542 F.2d 1318, 1323 (7th Cir. 1976) (Rule 16 does not compel stipulation of facts and did not authorize an order forcing the parties to stipulate the facts).
[6] R. Doc. 159-1, p. 2.
[7] *Id*.
[8] *Id*.

- Proposed stipulation number four, for the purposes of trial, is ambiguous with respect to the meaning of "relayed," "concerns," and "relationship." For these reasons, reading this stipulation to the jury would be confusing to the jury. In addition, following the Court's ruling on the parties' motions for summary judgment, this stipulation is neither relevant nor material.

- Proposed stipulation number five, contains a statement that "[t]he parties disagree about how many times Mr. Vicknair sexually assaulted G.H."[9] This is not a "material fact" that is a proper subject of a stipulation to be read to the jury. Further, regarding a statement that "on September 23, 2020, Vicknair sexually assaulted G.H. in his truck," the City is not required to stipulate to this fact, given that it is the crux of Plaintiff's case and there is evidence to make this fact contested. The City notes that Mr. Vicknair, at his deposition, denied sexually assaulting G.H. The jury should have the opportunity to consider Mr. Vicknair's testimony and to judge G.H.'s credibility as she presents proof of this fact. Plaintiff's argument that the City admitted this fact "for the Purpose [*sic*] of Plaintiff's Partial MSJ" is without merit.[10] As the City stated in its Statement of Material Facts (R. Doc. 139-1), "[a]ny items admitted herein are only for the limited purposes of Plaintiff's Motion for Partial Judgment. Defendants reserve the right to require strict proof at trial."[11] Accordingly, the City now requires that Plaintiff provide proof of the fact contained in proposed stipulation five.

---

[9] *Id.*, p. 3. Indeed, the Court, in its order regarding the parties' motions for summary judgment, recognized that "there remain genuine fact issues as to whether Vicknair's previous assaults of G.H. occurred, and whether those assaults occurred while he was on duty" R. Doc. 157, p. 32.
[10] R. Doc. 159-1, p 3.
[11] R. Doc. 139-1, footnote 1.

4

## **CONCLUSION**

For the foregoing reasons, the City prays that the Motion be denied.

                Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
cmstraymond@nola.gov
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*