UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF THE CITY'S MOTION TO BIFURCATE TRIAL

Defendant, the City of New Orleans (the "City"), in support of its Motion to Bifurcate Trial, shows the following.[1]

## INTRODUCTION

On March 6, 2024, the Plaintiff's claims of direct negligence in hiring and intentional infliction of emotional distress were dismissed with prejudice (R. Doc. 173). These were the only state law claims at issue. As a result, the only issues for trial are liability with respect to Plaintiff's federal claim of municipal liability under 42 U.S.C. § 1983 (the "*Monell* claim"), and damages. The only way that damages will come into play for the *Monell* claim is if the jury returns a responsive verdict on this claim in favor of Plaintiff. However, because of the Court's ruling that the City is vicariously liable for Mr. Vicknair's intentional torts of sexual assault, sexual battery, and false imprisonment (R. Doc. 157), the jury will necessarily need to be instructed to that effect. The City has great concern that this instruction will affect the jury's objectivity and will cause

---

[1] The Court, in its Scheduling Order, set a deadline of February 7, 2024, for filing pre-trial motions. (R. Doc. 84). The need for the instant motion did not arise until today, when the Court dismissed Plaintiff's state law claims of direct negligence in hiring and intentional infliction of emotional distress with prejudice. (R. Doc. 173). Prior to that dismissal, there were state law issues in both the liability and damages phase. The evidence for the state law issues of liability and damages overlapped and bifurcation was not appropriate. Bifurcation is appropriate now. Good cause therefore exists for filing this motion after the February 7, 2024, deadline.

1

prejudice to the City as to liability as to the *Monell* claim. Bifurcation will prevent that prejudice and would be convenient and efficient.

## ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 42(b) authorizes the Court to order separate trials of issues "[f]or convenience, to avoid prejudice or to expedite and economize[.]"[2] The trial court has broad discretion under this rule and may bifurcate a trial over a party's objection.[3] The Fifth Circuit explained, "[t]he issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice."[4] It is for this reason that the most common application of Rule 42(b) is, as in the instant motion, for separate trials for liability and damages.[5] Where issues of liability and damages are "clearly separable," a trial court has discretion to bifurcate the trial.[6]

In the instant case, Plaintiff's *Monell* claim is clearly separable from the issue of damages. The *Monell* liability deals with hiring Mr. Vicknair in 2007 and requires the jury to evaluate the NOPD's hiring of Mr. Vicknair in 2007 and whether the sexual assault of Plaintiff was the "plainly obvious consequence" of hiring of Mr. Vicknair.[7] The constitutional violation – the "sexual [battery]" as described in Mr. Vicknair's factual basis to his criminal guilty plea – is established for purposes of this trial.[8] There is no question that the evidence relating to damages will be wholly separate from that of the proof necessary to establish the *Monell* claim. Plaintiff could not possibly

---

[2] Fed. R. Civ. Proc. 42(b).
[3] *Jackson Women's Health Org. v. Dobbs*, 945 F.3d 265, 269 n.4 (5th Cir. 2019) (ordering bifurcation *sua sponte*).
[4] *McDaniel v. Anheuser-Busch, Inc*. 987 F.2d 298, 305 (5th Cir. 1993) (quoting *Swofford v. B & W, Inc*. 336 F.2d 406, 415 (5th Cir 1964).
[5] See *Gafford v. General Elec. Co*., 997 F.2d 150, 171-72 (6th Cir. 1993) (not an abuse of discretion to bifurcate issues of liability and damages where such issues were "sufficiently unrelated and since bifurcating these issues served to improve judicial economy); see also 9A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2390 (3d ed. 2016) ("The separation of issues of liability from those relating to damages is an obvious use for Federal Rule 42(b).").
[6] *Malin Intern. Ship Repair and Drydock, Inc. v. Veolia Es Special Services, Inc*., 269 Fed. Appx. 553, 555 (5th Cir. 2010) (affirming bifurcation of issues of entitlement to attorney's fees from quantum of attorney's fees)
[7] *Board of Commissioners of Bryan County v. Brown*, 520 U.S. 397, 411 (1997).
[8] R. Doc. 107, p. 16.

have incurred any damage from Mr. Vicknair until 2020, which is long after the 2007 hiring of Mr. Vicknair. Further, the fact that Mr. Vicknair sexually assaulted Plaintiff on September 23, 2020, is uncontested and a stipulated fact.[9]

Applying the Rule 42(b) factors, bifurcation would avoid significant prejudice to the City. Conversely, an instruction to the jury that vicarious liability damages are to be calculated and awarded independent of the issue of *Monell* liability would confuse the jury. Such instruction would also imply that the City was at fault and prevent the jury from objectively evaluating the evidence presented at trial concerning the *Monell* claim. The City maintains that a curative instruction would be inadequate because the jury would give undue weight to the instruction that this Court has already determined that the City is responsible for Plaintiff's damages.

Further, the interests of convenience and economy would be served. Plaintiff's presentation of evidence would not be affected by bifurcation. Plaintiff has informed the City that she plans to present her *Monell* claim witnesses (consisting of only NOPD officers) on Monday, March 18, 2024, and Tuesday, March 19, 2024, to be immediately followed by damage witnesses.[10] In light of Plaintiff's planned presentation, it cannot be disputed that it would be simple and efficient to permit the jury to deliberate on the *Monell* liability issue and return later for a trial on damages.

## **CONCLUSION**

For the foregoing reasons, the City requests that this Motion be granted and that the claim of municipal liability under 42 U.S.C. § 1983 be tried separately from the issue of damages.

---

[9] See Exhibit A (March 6, 2024, email from Hope Phelps), para. 9
[10] See Exhibit A (March 6, 2024, email from Hope Phelps), para. 13.

Respectfully submitted:

***/s/ James M. Roquemore***
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*

4