UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S MOTIONS *IN LIMINE*

COMES NOW, Plaintiff, to respectfully request that this Court grant motions *in limine*.

In this Motion, Plaintiff asks the Court to exclude the following:

1. Any testimony or evidence contrary to Defendant's 30(b)(6) testimony without prior notification and argument, as courts have required in *Johnson, Hacker,* and *Imani.*

2. Any opinion testimony by Defendant's witnesses, as Defendant did not designate experts.

3. Any testimony or argument appealing to juror's pecuniary interests as taxpayers.

4. Any evidence or argument that Rayne Upton (who is no longer a party to this action) engaged in alleged criminal or wrongful conduct.

5. Any testimony that G.H., Rayne Upton, or Andrea Wright are not credible, given that Defendant previously determined them to be credible.

6. Any testimony of Rodney Vicknair contrary to the sworn factual basis of his plea agreement, given this Court's summary judgment ruling.

7. Any argument that G.H. consented to any sexual act given that she was a minor, and any evidence regarding other sexual conduct, abuse, or trauma by perpetrators other than Vicknair.

8. Any argument that "Plaintiff's self-harm, hospital admission and multiple serious psychological diagnoses made months before she met Mr. Vicknair" reduce damages.

9. Any testimony or argument that G.H. "knew how to work the system to get what she wanted."

10. Any argument that the battery of a juvenile is not a plainly obvious consequence of the decision to hire a police officer with a conviction for battery of a juvenile, given that the Court already so ruled.

11. Any argument that Defendants are immune per "La. R.S. 9:2798.1, or any other statutory or jurisprudential immunities affordable under the law," given that the City's state-law liability has been established and those immunities are no longer plausibly implicated in the narrowed scope of trial.

12. Witnesses Stella Cziment, Curtis Carkum, and Casey Riley, who are no longer relevant given the narrowed scope of trial.

13. Any testimony, argument, or reference to Rodney Vicknair's mental impairment or illness, because multiple cross-checks during deposition confirmed his memory was not impaired.

14. Vicknair's testimony about sexual abuse within his family, his self-perceived role as his "brother's keeper," and his personal religious beliefs.

15. This Court should exclude any evidence or argument of comparative fault, given that the Louisiana Supreme Court found that to be "not appropriate" in the context of a rape intentional tort.

The parties conferred, and Defendant declined to stipulate to any of these. For the reasons described in the attached memorandum, the Motion should be granted.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com
***Counsel for Plaintiff, G.H.***