UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and on behalf of her minor daughter, G.H.** | * | **CIVIL ACTION NO. 21-407** |
| | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

Considering the foregoing *Plaintiff's Motions in Limine,* **IT IS HEREBY ORDERED** that the motion is granted and denied as follows.

| Number | Motion to Exclude: | Granted | Denied |
|---|---|---|---|
| 1 | Any testimony or evidence contrary to Defendant's 30(b)(6) testimony without prior notification and argument, as courts have required in *Johnson, Hacker,* and *Imani.* | | |
| 2 | Any opinion testimony by Defendant's witnesses, as Defendant did not designate experts. | | |
| 3 | Any testimony or argument appealing to juror's pecuniary interests as taxpayers. | | |
| 4 | Any evidence or argument that Rayne Upton (who is no longer a party to this action) engaged in alleged criminal or wrongful conduct. | | |
| 5 | Any testimony that G.H., Rayne Upton, or Andrea Wright are not credible, given that Defendant previously determined them to be credible. | | |
| 6 | Any testimony of Rodney Vicknair contrary to the sworn factual basis of his plea agreement, given this Court's summary judgment ruling. | | |
| 7 | Any argument that G.H. consented to any sexual act given that she was a minor, and any evidence regarding other sexual conduct, abuse, or trauma by perpetrators other than Vicknair. | | |
| 8 | Any argument that "Plaintiff's self-harm, hospital admission and multiple serious psychological diagnoses made months before she met Mr. Vicknair" reduce damages. | | |
| 9 | Any testimony or argument that G.H. "knew how to work the system to get what she wanted." | | |

1

| Number | Motion | Granted | Denied |
|---|---|---|---|
| 10 | Any argument that the battery of a juvenile is not a plainly obvious consequence of the decision to hire a police officer with a conviction for battery of a juvenile, given that the Court already so ruled. | | |
| 11 | Any argument that Defendants are immune per "La. R.S. 9:2798.1, or any other statutory or jurisprudential immunities affordable under the law," given that the City's state-law liability has been established and those immunities are no longer plausibly implicated in the narrowed scope of trial. | | |
| 12 | Witnesses Stella Cziment, Curtis Carkum, and Casey Riley, who are no longer relevant given the narrowed scope of trial. | | |
| 13 | Any testimony, argument, or reference to Rodney Vicknair's mental impairment or illness, because multiple cross-checks during deposition confirmed his memory was not impaired. | | |
| 14 | Vicknair's testimony about sexual abuse within his family, his self-perceived role as his "brother's keeper," and his personal religious beliefs. | | |
| 15 | Any evidence or argument of comparative fault, given that the Louisiana Supreme Court found that to be "not appropriate" in the context of a rape intentional tort. | | |

New Orleans, Louisiana this _____ day of _____, 2024.

_____
JUDGE