UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H. | * * * | CIVIL ACTION NO. 21-407 |
| | * | SECTION: "J" |
| VERSUS | * | JUDGE BARBIER |
| | * | |
| RODNEY VICKNAIR, et al | * | MAG. DIV. (4) |
| | * | MAGISTRATE JUDGE ROBY |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Plaintiff's Objections to Defendant's Deposition Designations**

In its pre-trial order, the Court directed that if the parties intend to offer deposition testimony at trial, they should "designate which portions they seek to introduce in a letter to the Court" and then file a "brief memoranda addressing 'why the objections should be sustained or not.'" R. Doc. 166 at 3.

Here, both sides designated portions of Rodney Vicknair's deposition for use at trial because Mr. Vicknair is dead. This memorandum provides Plaintiff's objections to Defendant's deposition designations, and overlaps with Plaintiff's motions in limine.

**A.    This Court should exclude Vicknair's deposition testimony in which he denies the factual basis of his guilty plea.**

**(Pages 6:10-13, 6:18-22, 15:7-18, 58:7-12, 63:23-64:10, 88:7-20, 89:5-12, 110:7-20, 111:19-112:1, 112:24-114:21, 116:1-5.)**

The law of the case doctrine prevents a party from relitigating issues already resolved in a lawsuit.[1] Here, in his criminal case, Rodney Vicknair admitted to sexually assaulting G.H. and plead guilty. Vicknair confessed to his crime in open court, signed a plea agreement, and signed a written factual basis. On those representations, Judge Africk accepted the guilty plea.

---

[1] *See Loumar, Inc. v. Smith*, 698 F.2d 759 (5th Cir. 1983) ("The law of the case doctrine is closely related to the principle of res judicata. The latter prevents collateral attack on the result of a completed lawsuit between the same parties; the former prevents collateral attacks against the court's rulings during the pendency of a lawsuit.")

1

In a later civil deposition, however, Vicknair recanted his confession.

Earlier in this case, the City argued that Vicknair's deposition denials should preclude summary judgment.[2] The Court rejected the City's argument, concluding that "each of the elements for Plaintiff's § 1983 claim against Vicknair is conclusively established."[3]

Now, at trial, the City appears to be planning to relitigate this issue. The City has designated Vicknair's recanting of his confession as part of the testimony that the City intends to offer at trial.[4] In doing so, the City seeks to attack the summary judgment ruling of this Court, which "conclusively established" Plaintiff's claim on these facts. To allow the City to introduce these excerpts at trial would be confusing and misleading to the jury, and violate the law-of-the-case doctrine.

Furthermore, the City's lawyers cannot ethically offer this testimony at trial. Rule of Professional Conduct 3.3(a)(b) (Candor Toward the Tribunal) requires that a "lawyer shall not knowingly . . . offer evidence that the lawyer knows to be false." Here, the City's lawyers have stipulated that "Rodney Vicknair sexually assaulted G.H. on September 23, 2020."[5] The City conceded in its pretrial order that Vicknair "assaulted Plaintiff once."[6] Because the City's lawyers concede that Vicknair sexually assaulted G.H. at least once, they cannot ethically put on Vicknair's perjured testimony that he never assaulted G.H.

Accordingly, this Court should bar Defendant from introducing, reading, referencing, or making any argument regarding statements made by Vicknair that are inconsistent with his guilty plea, plea agreement, or factual basis.

---

[2] *See* R. Doc. 97 and 97-3 (Vicknair Dep.)
[3] R. Doc. 107 at 15.
[4] R. Doc. 176-9 at 6:10-13, 6:18-22, 15:7-18, 58:7-12, 63:23-64:10, 88:7-20, 89:5-12, 110:7-20, 111:19-112:1, 112:24-114:21, 116:1-5.
[5] R. Doc. 176-10.
[6] R. Doc. 163 at 8.

**B.      This Court should exclude Vicknair's testimony about another abuser of G.H. (Pages 100:20-101:5, 102:21-103:2, 103:9-25, 105:24-107:4.)**

Defendant has designated portions of Vicknair's transcript that accuse a non-party of sexually abusing G.H. In its 412 motion, Defendant contends such evidence is relevant to causation.[7]

In civil cases, the Rule 412(b) test for admitting evidence offered to prove sexual behavior or sexual propensity in civil cases differs in three respects from the general rule governing admissibility set forth in Rule 403.[8] First, it reverses the usual procedure spelled out in Rule 403 by shifting the burden to the proponent to demonstrate admissibility rather than making the opponent justify exclusion of the evidence.[9] Second, the standard expressed in subdivision (b)(2) is more stringent than in the original rule; it raises the threshold for admission by requiring that the probative value of the evidence *substantially* outweigh the specified dangers.[10] Finally, the Rule 412 test puts "harm to the victim" on the scale in addition to prejudice to the parties.[11]

In this case, Plaintiff has not put her reputation in controversy – both the subject sexual abuse and the evidence of other sexual abuse that Defendant seeks to introduce occurred when Plaintiff was a child. It is both highly prejudicial and harmful to victims to allow a defendant to introduce evidence to prove that a child victim of sexual assault had a reputation or some sort of propensity for being a victim of sexual abuse. According to a study published in the International Journal of Child Abuse and Neglect, "one-third of child sexual abuse victims reported

---

[7] R. Doc. 167.
[8] Advisory Committee notes on subdivision(b)(2) of Fed. R. Evid. 412.
[9] *Id.*
[10] *Id.*
[11] *Id.*

experiencing repeated victimization and sexual abuse victims had a two to three times greater risk of adult revictimization than women without a history of child sexual abuse."[12]

In addition, the potential harm to plaintiff from publicizing additional sexual assaults is not merely speculative. When information was publicized regarding the rape by Vicknair, anonymous people on the internet sexually harassed Plaintiff and threatened to gang-rape her. For example, she received messages saying things like:

- "The cop who did that to you deserves a medal and a cool 20 million."

- "We getting you drugged and goin pass you around then leave you in the middle of the woods"

- "Plz let me hit ur so hot wet pussy nice ass and tits I'm dyin to be inside you princes[.]"[13]

If information regarding *additional* childhood sexual abuse of Plaintiff is published in open court, it is certainly plausible that she will be subjected to further targeted harassment and rape threats.

As outlined in their motion and based on their questioning of Plaintiff during her deposition, the City does not simply intend to offer an admission that Plaintiff was the victim of other sexual abuse. This fact is undisputed; the parties have stipulated Officer Vicknair first encountered G.H. when he transported her to the hospital for a sexual assault examination after it was reported that she was the victim of a rape.[14] Rather, Defendant intends to introduce lurid and retraumatizing details of other child sexual abuse involving other perpetrators who have never been arrested or charged.

---

[12] Widom, Czaja, Dutton, "Childhood victimization and lifetime revictimization," The International Journal: Child Abuse and Neglect, Volume 32, Issue 8, August 2008, Pages 785-796, https://www.sciencedirect.com/science/article/abs/pii/S0145213408001336?via%3Dihub.
[13] R. Doc. 176-6 (Threats from Anonymous Accounts on Snapchat).
[14] R. Doc. 163, p. 9, ¶ 6.

Courts – including this Court – have rejected such attempts. For example, in *J.M. v. Hilldale Indep. Sch. Dist.*, the Tenth Circuit ruled that the district court did not abuse its discretion in excluding evidence of a student's prior sexual history pursuant to Rule 412 in an action alleging claims against her former school district and teacher under 42 USCS § 1983 and state tort law, given the sensitive nature of evidence and the student's age.[15]

In *Rogers v. Smith*, a case from this district court, then-Magistrate Judge Dana Douglas prohibited all questioning "about any alleged sexual abuse as the Court finds that the topic is not relevant or proportional to claims and defenses in this suit."[16] In that case, similar to the issue here, the defendants argued that they should be allowed to investigate prior issues of emotional distress, including childhood sexual abuse, to establish a baseline because the defendant put his mental state in controversy. Magistrate Judge Douglas rejected that argument. The defendants objected to her ruling. Judge Milazzo upheld Magistrate Judge Douglas's ruling.[17] The defendants appealed to the Fifth Circuit. The Fifth Circuit struck defendants' appeal.[18]

Here, the City's argument regarding Plaintiff's mental state and baseline of emotional distress is the same as the defendants' argument in Rogers. However, in this case, Plaintiff does not even dispute that she was already a victim of sexual abuse and in active treatment for this trauma at the time that Officer Vicknair first met her. Any probative value of introducing the salacious details of other sexual abuse and trauma does not substantially outweigh the dangers of

---

[15] *J.M. v. Hilldale Indep. Sch. Dist. No. 1-29*, 397 Fed. Appx. 445, 2010 U.S. App. LEXIS 18998 (10th Cir. 2010).
[16] *Rogers v. Smith*, 20-517 (E.D. La. 7/22/21), R. Doc. 129.
[17] *Id.*, R. Doc. 154.
[18] *Rogers v. Smith*, 2023 U.S. App. LEXIS 20871, *1 (5th Cir. 2023) (unpub.).

prejudice and harm to G.H. – the victim. Such details serve to paint G.H. as "damaged goods,"[19] already impure, disobedient, and troubled before the sexual assaults by Officer Vicknair. Given the salacious, retraumatizing, and cumulative nature of the evidence Defendant seeks to introduce, and G.H.'s age at the time of the sexual abuse, which occurred when she was 15-years old and younger, this court should grant Plaintiff's motion to exclude such evidence.

**C.   This Court should exclude Vicknair's testimony about his medical condition, because multiple cross-checks during deposition confirmed his memory was not impaired.**

**(Pages 2:10-25, 10:10-12)**

Fed. Rule of Evidence 402 excludes irrelevant evidence, and Rule 403 allows a court to exclude relevant evidence "if its probative value is substantially outweighed" by confusion of the issues or the risk of misleading the jury.

Here, the City of New Orleans has designated portions of Rodney Vicknair's deposition transcript suggesting that they intend to insinuate that his brain tumor affected his testimony. But the City should be barred from offering such evidence, because multiple checks during deposition confirmed that Vicknair's memory was not impaired by his condition.

It is true that at the time of Rodney Vicknair's deposition, Vicknair had been diagnosed with a brain tumor. But because of diagnosis, Plaintiff's counsel engaged in extensive checking throughout the deposition to make sure that Vicknair's cognition and recall were not compromised during the deposition.

---

[19] Such arguments have rightly received sharp opprobrium from federal courts, particularly in the context of minor victims of sexual abuse. *See, e.g., United States v. Kofalt,* 2012 U.S. Dist. LEXIS 157349, fn. 6 (W.D. Pa. November 2, 2012) ("The Government objects to the defense's characterization of the minor as 'damaged goods.' The Court agrees that such reference is wholly inappropriate, especially when referring to a potential victim of child sexual abuse, and unworthy of the office of Federal Public Defender.") (emphasis in original).

First, Plaintiff ensured that Mr. Vicknair was correctly oriented to date, time, and place. Vicknair correctly identified the time, address, and approximate date of the deposition.[20] Then, Vicknair confirmed that his medical condition did not affect ability to "understand the difference between a truth and a lie."[21] Then, Vicknair confirmed that he had not taken any medications, and also that no medications were necessary for him to think clearly.[22] Vicknair confirmed that although his medical condition impaired his memory, he would say so if he could not remember something:

> Q. Does your medical condition impair your memory?
>
> A. Yes.
>
> Q. Will you be able to tell me when you are unable to remember something?
>
> A. Yeah. If I can't remember, I'll tell you.[23]

Vicknair also confirmed that his medical condition did not cause him to "remember things that aren't true."[24] Vicknair's memory was tested with known facts: his birthday, his parent's names, injuries, the name of his high school, his phone number, the location of his wedding, etc.[25] He answered each question correctly. Later in the deposition, Vicknair indicated that he was tired but confirmed that he was not finding it hard to answer "questions truthfully or completely."[26] And later, he confirmed again that neither his medical condition nor any anxiety had made any of the answers "so far not reliable or not truthful."[27]

At no point did Vicknair suggest that his medical condition was impairing his testimony. And multiple cross-checks confirmed that his testimony was *not* impaired. Any attempt by

---

[20] R. Doc. 176-9 at 7:20-8:8.
[21] *Id.* at 9:15-18.
[22] *Id.* at 9:23-10:9.
[23] *Id.* at 10:10-16.
[24] *Id.* at 10:17-19.
[25] *Id.* at 13:7-25.
[26] *Id.* at 36:5-9.
[27] Id. at 60:14-17.

Defendant to suggest otherwise would only mislead and confuse the jury, and should be excluded. Plaintiff does not object to the basic fact in the stipulated facts, that on "January 1, 2024, Rodney Vicknair died in federal prison due to a brain tumor." R. Doc. 163 at 9.

**D.      This Court should exclude Vicknair's testimony about child abuse within his family, his self-perceived role as his "brother's keeper," and his religious beliefs.**

**(Pages 47:12 to 48:17)**

Fed. Rule of Evidence 402 excludes irrelevant evidence, and Rule 403 allows a court to exclude relevant evidence "if its probative value is substantially outweighed" by confusion of the issues, prejudice, or the risk of misleading the jury. Rule 610 states that evidence "of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility."

Here, the City has designated almost two pages (47:12-48:17) of Vicknair's deposition transcript regarding the meaning of Vicknair's "brother's keeper" tattoo, child abuse in his family, and his religious beliefs. None of this is remotely relevant to the issues for the trial. Discussion of Vicknair's childhood abuse would only confuse the issues, given his already-established liability and the absence of any claim for punitive damages.

The City might be trying to use Vicknair's professed religious beliefs to suggest that he was telling the truth during his deposition but lying in his plea agreement, conviction colloquy, and factual basis for his conviction. But this use of religious beliefs is forbidden by Fed. R. Evidence 610. *See United States v. Weinland*, 2012 U.S. Dist. LEXIS 73026, *1 (E.D. Ky., May 25, 2012) (granting motion in limine to "prohibit the use of evidence of a witness's religious beliefs or opinions to attack or support his or her credibility.")

E.      **This Court should exclude other irrelevant material about marijuana use and the nature of Vicknair's vehicle.**

**(Pages 27:12-28:8, 28:23-29:7)**

Defendant has also designated other miscellaneous irrelevant testimony. Specifically, Defendant designated pages 27:12-28:8 and 112:1 in which Vicknair talks about G.H. allegedly "smoking weed." That is not relevant to any claim or defense in this case, and only seeks to introduce prejudicial material to impugn Plaintiff's character.

Similarly, the designated material at 28:23-29:7 about the nature of Vicknair's vehicle is no longer relevant, given the Court's ruling on respondeat superior.

## CONCLUSION

This Court should exclude the portions of deposition testimony detailed above.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com
***Counsel for Plaintiff, G.H.***