UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
THE CITY OF NEW ORLEANS' MOTION IN LIMINE**

Defendant, the City of New Orleans (the "City"), submits the following memorandum in support of its Motion *in Limine*.

**INTRODUCTION**

The City requests that the Court issue the following evidentiary rulings:

1. Plaintiff's exhibit, P2, New Orleans Police Department ("NOPD") Operations Manual, Chapter: 41-8, Affidavits-and Summons (Non-Traffic), shall be excluded from evidence at trial.

2. Counsel shall not question any witness concerning the term, "habitual offender."

3. Plaintiff's exhibits, P3 and P4, transcripts of Rodney Vicknair sentencing hearings on March 8, 2023 (R. Doc. 87-4) and March 14, 2023 (R. Doc. 87-5), shall be excluded from evidence at trial.

4. Plaintiff's exhibit, P6, a 14-page Report of Expert Witness Shannon Smith, shall be excluded from evidence at trial.

5. Plaintiff's exhibit, P7, screenshots of post-sentencing Snapchat requests purportedly from Rodney Vicknair to G.H., shall be excluded from evidence at trial.

1

6. Plaintiff's exhibit, P12, Screenshots of post-sentencing Snapchat threats made by anonymous person(s) to G.H. on Snapchat, shall be excluded from evidence at trial.

7. Plaintiff shall be precluded from presenting any evidence, testimony or argument concerning an alleged *Monell* violation based on hiring Rodney Vicknair because such claim was not raised in Plaintiff's First Amended Complaint.

The grounds for each of these requests are discussed, in order, below.

## LAW AND ARGUMENT

**1. NOPD Operations Manual, Chapter: 41-8 should be excluded because NOPD policy was not in existence when Rodney Vicknair was hired.**

Plaintiff seeks to introduce NOPD Operations Manual, Chapter 41-8 (P2). Plaintiff seeks to use this NOPD policy chapter to show that NOPD maintained a definition of a "Habitual Offender" and was deliberately indifferent to this definition when it hired Rodney Vicknair.[1] However, this Operations Manual Chapter did not become effective until March 1, 2018, eleven years after Mr. Vicknair was hired.[2] There is no way that NOPD could have known of this policy in 2007 or have been deliberately indifferent to this policy when it hired Mr. Vicknair.

For these reasons, this policy has no relevance to Plaintiff's *Monell* claim. The said policy neither makes Plaintiff's alleged *Monell* violation more nor less probable. Chapter 41-8 is therefore irrelevant.[3] Because it is not relevant, it is not admissible.[4]

Further, introduction of the policy would confuse the issues and mislead the jury, because the jury may ascribe undue importance to the term "habitual offender," which is included in

---

[1] R. Doc. 135, p. 6, footnote 26.
[2] *Id*. ("Effective: 03/01/2018"). Moreover, the Chapter did not establish standards for hiring decisions. See Id., p. 1 ("This Chapter governs the release of arrested persons upon the issuance of a non-traffic summons.").
[3] F.R.E. 401. See *Whitfield v. Riley*, 2021 WL 2354970, *2 (E.D. La. June 9, 2021) ("DOJ Report is not relevant because it will not make a fact more or less probable than it would be without the evidence under Rule 401.").
[4] F.R.E. 202.

2

Chapter 41-8. The Chapter should be excluded under Federal Rule of Evidence 403 for this reason also. Further, this Chapter should be excluded pursuant to Federal Rule of Evidence 407 to the extent that Plaintiff uses the 2018 NOPD policy to show culpable conduct based on an argument that the 2007 hiring decision would have been less likely to occur if the 2018 policy had been in place.[5]

2. **Because the term "habitual offender" was not part of NOPD's Operations Manual in 2007, counsel should be precluded from questioning witnesses regarding that term.**

As noted above, the term, "habitual offender" did not become a defined term in any NOPD policy until 2018. The term is inflammatory and questioning witnesses regarding the term would cause undue prejudice and confusion of issues to the jury because Plaintiff will imply that the term somehow applied to a hiring decision in 2007 when the term was not created until eleven years later. The danger of undue prejudice and confusion of the issues substantially outweigh any probative value. The term should be excluded pursuant to Federal Rule of Evidence 403.

3. **Rodney Vicknair's sentencing hearings should be excluded because the statements contained therein are irrelevant and are hearsay.**

Plaintiff seeks to include transcripts from Rodney Vicknair's sentencing hearings in his criminal case.[6] These transcripts contain statements made by Judge Lance M. Africk and the parties' lawyers, and statements made by Plaintiff, and Plaintiff's mother, Rayne Upton. The statements of Judge Africk and the lawyers are hearsay without any exception because they are made outside the trial of this case and are offered for the truth of the matters asserted. These

---

[5] F.R.E. 407.
[6] P4, *United States v. Rodney Vicknair*, Case No. 22-212 (E.D. La. March 8, 2023); P5, *United States v. Rodney Vicknair*, Case No. 22-212 (E.D. La. March 14, 2023.

3

statements are excludable under Federal Rule of Evidence 801 and 802. In addition, such statements would likely be given undue weight and thus should be excluded pursuant to Rule 403.

The statements of the Plaintiff and her mother contained in the transcripts are also excludable under the rule against hearsay.[7] Further, these statements are not admissible under 801(d)(1)(B), which defines prior consistent statements as non-hearsay if they are offered to rebut a charge of "recent fabrication or improper influence or motive."[8] That is not the case here.[9]

In addition, the statements made in the transcripts should be excluded under Rule 403. The statements made by Judge Africk regarding his interpretation of law and fact would likely be given undue weight by the jury. Further, the self-serving statements made by Plaintiff and her mother, although largely not relevant to any issue in the instant case, would accrue undue credibility because they were made to a judge and recorded in a transcript.

### 4. The report of Plaintiff's expert witness, Shannon Smith, should not be admitted as evidence.

It is the general rule that an expert's report shall not be admitted as evidence pursuant to Rule 403 as being cumulative[10] and Rule 801-801 as being hearsay.[11] Plaintiff proposed exhibit, P6, consisting of a 14 page Report of Expert Witness Shannon Smith, should therefore be excluded.

---

[7] F.R.E. 801, 802.
[8] F.R.E. 801(d)(1)(B).
[9] *United States v. Portillo*, 969 F.3d 144, 174 (5th Cir. 2020) ("a litigant may not introduce a prior consistent statement if that statement was made at a time when the litigant allegedly had a motive to fabricate—even if the litigant supplements his attack on the witness's credibility by pointing to other flaws in the declarant's testimony.")(citing *Tome v. United States*, 513 U.S. 150, 161-62 (1995).
[10] *Vienne v. American Honda Motor Co.*, 2001 WL 83260, *3 (E.D. La., Jan. 26, 2001) (excluding expert report as cumulative to testimony at trial).
[11] *Pizza Hut, LLC v. Ronak Foods, LLC*, 2022 WL 3544403, # 3 (E.D. Tex., June 17, 2022) ("An expert's written report is hearsay to which no hearsay exception applies") (punctuation and citations omitted).

5. **Screenshots of post-sentencing Snapchat requests from Rodney Vicknair to G.H. should be excluded because they are unauthenticated and would constitute independent torts for which the City is not liable.**

Plaintiff, in P7, seeks to introduce evidence that Rodney Vicknair purportedly made one or more Snapchat requests to Plaintiff after he was sentenced on March 14, 2023. There is no evidence that whoever supposedly made contact with Plaintiff via Snapchat at this time was actually Mr. Vicknair. Therefore, there can be no authentication of this exhibit and it should be excluded pursuant to Federal Rule of Evidence 901. Further, even if the Snapchat request was from Mr. Vicknair, it was made after he was terminated from employment with the NOPD and would constitute a violation of civil and/or criminal law independent of any alleged in this lawsuit. As such, the exhibit would be excludable pursuant to Rule 401 and 402 because is not relevant and pursuant to Rule 403 because of confusion of the issues and undue prejudice.

6. **Purported threats made to Plaintiff online were not caused by actions of Mr. Vicknair while in the course and scope of his NOPD employment and therefore are excludable as being irrelevant and unduly prejudicial, and are not authenticated.**

In Plaintiff's exhibit P12, Plaintiff seeks to introduce screenshots from her Snapchat which allegedly constitute threats made by people other than Rodney Vicknair. There is no indication as to who made such threats. This exhibit has no foundation for authenticity and thus is excludable under Federal Rule of Evidence 901. Further, this exhibit is excludable under Rule 403 because it may cause confusion to the jury as to whether Mr. Vicknair should be responsible for emotional distress caused by anonymous online trolls.

7. **Plaintiff should be precluded from presenting evidence, testimony or argument of a *Monell* violation based on hiring of Rodney Vicknair which she failed to include in her First Complaint,**

Plaintiff seeks to introduce evidence, testimony, and argument that the City maintained a policy or custom that, because of its deliberate indifference with respect to the hiring of Rodney

5

Vicknair, caused the sexual assault by Mr. Vicknair upon Plaintiff. However, Plaintiff failed to allege this cause of action in her First Amended Complaint.[12] In the First Amended Complaint, Plaintiff does not allege that any alleged failure with respect to hiring Mr. Vicknair caused any constitutional violation of the Plaintiff.[13]

Pursuant to Federal Rule of Civil Procedure 8, a plaintiff must provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[14] Where a plaintiff fails to plead a cause of action, a motion *in limine* will lie to preclude the parties from making "any argument, mention, or exhibit to the jury, in any manner, any item of evidence relating to any unpled theory of contract formation or property ownership."[15] Such evidence should be excluded, as in this case, where the Plaintiff "could have pled . . . a broader factual basis for [the] claim or alternative causes of action . . . with specific factual allegations as grounds therefor" but "chose, however, to limit his pleadings, and the fair notice to Defendant"[16]

WHEREFORE, the City requests that this Motion be granted and that the requested evidentiary rulings be made.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY

---

[12] See R.Doc. 79, ¶ 143 ("Had there been more adequate supervision, training, and discipline of misconduct . . . the sexual assault of G.H. would have been prevented.").
[13] R. Doc. 79, para. 143, 144 ("[t]he failure to supervise and discipline by [the City] can only demonstrate to deliberate indifference to the constitutional rights of G.H.")
[14] *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).
[15] See *Galyean v. Guinn*, 2023 WL 4938098, *2 (N.D. Tex. July 7, 2023).
[16] *Id*. at *1 n.2.

                                                              1300 PERDIDO STREET, SUITE 5E03
                                                              NEW ORLEANS, LOUISIANA 70112
                                                              TEL: (504) 658-9800
                                                              FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*