UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNE UPTON, individually and on behalf of her minor daughter, G.H.<br><br>    Plaintiff,<br><br>v.<br><br>RODNEY VICKNAIR, SHAUN FERGUSON, THE CITY OF NEW ORLEANS; DOE DISTRICT COMMANDER; DOES 1 to 10; and XYZ INSURANCE COMPANIES 1 to 10,<br><br>    Defendants. | Docket No. 2:21-cv-407<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE: KAREN WELLS ROBY |

## PROPOSED JURY INSTRUCTIONS BY CITY OF NEW ORLEANS

**Fifth Circuit Pattern Jury Instructions**

- **1.1 – Instructions for Beginning of Trial**
- **1.2 – Preliminary Instructions to Jury w/ Alternate 2**
- **2.11 – Impeachment by Witness's Inconsistent Statements**
- **2.13 – Deposition Testimony**
- **2.15 – Law-Enforcement Officer Testimony**
- **3.1 – Jury Charge**
- **3.2 – Burden of Proof: Preponderance of the Evidence**
- **3.3 – Evidence**
- **3.4 – Witnesses**
- **3.5 – Expert Witnesses**
- **3.6 – No Inference from Filing Suit**
- **3.7 – Duty to Deliberate w/ Alternate 2**
- **10.2 – Under Color of Law**
- **10.5 – Municipal Liability**
- **10.13 – Emotional Distress Damages**
- **15.1 – Consider Damages Only if Necessary**
- **15.2 – Compensatory Damages**
- **15.5 – Mitigation of Damages**
- **15.6 – Nominal Damages**

The City believes instruction **10.5 – Municipal Liability** – should be tailored to reflect the instructions related to inadequate hiring provided in *Board of Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997). In *Bryan County*, the Court clarified up the deliberate indifference standard by holding:

> Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the **plainly obvious consequence** of the decision to hire the applicant would be the deprivation of a third person's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute "deliberate indifference." *Id*. at 411 (Emphasis added).

*Bryan County* made clear that the proximate cause inquiry must focus on the particular violation that occurred, and not constitutional violations in general. *Id*. at 411-14. The Court noted the following:

> Cases involving constitutional injuries allegedly traceable to an ill-considered hiring decision pose the greatest risk that a municipality will be held liable for an injury that it did not cause. In the broadest sense, every injury is traceable to a hiring decision. Where a court fails to adhere to rigorous requirements of **culpability and causation**, municipal liability collapses into *respondeat superior* liability. As we recognized in *Monell* and have repeatedly reaffirmed, Congress did not intend municipalities to be held liable unless deliberate action attributable to the municipality directly caused a deprivation of federal rights. *Id*. at 415 (Emphasis added).

*Bryan County* makes clear that a plaintiff must overcome both a deliberate indifference requirement and a proximate cause requirement. The City has tailored its jury verdict form to reflect the Court's holding in *Bryan County*. As reflected in the City's proposed jury verdict form, plaintiff must prove all of the following:

1. At the time Rodney Vicknair was hired the City of New Orleans maintained an official policy or custom to fail to adequately scrutinize police officer applicants before they are hired;

2. The City of New Orleans' policymaker knew or should have known that there was an official policy or custom to fail to adequately scrutinize police officer applicants;

3. Rodney Vicknair's background was known to the City of New Orleans and a reasonable policymaker would have concluded that the plainly obvious consequence of hiring Rodney Vicknair would be that he would be highly likely to use his authority as a police officer to violate a female minor's rights by sexually assaulting, sexually battering, and falsely imprisoning her; and

4. The hiring of Rodney Vicknair directly caused the Plaintiff in this case to be falsely imprisoned, sexually assaulted, and sexually battered.

In addition to the foregoing model instructions, the City proposes a Louisiana instruction on damages. The Fifth Circuity Pattern Instructions note the following:

> The model damages instructions included in this section are very general in nature and are not appropriate for every federal court case. When a state-law claim is brought in federal court, *Erie Railroad Co. v. Tompkins* generally requires that state substantive damages law be applied. For damages instructions tailored to state-law claims, the pattern jury instructions published in that state should be consulted. Fifth Circuit Pattern Jury Instructions, Pg. 339.

In accordance with the foregoing, the City submits the following pattern jury instruction provided in Louisiana Civil Law Treatise, 18 La. Civ. L. Treatise, Civil Jury Instructions.

- **§ 18:1. Damages—General instruction**

If you decide that the plaintiff has established the other elements of his case by a preponderance of the evidence, and the defendant has failed to establish a defense which would prevent plaintiff from recovering an award for his injuries, you must decide the question of whether there has been damage to his person or his property and if so, the amount of that damage.

In this regard, I recall to your attention the words of Article 2315 of our Civil Code:

> Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it.

This article, and our law, suggest simple reparation, a just and adequate compensation for injuries. [It suggests no idea of revenge or punishment. Accordingly, our law does not permit the awarding of damages to punish the defendant, or make an example of him to prevent other accidents, and you should include no such amount in your award.] Your award should be designed to fully and fairly compensate the plaintiff for his injury, if you find one has occurred, and should not go beyond such reparation.

The law recognizes the difficulty of translating personal injuries into a dollars and cents figure, but that is what must be done. You must arrive at a figure that will fairly and adequately compensate the plaintiff for damages he has already suffered, and that he will in all likelihood suffer in the future. In estimating such damages, you may take into consideration the following elements:

(1) physical injury suffered;
(2) pain and suffering, both physical and mental;
(3) loss of enjoyment of life;
(4) permanent disability, if any;
(5) loss of earnings, if any, both past and future;
(6) medical expenses, both past and future.

Like other parts of the plaintiff's case, these damages must be established by a preponderance of the evidence. This means, on the one hand, that you are not entitled to award speculative damages

for injuries which you think the plaintiff might have suffered or might suffer in the future. On the other hand, it means that you may make an effort to reasonably approximate the damages which plaintiff has proved are more probable than not, even though they cannot be computed with mathematical certainty. [You may, if you wish, take into account the decreasing value of the dollar in today's market.]

In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages suffered by the plaintiff. Also, any amount which you might award to the plaintiff is *not* income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the plaintiff is entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the plaintiff for his injuries, without regard to what he may pay his attorney or the amount that you might think would be paid in income taxes.

Finally, let me say that the fact that I have given you these statements about the law of damages does not in any way imply or suggest that I feel or do not feel that any damages are due in this case. Whether or not damages are due is solely for you to determine.

                                            Respectfully submitted:

                                            */s/ James M. Roquemore*
                                            **JAMES M. ROQUEMORE, LSB #40035**
                                            ASSISTANT CITY ATTORNEY
                                            james.roquemore@nola.gov
                                            **CORWIN ST. RAYMOND, LSB #31330**
                                            CHIEF DEPUTY CITY ATTORNEY
                                            **DONESIA D. TURNER, LSB #23338**
                                            CITY ATTORNEY
                                            1300 PERDIDO STREET, SUITE 5E03
                                            NEW ORLEANS, LOUISIANA 70112
                                            TEL: (504) 658-9800
                                            FACSIMILE: (504) 658-9868
                                            *Counsel for the City of New Orleans*