UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM REGARDING EXHIBIT OBJECTIONS**

In R. Doc. 166, the Court ordered the parties to provide "brief memoranda stating the reason for the objections and responding to the objections of other counsel."

**Plaintiff's Objections to Defendant's Exhibits**

**A.    Plaintiff Objects to Defendant's Exhibit 48[1] (Body Worn Camera and Dash Camera Footage) as Barred by the FRE 412 Rape Shield Rule.**

The City seeks to introduce the body-worn camera footage of an officer (not Vicknair) capturing the response to the May 26, 2020 sexual assault of G.H. Although the City has not yet designated which portions of the clip it intends to introduce, it appears that the City intends to introduce portions offered regarding G.H.'s sexual behavior.

Federal Rule of Evidence 412 (the Rape Shield Rule), requires that a motion to admit evidence "specifically describe" the evidence and state "the purpose for which it is to be offered." Defendant did not identify or specifically describe any clips from this exhibit in their motion to admit evidence as required by Fed. R. Evid. 412(c)(1)(A). Accordingly, any clips from these videos referencing other sexual abuse, assaults, or conduct of G.H. should be excluded at trial.

---

[1] Exhibit C1 on the Joint Pre-Trial Order. R. Doc. 163.

Due to this Court's ruling on the cross-motions for summary judgment, other footage contained in this exhibit should be excluded as irrelevant to the remaining claims and defenses, given that the supervision claim has been denied. See Fed. R. Evid. 402. And the remaining footage is a waste of time, would cause confusion regarding the limited remaining issues in the case, could potentially mislead the jury, or are unduly prejudicial. See. Fed. R. Evid. 403.

**B.       Plaintiff Objects to Exhibit 49[2] (NOPD Investigative File for Prior Sexual Assault of G.H.) as Cumulative and Barred by the FRE 412 Rape Shield Rule.**

The City seeks to introduce the NOPD Investigative file in connection with the May 26, 2020 sexual assault of Plaintiff. (*I.e.*, the sexual assault that Vicknair was originally responding to when he met Plaintiff, not Vicknair's assault on Plaintiff.) This exhibit is cumulative of facts already stipulated to by the parties regarding the May 26, 2020 sexual assault:

5. On May 26, 2020, Rodney Vicknair met G.H. through his role as an NOPD officer.

6. On that day, Rodney Vicknair and two other NOPD officers responded to a call at G.H.'s residence because G.H., a 14-year-old girl, had allegedly been sexually assaulted by a 17-year-old male overnight visitor to G.H.'s residence.

7. On May 26, 2020, as part of that call, Rodney Vicknair and his partner, also an NOPD officer, transported G.H. and her mother to Children's Hospital for an interview and evaluation.[3]

This exhibit should therefore be excluded under Fed. R. Evid. 403 as a needlessly presenting cumulative evidence.

Plaintiff also objects to this exhibit as it is barred by Fed. R. Evid. 412(c)(1). That rule requires that if a party wishes to offer evidence that "a victim engaged in other sexual behavior," it must file a motion that "specifically describes the evidence and states the purpose for which it is to be offered." Here, Defendant's 412 motion only refers to hospital records of the May 26, 2020

---

[2] Exhibit C5 on the Joint Pre-Trial Order. R. Doc. 163.
[3] R. Doc. 163 (Joint Pre-Trial Order), p. 9.

2

rape, not the NOPD investigatory file. *See* R. Doc. 167 Memo in Support at Footnote 12. Because this exhibit falls within FRE 412, but the City filed no motion regarding it, it should be excluded.

**C.     Plaintiff Objects to Exhibits 50 and 51[4] (Interviews of Rayne Upton and G.H. in Connection with the Investigation of Rodney Vicknair).**

The City seeks to introduce recordings of Rayne Upton's interview by Lt. Lawrence Jones and of the forensic interview of G.H. The City has not identified which portions of these recordings they wish to submit. These interviews, however, contain questioning about other sexual abuse of the victim G.H. They therefore fall within the ambit of Fed. R. Evid. 412, but were not referenced in the City's FRE 412 motion (R. Doc. 167) – and so should be excluded.

Plaintiff also objects to the recording of Rayne Upton as containing hearsay (as it would be an out-of-court statement by a non-party for the truth of the matter asserted), material irrelevant to the remaining claims and defenses, prejudicial to Plaintiff, and cumulative of facts already stipulated to by the parties. Specifically, the parties stipulated to a summary of that interview as follows:

8. On September 21, 2020, G.H.'s mother met with Lieutenant Lawrence Jones of the NOPD's Public Integrity Bureau, and she reported that three incidents regarding Mr. Vicknair concerned her: (1) Mr. Vicknair shouted "nice ass" at G.H. while she was jogging; (2) Mr. Vicknair showed up at G.H.'s residence unannounced at night, entered G.H.'s bedroom with the mother, and stared at G.H.'s breast when G.H. was awakened; and (3) Mr. Vicknair took a picture with G.H in which he was hugging G.H. from behind.[5]

The recordings should be excluded.

**D.     Plaintiff Objects to Exhibit C9 (OIPM Records) as Irrelevant.**

Defendant seeks to introduce records from the Office of the Independent Police Monitor (OIPM) at trial. These records were relevant to the case when Plaintiff had a improper-supervision

---

[4] Exhibit C6 and C7 on the Joint Pre-Trial Order. R. Doc. 163.
[5] R. Doc. 163 (Joint Pre-Trial Order), p. 9.

3

claim, because they help pin down the precise timeline of what the City knew and when the City knew it. But this Court dismissed that claim in R. Doc. 157. Accordingly, those records are no longer relevant, and any introduction would waste time and be misleading and confusing to the jury. See Fed. R. Evid. 403.

### E.  Plaintiff Objects to Exhibit 54[6] (Text Messages Between Rodney Vicknair and G.H.)

Plaintiff objects to the introduction of text messages between her and Rodney Vicknair spanning from May 26, 2020 through September 25, 2020. Defendants presumably intend to use the text messages to insinuate that Plaintiff consented to sexual behavior with Vicknair. For that reason, the text messages fall within the scope of Fed. R. Evid. 412 – but Defendants did not identify them in their 412 Motion (R. Doc. 167). Accordingly, they should be excluded under Fed. R. Evid. 412(c)(1).

The text messages should also be excluded as unduly prejudicial and confusing under Fed. R. Evid. 403, because Defendants have already admitted that "if G.H. was a minor she did not have capacity to consent to sexual conduct with Vicknair." R. Doc. 82 (City Answer) at ¶ 147. And there is no dispute over G.H.'s age; Plaintiff provided her birth certificate in discovery, and Defendant described her in their uncontested material facts as "a 14 year-old girl." R. Doc. 126-3 (Def's SUF) ¶ 13. Thus, to show text messages to insinuate that a minor consented to something she could not legally consent to would be unduly prejudicial and risk confusing the jury. The text messages should be excluded.

### F.  Plaintiff Objects to 55, 56, and 63[7] (Children's Bureau, Children's Hospital, and Metanoia Records) as Barred by the FRE 412 Rape Shield Rule.

---

[6] Exhibit C10 on the Joint Pre-Trial Order. R. Doc. 163.
[7] Exhibits C11, C12, and C22 on the Joint Pre-Trial Order. R. Doc. 163.

The City seeks to introduce Plaintiff's medical records at trial, including 2,368 pages of records from Children's Hospital, 89 pages of records from the Children's Bureau, and 124 pages of records from Metanoia (a residential home for young girls).

In Defendant's Motion to Admit Evidence Pursuant to Rule 412, they identify only 9 pages of Children's Bureau records, 8 pages of Children's Hospital Records, and 8 pages of Metanoia records. The pages of these records that were not identified or specifically described in Defendant's Motion should be excluded for failure to comply with Fed. R. Evid. 412(c)(1)(A). And the identified pages should be excluded for reasons described fully in Plaintiff's Opposition to Defendant's Motion to Admit Evidence Pursuant to Rule 412 and in Plaintiff's Motion *in Limine* (R. Doc. 176).

## G. Plaintiff Objects to Portions of Exhibit 57[8] (271-page FBI file) as Barred by the Rape Shield Rule and Hearsay.

The City has not yet specified which portions of the 271 page FBI file they intend to offer at trial. Plaintiff objects to the introduction of evidence barred by the Rape Shield Rule. Defendant did not identify or specifically describe any part of this file in their Motion to Admit Evidence Pursuant to Rule 412. Thus, any evidence from this record referencing the sexual abuse or conduct of Plaintiff should be excluded at trial pursuant to Fed. R. Evid. 412(c)(1).

Furthermore, the parties are obligated by the Court-ordered Privacy Act Protective Order to take appropriate steps at trial "to maintain the confidentiality of the Protected Material to the greatest extent possible." R. Doc. 90 at 4. That would seem, at least, to require Defendants to narrow the exhibit to the pages actually needed for trial.

---

[8] Exhibit C16 on the Joint Pre-Trial Order. R. Doc. 163.

5

**H.     Plaintiff Objects to Exhibits 58, 59, 60[9] (FBI Recordings) as Barred by the Rape Shield Rule.**

The City has not yet specified which clips from these recordings they intend to offer at trial. These recordings discuss other sexual abuse of G.H. by other perpetrators. For that reason, Plaintiff objects to the introduction of hearsay and evidence barred by the Rape Shield Rule. Defendant did not identify or specifically describe any of these recordings in their Motion to Admit Evidence Pursuant to Rule 412. Thus, any evidence from these recordings referencing the sexual abuse or conduct of Plaintiff should be excluded at trial pursuant to Fed. R. Evid. 412(c)(1).

**I.     Plaintiff Objects to Exhibit 61[10] (AT&T Records) as Irrelevant and a Waste.**

Defendant seeks to introduce records provided by AT&T in response to a subpoena by the FBI. This exhibit contains over 3,000 pages of records, largely consisting of phone call metadata (like a pen register). The records show date, originating number, cell location, *etc*. None of this information is in any way relevant to the narrowed claims and defenses at issue in this trial. Defendant has not articulated a reason for why it believes this exhibit is relevant. It should be excluded as irrelevant and confusing under Fed. R. Evidence 401 and 403.

**J.     Plaintiff Objects to Exhibit 61[11] (Text Messages between Rayne Upton and Rodney Vicknair) as Barred by the Rape Shield Rule, Irrelevant and Confusing.**

The City seeks to introduce text messages exchanged between Rayne Upton and Rodney Vicknair. Plaintiff objects to the relevance of these text messages, because they are confusing to the jury, a waste of time, and hearsay. See. Fed. R. Evid. 402 and 403. Neither Rayne Upton nor Rodney Vicknair are a party to this lawsuit, and so any text messages between them offered for the truth of the matter asserted would be hearsay.

---

[9] Exhibits C17, C18, and C19 on the Joint Pre-Trial Order. R. Doc. 163.
[10] Exhibit C20 on the Joint Pre-Trial Order. R. Doc. 163.
[11] Exhibit C21 on the Joint Pre-Trial Order. R. Doc. 163.

In Defendant's Motion to Admit Evidence Pursuant to Rule 412, they identify one text message from Rayne Upton. This text message should be excluded for reasons described fully in Plaintiff's Opposition to Defendant's Motion to Admit Evidence Pursuant to Rule 412 and in Plaintiff's Motion *in Limine*.

**K.    Plaintiff Objects to Exhibit 64[12] (Fee Schedule of Shannon Smith) as Needlessly Cumulative.**

Defendant seeks to introduce the fee schedule of Plaintiff's expert, Shannon Smith, at trial. This is cumulative of asking Ms. Smith to state her hourly rate at trial. *See* Fed. R. Evid. 403.

**Plaintiff's Responses to Defendant's Objections**

**I.    Plaintiff's Response Regarding Exhibit 41[13] (NOPD Operations Manual – Affidavits)**

This exhibit provides NOPD's definition of a "habitual offender": "Any person with a criminal history of two or more felony convictions or five or more felony or misdemeanor arrests for any offense." Defendants object on the grounds of relevance, and because it is unclear whether the policy was in effect at the time of Vicknair's hiring.

But the City's 30(b)(6) witnesses testified that the City should not have hired a person who met this definition, even before the time that Vicknair was hired.[14] This exhibit, therefore, articulates a standard that the City has conceded applied at the time of Vicknair's hiring. The objection should be denied.

---

[12] Exhibit C23 on the Joint Pre-Trial Order. R. Doc. 163.
[13] Exhibit P2 on the Joint Pre-Trial Order. R. Doc. 163.
[14] R. Doc. 135-9 (Dep. of Sgt. David Barnes):
Q. Right. So the City should not be hiring applicants who meet this Chapter 41.8 6 definition of habitual offender, agreed?
A. I would agree that they shouldn't be hiring that -- let me clarify. The City, so to speak, they shouldn't be hiring someone who meets this definition to be a police officer, right.
Q. And was that true at the time when you were hired?
A. Absolutely.
Q. And I don't know if you know this, but were you hired at the same time as Rodney Vicknair?
A. I was hired prior to Officer Vicknair from my understanding."

**II.     Plaintiff's Response Regarding Exhibits 42 and 43[15] (Transcripts of Sentencing Hearings)**

Defendant objects to Plaintiff's introduction of Vicknair's Sentencing Hearing transcripts at trial. Plaintiff understands that this Court would require the redaction of statements made by Judge Africk, and Plaintiff will redact that information. At present, statements made by Vicknair are relevant and not prejudicial as Defendant seeks to introduce contradictory deposition testimony. See R. Doc. 177. Additionally, they fall within the unavailable declarant exception to hearsay. Fed. R. Evid. 804(a)(4).

**III.    Plaintiff's Response Regarding Exhibit 44[16] (Expert Report)**

Defendant objects to the exhibit that is Plaintiff's expert's report as cumulative to the expert's testimony. Plaintiff will not offer this exhibit as evidence, however, unless the expert becomes unexpected unavailable – for example, due to sickness or other accident.

**IV.    Plaintiff's Response Regarding Exhibit 45[17] (Snapchat Request from Vicknair Post-Sentencing).**

Defendant objects to Plaintiff's offering evidence showing that Vicknair attempted to contact Plaintiff on the social media platform, Snapchat, after his sentencing. Defendant objects to this exhibit under "F.R.E. 401, 402, 403, 702, 801-802" and authenticity. R. Doc. 163 at 13.

Plaintiff has personal knowledge of this exhibit and will give testimony at trial sufficient to authenticate it – she took the screenshots and sent it to undersigned counsel and her mother, who alerted the FBI.

This exhibit is relevant to Plaintiff's mental state, distress, suffering and damages, it is more probative of the trauma and harm inflicted on Plaintiff than it is prejudicial to Defendant. That is because it shows that Vicknair was continuing to try to contact her *even after he was*

---

[15] Exhibits P4 and P5 on the Joint Pre-Trial Order. R. Doc. 163.
[16] Exhibit P6 on the Joint Pre-Trial Order. R. Doc. 163.
[17] Exhibit P7 on the Joint Pre-Trial Order. R. Doc. 163.

*convicted and sentenced.* That was extremely disturbing to the Plaintiff, who had though that the criminal proceeding would have been sufficient to prevent any contact. The screenshot is not hearsay because it is not being offered for the truth of the matter asserted, but is being offered to prove Plaintiff's response of experiencing distress and fear. It would also fall within the unavailable declarant exception to hearsay, because Vicknair is dead. Fed. R. Evid. 804(a)(4).

V.      **Plaintiff's Response Regarding Exhibit 47[18] (Threats to G.H. on Snapchat)**

This exhibit is a set of threats that anonymous persons made to the Plaintiff after news of Vicknair's rape became public. In one, a person lauds Vicknair's actions. In another, a person threatens to drug Plaintiff, rape her, and leave her in the woods. Defendant objects on grounds of "F.R.E. 401, 402, 403, 801-802" and authenticity.

Regarding authenticity, Plaintiff has knowledge of this exhibit and will give testimony at trial sufficient to authenticate it – she took the screenshots and shared them with undersigned counsel at the outset of this case.

This exhibit is relevant to Plaintiff's mental state, distress, suffering and damages, it is more probative of the trauma and harm inflicted on Plaintiff than it is prejudicial to Defendant. Additionally, the screenshot is not being offered for the truth of the matter asserted – it does not matter whether the anonymous person *actually* intended to rape the Plaintiff – but is being offered to prove Plaintiff's experience of distress and fear that flowed from Vicknair's actions. Plaintiff was fearful that these threats were sent by Vicknair, who was out on bail for an extended period of time.

---

[18] Exhibit P12 on the Joint Pre-Trial Order. R. Doc. 163.

9

## CONCLUSION

Plaintiff's objections to Defendant's exhibits should be sustained; Defendant's objections to Plaintiff's exhibits should be denied.

Respectfully submitted,

*/s/ William Most*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, G.H.***
