UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ex Parte* Motion for Status Conference

In this motion, Plaintiff asks the Court for a status conference today or tomorrow to discuss the newly-discovered fact that the City appears to have withheld highly relevant text messages of former Chief of Police Ferguson, and made misrepresentations to this Court.

**A.     Background**

In this case, Plaintiff requested text messages in discovery regarding Rodney Vicknair in a series of Requests for Production.[1] The City did not provide any text messages of then-Chief Ferguson. On March 14, 2024, the Washington Post reported about such text messages. The article reads:

> On Friday, Sept. 18, 2020, nearly four months after Vicknair met Nicole, the head of the New Orleans Police Department received a text.
>
> "**It's about potential sexual abuse of a minor by an officer**," read the message to then-Superintendent Shaun Ferguson.

---

[1] See RFP 4 ("Any correspondence between any NOPD or City of New Orleans employee regarding Defendant Rodney Vicknair, including but not limited to emails, text messages, letters, memoranda, etc., which are in your possession.") and RFP 5 ("Any correspondence between any NOPD or City of New Orleans employee and any non-NOPD or City employee regarding Defendant Rodney Vicknair, including but not limited to emails, text messages, letters, memoranda, etc., which are in your possession.")

1

The text was sent by Susan Hutson, then the city's independent police monitor, a civilian oversight agency created after Hurricane Katrina.[2]

That text message was not produced in discovery. And the existence of that text message is extremely relevant, because the City represented to this Court in seeking to dismiss Plaintiff's *Monell* claim that there "no evidence that any policy-maker at NOPD had notice of any inappropriate behavior by Mr. Vicknair" and that "on September 21, 2020, there was no evidence that Mr. Vicknair had broken any law." R. Doc. 151 at 4-5 (emphasis added). The Court specifically cited some of these representations in its ruling on summary judgment in dismissing Plaintiff's *Monell* supervision claim. R. Doc. 157 at 24 ("In reply, the City argues that on September 21, 2020, there was no evidence Vicknair had broken any law and there is no evidence that any policy-maker at NOPD had notice of inappropriate behavior by Vicknair.")

It now appears, however, that the Superintendent himself had received a text message about "potential sexual abuse of a minor by an officer." (The Superintendent is the City's "final policymaker vis-à-vis the City police department."[3])

**B.     Conclusion**

Plaintiff asks this Court for a telephone status conference to discuss the import of this new information, and possible remedies.

---

[2] Contrera, Jessica, A police officer took a teen for a rape kit. Then he assaulted her, too. Washington Post (March 14, 2024), available online at https://www.washingtonpost.com/dc-md-va/interactive/2024/new-orleans-police-child-sexual-abuse-rodney-vicknair/ Emphasis added.

[3] *Winn v. New Orleans City*, 2014 U.S. Dist. LEXIS 24365 (Feb. 25, 2014) ("The Court finds this conferment of authority sufficient to establish [Superintendent] Serpas as the final policymaker vis-à-vis the City police department."); *see also Beckett v. Serpas*, No. 12-910, 2013 U.S. Dist. LEXIS 82686, 2013 WL 2921639, at *3 (E.D. La. June 12, 2013); *Bean*, 2013 U.S. Dist. LEXIS 156972, 2013 WL 5890573, at *4.

2

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
HOPE PHELPS (La. Bar No. 37259)
WILLIAM MOST (La. Bar No. 36914)
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com
*Counsel for Plaintiff, G.H.*