UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### THE CITY'S RESPONSE TO PLAINTIFF'S EX PARTE MOTION FOR STATUS CONFERENCE (R. DOC. 201)

The Plaintiff, in her most recent filing (R. Doc. 201), frivolously claims that the City has hidden an irrelevant text message that, according to a Washington Post article, was sent to Shaun Ferguson. According to Plaintiff's own filing, the text as quoted in the article did not even reference Rodney Vicknair, but rather stated "**It's about potential sexual abuse of a minor by an officer**" (emphasis and italics added).[1] As such, the Plaintiff's offensive contention that the City made a material misrepresentation to the Court in its Reply to Plaintiff's Opposition[2] is without merit.

In addition, Plaintiff appears to be now asserting an untimely discovery issue. The undersigned did not prepare these responses, is unaware of the results of any discovery conferences that may have been conducted, and is not aware of any Order compelling the production of any documents referenced in RFP 4 or 5. However, undersigned finds the following responses made by the City to Plaintiff's Requests for Production 4 and 5 to be unequivocal:

> REQUEST FOR PRODUCTION OF DOCUMENT NO. 4
> Any correspondence between any NOPD or City of New Orleans employee regarding Defendant Rodney Vicknair, including but not limited to emails, text messages, letters, memoranda, etc., which are in your possession.

---

[1] R. Doc. 201, p. 1.
[2] R. Doc. 151, p. 5.

1

RESPONSE TO REQUEST NO. 4
Defendants object to the form of this Request for vagueness, ambiguity, and as overly broad with no time limitations. Defendants further object on the grounds that this Request calls for documents which are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that this information may have any relevancy, Defendants further object that this Request is overly broad and unduly burdensome for Defendants to investigate and respond to and, because of the December 13, 2019 cyber-attack against the City's computer systems and networks, electronic records have not been recovered and any attempted response would require a manual perusal of all paper documents of the City with no proportional relevancy or materiality of any such facts to the issues in suit relative to the costs and burden of determining and admitting or denying same. Finally, to the extents that this Request calls for the production of correspondence to or from the City's Attorneys Defendants invoke their attorney-client privilege and to the extent that this Request calls for the production of any correspondence concerning internal police investigations or an ongoing criminal investigation against Rodney Vicknair Defendants involve the law enforcement privilege.

REQUEST FOR PRODUCTION OF DOCUMENT NO. 5
Any correspondence between any NOPD or City of New Orleans employee and any non-NOPD or City employee regarding Defendant Rodney Vicknair, including but not limited to emails, text messages, letters, memoranda, etc., which are in your possession.

RESPONSE TO REQUEST NO. 5
Defendants object to the form of this Request for vagueness, ambiguity, and as overly broad with no time limitations. Defendants further object on the grounds that this Request calls for documents which are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that this information may have any relevancy, Defendants further object that this Request is overly broad and unduly burdensome for Defendants to investigate and respond to and, because of the December 13, 2019 cyber-attack against the City's computer systems and networks, electronic records have not been recovered and any attempted response would require a manual perusal of all paper documents of the City with no proportional relevancy or materiality of any such facts to the issues in suit relative to the costs and burden of determining and admitting or denying same. Finally, to the extents that this Request calls for the production of correspondence to or from the City's Attorneys Defendants invoke their attorney-client privilege and to the extent that this Request calls for the production of any correspondence concerning internal police investigations or an ongoing criminal investigation against Rodney Vicknair Defendants involve the law enforcement privilege.

The objections indicate that the City's previous counsel did not produce anything in response to RFP 4 or 5. Assuming that Plaintiff did not file a motion to compel, Plaintiff waived any discovery issue.

Further, it is clear from the article that Plaintiff sent to the court that he has been in close, continual, contact with Jessica Contrerra, the author of the Washington Post article, over the course of this litigation. It is surprising that he now claims that he somehow did not know about this supposed text prior to today. The article reflects that Plaintiff's counsel disclosed transcripts of NOPD officers and witnesses in this case. There is no doubt that Plaintiff's counsel has long been exchanging notes and theories regarding this case with the author. He has now produced this biased article to the Court in an effort to gain an unfair tactical advantage.

In response to an email received from Plaintiff's counsel, the City reached out to Ms. Contrerra to learn more about this text that Plaintiff's counsel claims he was not aware of before today.  Ms. Contrerra advised that the text message at issue was produced to her, not by the City, but by the Office of the Independent Police Monitor ("OIPM") via an Open Records Request. However, she refused to produce a copy to the City.

It is worth noting, the City's prior counsel, on November 22, 2021, requested from the OIPM **"copies of all records that you may have concerning contacts with or communications to your Office about Officer Rodney Vicknair and/or the minor and your contacts and communications to NOPD about Rodney Vicknair and/or the minor from May 26, 2020, to September 25, 2020."** (Emphasis added).[3] All documents provided to the City by the OIPM were produced to the Plaintiff in 2021.

---

[3] Exhibit A.

The production from OIPM, which was provided to Plaintiff, shows that the text at issue here was not provided to the City by the OIPM and therefore could not have been turned over to Plaintiff's counsel.

Furthermore, this text is not relevant to the issues before the Court. Indeed, Plaintiff could not establish that Mr. Vicknair molested Plaintiff prior to September 23, 2020, by use of a text containing multiple levels of hearsay as this one does.

We look forward to discussing these issues at the 1:15 p.m. conference of today's date.

Respectfully submitted:

*/s/ James M. Roquemore*_____
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*