UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| G.H. | CIVIL ACTION |
| VERSUS | NO: 21-407 |
| THE CITY OF NEW ORLEANS, ET AL. | SECTION: "J" (4) |

## Joint Status Report

On March 19, 2024, the Court ordered that the parties cooperate to take the depositions of Shaun Ferguson, Arlinda Westbrook, and Susan Hutson, at the City's cost. R. Doc. 207. The Court also ordered that five days before the first deposition, the City should produce to Plaintiff text messages and phone call logs of Ferguson, Westbrook, and Hutson for the relevant time period, either by direct production or after obtaining by subpoena. *Id.*

In the time since that order, the parties have worked together to take the depositions of Ferguson, Westbrook, and Hutson. On March 20, 2024, the City issued a subpoena to Verizon for "[a]ll incoming and outgoing text messages, and a complete log of calls, from September 18, 2020, to September 25, 2020" for the telephone numbers used by Ferguson and Westbrook. In addition, the City issued a subpoena to the Office of the Independent Police Monitor for "[a]ll text messages, and a complete log of calls, from September 18, 2020, to September 25, 2020, for the telephone of Susan Hutson." In response to these subpoenas, the City obtained and provided to Plaintiff text messages and phone call logs for Hutson, and phone call logs for Ferguson and Westbrook.

A.   **Plaintiff's Position**

The City has partially complied with the Court's order. It provided the call logs, but no text messages for Ferguson or Westbrook. And it provided the Ferguson/Westbrook call logs after their depositions, rather than before as the Court ordered. Plaintiff was therefore unable to question those witnesses about the call logs.

The depositions, however, were very revealing. In her deposition, Sheriff Hutson (then the head of the Office of the Independent Police Monitor), confirmed that she sent the "potential sexual

1

abuse of a minor by an officer" text message to Chief Ferguson on Friday, September 18, 2020 because it was an urgent situation with a risk of ongoing harm. She confirmed that she conveyed to NOPD that day that the officer was named "Rodney" and was in his fifties.

Arlinda Westbrook (then the head of NOPD's public integrity bureau) testified that Chief Ferguson did not tell her about the "sexual abuse of a minor by an officer" text message. She testified that Vicknair could have been surveilled, but was not.

And Chief Ferguson admits he received the text message warning from Susan Hutson on Friday, September 18, 2020 that there was a "potential sexual abuse of a minor by an officer" situation. He admits that Hutson was credible. And he admits that he does not recall taking any steps whatsoever in response, other than to unsuccessfully call Hutson back one time.

Both Westbrook and Ferguson testified that the City did not contact them about preserving their text messages, even after this lawsuit was filed.

In sum, it is now established that by Friday, September 18, 2020, NOPD had received an explicit warning of "potential sexual abuse of a minor by an officer," and had enough information to identify the officer at the time. Despite that, NOPD did not take any steps to surveil Vicknair, or pull him off the streets, until the time of his arrest. And NOPD did not even *open an investigation* for three days, until the next Monday.

Based on the additional testimony obtained from the depositions of Ferguson, Westbrook, and Hutson, Plaintiff intends to move the Court for reconsideration of the dismissal of Plaintiff's "improper supervision" *Monell* theory of liability. Plaintiff may move for discovery sanctions given Ferguson and Westbrook's testimony that they were never asked to preserve or produce their text messages or any other documents, even after the lawsuit was filed and they were still employed by the City.

B.  **City's Position**

The City has fully complied with the Court's Order. Following receipt of Verizon call logs, the City asked Ferguson and Westbrook if they could identify telephone numbers in the call logs; neither was able to do so. A review of the records shows that Hutson did not call Westbrook near the time of her text messages at issue; further, Ferguson promptly responded to Susan Hutson's text message with a telephone call and called both Hutson and Westbrook on September 18, 2020.

There has been no new evidence discovered. The depositions show that an investigation could not have been started against Rodney Vicknair on September 18, 2020. It is plain that, before September 21, 2020, Plaintiff did not cooperate with her counselor, the OIPM, or contact the NOPD, to make a complaint against Vicknair. Indeed, Vicknair was not identified until September 21, 2020, following a meeting with NOPD and Stella Cziment of the OIPM. Thereafter, NOPD immediately started an investigation of Vicknair.

The depositions further show that Hutson's text at issue was based on information provided by Stella Cziment, her deputy, which in turn was based on a conversation between Cziment and Berre Burch, the supervisor of Plaintiff's counselor. At deposition, Hutson testified that the information available to the NOPD on September 18, 2020, ***did not*** indicate that an NOPD officer had perpetrated any sexual abuse of a minor. In sum, the NOPD did not have sufficient information to take any steps to open an investigation until September 21, 2020.

The City disputes that reconsideration is appropriate. However, in light of Plaintiff's intention to seek reconsideration of the Court's denial of her supervisory *Monell* claim, the City intends to move for leave to take the depositions of Stella Cziment and Berre Burch. The City requested that Plaintiff agree to these depositions. But, for apparent tactical reasons, Plaintiff's counsel wants to avoid these depositions. The City maintains that Plaintiff's effort to avoid these dispositive facts will waste judicial resources and frustrate the parties' efforts to determine the truth.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com
***Counsel for Plaintiff, G.H.***

 */s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
Counsel for the City of New Orleans

4