UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| G.H. | CIVIL ACTION |
| VERSUS | NO: 21-407 |
| THE CITY OF NEW ORLEANS, ET AL. | SECTION: "J" (4) |

**Plaintiff's Motion for Reconsideration**

Now comes Plaintiff to move, pursuant to Fed. R. Civ. Proc. 54(b), for reconsideration of this Court's order dismissing her improper-supervision theory of *Monell* liability.

Rule 54(b) authorizes the district court to "revise[] at any time . . . any order or other decision . . . that does not end the action." Fed. R. Civ. P. 54(b); *Austin v. Kroger Texas*, L.P., 864 F.3d 326, 336 (5th Cir. 2017). The One basis for granting reconsideration is "the availability of new evidence not previously available." *Cahill v. Faia*, 2023 U.S. Dist. LEXIS 184224, *5 (E.D. La. Oct. 13, 2023).

Here, the Court dismissed Plaintiff's improper-supervision theory of Monell liability because there was insufficient "evidence that any policy-maker at NOPD had notice of any inappropriate behavior by Mr. Vicknair." Rec. Doc. 151 at 4.

Days before trial, however, new evidence came to light: a text message from the head of the Office of the Independent Police Monitor directly to the final policymaker, then-Chief of Police Shaun Ferguson. The text message was sent five days before the final rape of Plaintiff, and warned Ferguson of "potential sexual abuse by an officer." Further discovery now reveals that the OIPM head also spoke to Ferguson that same day, warned him of "possible crimes being committed" by the officer, and gave Ferguson "information with which he could attempt to identify the officer." The evidence suggests, however, that Ferguson took no action whatsoever.

From this, on top of the evidence previously obtained, a reasonable jury could find the City liable for a *Monell* claim. Plaintiff therefore asks that this Court reverse the dismissal of Plaintiff's improper supervision Monell theory.

For that reason, Plaintiff asks the Court to reconsider its summary judgment order only so far as to reverse the decision dismissing Plaintiff's improper supervision theory of *Monell* liability.

Respectfully submitted:

**MOST & ASSOCIATES**

*/s/ William Most*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com
*Counsel for Plaintiff, G.H.*

2