

William Most <williammost@gmail.com>

## Re: Upton v. Vicknair et al.

**Michael J. Laughlin** <mjlaughlin@nola.gov>                                                     Wed, Jan 12, 2022 at 9:29 AM
To: Hope Phelps <hopeaphelps@outlook.com>
Cc: "williammost@gmail.com" <williammost@gmail.com>

Hope,

My understanding of the law is that the law enforcement privilege can no longer be asserted once a prosecution is instituted, which in this case will likely be by indictment of Vicknair. To cover myself, I intend to give the U.S. Attorney's Office notice that I am at that point turning over to the parties in this case the documents identified in my privilege log, which I have already provided to their office, and it will be on them to ask the court for any further nondisclosure because I do not see any basis in law to withhold after indictment. I do not practice criminal law but it is my understanding that after indictment the criminal defendant gets full discovery of these items, so I do not see how there could be any impediment to me producing these same items to you and Vicknair's attorney.

On communications, I advised that this is handled by the Orleans Parish Communications District, a political subdivision of the State, under a cooperative endeavor agreement with the City. 911 calls are recorded as "communications" and "dispatches" are recorded as just that and are made to the agency needed for response – Fire, Police, and/or EMS – as next available unit, multiple units, general alert, etc., but Fire, Police, and/or EMS personnel are generally not dispatched by name. I have produced to you the communications recording and the dispatch recording for the May 26, 2020 report of the assault on the minor. Detectives, often not on radio, such as Detective Kimberly Wilson on this call, are contacted by cell phone and recordings are not made of those calls.

I have gone back and listened to the communications and dispatch recordings on the initial incident again as agreed. I still believe the designation of the 911 call as confidential is appropriate, even though it does not identify investigative information, because its identifies the minor by name, address, and telephone number, and that she has a therapist and the therapist's name. I withdraw the confidential designation for the recording of the dispatch.

Mike

**Michael J. Laughlin**
**Assistant City Attorney**

City of New Orleans | Law Department

1300 Perdido St., Suite 5E03 | New Orleans, LA 70112

O: 504.658.9800 | F: 504.658.9868

mjlaughlin@nola.gov

