UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE TO TAKE TRIAL TESTIMONY OF SHAWN FERGUSON
## BY CONTEMPORANEOUS TRANSMISSION

Defendant, the City of New Orleans (the "City"), pursuant to Federal Rule of Civil Procedure 43, moves for leave to take trial testimony of Shawn Ferguson by contemporaneous transmission (*i.e.*, by video conference). As shown below, there exists good cause in compelling circumstances for the relief requested.

## BACKGROUND

On March 14, 2024, the Court granted Plaintiff's motions for status conference and to continue trial (R. Docs. 201, 204); the original trial date of March 18, 2024, was therefore continued. On May 1, 2024, the Court ordered that trial was set for September 16, 2024. (R. Doc. 213). On May 10, 2024, Plaintiff filed a Motion for Reconsideration (R. Doc. 214) relating to her *Monell* inadequate supervision claim. On June 12, 2024, following oral argument on Plaintiff's Motion for Reconsideration, the Court announced that it would grant Plaintiff's Motion for Reconsideration and that "the Trial is moved forward to August 19, 2024[.]" (R. Doc. 218). On June 20, 2024, the Court issued its Order and Reasons granting Plaintiff's Motion for Reconsideration and reinstating Plaintiff's improper supervision theory of *Monell* liability. (R. Doc. 219).

1

Plaintiff has indicated that they intend to call Shawn Ferguson, the former superintendent of the New Orleans Police Department, as a witness at trial. It is unclear whether Plaintiff has served Mr. Ferguson with a subpoena for trial. However, Mr. Ferguson has informed the City's counsel that he will likely be outside of the State of Louisiana in California on the date(s) of the currently scheduled trial due to a previously agreed upon employment obligation with the New Orleans Saints.

The City therefore requests that the Court grant leave for Mr. Ferguson's trial testimony to be provided live by video conference in the event that he is out of state at the time he is called to testify.

## ARGUMENT AND CITATION OF AUTHORITIES

Federal Rule of Civil Procedure 43 governs the taking of testimony at trial. Rule 43(a) provides that:

> For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

According to the advisory notes for Rule 43(a), "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons . . . but remains able to testify from a different place."[1] In the instant case, good cause and compelling circumstances exist because of the Court rulings that reinstated Plaintiff's *Monell* inadequate supervision claim and the advancement of the trial date from September 2024 to August 2024. Prior to these circumstances, Mr. Ferguson committed himself to an employment obligation outside of the State of Louisiana. The circumstances concerning the timing of trial and the issues to be tried were unexpected; good cause and compelling

---

[1] Fed. R. Civ. P. 43 advisory committee's note.

circumstances therefore exist to warrant the reasonable accommodation of permitting Mr. Ferguson to provide his trial testimony live by videoconference.[2]

*In re Vioxx Products Liability Litigation*, a case involving multijurisdictional litigation, recognized factors that support a finding of "good cause" and "compelling circumstances," which are present in this case.[3]  For example, *In re Vioxx Products Liability Litigation*, identified "the control exerted over the witness by the defendant" as a relevant factor.[4] Here, Mr. Ferguson is not an employee of the City; the City has no control over Mr. Ferguson to force him to appear in person at trial. This factor supports permitting him to testify by videoconference. In addition, *In re Vioxx Products Liability Litigation* recognized "the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily." Here, the City would prefer Mr. Ferguson to appear in person to rebut Plaintiff's false narrative concerning deliberate indifference; there is no tactical advantage to the City. Rather, the inconvenience to Mr. Ferguson is real. This factor supports granting leave for him to testify by videoconference.

Finally, *In re Vioxx Products Liability Litigation* identified "the lack of any true prejudice to the defendant" as a factor. There is no prejudice to Plaintiff by allowing Mr. Ferguson to testify by videoconference. The Court in *In re Vioxx Products Liability Litigation* acknowledged that "[b]y allowing for contemporaneous transmission, the Court allows the jury to see the live witness

---

[2] See *Blue Cross & Blue Shield of Florida, Inc. v. Davita, Inc*., 2022 WL 18492515 (M.D. Fla., May 27, 2022) ("good cause in compelling circumstances" existed where Defendant refused to produce out-of-state witnesses who reside outside of the jurisdiction for the Plaintiff's case-in-chief).

[3] *In re Vioxx Products Liability Litigation*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (adopting a five-part test for use in multidistrict litigation: "(1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation." The factors relating to multi-district litigation are not applicable to the instant case.)

[4] *Id*.

along with 'his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration,' and, thus, satisfies the goals of live, in-person testimony and avoids the short-comings of deposition testimony."[5] Thus, there is no prejudice to Plaintiff by Mr. Ferguson testifying by videoconference; similarly, modern technology assures that appropriate safeguards exist to permit presentation of Mr. Ferguson's testimony in open court by videoconference while he is located in California.

## CONCLUSION

For the foregoing reasons, good cause and compelling circumstances exist to permit Shawn Ferguson to provide his trial testimony live by videoconference.

Counsel for the City has conferred with counsel for Plaintiff regarding this matter; counsel for Plaintiff does not consent to the relief sought.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*

---

[5] *Id*. at 644 (quoting *Arnstein v. Porter*, 154 F.2d 464, 470 (2d Cir.1946)). See also *Bao Xuyen Le v. Reverend Dr. Martin Luther King, Jr. County*, 524 F.Supp.3d 1113, 1116 (W.D. Wash. 2021) (videoconferencing platforms adequately allow for cross-examination, and the near instantaneous transmission of testimony with no discernable difference from "live" testimony allows jurors to judge credibility unimpeded).