UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

G.H.                                              CIVIL ACTION

VERSUS                                            NO: 21-407

THE CITY OF NEW ORLEANS, ET AL.                   SECTION: "J" (4)

**Declaration of David Day**

I have personal knowledge of the matters stated in this declaration and could competently testify to the same if called upon to do so.

1.      My name is David Day. I am a process server based in Louisiana.

2.      I am a person over 18 years of age. I am not a party to this lawsuit.

3.      I make this declaration based on personal knowledge and am able to testify about matters set forth in this Declaration.

4.      I was asked by Plaintiff's counsel to serve a trial subpoena and a check for a trial attendance fee on Shaun Ferguson in the above-captioned matter.

5.      I arrived at the residence of Shaun Ferguson, located at ███████████ Westwego, LA, at approximately 7:00 p.m., on June 17, 2024.

6.      I pulled up to the front of the house so my car was facing it. In the driveway, on the right side of the house, I saw a young woman standing by the vehicles.

7.      She had some sort of plastic wrapped around her hair and was holding it with her hand, above her head. She was wearing lounge wear/pajama pants and a tee shirt (I believe).

8.      I greeted her and asked if Shaun Ferguson was there. She said he was not. I then asked her if she was his daughter and she replied that she was. I told her that I had a subpoena for him and that I could give it to her.

9.      I asked her if she was over 18 years old and she said yes.

10.     I handed her the subpoena and asked her for her name. I do not recall her first name. I asked her if her last name was Ferguson and she said no.

11. She then asked if I just wanted to give it to her mom. I said sure and she handed the subpoena back to me and went inside the house. After several minutes, the woman who identified herself as Ferguson's daughter came outside and told me that I would have to come back when her dad was home. I asked her if she knew when that would be and she said she didn't know. She asked me for my name, which I gave to her.

12. At that point, I got in my car and consulted with Plaintiff's counsel. After our discussion, I returned to the house. The woman who identified herself as Ferguson's daughter had returned to the same place in the driveway.

13. I approached and told her that I was going to serve her with the subpoena. She told me that Ferguson told her not to take the subpoena. I asked her if she had spoken with him and she said no.

14. She started walking briskly toward the front door with me directly behind her. I told her I was serving her and tossed the subpoena and the check on the ground by her as she was entering the house and she then closed the door.

I swear under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

DocuSigned by:

*David Day*

David Day

6/28/2024