UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**[1]

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions. You must answer all questions under a preponderance of the evidence standard. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.

## STIPULATIONS OF FACT[2]

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

---

[1] Taken verbatim from *Conrad Shipyard, LLC v. Franco Marine 1, LLC,* 19-cv-10864-CJB-JVM, R. Doc. 133 (E.D. La., Dec. 16, 2022) (Court's Jury Instructions).
[2] *Id.*

1

# CONSIDERATION OF THE EVIDENCE[3]

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the facts that have been established by the testimony and evidence in this case. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

# CREDIBILITY OF WITNESSES[4]

In deciding this case, you are expected to use your good sense. Give the evidence and the testimony of each witness a reasonable and fair interpretation in light of your own knowledge of the natural tendencies of human beings. Now, I've said that you must consider all of the evidence in the case. This does not mean, however, that you must accept all of the evidence as true or accurate. As jurors, you are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his relationship to a party; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he

---

[3] *Id.*
[4] *Id.*

testified; his candor, fairness, and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## DEPOSITION TESTIMONY[5]

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read to you today.

---

[5] Fifth Circuit Pattern Jury Instruction No. 2.13.

This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

## ADMISSIBILITY OF EVIDENCE[6]

At various points throughout the trial, I have been called upon to pass judgment on the admissibility of evidence. Whether evidence is admissible is purely a question of law for me to decide and with which you have no concern. You are not to draw any inference as to what weight should be given to the evidence or as to the credibility of the witness from my ruling on these questions. In admitting evidence to which an objection is made, I do not determine what weight should be given it; that is a matter for you to determine as jurors. As to any evidence rejected by me, you, of course, must not consider it at all. Likewise, as to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection or for my ruling.

## BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE[7]

In this case, Plaintiff has the burden of proving her case against the City of New Orleans by a preponderance of the evidence. I have already determined that Plaintiff has proved that the City of New Orleans is liable for Plaintiff's state law claims. It will be up to you to determine if G.H. has also proved her constitutional claim against the City of New Orleans by a preponderance of the evidence.

To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim. In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed,

---

[6] Taken verbatim from *Conrad Shipyard, LLC, supra.*
[7] Id., with modifications.

consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential element of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

Do not let bias, prejudice, or sympathy play any part in your deliberations.

## CLAIMS IN THIS CASE

Members of the jury, the Plaintiff in this case, G.H., was sexually abused by Rodney Vicknair, a former officer of the New Orleans Police Department.

Certain issues were already resolved before this trial. I determined that Rodney Vicknair committed the state-law violations of battery, assault, and false imprisonment against the Plaintiff.[8] I determined that because of the connection between those acts and Vicknair's employment by the City of New Orleans, the City of New Orleans is liable for that battery, assault, and false imprisonment. I also determined that Rodney Vicknair violated Plaintiff's constitutional rights.[9]

Two issues remain for you, the jury, to decide. First, you will have to decide whether the City of New Orleans is also liable for a constitutional violation because of the circumstances of the City hiring Mr. Vicknair or its supervision of Mr. Vicknair. Second, and in any case, you will have to decide how much in damages the City of New Orleans will pay to the Plaintiff.

I will now instruct you concerning the law applicable.

---

[8] R. Doc. 107.
[9] R. Doc. 107 at 15.

## CONSTITUTIONAL CLAIM

Earlier in this case, I determined that Rodney Vicknair violated Plaintiff's constitutional rights because he willfully violated Plaintiff's fundamental right to bodily integrity while acting under color of state law.[10]

The question for you is whether the City of New Orleans is responsible for that constitutional violation because of the circumstances of its hiring Mr. Vicknair or its supervision of Mr. Vicknair.

To prove a constitutional claim regarding hiring, the Plaintiff must show that the City's hiring decision was done with deliberate indifference to the obvious consequences of Vicknair's hiring. And Plaintiff must establish deliberate indifference by showing that adequate scrutiny of Vicknair's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of hiring him would be the deprivation of a third party's federally protected right.[11]

Plaintiff must show that the connection between the background of Mr. Vicknair and the specific violations is strong, and she must show that Mr. Vicknair was highly likely to inflict the particular type of injury she suffered.[12]

To prove a constitutional violation regarding supervision, Plaintiff must show that the way the City of New Orleans or Chief of Police Shaun Ferguson supervised Mr. Vicknair indicate deliberate indifference to the known or obvious consequences that constitutional violations would result, and whether there was a direct causal link between the supervision and the constitutional violation.[13]

---

[10] R. Doc. 107 at 15.
[11] R. Doc. 157 at 19-20.
[12] *Id., quoting Gomez v. Galman*, 18 F.4th 769, 778 (5th Cir. 2021).
[13] R. Doc. 219 at 11 (Order on Motion for Reconsideration, *citing Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009), *Jett v. Dall. Indp. Sch. Dist.*, 491 U.S. 701, 737 (1989).

## **DAMAGES**[14]

You must award the amount you find by a preponderance of the evidence is full and just compensation for all of Plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make Plaintiff whole, or to restore her to the position she would have been in if the accident had not happened. In determining compensatory damages, you should consider only the following elements, to the extent you find that Plaintiff has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of Plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment of Plaintiff's earning capacity due to her physical condition; past medical expenses; and the reasonable value, not exceeding actual cost to Plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, instead determining what amount that will fairly compensate Plaintiff her injuries.

---

[14] Fifth Circuit Pattern Jury Instruction No. 4.8 (omitting "If you find that Defendant [name] is liable", and "future earning" section).

## USE OF NOTES TAKEN BY JURORS[15]

In closing, I want to give you a few more general instructions, ladies and gentlemen. Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## DUTY TO DELIBERATE[16]

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after a full and impartial consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case. When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Upon returning to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A verdict form has been prepared for your convenience.

**[Explain verdict form]**

---

[15] Taken verbatim from *Conrad Shipyard, LLC v. Franco Marine 1, LLC*, 19-cv-10864-CJB, R. Doc. 133 (E.D. La., Dec. 16, 2022) (Court's Jury Instructions).
[16] *Id.*

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question. If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time. After you have reached a verdict, you are not required to talk with anyone about the case. You may now retire to the jury room to conduct your deliberations.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com
***Counsel for Plaintiff, G.H.***