UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| G.H. | CIVIL ACTION |
| VERSUS | NO: 21-407 |
| THE CITY OF NEW ORLEANS, ET AL. | SECTION: "J" (4) |

**Opposition to Defendant's Motion for Reconsideration of Rule 412 Ruling**

In R. Doc. 229, Defendant City of New Orleans asks this Court to reconsider its prior Rule 412 ruling, and allow the City to enter into evidence a Department of Children and Family Services report and testimony about that report. The DCFS report suggests that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It also discusses NOPD Officer Rodney Vicknair to a lesser extent.

For the reasons discussed below, the motion should be denied. Evidence about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should not be allowed into evidence in this public trial, as it has little or no probative value and does not substantially outweigh the "immense" risk of prejudice and harm that this Court has already recognized.

### A.  Standard and Background

Federal Rule of Evidence 412(b)(2) applies to evidence offered to prove a victim's sexual behavior or sexual predisposition in a civil case. It states that a court may admit such evidence, "if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."

This test differs in three respects from the general rule governing admissibility set forth in Rule 403.[2] First, it reverses the usual procedure spelled out in Rule 403 by shifting the burden to the proponent to demonstrate admissibility rather than making the opponent justify exclusion of

---

[1] The City characterizes the report as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[2] Advisory Committee notes on subdivision(b)(2) of Fed. R. Evid. 412

1

the evidence.[3]

Second, the standard expressed in subdivision (b)(2) is more stringent than in the original rule; it raises the threshold for admission by requiring that the probative value of the evidence substantially outweigh the specified dangers.[4] And third, Rule 412 puts "harm to the victim" on the scale in addition to prejudice to the parties.[5]

The rule thus acts to forbid the admission of the alleged victim's other sexual behavior or sexual predisposition in cases involving sexual misconduct except in limited circumstances to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process."[6]

Finally, Rule 412(c)(2) requires that before admitting evidence under the rule, the court must conduct an in camera hearing and give the victim the right to attend and be heard. The rule does not, however, require a hearing if the court is able to rule the evidence inadmissible on the basis of the motion.[7]

Here, the Court already ruled on the City's Rule 412 motion. It found that the probative value of the proposal material was "minimal."[8] By contrast, "███████████████████ ██████████████████ ███████████████████████████████████████ ████████████████████████████████████████████████████"[9] The Court noted that ████████████████████████████████████████████ ███████████████████"[10]

---

[3] *Id*.
[4] *Id*.
[5] *Id*.
[6] Advisory Committee Notes, Fed R. Evid. 412.
[7] R. Doc. 194 at fn.1.
[8] R. Doc. 194 at 3.
[9] R. Doc. 194 at 4.
[10] R. Doc. 194 at 4.

2

B.  Discussion

There are a number of reasons to deny the City's motion to introduce evidence ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The first is the City's purpose for the evidence. The City says that the DCFS report "is relevant to the actions taken by the New Orleans Police Department"[11] and the "affect [*sic*] on the NOPD and as a measure of the reasonableness of its actions."[12]

But the City has offered no evidence NOPD <u>actually received the DCFS report</u>. And their evidence indicates exactly the opposite: in the deposition excerpt Defendant attaches to its motion, Detective Wilson was asked: "Did you ever receive a copy of that report from DCFS?" She responded: "No, I don't believe I did."[13]

The DCFS report can have <u>no</u> probative value as to the effect on NOPD if the agency <u>never received the report</u>.

Alternatively, the City wants to use the DCFS report to rebut the idea that the "text message from Susan Hutson to Shaun Ferguson on Friday, September 18, 2020, constituted a credible report of sexual abuse by an NOPD officer."[14]

But Hutson didn't tell Ferguson she had a "credible report of sexual abuse by an NOPD officer." She said there was a "<u>potential</u> sexual abuse of a minor by an officer."[15]  And the DCFS materials do not rebut that; instead, they are totally consistent with a "potential sexual abuse of a minor by an officer" situation. They discuss "grooming behaviors,"[16] "safety concerns about retaliation" from the officer,[17] "safety concerns" about "Officer Rodney,"[18] that the officer made

---

[11] R. Doc. 229-1 at 2.
[12] *Id*. at 4.
[13] R. Doc. 229-4 at 40:23-25. So too with Detective Lawrence Jones: he was asked "Did you ever receive a copy of this DCFS form while you were with the Public Integrity Bureau?" and answered "I did not, no."
[14] R. Doc. 229-1 at 5.
[15] R. Doc. 214-5 at 16 at 12-18 (emphasis added).
[16] R. Doc. 229-3 at 1.
[17] *Id*.
[18] *Id*. at 2.

3

"her feel uncomfortable,"[19] put his "arm around waist" and talked about her "ass."[20] Thus, the DCFS report has little or no probative value for the City's stated purpose, particularly given that all of that information is available in other exhibits.[21]

Fundamentally, the City seems to be implying that Hutson was wrong to suggest to Chief Ferguson that there was a "potential sexual abuse of a minor by an officer" situation, given the information available to her at the time. But of course, Hutson was *not* wrong; the City concedes Vicknair sexually abused Plaintiff on at least one occasion, and this Court has already found for Plaintiff on the sexual assault and battery claims.[22]

Suppose, however, that Hutson was wrong. Suppose she texted Chief Ferguson and accused an officer of "potential sexual abuse of a minor" without any good reason to do so. And suppose by complete coincidence the officer actually was sexually abusing a minor, even though Hutson did not know about it. Nothing would be different as regarding Plaintiff's *Monell*. Chief Ferguson still should have taken action based on Hutson's warning – even if it later turned out that Hutson was speaking beyond her actual knowledge. And if Chief Ferguson had taken action based on Hutson's warning, it still would have stopped the final sexual assault of the child. So there is little or no probative value to the evidence the City wishes to enter.

Finally, Rule 412 requires that we must weigh any probative value of the proposed evidence against the potential harm to the victim. This Court ruled that the danger of harm and prejudice "to G.H. are immense. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"[23]

The City barely addresses this, suggesting only ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[19] *Id.* at 10.
[20] *Id.*
[21] *See, e.g.,* R. Doc. 125-4 at 3 (PIB report discussing arm around waist and "ass" comment).
[22] R. Doc. 107, R. Doc. 157.
[23] R. Doc. 194 at 4.

4

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

Rule 412 can exclude the "public disclosure of intimate sexual details" even when the sexual activity is between consenting adults.[26] ████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████ The motion should be denied.

### C.     Conclusion

In sum, there is little or no probative value to the DCFS report and testimony. Even if there were, it does not "substantially outweigh" what the Court has already held to be an "immense" danger of harm to the victim. Accordingly, the motion should be denied.

Respectfully submitted:

**MOST & ASSOCIATES**

*/s/ William Most*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Fax: (504) 414-6400
Email: williammost@gmail.com
***Counsel for Plaintiff, G.H.***

---

[24] R. Doc. 229-1 at 2-3.
[25] R. Doc. 229-3 at 10.
[26] Advisory Committee Notes, Fed R. Evid. 412.

5