UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYNE UPTON, individually and** | * | **CIVIL ACTION NO. 21-407** |
| **on behalf of her minor daughter, G.H.** | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **RODNEY VICKNAIR, et al** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM IN SUPPORT OF**
**THE CITY OF NEW ORLEANS' MOTIONS *IN LIMINE***
**FOR TRIAL SET FOR AUGUST 19, 2024**</u>

Defendant, the City of New Orleans (the "City"), submits the following memorandum in support of its Motions *in Limine* for Trial Set for August 19, 2024.

## <u>INTRODUCTION</u>

The City requests the following evidentiary rulings:

1. No witness shall provide an opinion as to the credibility of any other witness or party.

2. Plaintiff shall not present evidence or argument that (1) NOPD failed to act on alleged red flags of Vicknair's behavior, (2) failed to sufficiently staff its Sex Crimes and Child Abuse units, or (3) failed to have an of automatic system for spotting suspicious patterns of office behavior.

3. No evidence shall be admitted concerning any previous allegation of sexual violence by any NOPD officer against a child or woman.

4. No evidence shall be admitted concerning any allegation of professional misconduct by Rodney Vicknair during his employment with NOPD except for allegations involving misconduct directed towards the Plaintiff.

1

**LAW AND ARGUMENT**

1. **No witness should provide an opinion as to the credibility or truthfulness of any other witness or party.**

"Expert . . . testimony regarding the truthfulness or credibility of a witness is generally inadmissible because it invades the jury's province to make credibility determinations." *United States v. Beasley*, 72 F.3d 1518, 1528 (5th Cir. 1996); see *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 480 (5th Cir. 2007) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions"); *Westcott v. Crinklaw*, 68 F.3d 1073, 1076 (5th Cir. 1995) (expert may not usurp the exclusive function of the jury in weighing evidence and determining credibility, or pass judgment on witness's truthfulness in guise of professional opinion). It is anticipated that Plaintiff will seek testimony that Plaintiff or her mother were / are credible. Such testimony would invade the jury's province and should be excluded.

2. **Plaintiff should be precluded from presenting evidence or argument that (1) NOPD failed to act on alleged "red flags" of Vicknair's behavior, (2) failed to sufficiently staff its Sex Crimes and Child Abuse units, or (3) failed to have an of automatic system for spotting suspicious patterns of office behavior.**

On February 20, 2024, the Court granted the City's Motion for Summary Judgment (R. Doc. 126) with respect to Plaintiff's *Monell* claim as to improper supervision.[1] The Court held that Plaintiff's allegations that NOPD failed to act on "red flags" of Mr. Vicknair's behavior, failed to sufficiently staff its Sex Crimes and Child Abuse units, and failed to have an automatic system for spotting suspicious patterns of officer behavior, failed to support a *Monell* supervision claim.[2]

On June 20, 2024, the Court reinstated Plaintiff's *Monell* supervision claim with respect to "NOPD Superintendent Shaun] Ferguson's failure to supervise or order an investigation after an explicit

---

[1] R. Doc. 157, p.35.
[2] *Id.*, p. 25 ("failure to monitor the location patterns of officers involved in sex crimes investigations" and "failure to provide adequate staffing for sex crimes and child abuse cases"; 27 (red flags).

2

warning directly to Ferguson about potential sexual abuse of a minor by an officer, causing Vicknair's sexual assault of Plaintiff five days later."[3] The Court, in reinstating the claim, made it clear that such claim was limited to a "single incidence" of alleged deliberate indifference. As the Court explained: "the highly predicable consequence of this *single incidence of deliberate indifference* (ignoring a warning regarding a certain officer sexually abusing a certain child) is the subsequent violation that occurred here: that same officer sexually abused that same child just a few days later."[4]

The evidence sought to be introduced by Plaintiff – "red flags," staffing issues, and a need for an "automatic system" to monitor officers [5] – is not related to Plaintiff's *Monell* supervision claim as revived by the Court. Such evidence should be excluded pursuant to Federal Rules of Evidence 403 because the evidence's probative value is minimal and there is a substantially danger of undue prejudice to the City. In addition, the evidence should be excluded pursuant to 404(b) because such evidence constitutes prohibited evidence of other alleged wrongs by the City offered to show that the City and/or Mr. Ferguson acted in accordance with such other acts.

3. **No evidence should be admitted concerning any previous allegation of sexual violence by any NOPD officer against a child or woman.**

Plaintiff previously abandoned her claim that a pattern of police sexual violence exists within the NOPD; the Court granted summary judgment and dismissed that claim.[6] Evidence of other allegations against NOPD officers relating to sexual violence would be highly prejudicial. Such evidence should be excluded pursuant to Federal Rules of Evidence 403 and 404(b).

---

[3] R. Doc. 219, p. 9; see also, p. 4 ("Plaintiff points to the new evidence that, five days before Vicknair's final sexual assault of G.H., NOPD's chief policymaker had an explicit warning regarding potential sexual abuse of a minor by an officer but did not take any action to initiate an investigation into the matter.").
[4] *Id*., p. 15.
[5] R. Doc. 230, p. 5 (See Plaintiff's description of Monell claim as to Improper Supervision).
[6] R. Doc. 157, pp. 16.

4. **No evidence should be admitted concerning any allegation of professional misconduct by Rodney Vicknair during his employment with NOPD except for allegations involving misconduct directed towards the Plaintiff.**

Evidence of any prior allegation of professional misconduct by Rodney Vicknair should be excluded for the same reasons as set forth in section 2, above, which are incorporated here. Such evidence is of minimal probative value, would be unduly prejudicial to the City, would confuse the issues to be considered by the jury. Such evidence should therefore be excluded pursuant to Federal Rule of Evidence 403.

WHEREFORE, the City requests that this Motion be granted and that the requested evidentiary rulings be made.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*