UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GABRIELLE HAINEY | CIVIL ACTION |
| VERSUS | NO: 21-407 |
| THE CITY OF NEW ORLEANS | SECTION: "J" (4) |

**Plaintiff's Memorandum in Support of Motion in Limine**

In this Motion, Plaintiff asks the Court to exclude the following:

- Vicknair's testimony that implies Plaintiff's marijuana use, because that testimony has already been excluded by Court order.

- Vicknair's testimony that suggests that the factual basis for his guilty plea was perjured, because this Court has already determined that collateral estoppel applies.

For the reasons described herein, the motion should be granted.

**A.     Legal Standard for Motions *in Limine***

In general, the term "*in limine*" "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."[1]  A ruling on evidence *in limine* "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."[2]  "[It] also may save the parties time, effort and cost in preparing and presenting their cases."[3] "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the District Court's inherent authority to manage the course of trials."[4]

---

[1] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).
[2] *Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted).
[3] *Id*.
[4] *Luce*, 469 U.S. at 41 n. 4.

1

## MOTIONS IN LIMINE

**1.     This Court should exclude Vicknair's testimony that implies marijuana use, because that testimony has already been excluded by Court order.**

Rodney Vicknair, the NOPD officer who sexually assaulted the Plaintiff, is dead. Accordingly, the parties have designated portions of his deposition for trial.

In R. Doc. 177 at Section E, Plaintiff objected to Defendants designation of "pages 27:12-28:8 and 112:1 in which Vicknair talks about G.H. allegedly 'smoking weed'" on the basis that such material was not relevant to any claim or defense in this case, and only seeks to introduce prejudicial material to impugn Plaintiff's character. The Court sustained Plaintiff's objection.[5]

But Defendants refused to comply with the Court's order. Instead of deleting 27:12-28:8 and 112:1 as the Court directed, they simply deleted the words "smoking weed." But the meaning is still clear. For example, page 27 now reads, in part:

> The night that [G.H.] called and said that her and her friends had been out [REDACTED], and she was afraid that her mom was going to be able to smell it all over her, and she asked me if I could pull up in front of her house and let her stand there and talk to me and see if I could smell [REDACTED] on her.

Ex. A.

It is still obvious that the reference is to marijuana use, whether or not the word "weed" is used. And this material has no probative value to any issue in the case.

Furthermore, this section also has Vicknair suggesting that he visited Plaintiff "as a friend" and not "as a police officer." Ex. A at 27:12-18. But this Court already analyzed whether Vicknair was "acting within the course and scope" of his employment, and granted summary

---

[5] R. Doc. 203 ("IT IS HEREBY ORDERED that Plaintiff's lettered objections are . . . (E) SUSTAINED).

judgment on respondeat superior liability to Plaintiff. R. Doc. 157 at 29 *et seq.* Accordingly, this "as a friend" testimony risks confusing the jury about an issue that has already been decided.

For all these reasons, this Court should enforce its prior ruling and order the omission of pages 27:12-28:8 and 112:1.

**2.    This Court should exclude Vicknair's testimony that implies that the factual basis for his guilty plea was perjured, because this Court has already determined that collateral estoppel applies.**

In 2021, Rodney Vicknair plead guilty to 18 U.S.C. 121 for his actions towards Plaintiff. He signed a sworn factual basis that constituted his factual allocution for that guilty plea. R. Doc. 87-3. Mr. Vicknair never sought to withdraw the plea.

But the City now wishes to offer Vicknair's deposition testimony in which Vicknair says that the factual basis was not entirely true. The City wants to offer testimony including:

> Q. Are the facts in this [Factual Basis] true?
>
> A. Honestly, no.
>
> Q. Okay. Are most of the facts in here true?
>
> A. No.

Ex. A at 15:14-18. Indeed, the bulk of Defendants' designation is a conversation in which Vicknair is walked through the sworn factual basis, and says which parts are "true" and which parts are not. *Id*. at 22:23-116:5.

But the parties have already litigated, and the Court has already decided, this issue of a conflict between Vicknair's sworn factual basis and his deposition testimony. The parties exchanged briefing on that issue,[6] and in R. Doc. 157, the Court ruled as follows:

> Accordingly, the Court finds the doctrine of collateral estoppel applies in this instance and Plaintiff may introduce the prior judgment to establish all matters of

---

[6] *See* R. Doc 97 at 10-11 (City's brief arguing that summary judgment should be denied based on the denials in his deposition).

>fact and law necessarily decided by the conviction. As a result, each of the elements for Plaintiff's § 1983 claim against Vicknair <u>is conclusively established</u>.

R. Doc. 157 (emphasis added). That ruling then became the basis for a summary judgment order against the City on the basis of respondeat superior liability. R. Doc. 157 at 32 ("Finding three of the four *Lebrane* factors weighing in favor of liability, Plaintiff's motion for partial summary judgment should be granted.")

Thus, by trying to offer Vicknair's testimony that his factual basis was untrue, the City seeks to undo <u>two</u> summary judgment orders of this court and a conclusive finding of collateral estoppel. This would be extraordinarily confusing to the jury; who would hear both that the Court has found the City liable based on Vicknair's guilty plea, but also that Vicknair later sought to partially walk-back the factual basis for his guilty plea – even though he never sought leave of court to withdraw the plea itself.

Furthermore, among this testimony is Vicknair's denial that the Plaintiff got into his vehicle the final time he met with her. Ex. A at 19:7-21. But the City has also represented to this Court that there "<u>is no question</u> that the September 23, 2020, incident occurred in Mr. Vicknair's personal vehicle." R. Doc. 192-5 at 4 (emphasis added). Similarly, the City's stipulated that "Rodney Vicknair sexually assaulted G.H. on September 23, 2020."[7] And the City conceded in a pretrial order that Vicknair "assaulted Plaintiff once."[8] But Vicknair denies ever doing so in his deposition. Thus, the City's counsel is now proposing to offer evidence they know to be false, which is an ethical violation.[9]

Accordingly, this Court should order the omission of Vicknair's deposition from 14:18-15:18, 58:7-25, 63:23-64:10, 88:7-116:5.

---

[7] R. Doc. 176-10.
[8] R. Doc. 163 at 8.
[9] Rules of Professional Conduct 3.3(a) ("A lawyer shall not knowingly . . . offer evidence that the lawyer knows to be false.")

**Statement Regarding Compliance with this Court's Standing Order to Meet and Confer.**

Pursuant to this Court's standing order, counsel for the parties met by telephone and/or email correspondence regarding the items urged in this motion.

## CONCLUSION

For the reasons above, Plaintiff's motions *in limine* should be granted.

Respectfully submitted,

**MOST & ASSOCIATES**

*/s/ William Most*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com
***Counsel for Plaintiff, G.H.***

5