UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GABRIELLE HAINEY | CIVIL ACTION |
| VERSUS | NO: 21-407 |
| THE CITY OF NEW ORLEANS | SECTION: "J" (4) |

**PLAINTIFF'S RESPONSE TO THE CITY OF NEW ORLEANS' MOTION *IN LIMINE* FOR TRIAL SET FOR AUGUST 19, 2024**

In its Motion *in Limine*, Defendant City of New Orleans requests evidentiary rulings excluding four categories of evidence. Plaintiff does not intend to provide evidence about the following items, and so consents to the exclusion of the following evidence:[1]

1. Evidence or argument that NOPD failed to sufficiently staff its Sex Crimes and Child Abuse units;

2. Previous allegations of sexual violence by any NOPD officer against a child or woman; and

3. Any allegation of professional misconduct by Rodney Vicknair during his employment with NOPD except for allegations involving misconduct directed towards the Plaintiff.

As to the remaining categories and sub-categories, this court should deny Defendant's motion. That is: evidence of NOPD's credibility determinations, and evidence or argument that NOPD failed to act on alleged red flags of Vicknair's behavior, and evidence that NOPD failed to have an automatic system for spotting suspicious patterns of behavior.

---

[1] The City's counsel did not make any effort to meet and confer about these topics. If they had, Plaintiff would have assented.

1

A.      **The Motion should be denied as to NOPD's credibility determinations.**

The City moves to exclude any "opinion as to the credibility of any other witness or party." R. Doc. 235-1.

Plaintiff does not anticipate asking witnesses to provide an opinion as to the credibility of any other witness or party. However, NOPD <u>itself</u> made credibility determinations as part of the Public Integrity Bureau's investigation into Officer Vicknair's conduct. *See* R. 125-4 at 15 (noting that Plaintiff and her mother were "deemed to be credible" by NOPD.) So although Plaintiff will not ask any witness for *their opinion* about the credibility of any person, Plaintiff should be allowed to ask witnesses the factual questions of (1) whether NOPD made credibility determinations; and (2) what those determinations were. These are not hearsay as they are a statement of a party-opponent. Fed. R. Evid. 801(d)(2). The motion should be denied.

B.      **The Motion should be denied as to Defendant's request to exclude, generically, all "red flags."**

Next, the City seeks to exclude all "evidence or argument that NOPD failed to act on alleged red flags of Vicknair's behavior." R. Doc. 235-1.

The City provides no explanation of what "red flags" it means. Does it mean Vicknair's behavior at the hospital when he first met Plaintiff? Or at Plaintiff's home? Or Hutson's text message flagging Vicknair's behavior to Chief Ferguson? The City does not say, and so it is nearly impossible to respond to the motion in that regard.

In any case, evidence or argument regarding Vicknair's behavior, including but not limited to, giving his phone number to Plaintiff, his interactions with Plaintiff in the hospital, and repeated visits to Plaintiff's home are relevant to Plaintiff's damages, and evidence a pattern of gaining Plaintiff and her mother's trust and grooming Plaintiff, and the red flag text warning from Hutson is certainly relevant to the *Monell* claim. The motion should be denied.

**C.      The Motion should be denied as to NOPD's lack of system for spotting suspicious patterns of officer behavior.**

Lastly, the City seeks to exclude evidence or argument that NOPD failed to have a system for spotting suspicious patterns of behavior. R. Doc. 235-1.

Both NOPD Chief Kirkpatrick and former Chief Ferguson testified at their depositions that NOPD should have a system to monitor NOPD vehicle GPS data for suspicious patterns.[2] Kirkpatrick and Ferguson both testified that NOPD should also have a "policy directing its supervisors to look for patterns of suspicious officer behavior in trip sheets."[3] But NOPD has neither such system.[4]

The City argues that the "Court in reinstating [Plaintiff's supervision *Monell*] claim, made it clear that such claim was limited to a 'single incidence' of alleged deliberate indifference." R. Doc. 235-1 at 3. But the Court did not limit the *Monell* theory to that single incident. What the Court ordered is that "Plaintiff's improper supervision theory of *Monell* liability is reinstated." R. Doc. 219 at 16. "Reinstated" means to "restore to a previous effective state."[5] And Plaintiff's previous improper supervision theory incorporated the element of NOPD's failure to implement a system of detecting suspicious behavior. R. Doc. 135 at 10.

That is to say, this Court reinstated the improper supervision theory, but did *not* in any way say it was limited to Hutson's text message warning. And in any case, the evidence on this topic is much stronger now than it was at summary judgment, given that the Chief of NOPD at

---

[2] R. Doc. 214-4 at 42:21-43:7 (Ferguson Dep.) ("Would you agree that NOPD should have a system, at least to monitor vehicle GPS data, to look for officers making suspicious patterns of returning to a minor's home? . . .  While on duty? . . . Yes."); R. Doc. 144-3 (Kirkpatrick Dep.) at 18:24-19:2 (Q. Or generally, if NOPD has GPS data, it should be looking for suspicious patterns in that GPS data? A. Yes.")
[3] R. Doc. 144-3 at 19:3-7.
[4] *See* R. Doc. 135-9 (Barnes Dep.) ("you don't know of any particular policy requiring supervisors to look for patterns in trip sheets, agreed? . . . A. Agreed, not specifically patterns.")
[5] Merriam-Webster Dictionary, available online at https://www.merriam-webster.com/dictionary/reinstate

the time of Vicknair's predation agrees that they should have had systems to spot behavior like Vicknair's. The motion should be denied.

## CONCLUSION

Defendant's request to exclude: (1) certain opinions as to credibility within the context of the Public Integrity Bureau investigation, (2) evidence or argument that NOPD failed to act on alleged red flags of Vicknair's behavior, and (3) evidence or argument that NOPD failed to have an automatic system for spotting suspicious patterns of behavior should be denied.

Respectfully submitted,

*/s/ Hope Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Gabrielle Hainey***