UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GABRIELLE HAINEY | CIVIL ACTION |
| VERSUS | NO: 21-407 |
| THE CITY OF NEW ORLEANS | SECTION: "J" (4) |

**PLAINTIFF'S MEMORANDUM REGARDING EXHIBIT OBJECTIONS**

In R. Doc. 166, the Court ordered the parties to provide "brief memoranda stating the reason for the objections and responding to the objections of other counsel."

**Plaintiff's Objections to Defendant's Exhibits**

A. **Plaintiff objects to Exhibits 49 and 50 (C1 and C2) (Interviews of Rayne Upton and G.H. in Connection with the Investigation of Rodney Vicknair) as containing Rule 412 material.**

The City seeks to introduce recordings of Rayne Upton's interview by Lt. Lawrence Jones and the forensic interview of G.H. These interviews, however, contain questioning about other sexual abuse of the victim G.H. They therefore fall within the ambit of Fed. R. Evid. 412, but the City's Rule 412 motion was denied (R. Doc. 194), and these records were not mentioned in the motion for reconsideration on Rule 412 (R. Doc. 229) – and so should be excluded. It is now too late for the City to move for their admission. See. Fed. R. Evid. 412(c)(1)(B) (requiring 412 motion "at least 14 days before trial" unless court sets other date).

Furthermore, five months ago, at a pre-trial conference, the City committed that the "only video the City intends to introduce is G.H.'s forensic interview, with the 412 material cut out."[1]

---

[1] *See* Ex. A (City counsel confirming that it is "correct" that the "only video the City intends to introduce is G.H.'s forensic interview, with the 412 material cut out.")

1

It is now five months later, and the City still has not identified which portions of these recordings they wish to submit. As of yesterday, the City said "we do not have an electronic set of the exhibits at this point," suggesting that they may not have even begun.[2]

Plaintiff also objects to the recording of Rayne Upton as containing hearsay (as it would be an out-of-court statement by a non-party for the truth of the matter asserted). Furthermore, it is cumulative of facts already stipulated to by the parties. Specifically, the parties stipulated to a summary of that interview as follows:

> On September 21, 2020, G.H.'s mother met with Lieutenant Lawrence Jones of the NOPD's Public Integrity Bureau, and she reported that three incidents regarding Mr. Vicknair concerned her: (1) Mr. Vicknair shouted "nice ass" at G.H. while she was jogging; (2) Mr. Vicknair showed up at G.H.'s residence unannounced at night, entered G.H.'s bedroom with the mother, and stared at G.H.'s breast when G.H. was awakened; and (3) Mr. Vicknair took a picture with G.H in which he was hugging G.H. from behind.[3]

Since the parties have stipulated to a summary, no use of the 412-violating video is required. Given that the recordings contain Rule 412 material, are cumulative of other sources, and constitute hearsay, the recordings should be excluded.

**B.     Plaintiff Objects to Exhibit 52 (C4) (OIPM Records) as Containing 412 Material and Being Unduly Prejudicial.**

Defendant seeks to introduce records from the Office of the Independent Police Monitor (OIPM) at trial. These records are OIPM notes from a phone call from Dr. Burch of the Children's Bureau. They contain unredacted Rule 412 material, but were not mentioned in the motion for reconsideration of the Rule 412 denial (R. Doc. 225). It is too late for the City to move for their admission. See. Fed. R. Evid. 412(c)(1)(B).

---

[2] Ex. B (Corr. of Counsel).
[3] R. Doc. 230 (Joint Pre-Trial Order), p. 11.

Furthermore, they are unnecessarily prejudicial in the way they characterize the Plaintiff – for example, they suggest that because Plaintiff has had "other assault investigations," she is a "messy victim." As this Court ruled, that invites "the type of stereotypical thinking that Rule 412 aims to prevent." R. Doc. 194 at 4.

This material is also unnecessary, as both Susan Hutson and Stella Cziment – who worked at the OIPM at the time – are on the witness list and can testify about the office's knowledge at the time. See R. Doc. 230 at 23-24. That highlights another problem – these documents represent multiple levels of hearsay, given that they are out-of-court OIPM statements about Dr. Burch's out-of-court statements. They should be excluded.

**C.     Plaintiff Objects to Exhibit 53 and 62 (C5 and C14) (Text Messages Between Rodney Vicknair and G.H.'s Phone) as Containing Rule 412 Material.**

Plaintiff objects to the introduction of text messages between her and Rodney Vicknair spanning from May 26, 2020 through September 25, 2020. Defendants presumably intend to use the text messages to insinuate that Plaintiff consented to sexual behavior with Vicknair. For that reason, the text messages fall within the scope of Fed. R. Evid. 412. But the City's Rule 412 motion was denied (R. Doc. 194), and these records were not mentioned in the motion for reconsideration on Rule 412 (R. Doc. 229) – and so should be excluded.

The text messages should also be excluded as unduly prejudicial and confusing under Fed. R. Evid. 403, because Defendants have already admitted that at "all times relevant to this action, G.H. was a minor and did not have the capacity to consent to sexual conduct with Rodney Vicknair. R. Doc. 230 at 11. Thus, to show text messages to insinuate that a minor consented to something she could not legally consent to would be unduly prejudicial and risk confusing the jury.

The text messages should be excluded.

**D.      Plaintiff Objects to Exhibits 54 and 55 (C6 and C7) (Children's Bureau and Children's Hospital) as Barred by the FRE 412 Rape Shield Rule.**

The City seeks to introduce Plaintiff's medical records at trial, including 2,368 pages of records from Children's Hospital and 89 pages of records from the Children's Bureau.

In Defendant's Motion to Admit Evidence Pursuant to Rule 412, they identify only 9 pages of Children's Bureau records and 8 pages of Children's Hospital Records.

This Court denied Plaintiff's motion (R. Doc. 194), and Defendants only re-urged the admission of certain Children's Bureau records (R. Doc. 229). The remaining pages of these records that were not identified or specifically described in Defendant's Motion should be excluded for failure to comply with Fed. R. Evid. 412(c)(1)(A). And the Children's Bureau records should be excluded for the reasons described in Plaintiff's opposition to the re-urged Rule 412 motion. R. Doc. 232.

**E.      Defendant has withdrawn Exhibits 56 to 61 (C8, C9, C10, C11, C12, C13).**

In correspondence of August 12, 2024, the City's counsel confirmed that Exhibits 59, 60, and 61 have been withdrawn.

**F.      Plaintiff Objects to Exhibit 64 (C16) (Thousands of Pages of Trip Sheets)**

Two weeks before trial, the City added an exhibit comprised of 2,687 pages of NOPD trip sheets. The City says that it will only use "selections" from these thousands of pages, but so far has been unwilling or unable to tell Plaintiff which specific pages these are. Given that Plaintiff is unaware of which specific pages will be used, it is difficult to evaluate the relevance. And in any case, having to comb through thousands of pages is unduly prejudicial and cumulative of other evidence.

**G.      Plaintiff Objects to Exhibits 65 to 68 (C17, C18, C19, C20) (PIB Complaint, Miranda Rights, Arrest Warrant, Notification of Suspension)**

These records, which are related to the mechanics of arresting Vicknair, appear to be cumulative of the stipulated facts. See R. Doc. 230 at pg. 11 ("Vicknair was interviewed by NOPD, arrested, and suspended from his employment with the NOPD.") Their relevance is also extremely unclear. For example, what is the purpose of showing that Vicknair was read his *Miranda* rights? There is no fact in dispute that the *Miranda* warning connects to. Accordingly, these records should be excluded.

**H.      Plaintiff Objects to the portions of Exhibit 69 (C21) containing Rule 412 material.**

This interview contains information about other sexual abuse of the victim G.H. Any Rule 412 material must therefore be excised before use in front of the jury.

## CONCLUSION

Plaintiff's objections to Defendant's exhibits should be sustained.

> Respectfully submitted,
>
> */s/ William Most*
> **HOPE PHELPS (La. Bar No. 37259)**
> **WILLIAM MOST (La. Bar No. 36914)**
> 201 St. Charles Ave., Ste. 2500, #9685
> New Orleans, LA 70170
> Tel: (504) 500-7974
> Email: hopeaphelps@outlook.com
> ***Counsel for Plaintiff, G.H.***

5