UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GABRIELLE HAINEY** | * | **CIVIL ACTION NO. 21-407** |
| | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **THE CITY OF NEW ORLEANS** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE (R. DOC. 239)

Defendant, the City of New Orleans (the "City"), submits the following response and opposition to Plaintiff's Motion *in Limine* (R. Doc. 239), and shows the following.

**1. Vicknair testimony implying marijuana use.**

Plaintiff seeks to exclude a portion of Vicknair's deposition that, according to Plaintiff, implies marijuana use. The Court previously sustained Objection "E" of Plaintiff's Objections to Defendant's Deposition Designations in which Plaintiff asserted that "This Court should exclude other irrelevant material about marijuana[.]"[1]

However, the City has redacted any mention of "weed" or "smoking weed" from Vicknair's deposition in accordance with the Court's Order.[2] The remaining testimony neither references nor implies use of marijuana by Plaintiff. Importantly, the testimony, when read to the jury as it must be, will not highlight the fact that a words "smoking weed" or "weed" were redacted. The testimony will be that Vicknair came to Plaintiff's house to smell her. Contrary to Plaintiff's argument, there are many things other than marijuana that could be smelled: cologne, wood smoke, flavored vapes, and food smells. Therefore, there is no implication that Plaintiff was smoking marijuana from the proposed Vicknair testimony.

---

[1] R. Docs. 177, p. 9 (Plaintiff's objections); 203 (order).
[2] See Exhibit A (Vicknair deposition, pp. 27:12 – 28:8, 112:1)

1

The relevance of the testimony is causation. Plaintiff alleges that the City caused Mr. Vicknair to come to Plaintiff's house and sexually assault her. Any evidence that Mr. Vicknair came to Plaintiff's house for reasons unrelated to the City is probative and supports the City's defense. It is for this reason that Mr. Vicknair's explanation as to what caused him to come to Plaintiff's house – whether to smell her or for some other reason (i.e., "as a friend") should not be excluded. Plaintiff's request to exclude this deposition portion should be denied.

2. **Vicknair testimony implying that the factual basis was perjured.**

Plaintiff seeks exclude portions of Vicknair's deposition testimony in which Vicknair denied the accuracy of the Factual Basis upon which pleaded guilty.[3] However, Plaintiff previously raised this objection to the Court[4] and the Court overruled the objection.[5]

As was in the City's previous pleading,[6] the City offers this portion of Mr. Vicknair's deposition testimony to show that Vicknair is a liar, not because the City seeks to relitigate whether he sexually assaulted Plaintiff on September 23, 2020. The City is permitted to attack the credibility of Mr. Vicknair pursuant to Federal Rule of Evidence 806. Plaintiff seeks to use Mr. Vicknair's deposition testimony to support a claim that Mr. Vicknair disclosed all of his arrests and criminal convictions to NOPD when he applied for employment in 2006. However, proof that he was willing to baldly lie at his deposition makes it more likely that he lied to the City when he applied for employment in 2006; and that he hid from the City the fact that he was grooming and apparently intended to molest Plaintiff. The Plaintiff's objection has no merit. Plaintiff has provided no reason for the Court to change its previous, correct, ruling on this objection.

---

[3] Exhibit A, pp. 14:18-15:18, 58:7-25, 63:23-64:10, 88:7-116:5.
[4] R. Doc. 177, p. 1 (Objection "A. This Court should exclude Vicknair's deposition testimony in which he denies the factual basis of his guilty plea).
[5] R. Doc. 203 ("IT IS HEREBY ORDERED that Plaintiff's lettered objections are: (A) OVERRULED[.]").
[6] R. Doc. 197.

This objection should be overruled.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*