**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GABRIELLE HAINEY** | * | **CIVIL ACTION NO. 21-407** |
| | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **THE CITY OF NEW ORLEANS** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS**

Defendant, the City of New Orleans (the "City"), responds to Plaintiff's objections to Defendant's exhibits (R. Doc. 242).

1. **Exhibits 49 and 50 (Interviews of Rayne Upton and G.H.)**

In the City's Motion to Reconsider / to Admit Evidence Pursuant to Rule 412 (the "Motion"),[1] the City sought admission of a report concerning an alleged sexual assault and "evidence relating to the report." Any mention of that sexual assault would be "evidence relating to the report," and would be covered by the Motion.

In any event, the City does not intend to play the subject exhibits in their entirety and will not seek to introduce any portion that references sexual abuse by persons other than Vicknair. The City is entitled to use portions of such exhibits in questioning its witnesses and may use them as impeachment. Plaintiff's objection, and suggested use of a stipulation, is without merit.

2. **Exhibit 52 – OIPM notes of a telephone call.**

To the extent that Exhibit 52 is used, it will be to refresh the recollection of the witness who participated in the telephone conversation that is recorded in the notes. Rule 412 is not implicated because the telephone conversation is not being introduced to prove that Plaintiff was

---

[1] R. Doc. 229.

abused previously, but rather to demonstrate the notice that was provided to OIPM regarding the lack of information given to the OIPM, which in turn was presumably passed on to the NOPD. Further, hearsay is not a concern because the relevance is notice to OIPM and NOPD, not the truth of anything stated in the call. In any event, all of the parties to the telephone call will be called as witnesses at trial.

3. **Exhibit 53, 62 (Text messages)**

The City will use these exhibits for impeachment. No material that is arguably covered by Rule 412 will be published to the jury. The City is not using these exhibits to show consent. Rather, these exhibits show that Plaintiff's version of the facts and theory that Plaintiff caused Mr. Vicknair to sexually abuse her is not true.

4. **Exhibits 54, 55 (Children's Bureau and Children's Hospital records)**

The Children's Hospital records are only 18 pages. The Children's Bureau records are 44 pages. The portions of these records that are arguably subject to Rule 412 have been included in the City's Motion to Reconsider. The remainder are not subject to Rule 412 and have independent relevance (e.g., Plaintiff's prior diagnoses of PTSD, events regarding notice given to the NOPD regarding Mr. Vicknair's behavior). During the first pretrial conference, the Court ruled that the prior diagnoses were relevant and admissible.

5. **Exhibits 56-61 have been withdrawn.**

6. **Exhibit 64 (Trip Sheets)**

Exhibit 64 consists of only those trip sheets signed by Vicknair for the period from May 26, 2020, to September 25, 2020. This exhibit comprises only 197 pages, not 2,687. The City has made a hard copy of this exhibit available to the Plaintiff, but Plaintiff has not retrieved it. The exhibits will be relevant only if Plaintiff's Monell supervision theory that the City should have

monitored Mr. Vicknair's movements is permitted to be considered by the jury. If this theory is rejected, then the exhibit will not be used. However, the exhibit is clearly relevant to show NOPD's system regarding monitoring officers' movements during their work day.

**7.   Exhibits 65 to 68 (PIB complaint, Miranda rights, arrest warrant, unification of suspension).**

These exhibits memorializes the date that NOPD determined that there was probable cause to arrest Vicknair. These document directly concern the criminal offense upon which Plaintiff bases her whole case, and are clearly admissible and relevant.

**8.   Exhibit 69 (Vicknair interview)**

This is the entirety of Exhibit 43 which Plaintiff seeks to introduce only a portion. Out of fairness, the entire transcript should be admitted.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*