UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GABRIELLE HAINEY** | * | **CIVIL ACTION NO. 21-407** |
| | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **THE CITY OF NEW ORLEANS** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Proposed Jury Verdict Form by City of New Orleans**

# Federal Law Claims Against Defendant the City of New Orleans (42 U.S.C. § 1983).

### A. Inadequate Hiring

1. Do you find by a preponderance of the evidence that at the time Rodney Vicknair was hired as a police officer the City of New Orleans maintained an official policy or custom to fail to adequately scrutinize police office applicants before they were hired?

   YES   _____

   NO    _____

   *If the answer to question 1 is YES, proceed to question 2.*
   *If the answer to question 1 is NO, do not answer questions 2, 3, or 4.*

2. Do you find by a preponderance of the evidence that at the time that Rodney Vicknair was hired by the NOPD, the policymakers at City of New Orleans knew or should have known that there was a policy to fail to adequately scrutinize its police officer applicants?

   YES   _____

   NO    _____

   *If the answer to question 2 is YES, proceed to question 3.*
   *If the answer to question 2 is NO, do not answer questions 3 or 4.*

3. Do you find by a preponderance of the evidence that adequate scrutiny of Rodney Vicknair's background would have led a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire Rodney Vicknair would be that Rodney Vicknair would be highly likely to use his authority as a police officer to violate a minor's rights by sexually assaulting, sexually battering, or falsely imprisoning her?

YES  _____

NO   _____

*If the answer to question 3 is YES, proceed to question 4.*
*If the answer to question 3 is NO, do not answer question 4 and proceed to section B.*

4. Do you find by a preponderance of the evidence that the hiring of Rodney Vicknair directly caused the Plaintiff to be falsely imprisoned, sexually assaulted, or sexually battered?

YES  _____

NO   _____

B. **Inadequate Supervision**

1. Do you find by a preponderance of the evidence that NOPD maintained a policy to inadequately supervise its employees?

YES  _____

NO   _____

*If the answer to question 1 is YES, proceed to question 2.*
*If the answer to question 1 is NO, do not answer questions 2, 3, or 4.*

2. Do you find by a preponderance of the evidence that defendant City of New Orleans was deliberately indifferent in adopting the inadequate supervision policy?

YES  _____

NO   _____

*If the answer to question 2 is YES, proceed to question 3.*
*If the answer to question 2 is NO, do not answer questions 3 or 4.*

3. Do you find by a preponderance of the evidence that the inadequate supervision policy would lead a reasonable policymaker to conclude that the plainly obvious consequence of the policy would be that Rodney Vicknair would be highly likely to use his authority as a police officer to violate a minor's rights by sexually assaulting, sexually battering, and falsely imprison her?

        YES  _____

        NO  _____

*If the answer to question 3 is YES, proceed to question 4.*
*If the answer to question 3 is NO, do not answer question 4.*

4. Do you find by a preponderance of the evidence that there is a direct causal connection between the inadequate supervision policy and the violation of plaintiff's rights that occurred on September 23, 2020.

        YES  _____

        NO  _____

*Please proceed to the Damages section.*

{The remainder of this page was intentionally left blank.}

## DAMAGES

What sum of money, if any, would reasonably and fairly compensate Plaintiff for the assault, battery, and false imprisonment committed by Rodney Vicknair?

General Damages, including physical and
mental injury, pain and suffering, and loss
of capacity for enjoyment of life                                $_____

Future Medical Expenses                                          $_____

**Sign and date the form and return to the courtroom.**

New Orleans, Louisiana, this _____ day of August, 2024.

                                                    _____
                                                    **JURY REPRESENTATIVE**

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
*Counsel for the City of New Orleans*

4