UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GABRIELLE HAINEY** | * | **CIVIL ACTION NO. 21-407** |
| | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **THE CITY OF NEW ORLEANS** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO CORRECT RECORD

Defendant, the City of New Orleans (the "City"), pursuant to Federal Rule of Civil Procedure 60(a), submits the following memorandum in support of its Motion to Correct Record.

## BACKGROUND

Trial in this matter was held from August 19, 2024, to August 21, 2024. On August 21, 2024, the Court filed an Exhibit List. (R. Doc. 257). Prior to the commencement of the trial of this matter, this Court made clear to the parties that all Joint Exhibits and the unobjected to exhibits were admissible. Thirty (30) Joint Exhibits were submitted by the parties as admissible and were made part of the Pretrial Order. (R. Doc. 230).

Curiously, R. Doc. 257 contains a listing of all Joint Exhibits except Joint Exhibit 28. Joint Exhibit 28 was not subject to an objection before or during the trial, and the City maintains Joint Exhibit 28 was admissible. Once a foundation was laid concerning Exhibit 28, the City proceeded to play the video and within two seconds of pressing play, and for an unknown reason, the Plaintiff started to hysterically cry. The City notes that the first few seconds of the video contain no statements that would cause anyone to cry, including Plaintiff. In fact, the City found it peculiar that Plaintiff started to hysterically cry when she is the one who created the video and published it on social media. Although this Court had never seen the video and had no idea what was contained

1

therein, the City was told to move on and was prevented from asking any further questions about Joint Exhibit 28. Thereafter, this Court refused to allow the City to submit Joint Exhibit 28 to the jury even though a foundation had been laid relative to the video and a few seconds of the video had been played. After learning the Court would not allow Joint Exhibit 28 to be included in the evidence reviewed by the jury, the City moved to proffer Joint Exhibit 28.

### ARGUMENT AND CITATION OF AUTHORITIES

Federal Rule of Civil Procedure 60(a) provides that, prior to the docketing of an appeal in the appellate court, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Pretrial Order shows that the parties submitted Joint Exhibit 28 as a stipulated exhibit. (R. Doc. 230 at p. 27). Additionally, Joint Exhibit 28 was referenced in the parties' Joint Exhibit binder that was submitted to this Court before the start of the trial. However, the Exhibit List (R. Doc. 257) identifying the Joint Exhibits mistakenly omits the number "28" from the sequence of Joint Exhibits 1-30.

Therefore, to correct this mistake and omission, the number "28" should be inserted into column 1 under the "JOINT NO." column, and Joint Exhibit No. 28 should be appropriately described under the "DESCRIPTION OF EXHIBITS" column as "TikTok Video of Gabriel Hainey."

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**

2

CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*