UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GABRIELLE HAINEY** | * | **CIVIL ACTION NO. 21-407** |
| | * | |
| | * | **SECTION: "J"** |
| **VERSUS** | * | **JUDGE BARBIER** |
| | * | |
| **THE CITY OF NEW ORLEANS** | * | **MAG. DIV. (4)** |
| | * | **MAGISTRATE JUDGE ROBY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY PENDING APPEAL

Defendant, the City of New Orleans (the "City"), submits this Memorandum in Support of Motion to Stay Pending Appeal.

**1. Pertinent Background**

On September 10, 2024, this Court entered Judgment (R. Doc. 263) in favor of Gabrielle Hainey ("Plaintiff") and against the City in the amount of $1,000,000.00, plus reasonable attorney's fees and legal interest and costs. On October 10, 2024, the City filed a Notice of Appeal.

**2. Discussion of the Law**

Federal Rule of Civil Procedure 62(a) automatically stays the execution and proceedings to enforce it for 30 days after its entry. Federal Rule of Civil Procedure 62(b) allows a party to obtain a stay by providing a bond or other security. The City requests the Court to waive the requirement for posting a bond or other security or, in the alternative, set a bond for a nominal amount, given the City's good credit rating and status as a governmental entity.

Four factors are relevant when deciding whether a stay should be granted pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[1] "[O]n motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."[2] These considerations and the balance of the equities support the granting of a stay.

First, there are several substantial and serious legal questions that will be raised on appeal, which provide a likelihood of reversal of the judgment. These issues include:

1. The reversal of the grant of summary judgment to the City in which Plaintiff's *Monell* claim based on supervision was revived based on Shaun Ferguson's response to a text message from Susan Hutson, and the submission of this claim to the jury;

2. The denial of the City's summary judgment with respect to the Plaintiff's *Monell* claim that the City's hiring policies were the moving force for Vicknair's sexual battery of Plaintiff, and the submission of this claim to the jury, given the absence of prior history of sexual battery on the part of Rodney Vicknair and the thirteen-year gap between the hiring of Vicknair and his first encounter with Plaintiff;

3. The Court's ruling on the parties' cross-motions for summary that Rodney Vicknair's sexual battery of occurred in the course and scope of his employment as an officer with New Orleans Police Department ("NOPD");

4. The Court's ruling that the summary judgment granted against Rodney Vicknair precluded the City from challenging the finding that Vicknair violated the Constitution by sexually assaulting Plaintiff, or defending itself against the factual basis of such ruling, based on a finding that collateral estoppel applied;

5. Denial of the City's *Daubert* motion to exclude Plaintiff's expert witness, Shannon E. Smith, given her inability to discern whether Vicknair caused any mental health problems complained of by Plaintiff and because her testimony served only amplify Plaintiff's self-serving testimony with the apparent imprimatur of an expert.

6. Exclusion of evidence and argument that Plaintiff's mother lied to the NOPD two days before the sexual battery of Plaintiff regarding the fact that she herself took the

---

[1] *Nken v. Holder,* 556 U.S. 418, 426 (2009).
[2] *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir.1981).

"seductive" photograph, which affected the NOPD's evaluation of whether the mother was suitable to care for Plaintiff;

7. Exclusion of evidence of Plaintiff's sexual contact with an adult male at about the same time a report was being made regarding inappropriate behavior by Vicknair, which was relevant to the reasonableness of NOPD's evaluation of and response to the complaint against Vicknair;

8. Exclusion of other sexual abuse of Plaintiff as causing the mental health problems that she attributed to the battery by Vicknair;

9. Exclusion of a joint exhibit (a TikToc video created by Plaintiff), which demonstrated a stark contrast between her trial demeanor and her on-line demeanor in which she discussed the battery by Vicknair, and which contradicted her trial testimony in parts; and

10. Exclusion of testimony of Rodney Vicknair in which he explained the reason he came to Plaintiff's house on the night he sexually battered Plaintiff.

Many of these items were well-briefed before trial.[3] With respect to Plaintiff's *Monell* claims, as the United States Supreme Court requires, these claims will be held on appeal to "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."[4] Items 6 and 9 were rulings made at trial that affected the City's defense as to causation of Vicknair's actions and causation of Plaintiff's damages. Respectfully, it is evident that there is room for argument on appeal that the some of the Court's material decisions herein have been in error.

Second, the City will suffer irreparable injury if a stay is denied. If the judgment is executed upon, and the City prevails on appeal, the City will likely not be able to recover the amounts paid to the Plaintiff if the Plaintiff absconds. In such case, the City would be irreparably harmed.

---

[3] Item 1 (see R. Docs. 126, 157, 215); Item 2 (see R. Doc. 126); Item 3 (see R. Docs. 126, 139); Item 4 (see R. Docs. 97, 244); Item 5 (see R. Doc. 127); Items 7 and 8 (see R. Docs. 171, 225); Item 10 (see R. Doc. 244)
[4] *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997).

Third, granting the stay would not harm Plaintiff. The City's bond rating is A2 according to Moody's and BBB+ by Fitch; both ratings indicate that the City would not default on an obligation to Plaintiff if she prevailed on appeal. In addition, the City has been in existence since 1718. There is no "irreparable injury" as contemplated under this inquiry.[5]

Fourth, the public interest lies in maintaining the status quo. The resolution of this issue will have implications far beyond this particular case. The factual issues on appeal are novel and important for society in that they impact scope of government responsibility to control the actions of off-duty employees who seek to commit hidden crimes of sexual assaults.

WHEREFORE, the City prays this Motion be deemed good and sufficient and same be granted by this Honorable Court. The City further prays that a stay be issued without the requirement of posting bond or other security, or setting a bond in a nominal amount, in accordance with Federal Rule of Civil Procedure 62(b).

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*

---

[5] *Ruiz*, 650 F.2d at 574.